UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child, and CARIN SMITH on behalf of herself and her minor children,

      Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

      Defendant.

CASE NO.: 3:23-CV-10385-TKW-ZCB

_____/

**REPORT OF THE PARTIES' PLANNING MEETING**

1. Pursuant to the Court's May 20, 2023 Initial Scheduling Order, July 7, 2023 Order Extending Deadlines [DE 24], and Fed. R. Civ. P. 26(f), the parties, through their counsel identified as follows, participated in a Rule 26(f) conference on **August 9, 2023**:

    Paul J. Safier, Counsel for Plaintiffs

    Shalini Goel Agarwal, Counsel for Plaintiffs

    J. David Marsey, Counsel for Defendant

    Nicole Sieb Smith, Counsel for Defendant

    Counsel for the Plaintiffs and the Defendant have approved the form and content of this Report.

2. Initial Disclosures. The parties will complete the initial disclosures required by Rule 26(a)(1), by **August 23, 2023.**

3. Discovery Plan. The parties propose this discovery plan:

    (a) Defendant anticipates seeking a stay of discovery pending adjudication of its case dispositive motion to dismiss. Plaintiffs will oppose such a stay.

    (b) Discovery will be needed on these subjects: All issues raised in Plaintiffs' Amended Complaint and Defendant's Affirmative Defenses, should the case survive Defendant's Motion to Dismiss.

    (c) Disclosure or discovery of electronically stored information should be handled as follows: The parties agree that disclosure and production will be limited to data reasonably available in the

ordinary course of business in a format generally utilized or capable of being utilized by the producing party. Defendants reserve the right to seek to shift costs upon their review of Plaintiffs' discovery requests. Plaintiffs will oppose such cost-shifting. Inadvertent production of privileged information will result in that information being returned to the producing party without copying or otherwise retaining the information by the produced to party.

(d) The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: **Not applicable.**

(e) Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery: **Plaintiffs propose that fact discovery be completed by January 31, 2024, and expert discovery be completed by March 15, 2024. Defendant opposes this schedule. Defendant proposes it is premature to establish a date certain for the close of discovery at this time due to the anticipated filling of a potentially dispositive motion to dismiss and motion to stay discovery. Defendant requests all discovery be completed 9 months following the filing of its Answer and Affirmative Defenses, should any claim survive motion practice.**

(f) Maximum number of interrogatories by each party to another party, along with the dates the answers are due: **As set forth in Federal Rule of Civil Procedure 33(a).**

(g) Maximum number of requests for admission, along with the dates responses are due: **As set forth in Federal Rule of Civil Procedure 36.**

(h) Maximum number of depositions by each party: **Defendant shall be entitled to depose each Plaintiff. Plaintiffs may seek to depose each School Board member, which Defendant plans to oppose. Beyond this, 10 by each side as set forth in Federal Rule of Civil Procedure 30(a)(2)(A).**

  (i)  Limits on the length of depositions, in hours: **1 day of 7 hours for each witness as set forth in Federal Rule of Civil Procedure 30(d)(1).**

  (j)  Dates for exchanging reports of expert witnesses: **Plaintiffs propose their expert reports be due by February 16, 2024, Defendant's reports be due by March 1, 2024, and Plaintiffs' rebuttal report be due by March 8, 2024. Defendant opposes this schedule. Defendant proposes Plaintiffs' expert reports are due 6 months following the Defendant's filing of its Answer and Affirmative Defenses, Defendants' expert report is due 30 days thereafter, and Plaintiffs' rebuttal is due seven days thereafter.**

  (k)  Dates for supplementations under Rule 26(e): **As set forth in the Federal Rules of Civil Procedure.**

4. Other Items:

  (a)  A date if the parties ask to meet with the court before a scheduling order: **Not applicable.**

  (b)  Requested dates for pretrial conferences: **To be set after the close of discovery.**

  (c)  Final dates for the plaintiff to amend pleadings or to join parties: **Fourteen days after the Court's order on Defendant's motion to dismiss, unless by consent or leave of Court.**

  (d)  Final dates for the defendant to amend pleadings or to join parties: **Thirty days after Plaintiffs' deadline to amend pleadings or to join parties, unless by consent or leave of Court.**

  (e)  Final dates to file dispositive motions: **21 days after the close of the last discovery period (including the expert discovery period, if discovery is bifurcated between expect and fact discovery).**

(f) State prospects for settlement: **Unable to determine at this stage of the proceedings.**

(g) Identify any alternative dispute resolution procedure that may enhance settlement prospects: **Mediation may be appropriate after the substantial completion of discovery.**

(h) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: **As required by the Court.**

(i) Final dates to file objections under Rule 26(a)(3): **As required by the Court.**

(j) Suggested trial date and estimate of trial length:

**Plaintiffs' Position:**

Plaintiffs propose a trial date on or after July 15, 2024, and estimate that 5 days are needed for trial. The proposed trial date is outside of the time provided for in the Court's Initial Scheduling Order. Plaintiffs believe that additional time is necessary to complete discovery and retain experts because there are 14 different plaintiffs in the case, each of which is challenging a different component of the conduct at issue. In addition, many of the plaintiffs are proceeding under different theories reflecting their different statuses (*i.e.*, book authors, parents/students, a book publisher, and one organization representing book authors).

