UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,
et al.,

    Plaintiffs,

v.                                  Case No. 3:23cv10385-TKW-ZCB

ESCAMBIA COUNTY SCHOOL
DISTRICT and ESCAMBIA
COUNTY SCHOOL BOARD,

    Defendants.
_____/

## ORDER TEMPORARILY STAYING DISCOVERY

This case is before the Court based on a review of the parties' Rule 26(f) report (Doc. 32), which reflects a disagreement as to whether discovery and other deadlines should be established pending disposition of Defendant's potentially dispositive motion to dismiss. The report states that "Defendant anticipates seeking a stay of discovery pending adjudication of its case dispositive motion to dismiss" and that "Plaintiffs will oppose such a stay."

The Court has the inherent authority to stay discovery pending disposition of a potentially dispositive motion to dismiss and it does not need to wait for a motion to do so. When deciding whether to impose such a stay, the Court should take a "preliminary peek" at the motion to dismiss to determine whether "there appears to

be an immediate and clear possibility" that the motion will be granted and then "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Hetherington v. Lee*, 2021 WL 7084092, at *1 (N.D. Fla. June 24, 2021) (quoting *David v. United States*, 2020 WL 1862606, at *1 (M.D. Fla. Apr. 14, 2020)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins.") (footnote omitted).

Here, it appears from the Court's <u>preliminary</u> "preliminary peek" at the motion to dismiss that there are numerous reasons why this suit may not proceed past the pleading stage.[1]  That being the case, the Court sees no reason for a final scheduling order to be entered or for discovery to proceed—at least until the parties brief the question of whether discovery should be stayed pending disposition of Defendant's motion to dismiss.

Accordingly, it is **ORDERED** that:

1. The Court declines to enter a final scheduling order at this time.

---

[1] The Court will keep an open mind on the issue of whether discovery should be stayed pending disposition of the motion to dismiss until the parties brief that issue and the Court has an opportunity to take a more comprehensive (and fully informed) "preliminary peek" at the motion. And, of course, the Court will keep an open mind on the merits of the motion to dismiss until it is fully briefed.

2. Discovery and all other deadlines in the initial scheduling order are temporarily **STAYED** pending further order.

3. Plaintiffs shall have 14 days from the date of this Order to file a response explaining why this temporary stay should not remain in effect until the Court rules on Defendant's motion to dismiss. The response shall not exceed 8,000 words.

4. Defendant shall have 7 days after Plaintiffs' file their response to file a reply. The reply shall not exceed 3,200 words.

**DONE and ORDERED** this 23rd day of August, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**