# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child, and CARIN SMITH, on behalf of herself and her minor children.

CASE NO.: 3:23-CV-10385-TKW-ZCB

*Plaintiffs*,

v.

ESCAMBIA COUNTY SCHOOL BOARD,

*Defendant*.

## PLAINTIFFS' RESPONSE TO ORDER TEMPORARILY STAYING DISCOVERY

Plaintiffs file this response pursuant to the Court's August 23, 2023, Order Temporarily Staying Discovery, ECF No. 35, to inform the Court and Defendant that they do not oppose the Court's temporary stay of discovery at this time, but do

ask that the Court revisit the issue upon the submission of the full briefing on Defendant's pending motion to dismiss.

Plaintiffs filed their amended complaint in this lawsuit on July 24, 2023, ECF No. 27, and Defendant moved to dismiss the suit on August 21, 2023, ECF No. 28. On August 22, 2023, the parties filed their Federal Rule of Civil Procedure 26(f) report. ECF No. 32. In that report, Defendant indicated that it would move to stay discovery pending the Court's adjudication of its motion to dismiss, and Plaintiffs responded that they would oppose such a motion. *Id.* ¶ 3(a). On August 23, 2023, the Court entered its order temporarily staying discovery, and directed Plaintiffs to file this response within two weeks. ECF No. 35.

Plaintiffs believe that once the motion to dismiss is fully briefed "and the Court has an opportunity to take a more comprehensive (and fully informed) 'preliminary peek' at the motion," *id.* at 2 n.1, it will be apparent that further stay of discovery is not warranted. In particular, as Plaintiffs will explain in their forthcoming opposition to Defendant's motion to dismiss, Defendant's motion papers misconstrue both the applicability and operation of Florida House Bill 1069 (2023) ("HB 1069"), as codified in Chapter 2023-105, Laws of Florida, and its implementing regulations. Defendant's arguments on standing and the merits are equally wrong, as Plaintiffs will demonstrate. Moreover, as the Supreme Court has noted, "[t]he loss of First Amendment freedoms, for even minimal periods of time,

unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Delay in discovery in this case will only extend the time that the Plaintiffs' constitutional rights are impacted.

Plaintiffs' claims do not require expansive discovery, nor do Plaintiffs intend to pursue broad discovery only tangentially related to their straightforward claims. Instead, Plaintiffs are acutely sensitive to the need to keep discovery narrowly circumscribed to the primary material question at the heart of this case: whether Defendant removed or restricted books from public-school libraries for constitutionally impermissible reasons. No more is required to demonstrate a constitutional violation, and Plaintiffs have no interest in imposing unnecessary litigation costs on any school board, let alone the very school board that serves the parents and students among the plaintiffs in this case.

Nevertheless, because the propriety of a stay of discovery turns largely on the same issues Plaintiffs will brief in opposing Defendant's motion to dismiss and to avoid duplicative briefing for the Court and the parties and promote judicial economy, Plaintiffs respectfully request that, upon review of Plaintiffs' opposition to Defendant's motion to dismiss, the Court lift the preliminary stay of discovery. At that point, if Defendant seeks a further stay of discovery, it can then affirmatively move for such relief, and it can be briefed in that posture.

Respectfully submitted,

Dated: September 6, 2023

/s/Shalini Goel Agarwal
Lynn B. Oberlander*
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Paul J. Safier*
Shawn F. Summers*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Shalini Goel Agarwal (FBN 90843)
Kristy Parker*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

John Langford*
**PROTECT DEMOCRACY PROJECT**
82 Nassau Street, #601
New York, NY 10038
Telephone: 202.579.4582
Facsimile: 929.777.8428

*Admitted pro hac vice*

*Attorneys for Plaintiffs PEN American Center, Inc., Sarah Brannen, Lindsay Durtschi, Benjamin Glass, George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski, Sean Parker, Penguin Random House LLC, Ashley Hope Pérez, Eric Roy, Christopher Scott Satterwhite, and Carin Smith.*