UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PEN AMERICAN CENTER, INC.**, et al.,

    Plaintiffs,

v.                        Case No. 3:23cv10385-TKW-ZCB

**ESCAMBIA COUNTY SCHOOL BOARD**,

    Defendant.

_____/

## ORDER LIFTING STAY OF DISCOVERY

The Court stayed discovery in this case after taking a "preliminary 'preliminary peek'" at Defendants' motion to dismiss. *See* Doc. 35. However, the Court also noted that it would "keep an open mind on the issue of whether discovery should be stayed pending disposition of the motion to dismiss until … the Court has an opportunity to take a more comprehensive (and fully informed) 'preliminary peek' at the motion." *Id.* at 2 n.1.

The motion to dismiss is now fully briefed, and the Court has done a preliminary review of the motion, Plaintiff's response, the State of Florida's amicus brief, and the recently enacted Florida statute and rule. Based on that review, the Court remains highly skeptical that Count Two states a legally viable claim or that

there is a plausible Equal Protection claim under these facts, but the Court is now less convinced that the amended complaint will be dismissed in its entirety.

It is going to take a while for the Court to complete its review and rule on the motion to dismiss (or set the motion for oral argument[1]) because there are motions in other cases that ripened sooner and other more pressing matters that require the Court's attention first.  However, based on the Court's current (albeit still preliminary) assessment of the likely disposition of the motion, the stay of discovery will be lifted so this case can move forward.

Accordingly, it is **ORDERED** that:

1. The previously imposed stay of discovery is **LIFTED**.

2. The parties shall have 14 days from the date of this Order to file an amended Rule 26(f) report and proposed case management schedule.

**DONE and ORDERED** this 25th day of September, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiffs requested oral argument on the motion, *see* Doc. 40 at 50, but "[t]he Court may—and most often does—rule on a motion without oral argument, even if a party requests oral argument," N.D. Fla. Loc. R. 7.1(K).  If the Court determines that oral argument is necessary, it will be set by separate notice in due course.