UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,
et al.,

    Plaintiffs,

v.                                         Case No. 3:23cv10385-TKW-ZCB

ESCAMBIA COUNTY SCHOOL
BOARD,

    Defendant.
_____/

## ORDER

The Court finds based on its review of the parties' and amici's briefs that oral argument will be helpful in resolving Defendant's motion to dismiss. Accordingly, pursuant to Local Rule 7.1(K), it is

**ORDERED** that:

1. Plaintiffs' request for oral argument (*see* Doc. 40 at 50) is **GRANTED**.

2. Within 7 days from the date of this Order, the parties shall confer and file a notice identifying several mutually agreeable dates and times during December 2023 and January 2024 for an <u>in-person</u> oral argument in Pensacola, Florida. Ninety minutes—45 minutes per side—will be reserved for the oral argument.

3.     At the oral argument, in addition to the issues raised in the briefs,[1] the parties shall be prepared to discuss:

a.     whether the new legislative mandate in §1006.28(2)(a)2., Fla. Stat. (2023), that books subject to certain objections "must … <u>remain unavailable</u> … until the objection is resolved" applies to the restricted books at issue in this case, and if so, how that impacts Plaintiffs' claims related to those books and/or the Court's authority to grant the relief requested by Plaintiffs in the amended complaint;

b.     whether Defendant's new policy 4.06.10.A.4.b. impacted the status of the books that were allegedly restricted based on HB 1557 objections rather than pornography/§847.012/sexual conduct objections, and if so, how that impacts the claims related to those books;

c.     what framework the Court should use to evaluate the legal sufficiency of the First Amendment claims (e.g., *Pico*, *Hazelwood*, nonpublic

---

[1] To better focus the oral argument, the Court notes that, at this point, it is not persuaded by Defendant's arguments that the amended complaint is an impermissible shotgun pleading, that Plaintiffs have not alleged sufficient facts to establish their standing, that the special magistrate process in §1006.28(2)(a)6., Fla. Stat., has any bearing on this case, or that the decision to remove a book from the school library is "government speech" that is not subject to any constitutional constraints.  Additionally, at this point, the Court is not persuaded that Plaintiffs have asserted a plausible equal protection claim because the amended complaint alleges discrimination against books based on their content (rather than discrimination against individuals in a discrete protected class) and it is hard to see how an inference of intentional, animus-based discrimination by Defendant against a discrete protected class of individuals can be drawn from the allegations in the amended complaint.  The parties will have an opportunity to change the Court's mind on these issues at oral argument, although they may be better served by spending their limited argument time on the other issues in the briefs and this Order.

forum, or something else) if it determines that Defendant's book removal/restriction decisions are not government speech; and

        d.    whether students are allowed to access restricted books with parental permission pending review of the objection,[2] and if so, whether that has any impact on the claims related to those books.

**DONE and ORDERED** this 5th day of December, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] The new policy does not directly speak to this issue, but the Court takes judicial notice that there is a form on Defendant's website that says its purpose is to give parents "the opportunity to opt-in … if they wish for their students to have access to titles housed in the Restricted Access Section [of the library] as they are being reviewed." *Parent/Guardian Permission for Student to Access a Restricted Title*, https://docs.google.com/document/d/1PH6WRNROykIOiXmYvaJf ABC6XmFNc6O4wYnf_AcSZV0/edit (last visited Dec. 5, 2023).