UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| PEN AMERICAN CENTER, INC., ET AL.,<br><br>    *Plaintiffs*,<br><br>          v.<br><br>ESCAMBIA COUNTY SCHOOL DISTRICT,<br><br>    *Defendant*. | Case No. 3:23-cv-10385-TKW-ZCB |

## *AMICUS CURIAE* THE STATE OF FLORIDA'S UNOPPOSED MOTION FOR LEAVE TO PARTICIPATE IN MOTION-TO-DISMISS HEARING

The State of Florida moves for leave to participate as *amicus curiae* in the January 10, 2024, hearing on Defendant's motion to dismiss. With the Court's leave, the State plans to argue—as it did in its amicus brief—that Defendant's decision to remove certain books from Escambia County's public-school libraries is government speech not subject to First Amendment scrutiny. Among other things, the State plans to address the Eleventh Circuit's recent decision in *McGriff v. City of Miami Beach*, 84 F.4th 1330 (11th Cir. 2023), which the State has noticed as a supplemental authority contemporaneously with this filing.

*McGriff* was about a city-sponsored art exhibit composed of otherwise private paintings. The city's decision to exclude material because it expressed a view with

1

which the city disagreed was government speech because—like Florida's public-school libraries—the government "fund[ed], organize[d], and promote[d]" the art exhibit. *Id*. at 1336. It was irrelevant that the city did not "actively control[] the message of the artwork [the artists] produced." *Id*. at 1335. Instead, "[h]aving bought the artwork, the City's decision to display it, or not display it, was classic government speech." *Id*. at 1334. The same is true of Escambia's decisions about the books at issue here.

To further address the government-speech doctrine, including *McGriff*, the State respectfully seeks leave to participate in the motion-to-dismiss hearing.

Respectfully submitted,

ASHLEY MOODY
*Attorney General*
HENRY C. WHITAKER (FBN 1031175)
*Solicitor General*
DANIEL W. BELL (FBN 1008587)
*Chief Deputy Solicitor General*
DAVID M. COSTELLO (FBN 1004952)
*Deputy Solicitor General*
/s/ Bridget O'Hickey
Bridget O'Hickey (FBN 1048521)
*Assistant Solicitor General*

*Counsel for Amicus Curiae the State of Florida*

Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
*bridget.ohickey@myfloridalegal.com*

2

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(B), undersigned counsel conferred with the parties' counsel via email about the relief sought in this motion. Defendant has no objection. Plaintiffs requested the State represent their position as follows: "Plaintiffs do not object to the State's Motion, but note that the Court has advised the parties to 'spend[] their limited argument time' on issues other than the one on which the State participated as *amicus*. Order (Doc. 55) at 2 n.1. Accordingly, Plaintiffs request that, if the State is permitted to participate in oral argument, Plaintiffs be given additional time to address any arguments it makes."

*/s/ Bridget O'Hickey*
Assistant Solicitor General

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the requirements of Local Rule 7.1(F) because it contains 237 words.

*/s/ Bridget O'Hickey*
Assistant Solicitor General

**CERTIFICATE OF SERVICE**

On this 27th day of December, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Bridget O'Hickey*
Assistant Solicitor General
