## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,
SARAH BRANNEN, LINDSAY
DURTSCHI, on behalf of herself and
her minor children, BENJAMIN
GLASS, on behalf of himself and his
minor child, GEORGE M. JOHNSON,
DAVID LEVITHAN, KYLE
LUKOFF, ANN NOVAKOWSKI, on
behalf of herself and her minor child,
PENGUIN RANDOM HOUSE LLC,
SEAN PARKER, on behalf of himself
and his minor child, ASHLEY HOPE
PÉREZ, ERICA ROY, on behalf of
herself and her minor children,
CHRISTOPHER SCOTT
SATTERWHITE, on behalf of himself
and his minor child, and CARIN
SMITH on behalf of herself and her
minor children,

       Plaintiffs,

vs.

 ESCAMBIA COUNTY SCHOOL
BOARD,

       Defendant.

_____ /

CASE NO.:  3:23-CV-10385-TKW-ZCB

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, Escambia County School Board (the "Board"), by and through its undersigned attorneys, hereby files this Answer and Affirmative and Other Defenses to Plaintiffs' Amended Complaint, [D.E. 27 ("Complaint")], and states as follows:

## I.   INTRODUCTION[1]

1.   The allegations in this Paragraph are quotes by the Supreme Court of the United States, which speak for themselves and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

2.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

3.   The allegations in this Paragraph are quotes by the Supreme Court of the United States, which speak for themselves, or are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

4.   The Board denies the allegations in this Paragraph.

---

[1] The headings used in the Complaint have been duplicated herein for ease of reference only.  To the extent any of these headings intimate any wrongdoing by the Board, the Board denies the same.

5.      The Board denies the allegations in this Paragraph.

6.      The Board denies the allegations in this Paragraph.

7.      The Board denies the allegations in this Paragraph. Moreover, this Court has already found that the actions of the Board with respect to Plaintiffs' allegations do not violate the Equal Protection Clause.

8.      The Board admits the Plaintiffs bringing suit are identified correctly but otherwise denies the characterization of these Plaintiffs and therefore denies the remaining allegations in this Paragraph.

9.      The Board is without knowledge as to the allegations in this Paragraph regarding the underlying motivations of Plaintiffs and therefore they are denied.

## II.      PARTIES

### A.      Plaintiffs

10.     The Board admits that Plaintiff PEN America is named as a party to this suit. The Board is without knowledge as to the remaining allegations in this Paragraph and therefore they are denied.

11.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

12.    The Board is without knowledge as to the allegations in this Paragraph and therefore they are denied.

13.    The Board admits that Plaintiffs Sarah Brannen, George M. Johnson, David Levithan, Kyle Lukoff, and Ashley Hope Pérez are named as parties to this suit. The Board denies the remaining allegations in this Paragraph as phrased.

14.    The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph as phrased.

15.    The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph as phrased.

16.    The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph as phrased.

17.    The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph as phrased.

18.    The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph as phrased.

19.    The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph as phrased.

20.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph.

21.     The Board admits that Plaintiff PRH is named as a party to this suit. The Board is either without knowledge as to, and therefore denies, or denies the remaining allegations in this Paragraph as phrased.

22.     The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph as phrased.

23.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

24.     The Board admits Plaintiffs Lindsay Durtschi, Benjamin Glass, Ann Novakowski, Sean Parker, Erica Roy, Christopher Scott Satterwhite, and Carin Smith are named as parties to this suit. The Board is either without knowledge as to, and therefore denies, or denies the remaining allegations in this Paragraph as phrased.

25.     The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

26.     The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

27.     The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

28.     The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

29.     The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

30.     The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

31.     The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

**B.     Defendant**

32.     Admitted.

33.     Admitted.

## III.     JURISDICTION AND VENUE

34.     The Board admits Plaintiffs purport to state claims arising under the First and Fourteenth Amendments of the United States Constitution for jurisdictional purposes only. The Board denies it has committed any constitutional violations or is liable in any sum or manner to Plaintiffs whatsoever.

