UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child, and CARIN SMITH on behalf of herself and her minor children,,

    Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

    Defendant.
_____/

CASE NO.: 3:23-CV-10385-TKW-ZCB

**JOINT MOTION TO EXTEND PRE-TRIAL DEADLINES**

The Parties, through undersigned counsel, jointly move for the entry of an order extending the pre-trial deadlines by 90 days, and as grounds therefor, state:

1. On October 5, 2023, this Court entered its Final Scheduling Order. [D.E. 54 ("Order")].

2. This Order established a May 31, 2024 deadline for fact discovery and July 15, 2024 deadline for expert discovery. *Id.* at ¶ 3 (a). The Court noted the July 15 expert discovery deadline was "the 'discovery deadline' for purposes of other deadlines" in the Order. *Id.* Dispositive motions are to be filed 21 days after the discovery deadline, as are any *Daubert* motions. *Id.* at ¶¶ 4–5. Trial has not been set. *Id.* at ¶ 6. Mediation is to be completed 14 days after the discovery deadline. *Id.* at ¶ 9.

3. The Order provides that the overall discovery deadline will only be extended through a showing of due diligence in attempting to complete discovery by the deadline. *Id.* at ¶ 3.(d).

4. The Parties now respectfully move this Court for a 90-day extension of the pre-trial deadlines, and submit that since the Court ruled on Defendant's, Escambia County School Board ("Board") Motion to Dismiss, the Parties have been diligently conducting discovery but, given the breadth and scope of this matter, will be unable to substantively complete discovery under the existing deadline.

5. For the purposes of this Motion, "pre-trial deadlines" refers to those deadlines listed by the Court in its Final Scheduling Order for which the Court has set firm deadlines based on the existing discovery deadline. [D.E. 54 at ¶¶ 3–5, 9].

6. As shown below, the Parties have diligently been conducting discovery since the Court lifted the discovery stay in this case on September 25, 2023. [D.E. 41]. Plaintiffs first served discovery on the Board on October 16, 2023. Defendant requested, and Plaintiffs granted, an extension of time to respond until December 12, 2024. The Board responded on that date.

7. It was the Board's position, as raised in its Motion to Dismiss, that the Plaintiffs did not have standing to assert claims for all 160 books then-currently restricted. The Board agreed to produce discovery related to, per the allegations of the Amended Complaint: (1) books published by the Publisher Plaintiff; (2) books authored by one of the Author Plaintiffs; (3) books the Parent Plaintiffs allege their children wanted to read; (4) books written by authors who are members of Plaintiff PEN American Center, Inc.; and (5) *The Perks of Being a Wallflower*, *Lucky*, and *The Nowhere Girls*.

8. The Court denied the Board's dispositive motion to dismiss by oral pronouncement on January 10, 2024, followed by a written order on January 12, 2024. [D.E. 65].

9. After the Court's order, Plaintiffs reached out to the Board on January 29, 2024, concerning what Plaintiffs argued were deficiencies in the Board's production and discovery.

3

10. The Parties met and conferred three times in response to Plaintiffs' correspondence: on February 7, February 8, and again on February 13, 2024. During these meet and confers, the Parties largely agreed on the areas in which the Board would supplement its production although significant areas of disagreement remain that the Parties have continued to work through as much as possible without the need for unnecessary motion practice. At the Board's request, Plaintiffs agreed to provide the Board with a list of the books that Plaintiffs claim are relevant to this suit as well as a list of search terms for ESI production.

11. On February 16, 2024, Plaintiffs provided the Board with a master list of approximately 160 books that Plaintiffs maintain are relevant to this matter. On February 22, 2024, Plaintiffs provided the Board with updated search terms Plaintiffs maintain are relevant to the Board's ESI discovery. In the Board's view, these book and search term lists were necessary for the Board to begin and complete its supplemental production.

12. The Board represents that it has produced the vast-majority of non-electronic responsive documents and is continuing to make a rolling production of ESI pursuant to the parties' agreement. To date, the Board has produced over 5,000 pages as part of its production in response to Plaintiffs' First Set of Requests for Production and, as of March 22, 2024, has supplemented its responses to Plaintiffs' First Set of Interrogatories.

13. Also as part of this meet and confer process, the Parties have discussed ESI protocols and a proposed confidentiality order regarding the identity of the minor Plaintiffs and the corporate Plaintiffs. The Board has retained a private ESI vendor to assist in the organization and maintenance of the extensive ESI production.

