UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

    Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

    Defendant.

_____ /

CASE NO.: 3:23-CV-10385-TKW-ZCB

**[PROPOSED] STIPULATED CONFIDENTIALITY ORDER**

**THIS CAUSE** came to be heard upon the Parties' Joint Motion for Entry of Confidentiality Order to facilitate the production, exchange, disclosure, and use of documents and information that the Parties may wish to keep confidential. Being

advised that the Parties have agreed to the entry of this Order, and after reviewing the file and finding good cause pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. The Parties' Motion is **GRANTED**.

2. This Order will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, responses to requests for production of documents and subpoenas, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party" and "Receiving Party") in this Litigation.

3. This Order governs the handling, exchange, disclosure, maintenance, storage, use, and discussion of documents that a Party may wish to keep confidential. For purposes of this Order, the word "document" means any written, recorded, or graphic material, and includes information provided in discovery responses such as requests for production, interrogatories, or requests for admission. The protections conferred by this Order do not cover the following documents: (a) any document that is in the public domain at the time of disclosure to a Receiving Party or becomes part

of the public domain after its disclosure to a Receiving Party as a result of a publication not involving a violation of this Order, including, but not limited to becoming part of the public record through trial or otherwise; and (b) any document obtained by the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the document lawfully (such as through a public records request) and who is under no obligation of confidentiality to the Producing Party.

4. Any Producing Party may designate Discovery Material as "Confidential" and documents designated under this category are collectively referred to herein as "Confidential Material."

5. Any Producing Party may designate Discovery Material as "Confidential" under the terms of this Order, if such Party in good faith believes that such Discovery Material contains: (a) personal, business, financial, technical, strategic, proprietary, or commercially sensitive information that is non-public and confidential, or that would reveal trade secrets; (b) non-public or proprietary information obtained from a non-party; or (c) non-public material that contains sensitive, personal, identifying information relating to the minor Plaintiffs.

6. Each Party that designates a document or a portion thereof for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate legal standards. The Producing Party must designate

3

as Confidential only those parts of documents that qualify so that other portions of the documents for which Confidentiality are not warranted are not swept unjustifiably within the ambit of this Order.

7. If it is appropriate to designate an entire document as Confidential, the Producing Party shall prominently mark the document "CONFIDENTIAL" at the bottom of the document and produce it, and all Parties shall treat it as Confidential as defined herein, unless and until the Court orders otherwise. If the majority of the document is Confidential, i.e., more than half of the content contained in the document, the Producing Party may mark "CONFIDENTIAL" at the bottom of the document. For native files, a slip sheet may be used to affix the marking.

8. If it is appropriate to designate only a portion of a document as Confidential, the Producing Party shall clearly identify the specific portions by putting the word "CONFIDENTIAL" in the left or right margin, and making other markings that indicate which portions are being designated without obscuring the content, and produce the document. For these documents (containing only partial designations), the Producing Party shall <u>not</u> put the word "CONFIDENTIAL" at the bottom of the document. If a document has the word "CONFIDENTIAL" in the left or right margin but does not have the word "CONFIDENTIAL" at the bottom, the Receiving Party may assume the remainder of the document is not Confidential and may treat it as such. If there is insufficient room to make such designation in the

margin of the document, the Producing Party may mark the document "*CONFIDENTIAL*" at the bottom of the document and produce it with an accompanying written statement identifying the Bates number(s) of the document and which portions of the document are Confidential. For native files, a slip sheet may be used to affix the marking and provide the accompanying written statement.

9. To designate testimony (including affidavits, declarations, certifications, live testimony, etc.) as Confidential, a Producing Party must identify the paragraph number, page number, or provide some other reasonable identifying method, and shall state the designation at the time the affidavit, declaration, or certification is filed with the Court or provided to another Party. The designation of live testimony or any portion, thereof, shall be accomplished by identifying the transcript volume and page number, or other reasonable identifying method, and shall be made by or on behalf of the designating Party either during the testimony or within thirty (30) days of the actual receipt of the final transcript. All live testimony shall be treated as presumptively Confidential until the earlier of the: (a) receipt of written notice designating only portions of that transcript; or (b) expiration of the thirty-day period to provide such notice.

