UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

  Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

  Defendant.

CASE NO.: 3:23-CV-10385-TKW-ZCB

**[PROPOSED] STIPULATION GOVERNING PRODUCTION AND
USE OF ELECTRONICALLY STORED INFORMATION**

  The parties anticipate production of certain documents and other electronically stored information ("ESI") in the above-captioned case. This Stipulation and Agreement (the "ESI Protocol") governs only the format of

1

production. Except as specifically set forth herein, the ESI Protocol does not (a) alter or affect the applicability of the Federal Rules of Civil Procedure or the Local Rules of the Northern District of Florida (together, "Rules"); (b) address, limit, determine, or affect the relevance, discoverability, or admissibility as evidence of any document or ESI, regardless of whether the document or ESI is to be preserved, is preserved, or is produced; or (c) alter or affect the objections to discovery available under the Rules. The ESI Protocol shall apply to all parties that are required to make any production of ESI in this action. This Order shall continue in full force and effect until further order of the Court or until this litigation is terminated by a final judgment. The ESI Protocol may be modified by any subsequent agreement of the parties or any order of the Court.

The parties hereby stipulate and agree that ESI will be produced and used in the following form and manner in this litigation:

**I.** **Definitions.** As used in this Stipulation and Order, the terms below have the following meanings:

A. <u>Electronically Stored Information or ESI.</u> "ESI" has the same meaning as in Fed. R. Civ. P. 34(a).

<u>Email.</u> An "email" is a document created or received via any electronic mail system. Any attachments that may be transmitted with an email, such as word processing and other electronic documents, are not part of the email, but are part of

the document family. For purposes of this Stipulation and Order, "email" also includes web-based meeting invites (e.g., calendar invite, Zoom® meeting invite, etc.).

Attachment. An "attachment" is a file(s) associated with another file (such as an email message) for retention and storage as a single unit.

Document. A "document" includes but is not limited to "written material" as that term is used in N.D. Fla. Loc. R. 2.1(E), drawings, graphs, charts, photographs, sound recordings, images, other data, and data records or compilations, stored in any medium (including but not limited to physical, electronic, and cloud-based or cloud-sourced media) from which information can be obtained. The term "document" is synonymous in meaning and equal in scope as that term is used in Fed. R. Civ. P. 34(a)(1)(A).

Document Family. A "document family" is a collection of pages or files produced manually or by a software application, constituting a logical single communication of information, but consisting of more than a single stand-alone record. Specifically as to email, a "document family" is an email and any attachments associated with it.

Native Format. For any item of ESI, the "native" format means the file structure defined by the original application in which the file was created.

<u>Metadata.</u> "Metadata" means and refers to information or data or data about data, and includes, without limitation, (1) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage, and/or validity of the electronic file, and/or (2) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

<u>Load File.</u> A "load file" is a file that provides certain information regarding a set of scanned images or electronically processed files. An image load file indicates, *inter alia*, where individual pages or files belong together as documents, to include attachments, and where each document begins and ends. A data load file typically contains data relevant to the individual documents, such as selected metadata, coded data, and extracted text.

**II.    Production Format**

**1.    Hard Copy Documents**: Hard copy documents should be scanned so that they retain their original organization.  Hard copy documents should be produced as black and white single-page, TIFF images, with an .OPT image cross-reference file, document-level OCR text files, and a standard delimited .DAT file.

The .DAT load file ("Load File") should contain the fields identified on Appendix B to the extent they can be captured at the time of collection.

2. **Documents to Be Produced Natively**: Responsive Microsoft Excel and other spreadsheet files, Microsoft PowerPoint and other presentation files, JPEG image files, video and audio files shall be produced natively.

   a. If documents require redactions, they are to be produced in TIFF format with redactions or, in the case of Microsoft Excel or other spreadsheet files, as natively redacted documents that are identified as having been redacted. Spreadsheet files natively redacted shall be produced in accordance with Paragraphs 5 and 6, below.

   b. To the extent documents that fall under this paragraph contain privileged information and cannot be redacted or produced in TIFF format, such documents will be logged on a privilege log.

3. **Document Unitization:** In scanning paper documents, each page of a document shall be output to a single page TIFF file. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be reflected in the Load file referenced above.

4. **Enterprise Databases**. In instances where discoverable ESI is in an enterprise database or database management system (e.g., Oracle, SQL server, DB2,

or other proprietary databases), the Parties agree to meet and confer regarding the appropriate format for production.

