# Exhibit B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

    *Plaintiffs*,

v.

ESCAMBIA COUNTY SCHOOL BOARD,

    *Defendant*.

CASE NO.: 3:23-CV-10385-TKW-ZCB

**PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION OF THE ESCAMBIA COUNTY SCHOOL BOARD**

**PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION OF THE ESCAMBIA COUNTY SCHOOL BOARD**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure, 30(b)(6), Plaintiffs, PEN American Center, Inc., Sarah Brannen, Lindsay Durtschi,

Benjamin Glass, George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski, Penguin Random House LLC, Sean Parker, Ashley Hope Pérez, Erica Roy, and Christopher Scott Satterwhite (collectively, "Plaintiffs"), by and through their undersigned counsel, will take the deposition by oral examination of Defendant Escambia County School Board (the "School Board") through one or more representatives who shall be designated to testify on the School Board's behalf regarding all information known or reasonably available to the School Board with respect to the subject matter identified in Exhibit A.

The deposition shall commence on July 30-31, 2024 at 10:00 a.m. at the offices of Anchor Court Reporting, 229 South Baylen Street, Pensacola, FL 3502.

The deposition is to continue from day-to-day until such time as it is completed or may be adjourned to be convened at such later date as may be established therefore by those in attendance at such deposition, and is intended for use at trial or other such purposes as authorized by law. You are invited to attend and participate.

PLEASE TAKE FURTHER NOTICE that the deposition will be taken before an officer authorized by law to administer oaths and will be recorded by audio, audiovisual, and stenographic means.

Date: June 18, 2024               /s/ *Paul J. Safier*  
                                  Lynn B. Oberlander (*pro hac vice*)  
                                  **BALLARD SPAHR LLP**

2

1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 213.223.1942

Paul J. Safier (*pro hac vice*)
Facundo Bouzat*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8500
Facsimile: 214.864.8999

Kirsten Fehlan (*pro hac vice*)
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: 678.420.3000
Facsimile: 678.420.9401

Shalini Goel Agarwal (FBN 90843)
Ori Lev (*pro hac vice*)
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 939.777.8428

*Pro hac vice* forthcoming

*Attorneys for Plaintiffs*

# **EXHIBIT A**

## Definitions

1. "You" or "Your" means the Escambia County School Board; any of its officers, agents, assigns, employees, insurers, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on its behalf, except for legal counsel.

2. "Defendant" means the Escambia County School Board.

3. "School Board" means and refers to the five-member governing body of the School District, elected from geographic districts within Escambia County, including both current and former members during the Relevant Time Period.

4. "School District" means the Escambia County School District.

5. Unless specifically and individually identified, "Plaintiff" or "Plaintiffs" refers to all of the Plaintiffs in this action.

6. "Amended Complaint" means the Amended Complaint Plaintiffs filed in this action.

7. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that

precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not to restrict, the scope of the Request.

8. "Person" or "Persons" includes a natural person, individual, corporation, proprietorship, partnership, association, agency (including government agencies), School Board, School District, or any other entity.

9. The "Relevant Time Period" for each Area of Inquiry is May 23, 2022 through the present.

10. "Reading Material" is defined to only mean those materials contained within the District's school libraries.

11. "Restricted or Removed Books" shall mean the books included on the spreadsheet titled "PEN et al. v. Escambia County School Board – Restricted and Removed Books DMFIRM_411297846(1).XLSX," provided by Plaintiffs to Defendant's counsel via email on February 16, 2024, as well as any book that have been removed or restricted since that date.

12. "Book Challenge" means and refers to any challenge or petition submitted by any Person with the aim of removing or restricting access to any Reading Material in any School District library, including, but not limited to, submitting the School District's "Request for Reconsideration of Educational Media" form.

13. "Book Restriction" or "Restricted" means and refers to any actions undertaken by the School District, including by You, to restrict access (short of complete removal) to any Reading Material in any School District library, permanently or temporarily, at any time during the Relevant Time Period. Similarly, "Restricted Access" means any limitation on access to Reading Material in any School District library short of complete removal. For avoidance of doubt, this definition excludes the books identified in the chart included at Paragraph 105 of the Amended Complaint, including where the book has only been removed for some grades.

14. "Book Removal" or "Removal" means and refers to any actions undertaken by the School District, including by You, to remove (or completely bar access to) any Reading Material from any School District library, permanently or temporarily, at any time during the Relevant Time Period.

15. "Policy or Practice" includes any official or unofficial policy, practice, procedure, protocol, or custom, whether mandatory or discretionary, formal or informal, written or unwritten.

16. "HB 1069" means the act of the Florida legislature numbered House Bill 1069, as enacted on May 17, 2023 and collected at Florida Laws Ch. 2023-105.

