**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

    *Plaintiffs*,

v.

ESCAMBIA COUNTY SCHOOL BOARD,

    *Defendant*.

CASE NO.: 3:23-CV-10385-TKW-ZCB

**PLAINTIFFS' CONSENTED-TO MOTION TO EXTEND DEADLINE FOR FILING OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Plaintiffs, through their undersigned counsel, move, with the consent of Defendant, for the entry of an Order extending their deadline for filing an opposition

to the Escambia County School Board's Motion For Entry of a Protective Order as to the Depositions of the Escambia County School Board Members, Superintendent Keith Leonard and Former Superintendent Tim Smith (the "PO Motion"), ECF 82, from **July 5, 2024** to **July 15, 2024**. In support of their Motion, Plaintiffs state as follows:

1. On June 21, 2024, the Escambia County School Board (the "Board"), which is the sole Defendant in this case, filed the PO Motion, in which it seeks entry of a protective order barring Plaintiffs from taking certain noticed or soon-to-be-noticed depositions.

2. Later that same day, the Court issued an Order directing "the parties to confer telephonically regarding the issues raised in the motion for entry of a protective order . . . on or before Friday, June 28, 2024," and further directing that, "[i]f the parties are unable to resolve the issues after having a conference, then Plaintiffs should file a response to the motion for entry of a protective order **on or before Friday, July 5, 2024**." Dkt. 84 at 2.

3. On June 26, 2024, counsel for the parties met telephonically to discuss the issues raised in the PO Motion. Although counsel for the parties had substantively met and conferred by telephone on these issues previously, during this latest telephonic conference, they were able to partially narrow their dispute. Specifically, Plaintiffs agreed to withdrawal their deposition notice to Keith Leonard

without prejudice to re-notice the deposition of Mr. Leonard following the Rule 30(b)(6) deposition of the Board. Nonetheless, they were unable to resolve their dispute in full, and Plaintiffs will, accordingly, be filing an opposition to the PO Motion.

4. Plaintiffs respectfully request that the Court extend their deadline for filing that opposition for 10 days, which would make the opposition due on or before **July 15, 2024**. Such an extension is warranted because the original deadline falls one day after the July 4 holiday, when the offices for all of the attorneys representing the Plaintiffs will be closed, and because of the delays occasioned by Plaintiffs' good-faith effort to resolve the dispute in response to the Court's Order.

5. At the parties' June 26, 2024 telephonic conference, counsel for Plaintiffs asked counsel for the Board whether the Board would consent to that 10 day extension. Counsel for Board consented to the extension.

6. Accordingly, Plaintiffs respectfully request that their deadline for responding to the PO Motion be extended until **July 15, 2024**.

7. The undersigned certify this Motion is being made in furtherance of the orderly administration of justice, is brought in good faith, and is not for the purposes of delay. None of the Parties will be prejudiced by a brief extension of time to file Plaintiffs' response to the PO Motion, as evidenced by the fact that the non-moving Parties consent to the relief being requested.

WHEREFORE, Plaintiffs request entry of an order extending their deadline for responding to the PO Motion until **July 15, 2024**.

## RULE 7.1 CERTIFICATION

Plaintiffs hereby certify that they have conferred with Defendant about the relief requested herein and that Defendant consents to such relief.

## RULE 7.1(F) CERTIFICATION

Plaintiffs hereby certify that this motion contains 521 words.

Date: June 27, 2024                     /s/     Shalini Goel Agarwal

Lynn B. Oberlander (*pro hac vice*)
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 213.223.1942

Paul J. Safier (*pro hac vice*)
Facundo Bouzat*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8500
Facsimile: 214.864.8999

Kirsten Fehlan (*pro hac vice*)
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: 678.420.3000
Facsimile: 678.420.9401

Goldie Fields (*pro hac vice)*
**BALLARD SPAHR LLP**

2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: 424.204.4338
Facsimile: 424.204.4350

Shalini Goel Agarwal (FBN 90843)
Ori Lev (*pro hac vice*)
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 939.777.8428

\**Pro hac vice* forthcoming

*Attorneys for Plaintiffs*