# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| PEN AMERICAN CENTER, INC., et al.,<br><br>　　　Plaintiffs,<br><br>vs.<br><br>ESCAMBIA COUNTY SCHOOL BOARD,<br><br>　　　Defendant. | CASE NO.: 3:23-CV-10385-TKW-ZCB |

## PLAINTIFF ANN NOVAKOWSKI'S MOTION FOR A PROTECTIVE ORDER AS TO DEPOSITION OF J.N.

Plaintiff Ann Novakowski respectfully moves for a protective order against the Escambia County School Board to prevent the Board from forcing her seven-year-old child to sit for a deposition. In support of her motion, Plaintiff states as follows:

1.　The Board seeks to depose each of the Parent Plaintiffs, as well as their children. *See*, *e.g.*, Decl. of S.G. Agarwal ("Agarwal Decl.") ¶ 2 & Ex. 1 (6/14/24 Notice of Taking Depositions as to Ann Novakowski and J.N.).

2.　The parties have agreed in principle to depositions of the middle- and high school-aged children of the Parent Plaintiffs, under certain conditions, including having parents present at the depositions, limiting the length of the

1

depositions to 60-120 minutes, and narrowing the subjects of the depositions (although the parties have not come to full agreement on which subjects should be encompassed), and conducting them by Zoom or in person based on the preference of the child. *See* Agarwal Decl. ¶ 3 & Ex. 2 (5/20/24 N. Smith email to L. Oberlander).

3. The parties disagree on whether depositions of elementary school-aged children are proper. *Id.*

4. Plaintiff Novakowski's child, J.N., is seven years old and recently completed first grade.

5. The Board seeks to depose J.N. "to explore the claims and defenses in the case" and to ask about what books she "actually wants to read and is interested in," apart from what Plaintiff Novakowski thinks her daughter wants to read; whether J.N. is interested in checking out the named books from the school library; and whether the characterization of J.N.'s reading interests in the Complaint is accurate. *See* Agarwal Decl. ¶ 4 & Ex. 3 (5/24/24 N. Smith email to O. Lev).

6. The Board is also seeking to depose the J.N.'s parent, Plaintiff Novakoswski. Agarwal Decl. Ex. 1.

7. Plaintiff Novakowski is filing a declaration in support of this motion regarding her child's interest in checking out and reading particular books from her public school library. *See* Decl. of A. Novakowski ( "Novakowski Decl.").

8. The Board has not articulated a meaningful distinction between the legal and factual issues they seek to establish through the testimony of J.N. and Plaintiff Novakowski. Nor has the Board identified a single factual or legal issue that it believes is uniquely in J.N.'s possession and on which it cannot question Plaintiff Novakowski, who filed this lawsuit as a legal representative for J.N.

9. Plaintiff Novakowski opposes the Board's request to depose J.N. as cumulative and unduly burdensome, given that the Board can elicit the same information from her parent. Consequently, Plaintiff Novakowski seeks a protective order to prevent this deposition. In the alternative, Plaintiff Novakowski requests the Court hold this motion in abeyance until after her deposition and permit the Board to move forward with deposition of J.N. only if the Board identifies relevant, noncumulative issues of material fact they were unable to obtain from Plaintiff Novakowski and which they have a good faith basis to believe they can elicit from J.N. in deposition.

## MEMORANDUM OF LAW

The Board seeks to depose a seven-year-old without presenting any reason to believe she could provide noncumulative evidence. The testimony that the Board claims to need from her: (1) is irrelevant as a matter of law; (2) concerns claims and facts that are either undisputed or which the Board has no good-faith basis to dispute; and/or (3) is entirely cumulative of the testimony that will be provided by her parent.

The Court should enter a protective order precluding the Board from deposing J.N. under these circumstances.

