# Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**PETER PARNELL, et al.,**

    **Plaintiffs,**

v.                                                                     Case No. 4:23-cv-414-AW-MAF

**SCHOOL BOARD OF LAKE COUNTY,
FLORIDA, et al.,**

    **Defendants.**

_____/

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR PROTECTIVE ORDER

The Escambia County School Board seeks a protective order to prevent depositions of its members and Escambia Superintendent Keith Leonard. ECF No. 157. Escambia moves for the order on several grounds, including relevance, the apex doctrine, and legislative privilege.

The Board members' motives are not irrelevant. Indeed, the members' motives in removing *Tango* is the "'the factual heart' of Plaintiffs' claims." *Id.* at 12 (quoting *In re Hubbard*, 803 F.3d 1298, 1308 (11th Cir. 2015)). Escambia says we cannot impute a single member's motives to the whole board. True enough. But a single member's motives could move the needle somewhat in determining the Board's motives. Regardless, Plaintiffs seek the deposition of *all* members. Evidence that all (or even most) of members had some sort of unlawful motive would move the needle much more.

1

Florida's Sunshine Law does not make the Board members' testimony irrelevant either. Even if their anticipated testimony tracked their remarks at public meetings, that would not make it irrelevant. And Escambia cites no authority suggesting that a party must accept wholesale a potential witness's unsworn public statements in lieu of deposition testimony.

Next, Escambia has not shown that the apex doctrine applies. Under the apex doctrine, a party must show extraordinary circumstances or special need before deposing high-ranking officials. *In re U.S.*, 985 F.2d 510, 511-12 (11th Cir. 1993). Even assuming the Board members and the Superintendent qualify as such high-ranking officials, their personal knowledge of relevant facts likely unavailable from other witnesses weighs strongly in favor of finding special need. *Cf. id.* at 512-13 (finding no special need for FDA Commissioner's testimony where the record showed necessary testimony was available from alternate witnesses and the Commissioner was not directly responsible for the actions the agency took against plaintiffs). It is unlikely that other witnesses could speak to the Superintendent's or the Board members' personal motivations.

Escambia also argues that legislative privilege protects the Board members. However, it not clear that the Board can assert such a privilege on behalf of its nonparty members.

"The legislative privilege is personal to the legislator." *La Union del Pueblo Entero v. Abbott*, 93 F.4th 310, 321 (5th Cir. 2024) (citing *Gravel v. United States*, 408 U.S. 606, 616 (1972)). Logically, then, the privilege must be "waived or asserted by each individual legislator." *Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 298 (D. Md. 1992); *see also Puente Ariz. v. Arpaio*, 314 F.R.D. 664, 671 (D. Ariz. 2016). Yet the Board—the legislative body itself—seeks to assert the privilege.

The Board members could seek to quash the subpoenas based on legislative privilege. *Pernell v. Fla. Bd. of Governors of State Univ.*, 84 F.4th 1339, 1343 (11th Cir. 2023) ("[W]here a discovery request 'inquir[es] into legislative acts or the motivation for actual performance of legislative acts,' state legislators can 'protect the integrity of the legislative process' by invoking the privilege to quash the request." (quoting *Bryant v. Jones*, 575 F.3d 1281, 1304-05 (11th Cir. 2009)); *see also In re Hubbard*, 803 F.3d at 1307-11. But it is not clear the Board can assert the privilege itself as grounds for a protective order, especially without a direct indication that the members wish to invoke the privilege. *See Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 2021 WL 5882653, at *1 (M.D. Tenn. Dec. 13, 2021) (permitting a legislative body to assert the privilege on behalf of its members but requiring "affidavits from the individual school board members attesting to their intention to individually invoke the privilege").

For these reasons, Escambia's motion for a protective order (ECF No. 157) is DENIED. This is without prejudice to Escambia's filing a new motion asserting legislative privilege that includes (1) support for asserting legislative privilege on behalf of its members as grounds for a protective order, and (2) affidavits from each Board member confirming their intent to assert legislative privilege and to rely on the Board's counsel for doing so. Plaintiffs will then have 7 days to respond.[1] In the meantime, the contested depositions may not go forward.[2]

This is also without prejudice to any nonparty's ability to move to quash any of the subpoenas.

Escambia's motion for leave to reply (ECF No. 161) is DENIED as moot.

SO ORDERED on July 10, 2024.

s/ *Allen Winsor*
United States District Judge

---

[1] The shortened timeline is based on the likelihood that most arguments on this issue will remain unchanged.

[2] The motion did not assert legislative privilege on behalf of the Superintendent. Thus, unless the new motion asserts some basis to preclude that deposition, it may go forward after the 14-day deadline runs. If neither Escambia nor the proposed deponents files a motion within 14 days, all depositions may proceed.

4