UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

    Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

    Defendant.
_____/

CASE NO.: 3:23-CV-10385-TKW-ZCB

**ESCAMBIA COUNTY SCHOOL BOARD'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR ENTRY OF A PROTECTIVE ORDER AS TO THE DEPOSITIONS OF THE ESCAMBIA COUNTY SCHOOL BOARD MEMBERS, SUPERINTENDENT KEITH LEONARD AND FORMER SUPERINTENDENT TIM SMITH [D.E. 95]**

Defendant, Escambia County School Board ("Board"), pursuant to this Court's Local Rule 7.1(I), hereby moves for leave to file a reply to Plaintiffs'

Opposition to Motion for Entry of a Protective Order as to the Depositions of the Escambia County School Board Members, Superintendent Keith Leonard and Former Superintendent Tim Smith, [D.E. 95 ("Response")], and asks the Court for seven (7) days from the date of the Court's order to file said reply, and in support states:

1. On May 31, 2024, Plaintiffs served notices of taking deposition of the Board's five elected members and Escambia County School District Superintendent Keith Leonard. *See* [D.E. 82-1].

2. On June 21, 2024, the Board filed a motion for protective order, requesting the Court prevent these depositions given, inter alia, the Board members' entitlement to legislative privilege and the applicability of the apex doctrine to both the Board members and the current and former Superintendents of the Escambia County School District ("District"). *See generally* [D.E. 82 ("Motion")].

3. On July 15, 2024, Plaintiffs filed their Response to the Board's Motion, opposing the Board's Motion. *See generally* Response.

4. The nature of Plaintiffs' Response and intervening events creates extraordinary circumstances that requires the Board to file a reply memorandum. N.D. Fla. Loc. R. 7.1(I).

5. Namely, in their Response, Plaintiffs allege theories for why they should be permitted to depose the Board members and the current and former Superintendent of the District that the Board was unable to address initially in its Motion.

6. These include that the Board has waived any entitlement to legislative privilege simply because the Board has participated in discovery in this matter and has not yet had cause to object on legislative privilege grounds up until now. *See* Response at 14. This argument was not raised in the parties' meet and confer efforts prior to the Board's filing of its Motion.

7. Another basis for a reply is Plaintiffs' argument that simply because Judge Winsor, in a separate lawsuit, denied without prejudice a different motion for protective order by the Board, this forecloses any merits of the Board's Motion in this case. Response at 3; [D.E. 95-1].

8. In short, the Board believes Plaintiffs mischaracterize Judge Winsor's order in *Parnell v. School Board of Lake County, et al.*, and overstate the similarities between these two cases.

9. First, Judge Winsor denied the Board's motion in *Parnell* without prejudice to the Board filing a renewed motion re-asserting legislative privilege with sworn declarations by the Board members stating they intend to assert the

legislative privilege and their consent for the Board to argue as much on their behalf, which the Board intends to do.

10. Second, Plaintiffs overstate the similarities between this case and *Parnell*. The latter concerns a single book, *And Tango Makes Three* ("*Tango*"), which the Board determined to remove from District libraries. This case, on the other hand, concerns over 160 books, which fall within a spectrum of either being removed entirely from District libraries to varying levels of restrictions based on age and grades. And of the books in question in this case, some were the subject of direct Board action whereas others were restricted based on the actions of District staff.

11. Additionally, as Judge Winsor's order had not yet been issued at the time the Board filed its Motion in this case, the Board was not able to discuss it in its Motion, thus creating constitutes extraordinary circumstances for which the Board should be permitted to address in a Reply.

12. Moreover, to the extent the Court agrees with Judge Winsor's concern regarding whether the Board itself can assert the legislative privilege on behalf of its individual members, the Board should be permitted in this case to file affidavits by its individual members declaring their intention to assert the legislative privilege and that they are relying on the Board's counsel for doing so, in line with Judge Winsor's order and in line with the Board's intent to do so in *Parnell*.

13. These arguments, which the Board could not have addressed in its Motion, warrant a reply. The Board should be allowed to rebut these new arguments.

14. A reply will also assist the Court because, in the event the Court denies the Board's Motion, the Board can detail why the Court should, in the alternative, impose reasonable limits on the length and scope of any depositions of the Board's members and current/former Superintendent(s). These limits would include limiting questions to only those about the motivations underlying individual decisions made to restrict/remove certain books, and not seeking to transform these depositions into a substitute for a Rule 30(b)(6) deposition.

15. Thus, extraordinary circumstances exist such that a reply is justified. This request will not prejudice any party, and is made in good faith and for good cause. This additional briefing will assist the Court in resolving this matter.

16. If the Court grants the Board leave to file a reply, the Board requests seven (7) days from the date of the Court's order in which to file it.

17. The Board has conferred with Plaintiffs, and Plaintiffs do not oppose the Board's request.

**WHEREFORE**, Defendant, Escambia County School Board, respectfully requests that this Court enter an order granting it leave to file a reply to Plaintiffs' Opposition to Motion for Entry of a Protective Order as to the Depositions of the

Escambia County School Board Members, Superintendent Keith Leonard and Former Superintendent Tim Smith, granting it seven (7) days from the date of this Court's order to file said reply, and to award any such other relief as this Court deems appropriate.

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this Motion complies with the word count limitation set forth in Local Rule 7.1(F) because this Motion contains 937 words, excluding the parts exempted by said Local Rule.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

The undersigned certifies that they have conferred with opposing counsel about the relief requested herein. Specifically, the undersigned conferred with Plaintiffs' counsel by email on July 17, 2024, indicating the Board intended to seek leave to file a reply to Plaintiffs' Response, wherein Plaintiffs' counsel informed the undersigned that Plaintiffs do not oppose the Board's request.

Respectfully submitted,

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.:  0010212
E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com

        RUMBERGER, KIRK & CALDWELL, P.A.
        101 North Monroe Street, Suite 1050
        Tallahassee, Florida 32301
        Tel: 850.222.6550
        Fax: 850.222.8783

        and

        SAMANTHA DUKE
        Florida Bar No. 0091403
        Email: sduke@rumberger.com
        RUMBERGER, KIRK & CALDWELL, P.A.
        300 S. Orange Ave., Suite 300
        Orlando, Florida 32801
        Tel: 407.872.7300
        Fax: 407.841.2133

        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at john.langford@protectdemocracy.org; Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com and Goldie Fields at fieldsg@ballardspahr.com (Counsel for Plaintiffs); Rachel Elise Fugate at rfugate@shullmanfugate.com (Counsel for Clay Calvert, et al.);

7

Clarence William Phillips at cphillips@cov.com; Jayne Foley Hein at jhein@cov.com; Nicholas Eli Baer at nbaer@cov.com; Robert C. Buschel at buschel@bglaw-pa.com (Counsel for Florida State Conference NAACP, et al.); Bridget K. O'Hickey at bridget.ohickey@myfloridalegal.com; Daniel William Bell at daniel.bell@myfloridalegal.com; David Matthew Costello at david.costello@myfloridalegal.com; and Henry Charles Whitaker henry.whitaker@myfloridalegal.com (Counsel for State of Florida).

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783
and

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133
Attorneys for Defendant