UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER INC,
et al.,
    Plaintiffs,

vs.                                     Case No.: 3:23cv10385/TKW/ZCB

ESCAMBIA COUNTY SCHOOL
BOARD, et al.,
    Defendants.
                                        /

## **ORDER**

This matter is before the Court on Defendant Escambia County School Board's Motion for Protective Order as to the Depositions of School Board Members, Superintendent, and Former Superintendent (Doc. 82). Plaintiff has responded in opposition. (Doc. 95). For the reasons below, the Court denies Defendant's motion without prejudice.

### I. Background

This case involves a First Amendment challenge to the Escambia County School Board's decision to remove or restrict access to certain library books. Plaintiffs allege, *inter alia*, that the books were improperly restricted or removed based on viewpoint discrimination.

1

A similar case involving the Escambia County School Board is currently pending before Judge Winsor in the Tallahassee Division of this Court. (*See* Case No. 4:23cv414-AW-MAF). In the Tallahassee case, Defendant Escambia County School Board moved on June 12, 2024, for a protective order. That motion sought to prevent the depositions of the Escambia County School Board Members and Superintendent Keith Leonard because (1) "[t]he Board members are individually protected by legislative privilege"; (2) "[t]he actions or motives of individual Board members are irrelevant and cannot be imputed onto the Board as a whole"; (3) the Board members and Superintendent are protected by the apex doctrine; and (4) the apex doctrine requires Plaintiffs to exhaust other avenues of discovery first. (*See* Case No. 4:23cv414-AW-MAF, Doc. Doc. 157).

On June 21, 2024, Defendant filed a motion for a protective order in the current case (Doc. 82) seeking the same relief on the same grounds as the motion filed in the Tallahassee case.[1] In an order dated July 10, 2024, Judge Winsor rejected Defendant's arguments and denied the

---

[1] Except in the current case, Defendant also seeks a protective order preventing the deposition of the former superintendent, Tim Smith.

motion for a protective order in the Tallahassee case. (Doc. 163).

## II. Discussion

The Federal Rules of Civil Procedure allow for robust discovery and reflect the "basic presumption that the public is entitled to every person's evidence." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1546 (11th Cir. 1985). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs to the case[.]" Fed. R. Civ. P. 26(b)(1). Depositions are an important discovery tool, and "[t]he right to take depositions is a broad one." *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020) (cleaned up). "A party has a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). Indeed, Rule 30 specifically provides that a "party may, by oral questions, depose *any* person." Fed. R. Civ. P. 30(a)(1) (emphasis added). Given the language of the rule, it is unsurprising that a party seeking to prevent a deposition has a steep hill to climb. *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005). Such relief should only be granted in extraordinary circumstances. *Salter v. Upjohn Co.*, 593

F.2d 649, 651 (5th Cir. 1979).

Here, Defendant argues in its motion that the Board acts collectively, and not as individuals. Thus, Defendant says "[e]rrant comments by individual Board members do not equate to formal Board action" and are, therefore, irrelevant. (Doc. 82 at 20). But as Judge Winsor determined, the motives of individual Board are relevant in this case and go to "the factual heart of" Plaintiffs' First Amendment claims. (*See* Case No. 4:23cv414-AW-MAF, Doc. 163 at 1). Judge Winsor reasoned that "a single member's motives could move the needle somewhat in determining the Board's motives . . . . [and e]vidence that all . . . of its members had some sort of unlawful motive would move the needle much more." (*Id.*).

The undersigned agrees with Judge Winsor's analysis. Given the nature of the claims in this case, the motivations of the individual Board members are relevant. The undersigned further agrees with Judge Winsor that Florida's so-called "Sunshine Law" (Fla. Stat. § 286.011) does not make comments by individual Board members irrelevant to the issues raised in this lawsuit. (*See id*. at 2).

4

Defendant also argues that the "apex doctrine" shields the individual Board members, superintendent, and former superintendent from being deposed because of "their respective statuses atop the District's organizational chart." (Doc. 82 at 22-25). Under the "apex doctrine," top-level government officials should not be deposed absent "extraordinary circumstances." *See Florida v. United States*, 625 F. Supp. 3d 1242, 1245-46 (N.D. Fla. 2022). The "apex doctrine" does not necessarily apply when the top-level official has first-hand knowledge and may possess information that is not reasonably available from others. *See id.* at 1246; *see also Kimbery Regenesis, LLC v. Lee Cnty.*, No. 2:19-cv-538, 2021 WL 5285093, at *6 (M.D. Fla. Sept. 29, 2021) (stating that "the apex doctrine rarely, if ever, shields a lead official from discovery when the official is directly involved in the event at issue and has *personal* knowledge about it") (emphasis in original).

In his opinion, Judge Winsor concluded that Defendant failed to show that the "apex doctrine" applied under the circumstances at issue here. Judge Winsor reasoned that the Board members and superintendent had "personal knowledge of relevant facts" that would likely be "unavailable from other witnesses," which weighed heavily in

5

favor of permitting their depositions. (Case No. 4:23cv414-AW-MAF, Doc. 163 at 2). Here again, the undersigned agrees with Judge Winsor.

Finally, Defendant argues that legislative privilege protects the individual Board members from being deposed about their subjective states of mind and motivations. (Doc. 82 at 14). Generally speaking, legislative privilege protects officials from testifying in civil cases about the reasoning behind their votes. *See Florida v. United States*, 886 F. Supp. 2d 1301, 1304 (N.D. Fla. 2012) ("[T]he legislators have a federal legislative privilege—at least qualified, if not absolute—not to testify in this civil case about the reasons for their votes."). But as Judge Winsor highlighted when rejecting Defendant's argument, "[t]he legislative privilege is personal to the legislator." (Case No. 4:23cv414-AW-MAF, Doc. 163 at 3). Yet here, Defendant seeks to blanketly assert the privilege for all Board members without "a direct indication that the [individual] members wish to invoke the privilege." (*Id.* at 3).

Judge Winsor, therefore, denied Defendant's request for a protective order "without prejudice to their filing a new motion that includes (1) support for asserting legislative privilege on behalf of its members as grounds for a protective order, and (2) affidavits from each

6

Board members confirming their intent to assert legislative privilege and to rely on the Board's counsel for doing so." (*Id.* at 4). The undersigned believes the same path should be taken here. If the individual Board members wish to assert legislative privilege, then they must do so personally. Accordingly, Defendant's motion for a protective order will be denied without prejudice to their filing of a new motion that comports with the instructions Judge Winsor issued in the Tallahassee case.

### III.   Conclusion

For the reasons above, it is **ORDERED** that Defendant's Motion for Protective Order as to Depositions of School Board Members, Superintendent and Former Superintendent (Doc. 82) is **DENIED without prejudice**.[2]

It is so **ORDERED**. This the 19th day of July 2024.

*Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[2] This is also without prejudice to any nonparty's ability to move to quash a subpoena.