UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER INC,
et al.,
    Plaintiffs,

vs.                                      Case No.: 3:23cv10385/TKW/ZCB

ESCAMBIA COUNTY SCHOOL
BOARD, et al.,
    Defendants.
_____/

# ORDER

This matter is before the Court on Plaintiff Ann Novakowski's Motion for Protective Order as to Deposition of J.N. (Doc. 88). Defendant Escambia County School Board has responded in opposition. (Doc. 96). For the reasons below, Plaintiff's motion is denied in part and granted in part.

## I. Background

This case involves a First Amendment challenge to the Escambia County School Board's decision to remove or restrict access to certain library books. Plaintiffs allege, *inter alia*, that the books were improperly restricted or removed based on viewpoint discrimination.

1

In her motion, Plaintiff Novakowski seeks a protective order preventing her seven-year-old child, J.N.—who is also a Plaintiff in this matter—from being deposed. Plaintiff Novakowski argues Defendant School Board has not identified a factual or legal issue that is uniquely in J.N.'s possession. Plaintiff Novakowski further claims that a deposition of J.N. would be "cumulative and unduly burdensome, given that the Board can elicit the same information from her parent." (Doc. 88 at 3). Plaintiff Novakowski also expresses concern that deposing J.N. would require the child to "devote time away from family and friends to prepare for her testimony and to face questioning by opposing counsel in deposition." (*Id.* at 8).

For its part, Defendant School Board contends that a deposition of J.N. would be neither cumulative nor unduly burdensome. According to Defendant School Board, J.N.'s testimony is necessary to determine, among other things, whether J.N. has standing. And standing, Defendant School Board argues, is individual to J.N.—it cannot be determined based on whether J.N.'s parent has standing. Additionally, Defendant School Board points out that "J.N. is a Plaintiff to this case separate and apart from her mother, who is a Plaintiff in her own right."

2

(Doc. 96 at 11). Defendant School Board further asserts Plaintiff cannot use the child's age "as a sword by which to challenge the actions of the Board, only to then use her minority status as a shield to prevent either her participation in the suit she brought or the Board from defending itself from Plaintiff's claims." (*Id.* at 15). Defendant School Board has also pointed out that the District Judge specifically informed Plaintiffs at a prior hearing that students "from elementary school up to high-schoolers" would be "subjected to [a] deposition" if the case moved forward. (*Id.* at 6).

## II.  Discussion

The Federal Rules of Civil Procedure allow for robust discovery and reflect the "basic presumption that the public is entitled to every person's evidence." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1546 (11th Cir. 1985). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs to the case[.]"  Fed. R. Civ. P. 26(b)(1). Depositions are an important discovery tool, and "[t]he right to take depositions is a broad one." *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020) (cleaned up).  "A party has a general right to compel any

person to appear at a deposition, through issuance of a subpoena if necessary." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). Indeed, Rule 30 specifically provides that a "party may, by oral questions, depose *any* person." Fed. R. Civ. P. 30(a)(1) (emphasis added). Given the language of the rule, it is unsurprising that a party seeking to prevent a deposition has a steep hill to climb. *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005). Such relief should only be granted in extraordinary circumstances. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").

But discovery can be limited in frequency or extent if the court determines that it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Upon a showing of good cause, the court may issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of showing good cause. *Chicago Trib. Co. v.*

4

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). District courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Defendant School Board seeks to depose a young child who is a Plaintiff in this case. By choosing to have a young child serve as a Plaintiff, it should have been anticipated that the young child would be required to be deposed and to ultimately testify at any trial. Indeed, "[t]he general rule is that children must be made available to testify at a deposition (with appropriate protective conditions)." *Tatel v. Mt. Lebanon School District*, No. 22-837, 2023 WL 8839002, at *2 (W.D. Penn. Dec. 21, 2023). The District Judge explained this principle at a prior hearing, and counsel for Plaintiffs acknowledged it. (Doc. 66 at 24-25, 134) ("[A]gain, we would have from elementary school up to high-schoolers being subjected to the deposition, being placed under oath, testifying in federal courtrooms to prove the allegations that are made in this [case] that they want Book A or Book B."); (*see* Doc. 66 at 75-76) ("Your Honor was mentioning that . . . the students whose parents are plaintiffs will at some point have to take the witness stand. We recognize

5

that and acknowledge that.").

