UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

    Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

    Defendant.

_____/

CASE NO.: 3:23-CV-10385-TKW-ZCB

**ESCAMBIA COUNTY SCHOOL BOARD'S
MOTION TO SET AN EVIDENTIARY HEARING
ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs have filed a Motion for Preliminary Injunction. [D.E. 87 ("Motion")]. Defendant, Escambia County School Board ("Board"), has filed a Response in Opposition. [D.E. 105]. The Board respectfully request that this Court

set an evidentiary hearing on Plaintiffs' Motion. In support, the Board states the following:

1. On July 1, 2024, Plaintiffs filed a Motion for Preliminary Injunction. [D.E. 87 ("Motion")]. Plaintiffs' Motion asks this Court to enter a preliminary injunction requiring the Board to remove certain restrictions on seven particular books, and order said books to be returned to library shelves before the beginning of the 2024–2025 school year. *Id.* at 30–31.

2. A preliminary injunction is "an extraordinary and drastic remedy" requiring the movant to "clearly establish the burden of persuasion." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (cleaned up). The moving party must show "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Id.*

3. For the reasons set forth in the Response in Opposition to Plaintiffs' Motion, [D.E. 105], Plaintiffs have failed to carry their burden and as a matter of law are not entitled to an injunction. Should the Court agree and rule in favor of the Board, no hearing is necessary. *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167,

169 (11th Cir. 1988) ("Rule 65(a) does not expressly require a hearing on every motion for injunctive relief[.]").

4. But should the Court disagree, the Board requests an evidentiary hearing on Plaintiffs' Motion, given the existence of bitterly disputed facts. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1311 (11th Cir. 1998). Alternatively, even if the Court finds the facts are not bitterly disputed, there is still "much dispute as to the inferences to be drawn from the raw facts" of this case. *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (cleaned up). The Court should exercise its sound discretion and order an evidentiary hearing. *See id.*

5. In its Response in Opposition to Plaintiffs' Motion, [D.E. 105], the Board offered up numerous areas of bitterly disputed facts or, at a minimum, areas where the varying inferences that could be drawn militate in favor of an evidentiary hearing.

6. These include, but are not limited to:

    a. The standing of Plaintiff PEN American Center, Inc. ("PEN"), including its supposed organizational standing premised on diversion of resources. This standing is based on a declaration filed by a PEN representative, whose credibility the Board is entitled to examine. *See All Care Nursing Service, Inc. v. Bethesda Memorial*

3

*Hosp. Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989) (finding "an evidentiary hearing is normally required to decide credibility issues").

    b.    PEN's associational standing on behalf of its member author, Laurie Halse Anderson, author of the book *Speak*. Anderson is not a party to this suit, nor has she been deposed, nor did she file a declaration in support of PEN's Motion to support her standing. Rather, Anderson's standing—and thus PEN's associational standing—rests on a self-serving declaration filed by a PEN representative. However, given it is Anderson herself who claims to the true party in interest, her own credibility should be subjected to examination. *See id.*

    c.    The standing and credibility of Plaintiff Sean Parker and his minor son, M.P. Specifically, the credibility of Parker and M.P. as to their supposed efforts to access the book *The Hate U Give*. Only Parker filed a declaration in support of Plaintiffs' Motion, despite claiming standing in his own right and on behalf of his son. The claims by Parker, on behalf of himself and his son, require evidentiary proof to establish their standing and the Board is entitled to test their credibility. *See id.*

    d.    Whether the Board has an express policy or practice sufficient to impute liability onto it for *Monell* liability purposes.

      e.      Whether the actions by employees of the Escambia County School District in restricting certain books constitute government speech.

      f.      The applicability, *vel non*, of House Bill 1069 (2023) to Plaintiffs' claims.

      g.      Whether, as the Board contends, Plaintiffs' roughly 14-month delay in bringing the Motion fatally undermines their claims of irreparable harm, a required showing for any preliminary injunction.

7.      These issues and more are bitterly disputed between the parties, raise credibility issues, and militate in favor of an evidentiary hearing, as more fully argued and shown in the Board's Response in Opposition to Plaintiffs' Motion. [D.E. 105]. Alternatively, the varying inferences that could be drawn, *Cumulus Media*, 304 F.3d at 1178, coupled with the need to determine "accuracy and fairness," favors an evidentiary hearing. *McDonald's Corp.*, 147 F.3d at 1313.

8.      The Board respectfully requests two days for the evidentiary hearing on Plaintiffs' Motion.

9.      The Board has conferred with Plaintiffs' counsel on this matter. Plaintiffs' stated position is that Plaintiffs take no position on the Board's motion for an evidentiary hearing, having not seen the Board's opposition to Plaintiffs' Motion. Plaintiffs' position is that they believe they have established their likelihood of

...

success on the merits and the other elements warranting a preliminary injunction based on the written record before the Court. Plaintiffs' position is that if the Court believes an evidentiary hearing is warranted, Plaintiffs will of course make themselves available for such a hearing.

## CONCLUSION

**WHEREFORE**, Defendant, Escambia County School Board, respectfully requests that this Court set a two-day evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction, for the reasons stated herein, and for any and all further relief this Court deems just and proper.

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this Motion complies with the word count limitation set forth in Local Rule 7.1(F) because this Motion contains 977 words, excluding the parts exempted by said Local Rule.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

The undersigned certifies that they have conferred with opposing counsel regarding this issue telephonically and by email on July 26, 2024, and again by email on July 30, 2024. Opposing counsel's position is that they take no position, as stated above and herein.

Respectfully submitted,

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783

and

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at

7

john.langford@protectdemocracy.org; Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com and Goldie Fields at fieldsg@ballardspahr.com (Counsel for Plaintiffs); Rachel Elise Fugate at rfugate@shullmanfugate.com (Counsel for Clay Calvert, et al.); Clarence William Phillips at cphillips@cov.com; Jayne Foley Hein at jhein@cov.com; Nicholas Eli Baer at nbaer@cov.com; Robert C. Buschel at buschel@bglaw-pa.com (Counsel for Florida State Conference NAACP, et al.); Bridget K. O'Hickey at bridget.ohickey@myfloridalegal.com; Daniel William Bell at daniel.bell@myfloridalegal.com; David Matthew Costello at david.costello@myfloridalegal.com; and Henry Charles Whitaker henry.whitaker@myfloridalegal.com (Counsel for State of Florida).

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050

Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783
and

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Attorneys for Defendant

19488650.v1