UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,
SARAH BRANNEN, BENJAMIN
GLASS, on behalf of himself and his
minor child, GEORGE M.
JOHNSON, DAVID LEVITHAN,
KYLE LUKOFF, ANN
NOVAKOWSKI, on behalf of herself
and her minor child, PENGUIN
RANDOM HOUSE LLC, SEAN
PARKER, on behalf of himself and
his minor child, ASHLEY HOPE
PÉREZ, and CHRISTOPHER
SCOTT SATTERWHITE, on behalf
of himself and his minor child,

  CASE NO.:  3:23-CV-10385-TKW-ZCB

  Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL
BOARD,

  Defendant.
_____/

## ESCAMBIA COUNTY SCHOOL BOARD'S MOTION FOR RESTRICTIONS OF ANY BOARD MEMBER DEPOSITIONS

Defendant, Escambia County School Board ("Board"), hereby files this Motion for Restrictions of any Board Member Depositions, pursuant to this Court's order, [D.E. 99 at 2 n.1], and states:

1.	This case arises from the Board's alleged decisions to either remove or restrict access to certain books from the libraries in the Escambia County School District ("District"), and Plaintiffs' subsequent challenge to these alleged actions. [D.E. 27]. Specifically, Plaintiffs allege violations of their First Amendment rights based on purported viewpoint discrimination and violation of an alleged right to receive information in public schools based on the Board's alleged actions.[1] *Id.* at ¶¶ 215–30.

2.	On June 21, 2024, the Board filed a motion for protective order, seeking to preclude the compelled depositions of the Board members and the current and former District Superintendent. [D.E. 82].

3.	The Board's motion asserted, inter alia, that the Board members should not be compelled to testify based on legislative privilege and the apex doctrine, and that prior to deposing the Board members Plaintiffs should be required to exhaust other avenues of discovery, including by taking a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). *See generally id.*

4.	Plaintiffs responded in opposition on July 15, 2024. [D.E. 95].

5.	On July 19, 2024, the Court entered an order denying the Board's motion, without prejudice to the Board filing a new motion reasserting legislative

---

[1] The Court has dismissed Plaintiffs' remaining count. [D.E. 65].

privilege with support for the Board asserting the privilege on behalf of its members. [D.E. 98 ("Order")].

6. The Board is, contemporaneous to this Motion, filing a renewed motion for protective order pursuant to the Court's Order.

7. However, in the alternative and in the event the Court denies the Board's renewed motion, the Board files this motion for restrictions seeking the Court's ruling as to the permissible length and scope of any depositions of the Board members.[2]

8. In its order denying the Board's motion for leave to file a reply in support of its initial motion for protective order, the Court invited the Board "to file a motion seeking . . . restrictions" that should be placed on the Board members' depositions, as "the issue of deposition restrictions was not resolved by the Court's prior order." [D.E. 99 at 2 n.1].

9. Thus, although the Board believes its members should not be deposed altogether, in the event the Court disagrees, the Board believes the Court should

---

[2] The instant motion only concerns the Board members and the length and scope of their depositions, should the Court order them to proceed. As Plaintiffs' response to the Board's initial motion for protective order noted, Plaintiffs have withdrawn their notice of taking deposition of Superintendent Keith Leonard, without prejudice to re-noticing him following the Rule 30(b)(6) deposition(s). [D.E. 95 at 7]. The Board therefore reserves the right to seek similar restrictions as to the length and scope of any deposition of Superintendent Leonard, should Plaintiff re-notice him for deposition.

impose reasonable restrictions as to the length and scope of any depositions of the Board members.

10. Specifically, the Board believes any depositions of the Board members should be limited in scope to the personal motivations underlying each Board member's vote to either remove or restrict a book at issue in this case.

11. As the Court's Order noted—in adopting Judge Winsor's reasoning from a similar case involving the Board—it is "the motivations of the individual Board members," which are relevant, based on their *personal knowledge* of relevant facts unavailable from other witnesses. Order at 4–5.

12. By cabining any depositions of the Board members to their personal motivations and their personal knowledge, it will ensure these depositions do not become an end run by which Plaintiffs can circumvent the Board's Rule 30(b)(6) witness(es) and the testimony they provide.

13. In meeting and conferring with Plaintiffs' counsel, they indicated that they opposed any restrictions on the Board members' depositions. Plaintiffs have not provided the Board with a list of topics or envisioned scope of these depositions, and therefore the Board is concerned Plaintiffs intend to fully depose the Board members, with no limits as to length or scope other than those generally provided by Federal Rule of Civil Procedure 30.

14. This intent to go beyond the scope of the Board members' personal motivations is exemplified by Plaintiffs' written discovery in this matter, **attached as Exhibit A**. As this discovery shows, Plaintiffs have sought information beyond just the personal motivations of the Board members, requesting documents related to any actual or prospective book challenge or restriction (whether the Board members were involved or no), *see id.* Req. Nos. 1–2, documents related to the District Review Committees—which the Board members are not part of—, *id.* Req. No. 6, and documents showing how many parents changed their students' status regarding the degrees of access they had to certain restricted library materials. *Id.* Req. Nos. 45–46

15. Plaintiffs' discovery shows the breadth of their intent—far beyond just the Board members' personal motivations—and why reasonable restrictions as to the scope of these depositions should be imposed.

16. In additional support for its position that these depositions should be limited in scope, the Board argued in its initial motion for protective order that Plaintiffs should be required to conduct a Rule 30(b)(6) deposition before deposing the Board's apex witnesses. Motion at 32–33. However, the Court's Order did not address this argument by the Board, and the Board is concerned that Plaintiffs believe they are now entitled to depose the Board members for a full seven hours and broadly question them about any topic raised in the Amended Complaint, e.g.,

the Board's book removal/restriction processes, procedures, and other issues and topics more appropriate for a Rule 30(b)(6) witness.

17. But the Board has offered, and Plaintiffs have noticed, witness(es) to be deposed under Rule 30(b)(6). The proposed areas of inquiry include various processes and procedures concerning how the Escambia County School District ("District") acquires reading material, the role of various administrators with respect to book challenge processes and procedures, and general topics related to the life cycle of book challenges. *See* Plaintiffs' Revised Notice of Rule 30(b)(6) Deposition of the Escambia County School Board, **attached as Exhibit B**.

18. Thus, because the Board is offering witness(es) who can speak to these specific topics, the Board believes that the depositions of the individual Board members should be limited to only their personal motivations, which Plaintiffs contend are relevant to allegedly proving the existence of viewpoint discrimination.

19. To that end, and in line with this proposed restriction on scope, the Board believes any depositions of the Board members should be limited to ninety minutes in length, as allowing a seven-hour deposition of each Board member would be unduly burdensome.

20. This proposed restriction in length finds support in cases where apex depositions were permitted to proceed. That is, in such instances, courts routinely impose reasonable restrictions as to the length and scope on these depositions. *See,*

*e.g.*, *Florida v. United States*, 625 F. Supp. 3d 1242, 1249 (N.D. Fla. 2022) (limiting deposition to three hours); *Odom v. Roberts*, 337 F.R.D. 359, 366 (N.D. Fla. 2020) (limiting deposition to two hours); *Apple Inc. v. Corellium, LLC*, No. No. 19-81160-CV-Smith/Matthewman, 2020 WL 1849404, at *5 (S.D. Fla. Apr. 13, 2020) (limiting deposition to four hours "and only on the limited topics" enumerated by the court).

21. It also comports with the restriction this Court imposed on the deposition of J.N., a Plaintiff to this suit. [D.E. 100 at 8].

22. Here, the Board believes any such depositions—should they be ordered to proceed—should be limited to the scope articulated above, i.e., the Board members' individual motivations for book removals and restrictions.

23. The Board has conferred with Plaintiffs on this matter. Plaintiffs oppose any such restrictions on the Board members' depositions, to either length or scope.

24. Accordingly, the parties have reached impasse on this issue and request the Court's ruling as to the permissible length and scope of any depositions of the Board members should the Court deny the Board's renewed motion for protective order.

25. This motion is brought in good faith and is not for the purposes of delay. No party will be prejudiced by this motion; indeed, the Court's ruling on any

restrictions will help guide the parties should the depositions of the Board members be ordered to proceed.

**WHEREFORE**, Defendant, Escambia County School Board, respectfully requests that, should this Court deny the Board's renewed motion for protective order, this Court enter an order imposing restrictions as to the permissible length and scope of any depositions of the Board members, in line with the Board's requested restrictions articulated herein.

## CERTIFICATE OF WORD COUNT

The undersigned certifies that this Motion complies with the word count limitation set forth in Local Rule 7.1(F) because this Motion contains 1,474 words, excluding the parts exempted by said Local Rule.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

The undersigned certifies that they have conferred with opposing counsel regarding this issue by email on July 23, 2024, and again telephonically and by email on July 26, 2024. Opposing counsel opposes the relief requested herein, as stated above.

Respectfully submitted,

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783

and

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at

9

john.langford@protectdemocracy.org; Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com and Goldie Fields at fieldsg@ballardspahr.com (Counsel for Plaintiffs); Rachel Elise Fugate at rfugate@shullmanfugate.com (Counsel for Clay Calvert, et al.); Clarence William Phillips at cphillips@cov.com; Jayne Foley Hein at jhein@cov.com; Nicholas Eli Baer at nbaer@cov.com; Robert C. Buschel at buschel@bglaw-pa.com (Counsel for Florida State Conference NAACP, et al.); Bridget K. O'Hickey at bridget.ohickey@myfloridalegal.com; Daniel William Bell at daniel.bell@myfloridalegal.com; David Matthew Costello at david.costello@myfloridalegal.com; and Henry Charles Whitaker henry.whitaker@myfloridalegal.com (Counsel for State of Florida).

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050

Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783
and

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Attorneys for Defendants

19489334.v1