# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,                    :
SARAH BRANNEN, LINDSAY                        :
DURTSCHI, on behalf of herself and her        :  Case No. 3:23-CV-10385-TKW-
minor children, BENJAMIN GLASS, on            :  ZCB
behalf of himself and his minor child,        :
GEORGE M. JOHNSON, DAVID                      :  JURY TRIAL DEMANDED
LEVITHAN, KYLE LUKOFF, ANN                    :
NOVAKOWSKI, on behalf of herself and          :
her minor child, PENGUIN RANDOM               :
HOUSE LLC, SEAN PARKER, on behalf             :
of himself and his minor child, ASHLEY        :
HOPE PÉREZ, ERICA ROY, on behalf of           :
herself and her minor children,               :
CHRISTOPHER SCOTT                             :
SATTERWHITE, on behalf of himself and         :
his minor child, and CARIN SMITH, on          :
behalf of herself and her minor children,     :
                                              :
                        *Plaintiffs*,         :
                                              :
            v.                                :
                                              :
ESCAMBIA COUNTY SCHOOL                        :
BOARD,                                        :
                                              :
                        *Defendant*.          :
_____

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
## DOCUMENTS TO DEFENDANT ESCAMBIA COUNTY SCHOOL BOARD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs

PEN American Center, Inc., Sarah Brannen, Lindsay Durtschi, Benjamin Glass,

George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski, Penguin

Random House LLC, Sean Parker, Ashley Hope Pérez, Erica Roy, Christopher Scott

Satterwhite, and Carin Smith, by and through their attorneys, hereby request that Defendant produce documents and things in response to the following Requests, in accordance with the following Definitions and Instructions. Written responses under oath are due within thirty (30) days of service of these Requests.

Unless otherwise agreed, production is to be made electronically or, for hard copy documents, at the law office of Ballard Spahr LLP, 1675 Broadway, 19th Floor, New York, NY 10019, within thirty (30) days of service.

## <u>DEFINITIONS</u>

The following definitions shall apply to each of the Requests set forth below.

1.    "You" or "Your" means the party responding to this Request; any of the party's officers, agents, assigns, employees, insurers, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on the party's behalf, except for legal counsel.

2.    "Defendant" means the Escambia County School Board.

3.    "School Board" means and refers to the five-member governing body of the School District, elected from geographic districts within Escambia County, including both current and former members during the Relevant Time Period.

4.    "School District" means the Escambia County School District.

5.    Unless specifically and individually identified, "Plaintiff" or "Plaintiffs" refers to all of the Plaintiffs in this action.

6.    "Amended Complaint" means the Amended Complaint Plaintiffs filed in this action.

7.    "Communicate" or "Communication" means any transmission of Documents or information between Persons or agencies, whether oral, written or otherwise, active or automated, including but not limited to memoranda, letters, telecopies, facsimiles, e-mails, text messages, voicemails, electronic transmissions, meetings, discussions, conversations, or telephone calls.

8.    "Document" includes but is not limited to the original, drafts and all non-identical versions or copies (whether different from originals by reason of notations made on such copies or otherwise) of all written, electronic or graphic material, however produced or reproduced, in Your possession, custody or control or the possession, custody, or control of Your attorney, including but not limited to writings, forms, memoranda, letters, notes, correspondence, studies, reports, drawings, graphs, charts, records, photographs, sound or mechanical recordings or tapes, telecopies, facsimiles, e-mail, text messages, voicemails, computer printouts, information stored on computer systems, database queries and responses, and other data compilations from which information can be obtained or translated, if necessary through the use of detection devices, into reasonably usable form, in the broadest understanding of the term "Documents" in the Federal Rules of Civil Procedure. Without limiting the term "control," a Document is deemed to be within Your

control if You have ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Persons having physical control thereof.

9.    The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not to restrict, the scope of the Request.

10.    "Person" or "Persons" includes a natural person, individual, corporation, proprietorship, partnership, association, agency (including government agencies), School Board, School District, or any other entity.

11.    "Baggett" means Vicki Baggett, the Northview High School language arts teacher identified in Plaintiffs' Amended Complaint.

12.    "Reading Material" means text-based or image-based content, including but not limited to books, published or produced in any printed, electronic, or digital format.

13.    "Book Challenge" means and refers to any challenge or petition submitted by any Person with the aim of removing or restricting access to any

Reading Material in any School District library, including, but not limited to, submitting the School District's "Request for Reconsideration of Educational Media" form.

14.    "Book Restriction" means and refers to any actions undertaken by the School District, including by You, to restrict access (short of complete removal) to any Reading Material in any School District library, permanently or temporarily, at any time during the Relevant Time Period.  Similarly, "Restricted Access" means any limitation on access to Reading Material in any School District library short of complete removal.

15.    "Book Removal" means and refers to any actions undertaken by the School District, including by You, to remove (or completely bar access to) any Reading Material from any School District library, permanently or temporarily, at any time during the Relevant Time Period.

16.    "HB 1069" means the act of the Florida legislature numbered House Bill 1069, as enacted on May 17, 2023 and collected at Florida Laws Ch. 2023-105.

17.    "HB 1557" means the act of the Florida legislature numbered House Bill 1557, as enacted on March 28, 2022 and collected at Florida Laws Ch. 2022-22.

18.    "HB 7" means the act of the Florida legislature numbered House Bill 7, as enacted on April 22, 2022 and collected at Florida Laws Ch. 2022-72.

19.    "Moms for Liberty" means the organization of that name identified and described in Plaintiffs' Amended Complaint, including any local chapter thereof, wherever located.

20.    "Policy or Practice" includes any official or unofficial policy, practice, procedure, protocol, or custom, whether mandatory or discretionary, formal or informal, written or unwritten.

21.    The "Relevant Time Period" for each Request is May 23, 2022 through the present unless otherwise stated in an individual Request.

## **INSTRUCTIONS**

1.    These Requests are intended to elicit as much information as possible concerning the issues, and to the extent any Request could be interpreted in more than one way, You should employ the interpretation of the Request most likely to encompass and elicit the greatest amount of information possible.

2.    You shall produce such Documents as kept in the ordinary course, *see* Fed. R. Civ. P. 34, and without any rearrangement. In addition, You should provide the Documents in such a way that they can be correlated to the Request or Requests to which the Documents are responsive, and identify the Bates number for all such Documents in Your response.

3.    You shall produce all responsive Documents and things that are in Your possession or control, or that of Your agents, employees, representatives, attorneys,

or their associated attorneys, investigators, or any other representatives. Each Request calls not only for all Documents known to You and Your agents, employees, representatives, investigators, and attorneys, but also for all Documents available by reasonable inquiry and due diligence, including inquiries to other Persons. If You are aware of Documents responsive to any Request herein, but do not have possession of them, You should identify each such Document, the present custodian's name, address, telephone number, title, and employer, and any other Persons who have seen or had possession of such Document.

4.  If, despite the exercise of due diligence, You are unable to produce any Document requested herein, You should so state and respond to the Request to the extent possible, specifying the reasons for Your inability to answer the remainder, and stating whatever information You have concerning the unanswered portions.

5.  With respect to any Document requested herein that You refuse to produce, You should provide the following information:

(a)  Identify the Document, including its title or heading, its date, its authors, its addressees or recipients, its subject matter, the individual or source from which You obtained it, and its present location and the identity of the custodian;

(b)  State whether Your objection or refusal is related to the entire Document or a portion thereof;

    (c)    If Your objection or refusal goes to part of the Document, specify the part(s) of the Document to which Your objection or refusal is directed;

    (d)    Specify the factual basis for Your objection or refusal, if any; and

    (e)    Specify the legal grounds for Your objection or refusal, if any.

6.    You are under a continuing obligation to respond to the Requests set forth herein. If You subsequently discover additional Documents that are responsive hereto, You shall promptly produce such Documents to Plaintiffs within fifteen (15) days of such discovery.

## DOCUMENT REQUESTS

**Request No. 1:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any actual or prospective Book Challenge. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 2:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any actual or prospective Book

Restriction. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 3:** All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any actual or prospective Book Removal. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 4:** All Documents and/or Communications concerning any procedures, including any Policies or Practices, in the School District for adjudicating Book Challenges, including, but not limited to, Documents and/or Communications concerning whether Reading Materials subject to a Book Challenge will be subjected to Restricted Access during the pendency of the review process, and, if so, what Reading Materials will be subjected to such Restricted Access.

**Request No. 5:** All Documents and/or Communications concerning any procedures, including any Policies or Practices, as to (a) how Reading Materials subject to a Book Restriction must be handled in the School District and (b) the steps students and parents must take to access such Reading Materials.

**Request No. 6:** All Documents and/or Communications describing the District Review Committee set up by the School District to evaluate Book

Challenges, including (a) how the committee is constituted, (b) who is eligible to join the committee, (c) the duties of the committee members, (d) the factors the committee must consider in adjudicating Book Challenges, and (e) any requirements for written explanation of the committee's decisions.

**Request No. 7:**    All Documents and/or Communications describing any school-level review committee formed in response to or to evaluate Book Challenges, including (a) how the committee is constituted, (b) who is eligible to join the committee, (c) the duties of the committee members, (d) the factors the committee must consider in adjudicating Book Challenges, and (e) any requirements for written explanation of the committee's decisions.

**Request No. 8:**    All Documents and/or Communications concerning any meeting of the School Board, or of any subset or committee thereof, relating to School District library Reading Materials, including meeting minutes, presentations, audio and video recordings, and any other Documents and/or Communications prepared, reviewed, sent, received, and/or distributed in or in preparations for any such meetings.

**Request No. 9:**    All Documents and/or Communications describing the School Board's process for evaluating Book Challenges, including (a) the duties of the School Board members, (b) the factors the School Board must consider in

adjudicating Book Challenges, and (c) any requirements for written explanation of the School Board's decisions.

**Request No. 10:**    All Documents and/or Communications from, to, or copying the State of Florida, including any official, employee, or agent thereof, concerning HB 1069, HB 7, or HB 1557, and their application to Book Challenges, Book Restrictions, and Book Removals, including those statutes' interpretation or implementation by You or the School District with respect to school libraries.

**Request No. 11:**    All Documents and/or Communications in the custody of the School Board relating to HB 1069, including but not limited to Documents and Communications relating to the implementation or interpretation thereof with respect to School District libraries, or any proposed changes or amendments thereto.

**Request No. 12:**    All Documents and/or Communications concerning objections received by the School District pursuant to section 6 of HB 1069 (amending section 1006.28(2)(a)(2), Florida Statutes) with respect to School District libraries.

**Request No. 13:**    All Documents and/or Communications concerning the removal or discontinuation of any Reading Material pursuant to section 6 of HB 1069 (amending section 1006.28(2)(a)(2), Florida Statutes) with respect to School District libraries.

**Request No. 14:**    All Documents and/or Communications concerning the School Board's reporting requirements pursuant to section 6 of HB 1069 (amending section 1006.28(2)(e)(3), Florida Statutes), including but not limited to a list identifying with respect to School District libraries (a) each Reading Material for which the School District received an objection pursuant to subparagraph (a)(2); (b) each Reading Material that was removed or discontinued; and (c) each Reading Material that was not removed or discontinued and the rationale for not removing or discontinuing the Reading Material.

**Request No. 15:**    All Documents and/or Communications to, from, or copying the State of Florida, including any official, employee, or agent thereof, concerning any Book Challenge, Book Restriction, or Book Removal.

**Request No. 16:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any training program developed and completed by any School District library personnel involved in the selection of Reading Materials.

**Request No. 17:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning School District library Reading Materials (including any Book Challenge, Book Restriction, or Book Removal)

from, to, including, and/or concerning Baggett. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 18:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning School District library Reading Materials (including any Book Challenge, Book Restriction, or Book Removal) from, to, including, and/or concerning Moms for Liberty and/or any member or agent of Moms for Liberty. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 19:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any Plaintiff.

**Request No. 20:**    All non-privileged Documents and/or Communications concerning any advice provided to the School Board, or any individual School Board member, as to the legally permissible bases on which Reading Materials can be removed from School District libraries.

**Request No. 21:**    All Documents and/or Communications concerning School District library Reading Materials (including any Book Challenge, Book

Restriction, or Book Removal) from, to, including, and/or concerning former School District Superintendent Tim Smith.

**Request No. 22:**   All Documents and/or Communications describing the reasons for the termination of former School District Superintendent Tim Smith.

**Request No. 23:**   Documents and/or Communications showing the occupational and educational background for each current and former member who served on the School Board, including but not limited to each current and former School Board member's curriculum vitae.

**Request No. 24:**   All Documents and/or Communications concerning the original purchase/acquisition of all the Reading Materials for School District libraries subject to a Book Challenge, Book Restriction, or Book Removal, including Reading Materials by the Author Plaintiffs. This Request extends beyond the Relevant Time Period to the extent that the Reading Material purchases/acquisitions pre-date it.

**Request No. 25:**   All non-privileged Documents upon which You have relied or intend to rely, in whole or in part, directly or indirectly, in connection with any dispositive motion made by You in this action.

**Request No. 26:**   All non-privileged Documents upon which You have relied or intend to rely, in whole or in part, directly or indirectly, in connection with any Answer made by You in this action.

**Request No. 27:**    All reports of any expert retained by You to testify at trial in this action.

**Request No. 28:**    All Documents shown to, submitted to, received from, and/or reviewed by any expert retained to testify at trial in this action.

**Request No. 29:**    All Documents subject to disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), (B), and (C).

**Request No. 30:**    All Documents that You intend to introduce as exhibits at trial in this action.

**Request No. 31:**    All Documents identified in response to any Interrogatories served on You by Plaintiffs.

**Request No. 32:**    All Documents produced to the plaintiffs in *Parnell, et al., v. School Board of Lake County, Florida, et al.,* Case No. 4:23-cv-414-AW-MAF (N.D. Fla. filed Sept. 19, 2023) ("*Parnell*"), pursuant to Report of Planning Conf. for Prelim. Inj. Hr'g., *Parnell*, 4:23-cv-414-AW-MAF, ECF 105 (N.D. Fla. Oct. 4, 2023), and Order Regarding Disc. and Prelim. Inj. Hr'g. Procedures, *Parnell*, 4:23-cv-414-AW-MAF, ECF 107 (N.D. Fla. Oct. 5, 2023).

**Request No. 33:**    All other non-privileged Documents within Your custody, possession, or control and upon which You intend to rely in whole or in part, directly or indirectly, in connection with any claim or defense related to the above-captioned action.

Respectfully submitted,

Dated: October 16, 2023

/s/ *Shalini Goel Agarwal*

Lynn B. Oberlander*
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY  10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Paul J. Safier*
Shawn F. Summers*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan*
**BALLARD SPAHR LLP**
999 Peachtree Street NE, Suite 1600
Atlanta, GA 30309-4421
Telephone: 678.420.9300
Facsimile: 678.420.9301

Shalini Goel Agarwal (FBN 90843)
Kristy Parker*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

John Langford*
**PROTECT DEMOCRACY PROJECT**
82 Nassau Street, #601
New York, NY 10038
Telephone: 202.579.4582
Facsimile: 929.777.8428

16

*\*Admitted pro hac vice*

*Attorneys for Plaintiffs PEN American Center, Inc., Sarah Brannen, Lindsay Durtschi, on behalf of herself and her minor children, Benjamin Glass, on behalf of himself and his minor child, George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski, on behalf of herself and her minor child, Penguin Random House LLC, Sean Parker, on behalf of himself and his minor child, Ashley Hope Pérez, Erica Roy, on behalf of herself and her minor children, Christopher Scott Satterwhite, on behalf of himself and his minor child, and Carin Smith, on behalf of herself and her minor children*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, I served a true and correct copy of the foregoing on counsel of record for Defendant via email.

Dated:  October 16, 2023                 /s/ *Shalini Goel Agarwal*
                                         Shalini Goel Agarwal

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child, | : : : : : : : : : : : : : : : : : : : : : | Case No. 3:23-CV-10385-TKW-ZCB<br><br>JURY TRIAL DEMANDED |
| *Plaintiffs*, | : : | |
| v. | : : | |
| ESCAMBIA COUNTY SCHOOL BOARD, | : : : | |
| *Defendant*. | : | |

## PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ESCAMBIA COUNTY SCHOOL BOARD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

Plaintiffs PEN American Center, Inc., Sarah Brannen, Lindsay Durtschi, Benjamin

Glass, George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski,

Penguin Random House LLC, Sean Parker, Ashley Hope Pérez, Erica Roy, and

Christopher Scott Satterwhite, by and through their attorneys, hereby request that Defendant produce documents and things in response to the following Requests, in accordance with the following Definitions and Instructions.  Written responses under oath are due within thirty (30) days of service of these Requests.

Unless otherwise agreed, production is to be made electronically or, for hard copy documents, at the law office of Ballard Spahr LLP, 1675 Broadway, 19th Floor, New York, NY 10019, within thirty (30) days of service.

## DEFINITIONS

The following definitions shall apply to each of the Requests set forth below.

1.    "You" or "Your" means the party responding to this Request; any of the party's officers, agents, assigns, employees, insurers, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on the party's behalf, except for legal counsel.

2.    "Defendant" means the Escambia County School Board.

3.    "School Board" means and refers to the five-member governing body of the School District, elected from geographic districts within Escambia County, including both current and former members during the Relevant Time Period.

4.    "School District" means the Escambia County School District.

5.    Unless specifically and individually identified, "Plaintiff" or "Plaintiffs" refers to all of the Plaintiffs in this action.

2

6.    "Amended Complaint" means the Amended Complaint Plaintiffs filed in this action.

7.    "Communicate" or "Communication" means any transmission of Documents or information between Persons or agencies, whether oral, written or otherwise, active or automated, including but not limited to memoranda, letters, telecopies, facsimiles, e-mails, text messages, voicemails, electronic transmissions, meetings, discussions, conversations, or telephone calls.

8.    "Document" includes but is not limited to the original, drafts and all non-identical versions or copies (whether different from originals by reason of notations made on such copies or otherwise) of all written, electronic or graphic material, however produced or reproduced, in Your possession, custody or control or the possession, custody, or control of Your attorney, including but not limited to writings, forms, memoranda, letters, notes, correspondence, studies, reports, drawings, graphs, charts, records, photographs, sound or mechanical recordings or tapes, telecopies, facsimiles, e-mail, text messages, voicemails, computer printouts, information stored on computer systems, database queries and responses, and other data compilations from which information can be obtained or translated, if necessary through the use of detection devices, into reasonably usable form, in the broadest understanding of the term "Documents" in the Federal Rules of Civil Procedure. Without limiting the term "control," a Document is deemed to be

within Your control if You have ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Persons having physical control thereof.

9.  The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not to restrict, the scope of the Request.

10. "Person" or "Persons" includes a natural person, individual, corporation, proprietorship, partnership, association, agency (including government agencies), School Board, School District, or any other entity.

11. "Baggett" means Vicki Baggett, the Northview High School language arts teacher identified in Plaintiffs' Amended Complaint.

12. "Reading Material" means text-based or image-based content, including but not limited to books, published or produced in any printed, electronic, or digital format.

4

13.    "Book Challenge" means and refers to any challenge or petition submitted by any Person with the aim of removing or restricting access to any Reading Material in any School District library, including, but not limited to, submitting the School District's "Request for Reconsideration of Educational Media" form.

14.    "Book Restriction" means and refers to any actions undertaken by the School District, including by You, to restrict access (short of complete removal) to any Reading Material in any School District library, permanently or temporarily, at any time during the Relevant Time Period.  Similarly, "Restricted Access" means any limitation on access to Reading Material in any School District library short of complete removal.

15.    "Book Removal" means and refers to any actions undertaken by the School District, including by You, to remove (or completely bar access to) any Reading Material from any School District library, permanently or temporarily, at any time during the Relevant Time Period.

16.    "Restricted or Removed Books" includes any individual book title or combination of book titles from the list of book titles located in the spreadsheet titled, "PEN et al. v. Escambia County School Board – Restricted and Removed Books DMFIRM_411297846(1).XLSX," provided as an attachment to a

5

correspondence email dated February, 16, 2024, and sent to counsel for Defendant via electronic mail.

17.   "HB 1069" means the act of the Florida legislature numbered House Bill 1069, as enacted on May 17, 2023 and collected at Florida Laws Ch. 2023-105.

18.   "HB 1557" means the act of the Florida legislature numbered House Bill 1557, as enacted on March 28, 2022 and collected at Florida Laws Ch. 2022-22.

19.   "HB 7" means the act of the Florida legislature numbered House Bill 7, as enacted on April 22, 2022 and collected at Florida Laws Ch. 2022-72.

20.   "Moms for Liberty" means the organization of that name identified and described in Plaintiffs' Amended Complaint, including any local chapter thereof, wherever located.

21.    "Policy or Practice" includes any official or unofficial policy, practice, procedure, protocol, or custom, whether mandatory or discretionary, formal or informal, written or unwritten.

22.   The "Relevant Time Period" for each Request is May 23, 2022 through the present unless otherwise stated in an individual Request.

23.   "Reconsideration Spreadsheet" means the Document accessible at the following hyperlink:

6

https://docs.google.com/spreadsheets/d/1hv6Wtu55zY3t5bmbksY2ie7Q-L3zAQdjrtaFh4duLC4/edit#gid=0 (also hyperlinked in the ECPS Library Consideration Flowchart/Library Collection Flowchart and displayed as "District Challenged Books"), including the initial Version of that Document, and all subsequent Versions. Requests related to the Reconsideration Spreadsheet do not encompass a request for all Documents hyperlinked to the Reconsideration Spreadsheet; any such request for Documents hyperlinked to the Reconsideration Spreadsheet will be made separately.

24.    "Version" means the iteration of the Reconsideration Spreadsheet made available after (1) any revisions, edits, additions, or deletions to the information available in columns C through P for each title listed in the Reconsideration Spreadsheet; (2) the addition of any title; (3) the deletion of any title; and (4) the addition of any tabs (e.g., the "Resolved challenges" tab available in the current Version).

## **INSTRUCTIONS**

1.    These Requests are intended to elicit as much information as possible concerning the issues, and to the extent any Request could be interpreted in more than one way, You should employ the interpretation of the Request most likely to encompass and elicit the greatest amount of information possible.

2.      You shall produce such Documents as kept in the ordinary course, *see* Fed. R. Civ. P. 34, and without any rearrangement. In addition, You should provide the Documents in such a way that they can be correlated to the Request or Requests to which the Documents are responsive, and identify the Bates number for all such Documents in Your response.

3.      You shall produce all responsive Documents and things that are in Your possession or control, or that of Your agents, employees, representatives, attorneys, or their associated attorneys, investigators, or any other representatives. Each Request calls not only for all Documents known to You and Your agents, employees, representatives, investigators, and attorneys, but also for all Documents available by reasonable inquiry and due diligence, including inquiries to other Persons.  If You are aware of Documents responsive to any Request herein, but do not have possession of them, You should identify each such Document, the present custodian's name, address, telephone number, title, and employer, and any other Persons who have seen or had possession of such Document.

4.      If, despite the exercise of due diligence, You are unable to produce any Document requested herein, You should so state and respond to the Request to the extent possible, specifying the reasons for Your inability to answer the remainder, and stating whatever information You have concerning the unanswered portions.

5.    With respect to any Document requested herein that You refuse to produce, You should provide the following information:

(a)    Identify the Document, including its title or heading, its date, its authors, its addressees or recipients, its subject matter, the individual or source from which You obtained it, and its present location and the identity of the custodian;

(b)    State whether Your objection or refusal is related to the entire Document or a portion thereof;

(c)    If Your objection or refusal goes to part of the Document, specify the part(s) of the Document to which Your objection or refusal is directed;

(d)    Specify the factual basis for Your objection or refusal, if any; and

(e)    Specify the legal grounds for Your objection or refusal, if any.

6.    You are under a continuing obligation to respond to the Requests set forth herein. If You subsequently discover additional Documents that are responsive hereto, You shall promptly produce such Documents to Plaintiffs within fifteen (15) days of such discovery.

## DOCUMENT REQUESTS

**Request No. 34:**    A copy of every version of the "challenge form" the School District has circulated or made available to the public for purposes of permitting individuals to challenge the inclusion of particular books in School District Libraries.

**Request No. 35:**    The first Version of the Reconsideration Spreadsheet that was made publicly available.

**Request No. 36:**    The Version of the Reconsideration Spreadsheet that was made publicly available on July 24, 2023, and referenced in the Amended Complaint. (*See* Am. Compl., Dkt. 27 at ¶ 66.)

**Request No. 37:**    All Versions of the Reconsideration Spreadsheet that were made publicly available, from July 24, 2023, to the present.

**Request No. 38:**    All Communications with any other school district in the State of Florida, including any school board or individual school board member, concerning the Restricted or Removed Books.

**Request No. 39:**    All Communications with any other school district in the State of Florida, including any school board or individual school board member, concerning any procedures, including any Policies or Practices, for adjudicating Book Challenges.

**Request No. 40:**    All Communications with any other school district in the State of Florida, including any school board or individual school board member, concerning the School Board's process for evaluating Book Challenges, including (a) the duties of the School Board members, (b) the factors the School Board must consider in adjudicating Book Challenges, and (c) any requirements for written explanation of the School Board's decisions.

**Request No. 41:**    All Communications with any other school district in the State of Florida, including any school board or individual school board member, concerning HB 1069, HB 7, or HB 1557, and their application to Book Challenges, Book Restrictions, Book Removals, or the Restricted or Removed Books, including those statutes' interpretation or implementation by You or the School District with respect to school libraries.

**Request No. 42:**    All Communications with any other school district in the State of Florida, including any school board or individual school board member, concerning HB 1069, including but not limited to Documents and Communications relating to the implementation or interpretation thereof with respect to school libraries, or any proposed changes or amendments thereto.

**Request No. 43:**    All Communications with any school district in the State of Florida, including any school board or individual school board member, concerning the removal or discontinuation of any Reading Material pursuant to

section 6 of HB 1069 (amending section 1006.28(2)(a)(2), Florida Statutes) with

respect to school libraries.

**Request No. 44:**    All Communications with any school district in the State

of Florida, including any school board or individual school board member,

concerning the School Board's reporting requirements pursuant to section 6 of HB

1069 (amending section 1006.28(2)(e)(3), Florida Statutes), including but not

limited to a list identifying with respect to school libraries (a) each Reading

Material for which the School District received an objection pursuant to

subparagraph (a)(2); (b) each Reading Material that was removed or discontinued;

and (c) each Reading Material that was not removed or discontinued and the

rationale for not removing or discontinuing the Reading Material.

Dated: June 13, 2024                         Respectfully submitted,

*/s/ Paul J. Safier*

Lynn B. Oberlander (*pro hac vice*)
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: (212) 223-0200
Facsimile: (212) 223-1942

Paul J. Safier (*pro hac vice*)
Facundo Bouzat*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103

12

Telephone: (215) 864-8500
Facsimile: (215) 864-8999

Kirsten Fehlan (*pro hac vice*)
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: (678) 420-3000
Facsimile: (678) 420-9401

Shalini Goel Agarwal (FBN 90843)
Ori Lev (*pro hav vice*)
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: (202) 579-4582
Facsimile: (929) 777-8428

\*Pro hac vice* forthcoming

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 13, 2024, I caused a true and correct copy of the foregoing Plaintiffs' Second Set of Requests for Production of Documents to Defendant Escambia County School Board to be served on counsel of record for all parties via e-mail.

Dated: June 13, 2024         */s/ Paul J. Safier*
                                     Paul J. Safier

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| PEN AMERICAN CENTER, INC., et al., <br><br>     Plaintiffs, <br><br> vs. <br><br> ESCAMBIA COUNTY SCHOOL BOARD, <br><br>     Defendant. | CASE NO.: 3:23-CV-10385-TKW-ZCB |

## PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ESCAMBIA COUNTY SCHOOL BOARD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs PEN American Center, Inc., Sarah Brannen, Benjamin Glass, George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski, Penguin Random House LLC, Sean Parker, Ashley Hope Pérez, and Christopher Scott Satterwhite, by and through their attorneys, hereby request that Defendant produce documents and things in response to the following Requests, in accordance with the following Definitions and Instructions. Written responses under oath are due within thirty (30) days of service of these Requests.

Unless otherwise agreed, production is to be made electronically or, for hard copy documents, at the law office of Ballard Spahr LLP, 1675 Broadway, 19th Floor, New York, NY 10019, within thirty (30) days of service.

## DEFINITIONS

The following definitions shall apply to each of the Requests set forth below.

1.    "You" or "Your" means the party responding to this Request; any of the party's officers, agents, assigns, employees, insurers, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on the party's behalf, except for legal counsel.

2.    "Defendant" means the Escambia County School Board.

3.    "School Board" means and refers to the five-member governing body of the School District, elected from geographic districts within Escambia County, including both current and former members during the Relevant Time Period.

4.    "School District" means the Escambia County School District.

5.    Unless specifically and individually identified, "Plaintiff" or "Plaintiffs" refers to all of the Plaintiffs in this action.

6.    "Amended Complaint" means the Amended Complaint Plaintiffs filed in this action.

7.    "Communicate" or "Communication" means any transmission of Documents or information between Persons or agencies, whether oral, written or

otherwise, active or automated, including but not limited to memoranda, letters, telecopies, facsimiles, e-mails, text messages, voicemails, electronic transmissions, meetings, discussions, conversations, or telephone calls.

8.      "Document" includes but is not limited to the original, drafts and all non-identical versions or copies (whether different from originals by reason of notations made on such copies or otherwise) of all written, electronic or graphic material, however produced or reproduced, in Your possession, custody or control or the possession, custody, or control of Your attorney, including but not limited to writings, forms, memoranda, letters, notes, correspondence, studies, reports, drawings, graphs, charts, records, photographs, sound or mechanical recordings or tapes, telecopies, facsimiles, e-mail, text messages, voicemails, computer printouts, information stored on computer systems, database queries and responses, and other data compilations from which information can be obtained or translated, if necessary through the use of detection devices, into reasonably usable form, in the broadest understanding of the term "Documents" in the Federal Rules of Civil Procedure. Without limiting the term "control," a Document is deemed to be within Your control if You have ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Persons having physical control thereof.

9.     The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not to restrict, the scope of the Request.

10.     "Person" or "Persons" includes a natural person, individual, corporation, proprietorship, partnership, association, agency (including government agencies), or any other entity.

11.     "Baggett" means Vicki Baggett, the Northview High School language arts teacher identified in Plaintiffs' Amended Complaint.

12.     "Reading Material" means text-based or image-based content, including but not limited to books, published or produced in any printed, electronic, or digital format.

13.     "Book Challenge" means and refers to any challenge or petition submitted by any Person with the aim of removing or restricting access to any Reading Material in any School District library, including, but not limited to, submitting the School District's "Request for Reconsideration of Educational Media" form.

4

14.    "Book Restriction" means and refers to any actions undertaken by the School District, including by You, to restrict access (short of complete removal) to any Reading Material in any School District library, permanently or temporarily, at any time during the Relevant Time Period.

15.    "Book Removal" means and refers to any actions undertaken by the School District, including by You, to remove (or completely bar access to) any Reading Material from any School District library, permanently or temporarily, at any time during the Relevant Time Period.

16.    "Restricted or Removed Books" includes any individual book title or combination of book titles from the list of book titles located in the spreadsheet titled "PEN et al. v. Escambia County School Board – Restricted and Removed Books DMFIRM_411297846(1).XLSX," provided as an attachment to an email dated February 16, 2024, and sent to counsel for Defendant via email.

17.    "HB 1069" means the act of the Florida legislature numbered House Bill 1069, as enacted on May 17, 2023 and collected at Florida Laws Ch. 2023-105.

18.    "HB 1557" means the act of the Florida legislature numbered House Bill 1557, as enacted on March 28, 2022 and collected at Florida Laws Ch. 2022-22.

19.    "HB 7" means the act of the Florida legislature numbered House Bill 7, as enacted on April 22, 2022 and collected at Florida Laws Ch. 2022-72.

20.     "Moms for Liberty" means the organization of that name identified and described in Plaintiffs' Amended Complaint, including any local chapter thereof, wherever located.

21.     "Policy or Practice" includes any official or unofficial policy, practice, procedure, protocol, or custom, whether mandatory or discretionary, formal or informal, written or unwritten.

22.     The "Relevant Time Period" for each Request is May 23, 2022, through the present unless otherwise stated in an individual Request.

## INSTRUCTIONS

1.     These Requests are intended to elicit as much information as possible concerning the issues, and to the extent any Request could be interpreted in more than one way, You should employ the interpretation of the Request most likely to encompass and elicit the greatest amount of information possible.

2.     You shall produce such documents as kept in the ordinary course, *see* Fed. R. Civ. P. 34, and without any rearrangement. In addition, You should provide the documents in such a way that they can be correlated to the request or requests to which the documents are responsive, and identify the Bates number for all such documents in Your response.

3.     You shall produce all responsive documents and things that are in Your possession or control, or that of Your agents, employees, representatives, attorneys,

or their associated attorneys, investigators, or any other representatives. Each Request calls not only for all documents known to You and Your agents, employees, representatives, investigators, and attorneys, but also for all documents available by reasonable inquiry and due diligence, including inquiries to other persons.  If You are aware of documents responsive to any Request herein, but do not have possession of them, You should identify each such document, the present custodian's name, address, telephone number, title, and employer, and any other persons who have seen or had possession of such document.

4.     If, despite the exercise of due diligence, You are unable to produce any document requested herein, You should so state and respond to the Request to the extent possible, specifying the reasons for Your inability to answer the remainder, and stating whatever information You have concerning the unanswered portions.

5.     With respect to any document requested herein that You refuse to produce, You should provide the following information:

(a)     Identify the document, including its title or heading, its date, its authors, its addressees or recipients, its subject matter, the individual or source from which You obtained it, and its present location and the identity of the custodian;

(b)     State whether Your objection or refusal is related to the entire document or a portion thereof;

(c)    If Your objection or refusal goes to part of the document, specify the part(s) of the document to which Your objection or refusal is directed;

(d)    Specify the factual basis for Your objection or refusal, if any; and

(e)    Specify the legal grounds for Your objection or refusal, if any.

6.    You are under a continuing obligation to respond to the requests set forth herein. If You subsequently discover additional documents that are responsive hereto, You shall promptly produce such documents to Plaintiffs within fifteen (15) days of such discovery.

## DOCUMENT REQUESTS

**Request No. 45:**    Documents sufficient to show how many students, through their parents, opted, respectively, for "Open Access," "Limited Access," and "No Access" to Reading Material in any School District library at any point during the Relevant Time Period, as well as how many students opted into any of these statuses by default. "Open Access," "Limited Access," and "No Access" refer to the School District's opt-in system for parents to choose the degree of access to library materials for their students, eventually codified as a revised Code 4.06(9)(B) from the School District's Policy Manual, and described by Michelle White in her July 22, 2024 deposition.

**Request No. 46:**    Documents sufficient to show how many students, through their parents, opted into accessing restricted Reading Material in any School District library, separately accounting for those who opted into accessing all Restricted Books and those who opted into accessing particular Restricted Books. Please provide the parent opt-in forms for each.

**Request No. 47:**    All documents relating to Book Challenges predating May 2022 referenced by Michelle White in her deposition on July 22, 2024. These include but are not limited to a Book Challenge to a novel study in the Pensacola High School IB program considered by the Board during Ms. White's time as Media Services Coordinator, a Book Challenge to a book in the Ferry Pass Elementary School library relating to sexual content during Ms. White's employment with the District, and Book Challenges in the District to books in the *Junie B. Jones* book series and the *Captain Underpants* book series, as well as a graphic book relating to rats during Ms. White's employment with the District.

**Request No. 48:**    All library collection development plans for each school in the School District proposed, adopted, or in effect during the Relevant Time Period.

**Request No. 49:**    Any documents or communications from the "high school director" relating to her meeting with Vicki Baggett on or about May 2022, as described by Michelle White in her deposition on July 22, 2024.

**Request No. 50:**    Any documents or communications between Michelle White and (a) the Superintendent, (b) staff in the Superintendent's office, or (c) the School Board relating to the Book Challenge to the Bible and restriction or unrestriction of the Bible during the pendency of the challenge.

**Request No. 51:**    All performance reviews and other documents or communications regarding Tim Smith's performance as Superintendent.

Respectfully submitted,

Dated: July 30, 2024

*/s/ Shalini Goel Agarwal*
Shalini Goel Agarwal (FBN 90843)
Ori Lev (*pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

Lynn B. Oberlander (*pro hac vice*)
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Paul J. Safier (*pro hac vice*)

Facundo Bouzat*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan (*pro hac vice*)
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone:678.420.3000
Facsimile: 678.420.9401

Goldie Fields (*pro hac vice*)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: 424.204.4338
Facsimile: 424.204.4350

*Pro hac vice* forthcoming
*Attorneys for Plaintiffs*

11