UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| PEN AMERICAN CENTER, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ESCAMBIA COUNTY SCHOOL BOARD,<br><br>Defendant. | CASE NO.: 3:23-CV-10385-TKW-ZCB |

NOTICE OF WITHDRAWAL
OF PRELIMINARY INJUNCTION MOTION

Plaintiffs PEN American Center, Inc. and Sean Parker ("Plaintiffs") hereby withdraw their Motion for Preliminary Injunction (the "Motion") (DE 87) because the Motion was based on information that Defendant's opposition papers revealed as inaccurate regarding the nature and scope of Defendant's process for reviewing library books under H.B. 1069 (the "1069 review process").

Defendant has refused to provide discovery regarding the School District's implementation of H.B. 1069 on the grounds, *inter alia*, that "HB 1069 has no applicability to this matter and any discovery related to it is not proportional to the

1

needs of the case."[1] In the course of discussions surrounding Plaintiffs' intent to file the Motion, however, defense counsel provided Plaintiffs with a description of the 1069 review process, explaining that the process involved a school-by-school decision regarding specific books made by the media specialist at each school. Lev Decl. (DE 87-1) ¶ 9.

Based on that information, Plaintiffs filed the Motion on the understanding that the court could provide meaningful relief by directing that the *district*-wide *challenge*-based restriction be lifted for each of the books at issue, while any *school*-level, *1069*-based restrictions would remain. *See* Motion at 25 n.18 ("Those school-by-school reviews affect only the individual schools at which a media specialist has determined to temporarily pull the book from circulation pending review, and do not reflect a District-wide restriction of the books. Injunctive relief directing the Board to remove its District-wide restriction on these books pending the challenge review process would allow the school-by-school process to continue.."), 30-31 (asking for preliminary injunction requiring the Board to "remove any restriction on the seven books at issue imposed as a result of the pending challenge to those books, return those books to circulation at all schools at which they were available at the time they

---

[1] *See, e.g.,* Defendant's Supplemental Response to Plaintiff's First Request for Production; Defendant, Escambia County School Board's Response to Plaintiff's Second Request for Production.

were restricted (unless they are restricted at individual schools due to the ongoing 1069 review process described above, based on independent decisions made by school media [specialists])."[2]

In opposing the Motion, Defendant submitted the Declaration of Bradley Vinson, explaining for the first time that, contrary to the representation of defense counsel, the District's removal of library books from circulation as a result of the 1069 review process applies on a district-wide level. See Vinson Decl. (DE 105-1) ¶¶ 30-32. That is, the seven books subject to the Motion have been removed from all school district libraries as a result of the 1069 review process and will remain restricted pursuant to that process at least until a District Materials Review Committee is convened for each book. *Id.* ¶¶ 39, 43, 49, 54, 59, 65, 70, 75.

In light of this newly discovered information, Plaintiffs recognize that the relief sought in the Motion would not be effective. Rather than waste the court's time and resources addressing a motion premised on inaccurate information, *see* Order Scheduling Preliminary Injunction Hearing (DE 109) at 1 (noting presumed factual dispute as to whether nature of restriction on books at issue makes a difference to

---

[2] Plaintiffs' reliance on the representations of opposing counsel about the 1069 review process was appropriate, as the Court can consider hearsay evidence at the preliminary injunction stage. *See American Civil Liberties Union, Inc. v. Lee*, 546 F. Supp. 3d 1096, 1099 n.1 (N.D. Fla. 2021) (citing *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995)). Nor was discovery about the Board's 1069 review process otherwise available because Defendant refused to produce it.

the relief sought in the Motion), Plaintiffs hereby withdraw the Motion without prejudice to re-asserting it should additional discovery identify a meaningful avenue for redress.[3] Plaintiffs continue to pursue their claims for injunctive and other appropriate relief for the Removed Books and the Targeted Books, both where they have not been subject to restriction based on HB 1069 and, subject to additional discovery regarding Defendant's actions and decisions regarding these books, including further discovery regarding the impact of the 1069 review process on these books, where they have been subject to restriction based on HB 1069 and appropriate relief is available.

Dated: August 7, 2024                    Respectfully submitted,

 /s/ Lynn Oberlander
Lynn B. Oberlander (*pro hac vice*)
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Facundo Bouzat*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan (*pro hac vice*)

---

[3] In withdrawing this Motion, Plaintiffs do not concede that any of the books at issue were challenged based on, or contain, depictions or descriptions of sexual conduct as defined by F.S. 847.001(19).

**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone:678.420.3000
Facsimile: 678.420.9401

Goldie Fields (*pro hac vice*)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: 424.204.4338
Facsimile: 424.204.4350

Shalini Goel Agarwal (FBN 90843)
Ori Lev (*pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

\* *Pro hac vice* forthcoming

*Attorneys for Plaintiff PEN American Center, Inc. and Sean Parker*