**Defendant's Position:**

Defendant estimates 10 days are needed for trial. There are 14 Plaintiffs and their claims involve complicated areas of constitutional law, state law, and an anticipated Florida Department of Education rule. Defendant has filed a potentially dispositive motion to dismiss, and anticipates seeking a stay of discovery pending adjudication of its motion. Plaintiffs are challenging board action taken on dozens of books, and the

    breadth, scope, and nature of discovery needed as to these individual decisions will be more fully determined by the outcome of Defendant's motion, should any portion of the action survive. The parties agree that the additional time will be necessary to conduct discovery, retain experts, if necessary, and to file and resolve anticipated dispositive motions.

(k)    Other matters:

    (i)    The parties have discussed magistrate judge jurisdiction over the case.

    (ii)    The nature and basis of all claims and defenses, and a good faith attempt to identify the principal factual and legal issues in dispute.

    **Plaintiffs' Position:**

    Plaintiffs consist of book authors, parents of students attending schools in the Escambia County School District (the "School District"), a book publisher, and an organization that represents authors. They are challenging actions by the Escambia County School Board (the "School Board") to remove, and restrict access to, library books within the School District. Plaintiffs contend that these removals and restrictions are unconstitutional under the First and Fourteenth Amendments because they are based on political/ideological disagreement with the messages of those books, rather than pedagogical considerations, as well as on discriminatory animus toward Black and/or LGBTQ author and themes.

    Plaintiffs believe that the principal legal issue in dispute will concern what constitutional constraints, if any, govern a school board's decision to remove library books and/or restrict access to them. Plaintiffs believe that the principal factual issue in dispute will concern the motivation underlying the challenged book removals/restrictions.

**Defendant's Position**:

Defendant contends that Plaintiffs' Amended Complaint is a prohibited shotgun pleading, that each Plaintiff lacks standing, that the purported rights Plaintiffs assert have not been recognized under the facts presented in this case, and that intervening statutory, administrative rulemaking and Board policy changes defeat some of Plaintiffs' claims. Instead, Defendant contends the selection of books included in the Board's libraries constitutes government speech, for which no First Amendment or Equal Protection rights attach. The Board is not constitutionally obligated to provide the books Plaintiffs desire and has taken no action to prohibit the writing, publication, distribution, dissemination, reading, or possession of the challenged books on Board property.

Defendant contends the principal legal issue in dispute is what constitutional restraints, if any, govern a school board's authority to determine what books it selects to carry in its libraries. Defendant further contends that all of the challenged books are not created equal, and that a fact specific analysis of each challenged book is necessary to evaluate the purported content-based decisions alleged by Plaintiffs, and whether such content-based decisions or removals meet constitutional scrutiny.

(iii) The possibility for prompt settlement or resolution of the case, and whether mediation (or any other alternative dispute resolution process) might be helpful in settlement, either now or after certain limited discovery has taken place: **The possibility for prompt settlement or resolution of this case at this stage is unlikely.**

(iv) The parties are directed to inform the Court in their joint report if it appears that this case should be made subject to

the Manual for Complex Litigation. **This case should not be made subject to the Manual on Complex Litigation.**

Respectfully submitted this 22nd day of August, 2023.

| | |
|---|---|
| <u>*/s/Shalini Goel Agarwal*</u> | <u>*/s/J. David Marsey*</u> |
| Shalini Goel Agarwal (FBN 90843) | J. David Marsey |
| **PROTECT DEMOCRACY PROJECT** | Florida Bar No. 0010212 |
| | RUMBERGER, KIRK & CALDWELL |

*con't on next page*

<div style="display: flex;">
<div>

Lynn B. Oberlander*
Kamera E. Boyd*
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY  10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942
oberlanderl@ballardspahr.com
boydk@ballardspahr.com

Paul J. Safier*
Shawn F. Summers*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone: 215.864.8500
Facsimile: 215.864.8999
safierp@ballardspahr.com
summerss@ballardspahr.com

Shalini Goel Agarwal (FBN 90843)
Kristy Parker*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428
shalini.agarwal@protectdemocracy.org
kristy.parker@protectdemocracy.org

John Langford*
**PROTECT DEMOCRACY PROJECT**
82 Nassau Street, #601
New York, NY 10038
Telephone: 202.579.4582
Facsimile: 929.777.8428
john.langford@protectdemocracy.org
*Admitted pro hac vice
<u>Attorneys for Plaintiffs</u>

</div>
<div>

J. DAVID MARSEY
Florida Bar No. 0010212
NICOLE SIEB SMITH
Florida Bar No. 0017056
JEFFREY J. GROSHOLZ
Florida Bar No. 1018568
RUMBERGER, KIRK &
CALDWELL
A Professional Association
Post Office Box 10507
Tallahassee, Florida  32302-2507
Telephone:  (850) 222-6550
Telecopier:  (850) 222-8783
E-mail:   dmarsey@rumberger.com
               nsmith@rumberger.com
               jgrosholz@rumberger.com

*Counsel for Defendant Escambia County School Board*

</div>
</div>