35.     The Board admits that based on Plaintiffs' allegations, venue is proper in this district. The Board generally denies Plaintiffs' allegations giving rise to their claims and denies any of the alleged acts or omissions give rise to a cause of action.

## IV.     FACTUAL ALLEGATIONS

### A.     The Unique and Important Function of Public School Libraries

36.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

37.     The allegations in this Paragraph are quotes by the Supreme Court of the United States, which speak for themselves and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

38.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

39.     The allegations in this Paragraph are purportedly quotes from the Board's Policy Manual; to the extent such quotes are accurate they speak for

themselves and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

40.    The allegations in this Paragraph are purportedly quotes from the Board's Policy Manual; to the extent such quotes are accurate they speak for themselves and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

41.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph

**B.    The Push to Remove Books**

42.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

43.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

44.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

45.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

46.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

47.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

48.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

49.    The allegations in this Paragraph are purportedly quotes from an attachment to Plaintiffs' Complaint; to the extent such is accurate they speak for themselves and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

50.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

51.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

52.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

53.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph.

54.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

55.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

**C.     One Teacher Adopts Talking Points from National Groups to Get Books Removed from Libraries**

56.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

57.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

58.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

59.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

60.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

61.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

62.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

63.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

64.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

65.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

66.     The allegations in this Paragraph concern a publicly-available document which speaks for itself and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

67.     The allegations in this Paragraph concern a publicly-available document which speaks for itself and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

68.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph.

### D.  In Response to the Onslaught of Challenges, the School Board Changes Its Review Procedures

69.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent this Paragraph attempts to clarify what actions by the Board Plaintiffs are challenging, Plaintiffs are the master of their complaint and no response is required by the Board in this respect. To the extent a response is required, the Board denies the allegations in this Paragraph.

70.     The allegations in this Paragraph are, partially, purportedly a quotation from a Board member; to the extent such is accurate it speaks for itself and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

71.     The allegations in this Paragraph are purportedly a quotation from the Board's counsel; to the extent such is accurate it speaks for itself and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

72.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph

73.    The Board denies the allegations in this Paragraph as phrased.

74.    The allegations in this Paragraph, partially, speak to Florida law which speaks for itself and therefore no response is required. The Board otherwise denies the allegations in this Paragraph as phrased.

75.    The allegations in this Paragraph are largely quoting or describing Florida law, which speaks for itself and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

76.    The Board denies the allegations in this Paragraph.

77.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

78.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

79.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

80.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

81.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

82.     The Board denies the allegations in this Paragraph.

83.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. To the extent the allegations in this Paragraph quote Florida law and statements Florida officials have made in federal court, to the extent such is accurate these speak for themselves and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

84.    The Board denies the allegations in this Paragraph.

85.    The Board denies the allegations in this Paragraph as phrased.

86.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

87.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

88.    The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

### E.  The School Board Ratifies Baggett's Book Challenges by Removing Books

89.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

90.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph.

91.   The Board denies the allegations in this Paragraph as phrased.

92.   The allegations in this Paragraph are, partially, purportedly a quotation from a Board member; to the extent such is accurate it speaks for itself and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

93.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

94.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

95.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

96.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

97.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

98.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

99.     The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

100.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

101.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

102.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

103.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

104.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

105.   The allegations in this Paragraph are a chart prepared by Plaintiffs and do not necessarily reflect all the information contained on the challenge form; Plaintiffs' chart speaks for itself and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

106.   The Board admits it has not removed any library materials since April 13, 2023.

107.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The allegations in this Paragraph also purportedly contain a quoted statement by the Board's former superintendent; to the extent such is accurate it speaks for itself and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased

108.   The Board denies the allegations in this Paragraph.

**F.    The School Board Has Removed Books Based on Viewpoint**

109.   The allegations in this Paragraph are, partially, purportedly a quoted statement by the Board's counsel; to the extent such is accurate it speaks for itself and no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

110.   The Board denies the allegations in this Paragraph.

111.   The Board denies the allegations in this Paragraph.

112.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

113.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

114.   The allegations in this Paragraph purport to be quoted statements by Board members; to the extent such is accurate, they speak for themselves and no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

115.   The Board denies the allegations in this Paragraph as phrased.

116.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

117.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph.

118.   The allegations in this Paragraph purport to be a quoted statement by a Board member; to the extent such is accurate, it speaks for itself and no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

119.   The allegations in this Paragraph purport to be a quoted statement by a Board member; to the extent such is accurate, it speaks for itself and no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

120.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

121.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

122.   The allegations in this Paragraph purport to be quoted remarks by Board members; to the extent such is accurate, they speak for themselves and no response

is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The remaining allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

123.   The Board denies the allegations in this Paragraph.

124.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

125.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

126.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

127.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph.

128.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

129.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

130.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

131.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

132.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph.

133.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

134.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

135.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

136.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

137.   The allegations in this Paragraph purport to be a quoted statement by a Board member; to the extent such is accurate, it speaks for itself and no response is

required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

138.   The Board denies the allegations in this Paragraph.

139.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

140.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

141.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

**G.     The School Board Is Also Indefinitely Restricting Access to Books Based on Viewpoint**

142.   The Board denies the allegations in this Paragraph.

143.   The Board denies the allegations in this Paragraph.

144.   The Board denies the allegations in this Paragraph.

145.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

146.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

147.   The Board denies the allegations in this Paragraph as phrased.

148.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

149.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

150.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph.

151.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

152.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

153.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

154.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

155.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph.

156.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

157.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

158.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

159.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

160.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph as phrased.

### H. Defendant Has Disproportionately Targeted Books by Minority and LGBTQ Authors or Books Addressing Themes Involving Race and LGBTQ Identity

161.    The Board denies the allegations in this Paragraph.

162.    The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

163.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

164.    The Board is without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

165.    The Board is without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

166.    The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

167.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

168.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

169.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

**I.   Students in the School District Are Being Deprived Access, or Restricted in Their Access to Books to which They Previously Had Access**

170.   The Board denies the allegations in this Paragraph.

171.   The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

172.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

173. The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

174. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

175. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph. To the extent this Paragraph purports to contain a quoted statement by Plaintiff Durtschi, to the extent such is accurate it speaks for itself and no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

176. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

177. The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

178. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

179. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

180. The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

181. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

182. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

183. The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

184. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

185. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

186. The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

187. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

188. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

189. The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

190. The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

191.   The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

192.   The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

193.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

194.   The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

### J.   Defendant's Book Removals and Restrictions Harm PEN America, Its Members, the Author Plaintiffs, PRH, and the Parent Plaintiffs and Their Children

195.   The Board denies the allegations in this Paragraph and demands proof of same.

196.   The Board denies the allegations in this Paragraph and demands proof of same.

197.   The Board denies the allegations in this Paragraph and demands proof of same.

198.   The Board denies the allegations in this Paragraph and demands proof of same.

199.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required.

To the extent a response is required, the Board denies the allegations in this Paragraph and demands proof of same.

200.   The Board admits Plaintiffs are seeking declaratory and injunctive relief. The Board otherwise denies the allegations in this Paragraph and demands proof of same.

201.   The Board denies the allegations in this Paragraph and demands proof of same.

  a.   The Board denies the allegations in this sub-Paragraph as phrased.

  b.   The Board denies the allegations in this sub-Paragraph as phrased.

  c.   The Board denies the allegations in this sub-Paragraph as phrased.

  d.   The Board denies the allegations in this sub-Paragraph as phrased.

  e.   The Board denies the allegations in this sub-Paragraph as phrased.

202.   The allegations in this Paragraph are conclusory, vague, or immaterial and/or not connected to any cause of action, and therefore no response is required. To the extent a response is required, the Board denies the allegations in this

Paragraph. The Board otherwise denies the allegations in this Paragraph and demands proof of same.

203.   The Board denies the allegations in this Paragraph and demands proof of same.

204.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

205.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

206.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

207.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

208.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

209.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

210.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

### K. The School Board Adopts New Policies Purportedly Based on HB 1069

211.   The Board admits it has amended its policy concerning library materials, in conjunction with and as required by Florida law. To the extent the allegations in this Paragraph concern Florida law, such things speak for themselves and no response is required.

212.   The allegations in this Paragraph describe Florida law, which speaks for itself and therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

213.   The Board admits it has amended its policy concerning library materials, in conjunction with and as required by Florida law. To the extent the allegations in this Paragraph concern Florida law, such things speak for themselves and no response is required.

214.   The Board denies the allegations in this Paragraph.

## V.      CLAIMS FOR RELIEF

### COUNT ONE:
### FIRST AMENDMENT – VIEWPOINT DISCRIMINATION
### (On Behalf of PEN America, Its Members, the author Plaintiffs and PRH)

215.   The Board's responses in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

216.   The allegations in this Paragraph describe the Fourteenth Amendment and First Amendment to the United States Constitution; such matters speak for

themselves and no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

217. The Board is a political subdivision of the State of Florida. The Board admits that, for jurisdictional purposes of stating a claim under 42 U.S.C. § 1983, Plaintiffs allege the Board is a state actor operating under color of state law.

218. Admitted that to the extent forum analysis applies, the Board's libraries constitute non-public forums. The Board otherwise denies the allegations in this Paragraph.

219. The Board denies the allegations in this Paragraph.

220. The Board denies the allegations in this Paragraph.

221. The Board denies the allegations in this Paragraph.

222. The Board denies the allegations in this Paragraph.

## COUNT TWO:
## FIRST AMENDMENT – RIGHT TO RECEIVE INFORMATION
### (On Behalf of the Parent Plaintiffs and Their Minor Children)

223. The allegations in this Paragraph describe the Fourteenth Amendment and First Amendment to the United States Constitution; such matters speak for themselves and no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

224.   The Board is a political subdivision of the State of Florida. The Board admits that, for jurisdictional purposes of stating a claim under 42 U.S.C. § 1983, Plaintiffs allege the Board is a state actor operating under color of state law.

225.   The allegations in this Paragraph purport to be statements by the Supreme Court of the United States; to the extent such is accurate it speaks for itself and no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph. The Board otherwise denies the allegations in this Paragraph.

226.   The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

227.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

228.   The Board is without knowledge as to, and therefore denies, the allegations in this Paragraph.

229.   The Board is either without knowledge as to, and therefore denies, or denies the allegations in this Paragraph.

230.   The Board denies the allegations in this Paragraph.

## COUNT THREE
## FOURTEENTH AMENDMENT – EQUAL PROTECTION
### (On Behalf of PEN America, Its Members, the Author Plaintiffs, and the Parent Plaintiffs and Their Minor Children)

231.   The Board's responses in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

232.   The Court has determined Plaintiffs have failed to state a claim under the Equal Protection Clause and dismissed Count Three, therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

233.   The Court has determined Plaintiffs have failed to state a claim under the Equal Protection Clause and dismissed Count Three, therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

234.   The Court has determined Plaintiffs have failed to state a claim under the Equal Protection Clause and dismissed Count Three, therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

235.   The Court has determined Plaintiffs have failed to state a claim under the Equal Protection Clause and dismissed Count Three, therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

236.   The Court has determined Plaintiffs have failed to state a claim under the Equal Protection Clause and dismissed Count Three, therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

237.   The Court has determined Plaintiffs have failed to state a claim under the Equal Protection Clause and dismissed Count Three, therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

238.   The Court has determined Plaintiffs have failed to state a claim under the Equal Protection Clause and dismissed Count Three, therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

239.   The Court has determined Plaintiffs have failed to state a claim under the Equal Protection Clause and dismissed Count Three, therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

240.   The Court has determined Plaintiffs have failed to state a claim under the Equal Protection Clause and dismissed Count Three, therefore no response is required. To the extent a response is required, the Board denies the allegations in this Paragraph.

## VI.       PRAYER FOR RELIEF

The Board denies that Plaintiffs are entitled to any relief whatsoever and specifically denies Plaintiffs are entitled to the relief requested in the prayer for relief.

A.      The Board denies Plaintiffs are entitled to this relief.

B.      The Board denies Plaintiffs are entitled to this relief.

C.      The Board denies Plaintiffs are entitled to this relief.

D.      The Board denies Plaintiffs are entitled to this relief.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs, collectively and individually, do not have standing to assert the claims alleged in the Complaint and do not have standing to seek injunctive relief. This includes, but is not limited to, the fact none have satisfied Article III's requirement for injury-in-fact, and none have satisfied the requisite traceability and redressability requirements. Plaintiffs seek to enjoin a Board Policy that is no longer in effect and that has been amended to reflect the current state of Florida law. To the extent Plaintiffs challenge the Board's current Policy, the Board must follow Florida law until said law has either been enjoined or declared unconstitutional by a court of competent jurisdiction. Plaintiffs, in challenging a defunct Policy, therefore cannot show the required traceability and redressability elements for Article III standing.

2.      Plaintiffs have failed to state a claim for viewpoint discrimination upon which relief can be granted. The complained-of actions taken by the Board against the alleged library materials do not constitute viewpoint discrimination against the Plaintiffs themselves, either collectively, individually, on behalf of others, or in their organizational or associational capacity.

3.      Plaintiffs have failed to state a claim for the right to receive information upon which relief can be granted. The Parent Plaintiffs and their children remain free to access, read, and possess the challenged library materials on school grounds and otherwise obtain the challenged library materials from any source other than  the Board's libraries.

4.      Plaintiffs cannot state a claim for the right to receive information because the First Amendment offers no such protection and no such right exists in the context of public school libraries.

5.      To the extent forum analysis applies, the Board's libraries are non-public forums for which reasonable limitations on speech are permitted so long as there is a legitimate, non-discriminatory purpose behind the limitations. The complained-of actions by the Board are permitted within the context of such forums.

6.      The Board did not engage in viewpoint discrimination. Its actions were undertaken for legitimate pedagogical reasons and therefore cannot be used as the basis for Plaintiffs' claims of constitutional injury. Because the complained-of

actions taken by the Board against Plaintiffs were based on legitimate pedagogical reasons, and upon grounds other than Plaintiffs' alleged First Amendment protections, Plaintiffs cannot rebut or otherwise demonstrate the Board's actions were a pretext for unlawful discrimination.

7.    Even if discrimination was present, which the Board denies, the complained-of actions would have been taken regardless of any alleged illegal motive. The Board's Policy is viewpoint-neutral, narrowly tailored, and designed to serve the Board's legitimate interest in maintaining strict control over the materials within its libraries, as required by Florida law.

8.    Plaintiffs have failed to show the Board, as a collegial body which acts as a whole, acted with impermissible viewpoint discrimination with respect to each individual library material whose reconsideration Plaintiffs challenge.

9.    At all times the Board acted in good faith and in the reasonable belief that its conduct did not violate any protected right, privilege, or immunity of Plaintiffs.

10.    The actions of the Board constitute government speech for which no First Amendment protections attach.

11.    The actions of the Board were taken pursuant to its duty to follow Florida law and it cannot be liable for following presumptively constitutional laws

that have yet to be enjoined or declared unconstitutional by a court of competent jurisdiction.

12.   To the extent Plaintiffs recover damages from any other source, the Board is entitled to any setoff permitted by law.

13.   Some of Plaintiffs' allegations are either frivolous, without merit, or false and tantamount to bad faith and therefore the Board is entitled to the recovery of attorney fees pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and 42 U.S.C. § 1988.

14.   Plaintiffs did not suffer a constitutional deprivation. To the extent Plaintiffs suffered any injurious results, these did not arise to the level of a constitutional violation redressable by this Court. And to the extent an occasional error in applying the Board's policies may have occurred—which the Board neither admits to nor concedes—it too does not rise to the level of a constitutional violation.

15.   Plaintiffs seek relief from this Court which cannot be granted. The Board's Policy has been amended to reflect the current state of Florida law. To the extent Plaintiffs request this Court pass judgment on or enjoin a defunct Policy, it would amount to an impermissible advisory opinion. To the extent Plaintiffs request this Court order the Board to act contrary to its current Policy in a manner that would violate Florida law, the Board lacks the ability or discretion to go against or violate any valid Florida law.

16.     Plaintiffs have other forms and avenues of expression available to them for their speech. The actions of the Board have done nothing to prohibit Plaintiffs PEN America, PRH, and the Author Plaintiffs from writing, editing, publishing, promoting, marketing, or otherwise expressing their alleged speech they claim has been removed or restricted by the Board. Similarly, the Parent Plaintiffs and their children remain free to access, read, and possess the challenged library materials on school grounds and otherwise obtain the challenged library materials from any source other than the Board's libraries.

17.     Plaintiffs have not and will not be able to satisfy the elements required for injunctive relief. Specifically, Plaintiffs have: (1) not shown they are substantially likely to succeed on the merits; (2) nor have they demonstrated irreparable harm as a result of the complained-of actions; (3) the balance of equities favors the Board, therefore foreclosing injunctive relief; (4) as does the public interest, further foreclosing the possibility of injunctive relief.

18.     All actions taken by the Board against Plaintiffs were motivated by good faith and not by any improper or unlawful motive.

19.     Regarding the allegedly "Targeted Books," no final Board action has been taken against these books and therefore any relief this Court could provide would be in the form of an impermissible advisory opinion.

20.     To the extent Plaintiffs' claims are based on a Board Policy that has since been amended, their claims for injunctive relief fail because that Policy no longer exists nor is it in effect. To the extent Plaintiffs' claims are based on the procedures and requirements as set forth in Florida law and administrative regulations, these are entitled to the presumption of constitutionality and the Board has no discretion to not comply with said legal requirements and duties.

21.     There is no evidence to support the existence of any policy, custom, or practice created or maintained by the Board which in and of itself deprived Plaintiffs of any civil or constitutional right, or which was the moving force behind any unconstitutional conduct of the Board.

22.     To the extent Plaintiffs have suffered damages, which is expressly denied, they have failed to mitigate their damages.

The Board has yet to complete discovery or its investigation in this case, and therefore specifically reserves the right to modify, abandon, or plead any and all additional affirmative defenses that become known to it during the course of discovery

**WHEREFORE**, Defendant Escambia County School Board, respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in Defendant's favor, that Plaintiff take nothing by this action, and that

Defendant recover its attorney's fees, costs, and expenses associated with this lawsuit.

Dated:  February 7, 2024                    Respectfully submitted,

/s Nicole Sieb Smith
_____
J. DAVID MARSEY
Florida Bar No.:  0010212
E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783

and

SAMANTHA DUKE
Florida Bar No. 0091403
Email:  sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel:  407.872.7300
Fax: 407.841.2133

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 7, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send

a notice of electronic filing to the following: Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at john.langford@protectdemocracy.org; Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org; Shawn F. Summers at summerss@ballardspahr.com; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com (Counsel for Plaintiffs); Rachel Elise Fugate at rfugate@shullmanfugate.com (Counsel for Clay Calvert, et al.); Clarence William Phillips at cphillips@cov.com; Jayne Foley Hein at jhein@cov.com; Nicholas Eli Baer at nbaer@cov.com; Robert C. Buschel at buschel@bglaw-pa.com (Counsel for Florida State Conference NAACP, et al.); Bridget K. O'Hickey at bridget.ohickey@myfloridalegal.com; Daniel William Bell at daniel.bell@myfloridalegal.com; David Matthew Costello at david.costello@myfloridalegal.com; and Henry Charles Whitaker henry.whitaker@myfloridalegal.com (Counsel for State of Florida).

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568

E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783

and

SAMANTHA DUKE
Florida Bar No. 0091403
Email:  sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel:  407.872.7300
Fax: 407.841.2133

Attorneys for Defendants