14. As part of discovery, the Board has collected almost three Terabytes of data to search for documents and ESI responsive to the master list of approximately 160 books. This includes emails, pdfs, Excel spreadsheets, Word documents, text files, and other documents. These documents must be reviewed for not only responsiveness to Plaintiffs' discovery requests and for privilege but, given the Board's status as a public school district, also to ensure no violation of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, or its Florida equivalent, section 1002.22, Florida Statutes. This review process is complicated and takes time. The Board has, from the undersigned's firm, three different attorneys, two paralegals, and three legal assistants working on production. The Board's own general counsel and Coordinator of Media Services and others at the District are also assisting in this process.

15. The Board also in turn served discovery to Plaintiffs on February 8, 2024. Plaintiffs requested, and the Board granted, an extension of time to respond until April 10, 2024. Given the breadth and scope of the organizational Plaintiffs,

and the need for confidentiality as relates to the minor children and the corporate Plaintiffs, Plaintiffs' discovery review process will be extensive.

16. The Parties have also begun discussing deposition schedules. This case has 14 Plaintiffs: (1) two organizational Plaintiffs—PEN America and Penguin Random House; (2) five author Plaintiffs; and (3) seven parent Plaintiffs, who are suing in their individual capacity and on behalf of their children, of which Plaintiffs have represented to the Board there are ten. The Board has indicated that it will seek depositions of each of the 14 Plaintiffs and each of the 10 children. Plaintiffs may be seeking protective orders as to the depositions of at least some of the children. Plaintiffs will agree to set deposition dates once the Board substantially completes the production agreed upon during the Parties' meet and confer.

17. Plaintiffs in turn have indicated their intent to depose the five individual Board members—to which the Board will also be seeking protective orders—as well as the Board's current and former Coordinator of Media Services and Superintendent.

18. Other depositions may be necessary as well, including any potential experts the Parties retain.

19. Thus, as shown, the Parties have diligently pursued discovery as efficiently and quickly as possible given the scope and magnitude of this case. However, due the volume of documents at issue, the complexity involved in the

review process, and the logistical and technical issues related to the broad ESI production, discovery has been slowed. These unavoidable delays are compounded by likely motion practice as to the forthcoming depositions.

20. Accordingly, and subject to the Court's approval, the Parties have agreed to, and jointly request, that the pre-trial deadlines in the case be extended by 90 days so as to permit the Parties to substantially complete the broad level of discovery required in this case, complete depositions, and conduct any other additional discovery needed.

21. The undersigned certify this Motion is being made in furtherance of the orderly administration of justice, is brought in good faith, and is not for the purposes of delay. None of the Parties are prejudiced by this joint request for an extension of the pre-trial deadlines and consent to the relief requested herein.

**WHEREFORE**, the Parties jointly request entry of an order extending the pre-trial deadlines by 90 days and for any and all further relief this Court deems just and equitable.

## RULE 7.1 CERTIFICATION

The Parties hereby certify that they have conferred and are jointly requesting the relief set forth herein.

## RULE 7.1(F) CERTIFICATION

The Parties hereby certify that this motion contains 1,359 words.

Respectfully submitted,

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street
Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Attorneys for Defendants

and


*/s/* Shalini Goel Agarwal
Lynn B. Oberlander (*pro hac vice*)
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820

8

Telephone: 212.223.0200
Facsimile: 212.223.1942

Paul J. Safier (*pro hac vice*)
Facundo Bouzat*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan (*pro hac vice*)
**BALLARD SPAHR LLP**
999 Peachtree Street NE, Suite 1600
Atlanta, GA   30309-4421
Telephone: 678.420.9300
Facsimile: 678.429.9301

Shalini Goel Agarwal (FBN 90843)
Ori Lev*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

*Pro hac vice application forthcoming*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   Kristy L. Parker at

kristy.parker@protectdemocracy.org; John Thomas Langford at john.langford@protectdemocracy.org; Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com (Counsel for Plaintiffs); Rachel Elise Fugate at rfugate@shullmanfugate.com (Counsel for Clay Calvert, et al.); Clarence William Phillips at cphillips@cov.com; Jayne Foley Hein at jhein@cov.com; Nicholas Eli Baer at nbaer@cov.com; Robert C. Buschel at buschel@bglaw-pa.com (Counsel for Florida State Conference NAACP, et al.); Bridget K. O'Hickey at bridget.ohickey@myfloridalegal.com; Daniel William Bell at daniel.bell@myfloridalegal.com; David Matthew Costello at david.costello@myfloridalegal.com; and Henry Charles Whitaker henry.whitaker@myfloridalegal.com (Counsel for State of Florida).

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street
Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Attorneys for Defendants

11