10. Confidential Material produced, provided, disclosed, or otherwise made available by a Producing Party, including all copies thereof, shall be held in

confidence by and between the Parties and their attorneys, as described in the paragraphs below.

11. Confidential Material, including information derived therefrom, shall not be reviewed, inspected, or disclosed in any manner to any person or entity, except:

a) Counsel of record in the Litigation; attorneys employed in the same firm with counsel of record; clerical, paralegal, and secretarial staff employed by such counsel;

b) Service vendors of counsel of record in the Litigation (including outside copying, information technology, and litigation support services) who need to review such information in connection with this Litigation, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

c) Any court, including appellate courts, having subject-matter jurisdiction of this Litigation, including court personnel;

d) The Parties and the officers, directors, or employees of any Party to this Litigation; or any parent, managing member, subsidiary, or affiliate, thereof, who has a legitimate need to review the Confidential Material for

purposes of the Litigation; or in-house counsel who need to review such information in connection with this Litigation;

e) Counsel to and employees of insurers that may be obligated to satisfy all or part of a judgment against, or to pay or advance all or part of the defense costs of, any defendant in this Litigation, who need to review such information in connection with this Litigation, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

f) Consultants or experts assisting a Party in the evaluation, prosecution, or defense of this Litigation; and partners, associates, paralegals, secretaries, clerical, and service vendors of such consultants and experts, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

g) Court reporters, stenographers, translators, interpreters, or videographers employed in connection with this Litigation, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

h) Mediators, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

i) Any witness appearing or preparing to appear at trial, at an evidentiary hearing, or in deposition, provided that each has completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"), with the understanding that witnesses testifying in open court shall not be restricted in their testimony based upon the terms of this Order;

j) Any person indicated on the face of a Confidential document or accompanying cover letter, email, or other transmitting communication to be the author, addressee, or an actual or intended recipient of the Confidential document;

k) Any person in the courtroom during an evidentiary hearing or the trial of the matter; and

l) Any other person only upon: (i) order of the Court and with notice to the Parties; or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material disclosed, provided that each has completed the certification contained in Attachment A

("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order").

Any of the foregoing persons to whom Confidential Material is disclosed shall be provided a copy of this Confidentiality Order and advised of the requirement not to disclose or discuss Confidential Material.

12. Nothing herein shall prevent a Producing Party from using or disclosing any of its own Confidential Material for any purpose.

13. With respect to all Confidential Material, i.e., information, testimony, or documents designated as Confidential, the Parties agree to the following:

a) The Parties are prohibited from using or disclosing Confidential Material for any purpose other than the Litigation or proceeding for which the information was requested.

b) The Parties and their counsel shall keep Confidential Materials in strict confidence, shall use Confidential Materials only for purposes reasonably connected to this litigation, and shall not share Confidential Materials with any third party, except under the circumstances described in this Order. For documents with only portions designated as Confidential, these rules only apply to the portions designated as Confidential. Such documents may be shown to any third party, and may be treated as not Confidential, as long as the Confidential portions are redacted.

9

    c) Any Party may use Confidential Material at trial or a hearing, including but not limited to introducing them into evidence and asking a witness about their contents. Before a Party uses a Confidential document at trial or a hearing, the Party must first alert the Court and the opposing Party of the intent to use a Confidential document. If a Party moves a Confidential document into evidence and wants it to be a part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

14. The Parties agree not to file any document with the Court that contains any Confidential Material without first: (a) providing the Producing Party an adequate and reasonable opportunity to either withdraw or change its designation or to file a motion requesting that the document be filed under seal; or (b) filing the document under seal pursuant to the applicable rules and procedures of the Court.

    a) The Parties recognize that whether documents may be filed under seal is a separate issue from whether the Parties may agree that produced documents are confidential. The Parties recognize that they must adhere to Northern District of Florida Local Rule 5.5 regarding filings under seal, and stipulate that no Party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

    b) Nothing in this paragraph shall be construed as prohibiting the Parties from redacting from public filings information such as social security numbers or birth dates, as provided by Federal Rule of Civil Procedure 5.2.

15.   At no time do the Parties intend to disclose information subject to a claim of attorney-client privilege, work-product protection, or any other privilege or protection. If, nevertheless, a Party ("Disclosing Party") inadvertently discloses such privileged or protected information ("Inadvertently Disclosed Information") to another Party ("Receiving Party"), the following provisions will apply:

    a) Pursuant to Federal Rule of Evidence 502(d), the disclosure of Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture in this proceeding or any other federal or state proceeding of any claim of attorney-client privilege, work product protection, or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject-matter.

    b) If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall:

       i. immediately cease using, copying, or distributing the Inadvertently Disclosed Information; and

      ii. within five (5) days (subject to the business day requirement as discussed above), return or certify the destruction of all copies of the Inadvertently Disclosed Information, including any documents created

by the Receiving Party based upon the Inadvertently Disclosed Information.

c) The Receiving Party may move the Court for an order permitting it to retain and use the Inadvertently Disclosed Information. Such motion must be made within five (5) days after the Disclosing Party first provides notice to the Receiving Party of the Inadvertently Disclosed Information. If the Receiving Party timely files a motion under this provision, the requirements of sub-subparagraph b)(ii), with respect to the Inadvertently Disclosed Information that is the subject of the motion, shall be stayed until five (5) days after the Court rules on the motion.

16. Any non-party from whom discovery is sought may be informed of and may obtain the protection of this Order by sending written notice to counsel for the Parties or by invoking this Order on the record during any deposition or similar proceeding.

17. This Order shall not prejudice the right of any Party to move the Court for relief or modification of this Order or for a determination from the Court that any Confidential Material is in fact not Confidential, or for further protective/confidentiality orders as the Court may deem appropriate, provided that the non-moving Party is served with a copy of such motion and, provided further that the non-moving Party has the right to object to any such motion.

18. If it comes to a Producing Party's attention that information or items marked Confidential do not qualify for protection, that Producing Party must promptly notify all the other Party that it is withdrawing the mistaken designation.

19. Inadvertent failure to designate Discovery Material as Confidential shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate Discovery Material that has already been produced as Confidential, including Discovery Material that the Producing Party inadvertently failed to designate previously, by notifying in writing to the Party to whom the production has been made that the Discovery Material constitutes Confidential Material. Upon receiving such supplemental notice, the Parties shall, thereafter, mark and treat the Discovery Material so designated, and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Material. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the Discovery Material prior to its designation shall exercise its reasonable best efforts to ensure: (i) the return or destruction of such Discovery Material; (ii) any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated when originally

produced; and (iii) such Discovery Material is not further disclosed by the recipient except in accordance with the terms of this Order.

20. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery, at any evidentiary hearing, or at trial. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery and progressing the instant Litigation. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as Confidential are entitled to confidential treatment.

21. Nothing in this Order shall constitute a waiver by the Parties of any objection or claim of protection they may have in response to a discovery request.

22. Nothing in this Order shall constitute an abrogation of Defendant's rights and responsibilities under Florida law as a political subdivision and public entity.

23. Confidentiality shall not be automatic. If the receiving Party disputes the Confidential nature of a document, the receiving Party shall, within a reasonable time of receiving the marked Confidential document, notify the Producing Party in writing of the dispute as to Confidentiality and identify the particular document(s) or portions thereof as to which Confidentiality is in dispute.

The Producing Party shall then provide a written statement explaining why it believes there is good cause to deem the document or portion thereof Confidential. The Parties shall then confer and make a good faith attempt to reach an agreement. If agreement cannot be reached, the Producing Party seeking Confidentiality shall, within fourteen (14) days from the good faith conferral as to the dispute as to Confidentiality, file a Motion to Designate Document(s) as Confidential. The time to file such a Motion may be extended by agreement of the Parties. The opposing Party shall file a response within seven (7) days. The Court may require an *in camera* inspection of the document that is the subject of the dispute. If the Court grants the Motion, the parties shall continue to treat the document(s) or portions thereof as Confidential. If the Motion is denied, the document or portion thereof shall no longer be deemed Confidential.

24. This Order does not alter the legal standard for determining whether a document will be deemed Confidential. The Court will apply Federal Rule of Civil Procedure 26(c) and any other applicable rules or case law, and the Party seeking confidentiality shall bear the burden of persuasion and production.

25. This Order does not extend the time for any Party to respond to a discovery request or file a document. All discovery responses (including responsive documents) must be served, and all documents must be filed, within the time prescribed by the applicable rules and orders of this Court. However, the Parties shall

cooperate to allow each other the time necessary to evaluate and designate documents accurately to avoid both the disclosure of confidential information or unnecessary designation of non-confidential information.

26. Any Party may request that the Court reconsider a ruling on Confidentiality should new factual or legal developments occur. Further, any Party may request modification of this Order to permit further disclosure of Confidential documents, or to otherwise modify this Order, upon a showing of good cause.

27. This Order does not entitle any Party to documents or information to which they would not otherwise be entitled under the Federal Rules of Civil Procedure, applicable discovery rules, and Court orders. Nothing in this Order prevents any Party from raising any objection to the discoverability, admissibility, relevance, or privileged nature of any document.

28. Within sixty (60) days of the conclusion of these proceedings, any Party who has received Confidential documents shall either return the documents to the Producing Party or destroy the documents (including all copies). If destroyed, counsel for the destroying Party shall send written confirmation to the Producing Party that the Confidential documents have been destroyed in accordance with this Order. For purposes of this Order, the conclusion of these proceedings shall mean the point at which this Litigation is fully concluded, including by settlement or final order by the trial court ending the case; the conclusion of any appeals and

proceedings on remand; the expiration of time for any Party to seek further appellate review; and/or whenever a period of enforcement, monitoring, or court retention of jurisdiction (whether determined by a settlement agreement or court order) terminates. The conclusion of these proceedings shall be the latest of any of the foregoing dates.

29. In the event that additional persons or entities become parties to this Litigation, the current Parties shall immediately provide a copy of this Order to such persons or entities. The new person or entity shall have ten (10) days from the date they receive this Order to file either: a) a notice indicating they do not object to being bound by this Order, or b) an appropriate motion requesting modification of this Order. Confidential documents shall not be provided to new persons or entities until such a notice is filed or the Court rules on such a motion.

ORDERED on _____, 2024.

_____
**United States District Judge**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

    Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

    Defendant.

_____/

CASE NO.: 3:23-CV-10385-TKW-ZCB

## **ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER**

    I,_____, hereby acknowledge that I have reviewed the Stipulated Confidentiality Order entered into in the above-captioned case and that I agree to be bound by the Confidentiality Order. I further agree to the following limitations upon the use and disclosure of the Confidential documents which I am being provided:

    1. I will use the Confidential documents solely in connection with the proceedings in the above-entitled case and for no other purpose.

    2. I will not disclose any of the Confidential documents to any other

person or entity except as authorized by the Confidentiality Order; and

      3.    Upon request, I will immediately return or destroy any Confidential Material (including all copies). If destroyed, I will send a written confirmation to the Party producing the document(s) that such documents(s) have been destroyed in accordance with the Confidentiality Order.

      I understand and recognize that violation of any of the provisions of this Acknowledgment and the Confidentiality Order may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

      Dated this _____ day of _____, _____.

_____      _____
(Print Name)      (Signature)