**5.    Bates Numbering and Confidentiality Designations:** Each page of a produced electronic document shall be sequentially marked with a legible Bates number. Unless it would obscure, conceal, or interfere with any information originally appearing on the document, the Bates number shall be burned on the lower right-hand comer of the document. For native files that cannot be easily imaged, a placeholder TIFF image marked with the Bates number shall be produced.

**6.** Each electronic file produced in Native Format shall be assigned a unique Document Number, and the database record for that file shall include a single page TIFF image branded with this unique Document Number in the lower right corner of the image as a Bates number, with the phrase "PRODUCED IN NATIVE FORMAT" (or similar language) branded in the center of the page.

**7.** Unless it would obscure, conceal, or interfere with any information originally appearing on the document, any confidentiality designation pursuant to the Stipulated Confidentiality Order filed with and entered by the Court will appear on the lower left-hand side of each page of a document produced, in no less than 10-point font.

8. **Compressed Files**. Compressed file types (i.e., .CAB, .GZ, .TAR. .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual files.

9. **Production Media:** Unless otherwise agreed upon by the parties, documents are to be produced via a secure electronic file transfer system. To the extent that the Production Media includes any confidential information protected under any Order filed with the Court, the label on such Production Media shall indicate that the Production Media includes information so designated as required under the terms of the Order.

10. **Metadata:** For native files and images generated from native electronic documents (*e.g.*, email, word processing documents, spreadsheets, and presentations), the parties shall provide the metadata set forth in Appendix B, where available, in the accompanying Load File.

11. **OCR/Extracted Text:** Each party shall produce corresponding Optical Character Recognition ("OCR")/Extracted text files for all documents. The OCR/extracted text files shall be provided in a manner suitable for importing the information into commercially available document management or litigation support software such as Relativity, Summation, or Concordance. OCR/extracted text files shall be provided in Text file format with individual files corresponding to each document. The file name of each extracted OCR text file shall be the Bates number

of the image of the first page of the corresponding document (BegBates), followed by the extension ".txt."

12. **Color:** All document images are to be produced in black and white. With respect to any documents that contain color, however, each party shall honor reasonable and specific requests for the production of color image(s) of such documents.

13. **Duplicates:** Each party may remove exact duplicate document units (*i.e.*, identical copies of the same document unit), including without limitation duplicate e-mail, provided that, in doing so, the party preserves and produces the source information, to the extent such information is reasonably accessible or available, for each custodian in whose files the duplicate document originally resided, and which such information will be securely retained and made available for inspection upon reasonable request.

    a. Entire document families may constitute Duplicate ESI. De-duplication shall not break apart families. When the same Duplicate ESI exists in the files of multiple custodians, the additional custodians shall be listed in the ALL_CUSTODIANS field identified in Appendix A.

    b. If the Producing Party makes supplemental productions following an initial production, that Party also shall provide with each supplemental production an overlay file to allow the Receiving Party to update

the ALL_CUSTODIANS field. The overlay file shall include both all custodians listed in the ALL_CUSTODIANS field in prior productions and any custodians newly identified in the current supplemental production.

14. **Email Attachments:** If any member of a document family is deemed responsive, all members of the family are deemed responsive to that request.

15. **Email Threads:** Email threads are email communications that, within the same email string, contain prior or lesser-included email communications that also may exist separately in the party's electronic files. A most inclusive email thread is one that contains all of the prior or lesser-included emails, including attachments, for that branch of the email thread. The parties agree that removal of available lesser-included emails from potential production will reduce all parties' costs of document review, production, and litigation-support hosting, and, when producing the most-inclusive email in a thread, the parties need not also produce lesser-included emails in the thread.

16. **Parent-Child Relationships for ESI:** Each party shall preserve and appropriately reflect in a load file the association between an attachment and its parent document for ESI to the extent that such association is reasonably ascertainable. Bates numbering of a parent document and any attachments shall be sequential such that a parent document has the lowest value Bates number when compared to its attachment(s) and the attachment(s) are produced in immediate

9

sequential order after the parent document. Attachments shall be produced and Bates numbered in the order in which they are represented in the parent file. Any parent or child document withheld on the basis of privilege, but where the remaining document(s) are produced, shall be replaced with a TIFF placeholder identifying the document as withheld and the basis for the privilege, and an identifying Bates number allowing the document to be located on the privilege log.

17. **Oversized Documents:** Documents that cannot for technical or other reasons be legibly produced in the manner described in Paragraph 1 above (*e.g.*, documents having a size larger than 11 x 17 inches) shall be produced by scanning a representative identifying portion of the document as a place holder. The place holder shall bear a legend stating that the document is an excerpt, and that the full version is available in another format. A paper copy (in color, if applicable) of the entire document shall then be made and numbered with the Bates number corresponding to the place holder and stamped with any applicable "Confidential" or "Redacted" notations. This paper copy shall be produced along with the electronic production.

18. **Non-Convertible Files:** Certain types of files, such as system, executable, and program files do not contain substantive information and are not amenable to conversion into TIFF format. In general, these types of files will not be processed for review or production.

## III. Miscellaneous.

19. **No Designation of Discovery Requests.** Productions of materials in the reasonably usable form set out in this Stipulation and Order need not be organized and labeled to correspond to the categories in the document requests.

20. **Authenticity and Admissibility.** Nothing in this protocol shall be construed to affect the authenticity or admissibility of any document or ESI. All objections to the authenticity or admissibility of any document or ESI are preserved and may be asserted at any time.

   **ORDERED on _____, 2024.**

                _____
                **United States District Judge**

## APPENDIX A:
## TECHNICAL SPECIFICATIONS

### 1. IMAGES:

- Produce documents in Single Page Group IV TIFF black and white files

- Image Resolution of at least 300 DPI

- Black and White, unless otherwise specified

- File Naming Convention: Match Bates Number of the page: BegBates for natively produced documents and associated TIFF placeholders.

- Insert placeholder image for files produced in Native Format or withheld for privilege where part of a produced document family.

- Original document orientation shall be retained

- Images shall reveal comments, notes, track changes, speaker notes, and the like.

### 2. SPECIAL FILE TYPE INSTRUCTIONS:

- Responsive, unredacted Microsoft Excel and other spreadsheet files, Microsoft PowerPoint and other presentation files, JPEG image files, video and audio files, and animation files shall be produced in Native Format.

### 3. FULL TEXT EXTRACTION/OCR:

- Produce full extracted text for all file types (Redacted text will not be produced) including text of embedded content

- Produce OCR text for any paper document

- Produce OCR text for any ESI where the source format was an image file (such as JPG, JPEG, GIF, BMP, PCX, PNG, TIF, TIFF etc.) where extracted text cannot be provided, using industry standard OCR technology (Redacted text will not be produced)

- Produce OCR text for any redacted document

- Production format: Single text file for each document, not one text file per page

- File Naming Convention: Match BegBates Number

**DE-DUPLICATION:**

    De-duplication method: Parties must de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 Hash Value matching. Common system files defined by the NIST library (http://www.nsrl.nist.gov/) need not be processed for review or produced

# APPENDIX B:

# METADATA FIELDS

For native files and images generated from native electronic documents, the Producing Party shall provide Metadata corresponding to the following fields, where available, in accompanying Load File:

| Coding Field(s): | Description: |
|---|---|
| Production::Begin Bates | The beginning Bates numbers for the document. |
| Production::End Bates | The ending Bates number for the document |
| Production::BeginAttach | The beginning Bates number of parent document |
| Production::EndAttach | The ending Bates number of the last attachment |
| Created Date/Time | Metadata reflecting the date the document was created. |
| Modified Date/Time | Metadata reflecting the date the document was modified. |
| FILE EXTENSION | The file type extension (*e.g.*, .doc, .pdf, .xls, etc.). |
| UNIFIED TITLE | Subject of the document. If the document is an email, this field contains the email subject. If the document is not an email, this field contains the document's file name. |
| AUTHOR | The author(s) of a document. |
| Email FROM | The sender of a document. |
| Email TO | The recipient(s) of a document. |

| | |
|---|---|
| Email CC | The person(s), if any, who received copies of a document. |
| Email BCC | The person(s), if any, who received blind copies of a document. |
| CUSTODIAN | To the extent discernible, the name of the individual whose electronic or hardcopy custodial file contained the document at issue. |
| ALL CUSTODIANS | The name of the individuals who had custody of the master and duplicate instances of a record. |
| FILENAME | The original file name |
| Sort Date/Time | Master date field |
| Production::Image Count | The number of pages in a document. |
| Number of attachments | The number of attachments to a document. |
| Email SUBJECT | The subject line of an email. |
| Sent Date/Time | The date at which an email was sent. |

19176997.v1