17. "HB 1557" means the act of the Florida legislature numbered House Bill 1557, as enacted on March 28, 2022 and collected at Florida Laws Ch. 2022-22.

18. "HB 7" means the act of the Florida legislature numbered House Bill 7, as enacted on April 22, 2022 and collected at Florida Laws Ch. 2022-72.

19. "Reconsideration Spreadsheet" means the Document accessible at the following hyperlink: https://docs.google.com/spreadsheets/d/1hv6Wtu55zY3t5bmbksY2ie7Q-L3zAQdjrtaFh4duLC4/edit#gid=0 (also hyperlinked in the ECPS Library Consideration Flowchart/Library Collection Flowchart and displayed as "District Challenged Books"), including the initial Version of that Document, and all subsequent Versions.

## Areas of Inquiry

1. The training, qualification and experience of each School Board member to evaluate the appropriateness of Reading Materials in School District libraries.

2. The creation, maintenance and meaning of the spreadsheet identified in Paragraph 66 of the Amended Complaint, or any prior or subsequent version of that document.

3. The creation, maintenance and meaning of the ECPS Library Collection Reconsideration Flowchart located at: https://www.canva.com/design/DAFxtnANpXI/view?utm_content=DAFxtnANpXI&utm_campaign=designshare&utm_medium=embeds&utm_source=link,

including the creation, maintenance and meaning of each of the spreadsheets to which it hyperlinks (including but not limited to the Reconsideration Spreadsheet).

4. The School District's Reading Material acquisition Policy or Practice for School District libraries, including the Person(s) who determines (a) which Reading Materials the School District will purchase, (b) the factors considered in choosing which Reading Materials to purchase, (c) the records kept about Reading Materials acquisitions, and (d) how requests and decisions to purchase Reading Materials are handled.

5. Any school-level review committee formed in response to or to evaluate Book Challenges, including the District Materials Review Committees and the School Materials Review Committees, and the Committees' composition, governance and operation.

6. The School Board's Policy or Practice, and process, for evaluating Book Challenges, including any School Board criteria for making book-removal or book-restriction decisions and any plans and timelines for evaluating the Book Challenges.

7. Communications with the state of Florida or any agency or department thereof with respect to any Book Challenge, Book Restriction, or Book Removal, or any Policy or Practice or criteria applicable to Book Challenges, Book Restrictions or Book Removals.

8. Meetings of the School Board, including of any subset committee thereof, related to School District library Reading Materials, Book Challenges, Book Restrictions, or Book Removals.

9. The identity of the Restricted or Removed Books that have been Removed by the School Board as of the date of the deposition and the process leading to their removal.

10. The identity of the Restricted or Removed Books that have been Restricted by the School Board, and the process leading to their restriction.

11. The identity of the Restricted or Removed Books that were previously Restricted by the School Board and which are no longer Restricted as of the date of the deposition, including (a) the Person(s) who made the decision to no longer Restrict the book, (b) the reasons for no longer Restricting the book, and (c) the process for determining to no longer Restrict the book.

12. The role of the School Superintendent with respect to a Book Challenge, Book Removal, or Book Restriction, including the Policy or Practice employed.

13. The role of the Coordinator of Media Services with respect to a Book Challenge, Book Removal, or Book Restriction including the Policy or Practice employed.

14. With respect to the Reading Materials subject to a Book Restriction in the School District, (a) the Person(s) who made the decision to subject the Reading Material to Restricted Access, (b) the reasons for subjecting that Reading Material to Restricted Access, (c) each School District library where access to the Reading Material is restricted or has been previously been restricted, (d) how the Reading Material is or was restricted, and (e) the actions students must take to access the restricted Reading Material.

15. All Policies or Practices that have been in place regarding which Reading Materials subject to a Book Challenge are subjected to Restricted Access during the pendency of the Book Challenge review.

16. The challenge form that is used in the School District to challenge the presence of a particular book in School District Libraries, including all iterations of that form and the basis for any changes during the Relevant Time Period.

17. Policy Manual 4.06 insofar as it relates to the handling of Book Challenges, including all iterations of Policy Manual 4.06 during the Relevant Time Period and the basis for any changes to Policy Manual 4.06 over time, its implementation, and any Policy or Practice regarding Book Challenges that deviated from, was inconsistent with, or supplemented the version of Policy Manual 4.06 in effect at the time.

18. HB 1069 with respect to Reading Materials in School District libraries.

19. HB 1557 with respect to Reading Materials in School District libraries

20. HB 7 with respect to Reading Materials in School District libraries.

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 18, 2024, I served via electronic mail a true and correct copy of the foregoing document on counsel of record for Defendant.

Dated: June 18, 2024                                                          */s/ Paul J. Safier*