**A. The Children's Inability to Access the Books at Issue in the School Library Is Undisputed.**

The Board removed several books that J.N. seeks to check out from her public school library—namely *And Tango Makes Three* and *When Aidan Became a Brother*—and placed another—*Uncle Bobby's Wedding*—on restricted access. *See* Agarwal Decl. ¶ 5 & Ex. 4 (Def.'s Supp. Resp. to Pls.' First Interrogatories, No. 4). The Board does not contest that it has removed or restricted these books.[1]

Any examination about J.N.'s access to these books outside of her school library is not relevant as a matter of law. Courts have rejected the argument that the "serious burden" of removal of books from school libraries "is minimized by the availability of the disputed book in sources outside the school." *Minarcini v. Strongsville City Sch. Dist.*, 541 F.2d 577, 582 (6th Cir. 1976). Rather, the Supreme Court has long recognized that "one is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place." *Schneider v. Town of Irvington*, 308 U.S. 147, 163 (1939); *see also Minarcini*, 541 F.2d at 582 ("Restraint on expression may not generally be justified by the fact that

---

[1] The Board has apparently recently lifted its restriction of *Uncle Bobby's Wedding* after many months.

there may be other times, places, or circumstances available for such expression." (collecting cases)); *Johnson v. Stuart*, 702 F.2d 193, 197 (9th Cir. 1983) (same).

Accordingly, courts have consistently held that a student's potential access to a book outside of school is irrelevant to that student's standing to challenge restrictions on access to that book within school. *See, e.g.*, *Parnell v. Sch. Bd. of Lake Cnty.*, 2024 WL 2703762, at *3 (N.D. Fla. Apr. 25, 2024) (that student otherwise had access to book removed from school libraries did not affect standing to challenge that removal); *GLBT Youth in Iowa Schs. Task Force v. Reynolds*, 2023 WL 9052113, at *19 (S.D. Iowa Dec. 29, 2023) (that books removed from school libraries were available in bookstores and public libraries was irrelevant to existence of First Amendment injury), *appeal filed*, 24-1075, 24-1082 (8th Cir. 2024); *Counts v. Cedarville Sch. Dist.*, 295 F. Supp. 2d 996, 1000 (W.D. Ark. 2003) (that students had access to book at home was irrelevant to their right to challenge its restriction in their school library). Indeed, courts have held that the First Amendment is violated even when a book removed from library shelves remains available behind the library counter or in electronic form. *Little v. Llano Cnty.*, 103 F.4th 1140, 1155-56 (5th Cir. 2024) (affirming that plaintiffs had shown a valid First Amendment injury where they would be "unable to anonymously peruse books in the library without asking a librarian for access"). Accordingly, to the extent that the Board seeks to examine J.N. regarding her ability to access these books outside of the school library

(a topic they have raised in the student depositions that have taken place so far in this case), that is not a basis to depose her.

**B.     The Board Has Not Raised a Material Dispute as to Any Matter on Which They Seek J.N.'s Testimony**

The Board has stated in meet-and-confer discussions that it wants to depose all of the children on issues relating to standing, including their desire and ability to check out the books at issue from their school library. But there is no dispute that these books are unavailable to J.N. in her school library and have been unavailable since last spring.

Further, Plaintiff Novakowski is filing a declaration attesting to J.N.'s interest in checking out and reading the books at issue from her school library. *See* Novakowski Decl. The Board has not presented any argument or evidence that Plaintiff Novakowski has been untruthful about J.N.'s desire to check out the books at issue and her inability to do so. Nor does the Board have any plausible basis for contesting Plaintiff Novakowski's credibility.

**C.     Deposing J.N. Is Cumulative and Unduly Burdensome Because Her Parent Will Be Deposed**

The Board is seeking to depose Plaintiff Novakowski about the same topics—namely J.N.'s interest in checking out and reading the books at issue from the school library. This would make the J.N.'s testimony cumulative. *See* Fed. R. Evid. 403. The Board has articulated no distinction between the testimony it seeks from

J.N.compared to Plaintiff Novakowski, other than that it wants to make sure Plaintiff Novakowski is not misrepresenting J.N.'s interest in the books. To the extent that the Board seeks an affirmation from J.N. separately from the interrogatory responses, declarations, and testimony of Plaintiff Novakowski, Plaintiffs have offered to provide a declaration from J.N. In this context, requiring a seven-year-old to sit for deposition is unduly burdensome.

It is unnecessary to require J.N. to undergo a deposition when her mother, who is bringing this action on J.N.'s behalf, is available to testify and when the Board seeks the same testimony from her. *See Blackwood v. de Vries*, 2015 WL 13914949, at *4 (C.D. Cal. Sept. 25, 2015) (granting protective order prohibiting depositions of child plaintiffs where relevant testimony could be acquired through depositions of the children's parents); *Carbajal v. Serra*, 2012 WL 2215677, at *2 (D. Colo. June 15, 2012) ("[T]he Court is not inclined to compel the appearance of minor witnesses in federal court unless there is no reasonable alternative."). Indeed, Plaintiff Novakowskibrings this action on behalf of her minor child *because* J.N. could not file the lawsuit herself. In that context, it does not make sense that J.N. needs to be separately deposed. Because the Board has not articulated a meaningful distinction between the deposition testimony it intends to elicit from the Plaintiff Novakowski and her child, nor any basis to believe that the Plaintiff Novakowski will be unable

7

to provide sufficient testimony regarding each of their inquiries, deposing both J.N. and her mother is cumulative.

Because her testimony would be cumulative, deposing J.N. would accomplish little more than imposing an undue burden. It would require young J.N. to devote time away from family and friends to prepare for her testimony and to face questioning by opposing counsel in deposition—an experience that is enormously difficult and stressful for adults, let alone a seven-year-old. *See Jones v. Sunbelt Rentals, Inc.*, 2023 WL 10691302 (N.D. Cal. 2023) ("[I]t is generally acknowledged that sitting for a deposition can be stressful and can be unduly burdensome for a minor . . ."). J.N. can provide nothing more than cumulative testimony or testimony that is neither legally nor factually relevant to the issues in dispute here.

The Board will have the opportunity to depose Plaintiff Novakowsk, who has brought this action on her child's behalf and will be able to provide fulsome testimony. However, if, during her depositions, Plaintiff Novakowski is unable or unwilling to provide responsive testimony regarding relevant, noncumulative issues of material fact, the Board may seek leave of the Court to examine J.N. regarding those issues. Accordingly, if the Court is not inclined to grant the instant motion, Plaintiff Novakowski requests, in the alternative, that this Court hold this motion in abeyance until after her deposition, and permit the Board to renew any request to depose J.N. only if it can identify relevant, noncumulative issues of material fact that

it was unable to obtain from the Plaintiff Novakowski's deposition and which the Board has a good faith basis to believe it can elicit from a seven-year-old. Unless and until the Board can make such a showing, Plaintiff Novakowski respectfully requests that the Court enter a protective order preventing the deposition of J.N.

**D.    In the Alternative, Any Deposition of J.N. Should Be Significantly Limited in Scope and Time.**

In the event this Court allows deposition of J.N. to move forward, because of her young age and the availability of her mother to testify, the Court should significantly limit the scope of her deposition to: (1) whether J.N. has tried to check out the books at issue from the school library and/or would like to do so, and (2) verifying the accuracy of any representations about J.N. made in the Amended Complaint or Plaintiffs' discovery responses. Given the narrow focus, the Court should also restrict the time of this deposition to no more than 30 minutes, in addition to the baseline conditions of allowing a parent to be present and conducting the deposition virtually or in person based on the J.N.'s preference.

## CONCLUSION

For the foregoing reasons, Plaintiff Novakowski respectfully requests that the Court enter a protective order precluding the deposition of J.N., or in the alternative, allowing it only if the Board identifies relevant, noncumulative issues of material fact that it could not obtain from the Plaintiff Novakowski's deposition. Should the

9

Court allow J.N.'s deposition to move forward, Plaintiff Novakowski seeks, in the alternative, to restrict the scope and length as described above.

* * *

## RULE 7.1(B) CERTIFICATION

Undersigned counsel certifies that they have conferred telephonically on May 10, 2024 and by email for two weeks afterward with counsel for Defendant who objects to the relief requested herein.

## RULE 7.1(F) CERTIFICATION

Undersigned counsel hereby certify that this Memorandum contains 2,118 words, excluding those portions that do not count toward the word limit.

Respectfully submitted,

Dated: July 2, 2024

*s/ Ori Lev*
Lynn B. Oberlander (*pro hac vice*)
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Paul J. Safier (*pro hac vice*)
Facundo Bouzat*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan (*pro hac vice*)
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone:678.420.3000
Facsimile: 678.420.9401

Goldie Fields (*pro hac vice*)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: 424.204.4338
Facsimile: 424.204.4350

Shalini Goel Agarwal (FBN 90843)
Ori Lev (*pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

\**Pro hac vice* forthcoming
*Attorneys for Plaintiffs*