Nonetheless, Plaintiff Novakowski now seeks to prevent J.N.'s deposition. The Court finds that Plaintiff Novakowski has failed to show that an exception to the general rule regarding child depositions should be recognized in this case. The Court is unpersuaded that deposing J.N.'s mother is an adequate substitute for deposing J.N. Only J.N. can testify as to her thoughts, interests, desires, and efforts to access the books at issue in this case. And those issues are critical ones in this case, especially as it relates to J.N.'s standing to bring this lawsuit. Accordingly, J.N.'s deposition testimony will not be unnecessarily cumulative of her mother's testimony.

Other courts have reached the same result in analogous cases.[1] *See T.B. v. Independent School District 112*, No. 19-2414, 2021 WL 7367136, at *5 (D. Minn. Jan. 8, 2021) (refusing to prevent the deposition of a nine-year-old who was a named plaintiff and rejecting the argument that the

---

[1] Plaintiff has relied on *Blackwood v. de Vries*, No. EDCV14-395, 2015 WL 13914949, at *4 (C.D. Cal. Sept. 25, 2015). (*See* Doc. 88 at 7). But that case is easily distinguished. In *Blackwood*, the "defendants concede[d]" that the child's testimony "can be acquired during the depositions of the minor's respective guardians." *Id.* Thus, the request for a protective order preventing the child's deposition was unopposed in *Blackwood*. That is not true here.

6

child's deposition would be cumulative of his parents' depositions); *see also Graham v. City of New York*, No. 08cv3518, 2010 WL 3034618, at *4-5 (E.D.N.Y. Aug. 3, 2010) (finding that a magistrate judge erred by granting a protective order to prevent the deposition of a young child who was a named plaintiff in the action and who possessed information on an important issue in the case); *Halley v. Oklahoma*, No. 14-cv-562, 2016 WL 4995393, at *1-2 (E.D. Okla. Sept. 19, 2016) (permitting the deposition of an eight-year-old child on whose behalf the lawsuit was brought and finding that there was "no precedent for preventing a deposition in these circumstances").

Plaintiff Novakowski has also argued that allowing the deposition of J.N. would be unduly burdensome given her age. Although the Court does not believe that any deposition of J.N. would be so unduly burdensome that it should be prevented outright, the Court is sensitive to the issues presented by deposing a young child and appreciates that a seven-hour deposition could be problematic and unduly burdensome for a child as young as J.N. Thus, as explained below, the Court will place some limits on the deposition of J.N.

7

District courts have the discretion to limit the scope of discovery to ensure a deponent is not subjected to an undue burden or annoyance. *See Florida v. United States*, 625 F. Supp. 3d 1242, 1249 (citing Fed. R. Civ. P. 26(c)(1)(B)). This includes the ability to impose shorter time limits on depositions than the seven hours set forth in Rule 30(d)(1). *Id*. It also includes the ability to specify the location of a deposition and the persons who may be present. *T.B.*, 2021 WL 7367136, at *6 (placing time limitations and location limitations on the deposition of a child); *see also Gross v. Guzman*, No. 11-23028, 2013 WL 12091159, at *11 (S.D. Fla. Jan. 25, 2013) (recognizing that "the court may prescribe the time, place, and terms of the deposition").

Given the circumstances of this case, the Court finds good cause to believe that a seven-hour deposition of J.N. at a location chosen by Defendant School Board would be unduly burdensome. The Court, therefore, will exercise its discretion to limit Defendant School Board's deposition of J.N. to ninety minutes (excluding breaks), with such deposition to occur virtually or in person as determined by J.N. and her parents, and that one of J.N.'s parents be permitted to attend the deposition. *See Florida*, 625 F. Supp. 3d at 1249 (exercising discretion

to place time and location restrictions on a deposition); *see also T.B.*, 2021 WL 7367136, at *6 (limiting the duration of a child deposition and requiring that a parent be permitted to attend the deposition).

### III. Conclusion

For the reasons above, it is **ORDERED** that Plaintiff Ann Novakowski's Motion for Protective Order as to Deposition of J.N. (Doc. 88) is **DENIED in part** to the extent that the deposition of J.N. will not be prohibited and **GRANTED in part** to the extent that Defendant School Board's deposition of J.N. will be limited to **90 minutes** in duration (excluding breaks), with such deposition to occur virtually or in person as determined by J.N. and her parents, and one of J.N.'s parents must be permitted to attend the deposition.

It is so **ORDERED**. This the 22nd day of July 2024.

*Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge