UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| PEN AMERICAN CENTER, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ESCAMBIA COUNTY SCHOOL BOARD,<br><br>Defendant. | CASE NO.: 3:23-CV-10385-TKW-ZCB |

**PLAINTIFFS' OPPOSITION TO ESCAMBIA COUNTY SCHOOL BOARD'S MOTION FOR RESTRICTIONS OF ANY BOARD MEMBER DEPOSITIONS**

In its Motion ("Mot."), ECF 108, the Escambia County School Board (the "Board") seeks an order directing that, if Plaintiffs are permitted to depose the individual Board Members, those depositions be limited to 90 minutes each and to addressing only the Board Members' personal motivations for removing or restricting the books at issue.[1] Mot. ¶¶ 10, 19. The Motion should be denied.

As this Court previously observed in denying the Board's first motion for a protective order, "[d]epositions are an important discovery tool, and '[t]he right to

---

[1] In a separate motion, also filed on August 2, the Board asks this Court to bar Plaintiffs from deposing the individual Board Members altogether. ECF 107. That motion should be denied for the reasons set forth in Plaintiffs' opposition, which is being filed contemporaneously with this opposition.

take depositions is a broad one.'" ECF 98 at 3 (quoting *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020)). Here, while Plaintiffs do not anticipate that the depositions of the Board Members will take the full 7 hours allotted under the Rule 31(d)(1), there is no reason why those depositions should be subject to any special restrictions beyond those provided by the Federal Rules of Civil Procedure. None of the Board's arguments to the contrary has any merit.

First, the Board's reliance on the apex doctrine as a basis for imposing limitations on the depositions, *see* Mot. ¶ 20, is unavailing. This Court already held that the apex doctrine has no application to these witnesses, as they not only have relevant first-hand knowledge, but actually personally undertook the specific actions at issue in this lawsuit. ECF 98 at 5-6. Indeed, in each of the cases the Board cites as an example in which a court limited, but did not preclude, a deposition based on the apex doctrine, the extent of the witness' first-hand knowledge was considerably more limited than is the case here. *See Fla. v. United States*, 625 F. Supp. 3d 1242, 1245, 1249 (N.D. Fla. 2022) (cited in Mot. ¶ 20) (limiting deposition of ICE official to 3 hours, where litigation involved challenge to two federal policies and witness had knowledge only as to one aspect of one such policy); *Odom*, 337 F.R.D. at 365-66 (cited in Mot. ¶ 20) (limiting deposition of sheriff to 2 hours where sheriff hired and supervised the officer responsible for the conduct giving rise to lawsuit, but did not engage in such conduct himself); *Apple Inc. v. Corellium, LLC*, 2020 WL

1849404, at *3 (S.D. Fla. Apr. 13, 2020) (cited in Mot. ¶ 20) (limiting deposition of witness to 4 hours under apex doctrine where defendant "met its burden of establishing that [witness] may possess some limited, unique, non-repetitive, first-hand knowledge of the facts at issue in this case").  The apex doctrine provides no grounds to impose any limits here.

Second, the Board's related suggestion that depositions of the Board Members somehow amount to an "end run" around a Rule 30(b)(6) deposition of the Board, *see* Mot. at ¶ 12, is not only absurd on its face, but is simply a rehash of the Board's already-rejected apex doctrine argument, which was centered on the notion that Plaintiffs are required to accept a Rule 30(b)(6) deposition as a substitute for deposing witnesses with first-hand knowledge.  Plaintiffs are entitled to ask Board Members about what they know about the book challenges, removals, and restrictions in Escambia County public school libraries and any other subjects reasonably calculated to lead to the discovery of relevant evidence, even if the Board's Rule 30(b)(6) witness testifies about similar subjects.

Third, that this Court was willing to limit the deposition of J.N. to 90 minutes, *see* Mot. ¶ 21 (citing ECF 100), hardly indicates that the Board Members are entitled to an equivalent accommodation.  Contrary to the Board's characterization, J.N. is not a named Plaintiff, as she is seven years old, and her mother is acting as her guardian and next of friend.  Regardless, the basis for limiting the length of her

deposition was that she is a literal "young child." ECF 100 at 7. The other, related, accommodation was to permit her to have a parent present during her deposition. *Id.* at 8-9. The Board has wisely refrained from asking for that second accommodation here. There is, likewise, no reason to give the Board Members the other accommodation granted to J.N. on account of her age.

In short, the Board Members are the central witnesses in this case, and there is no reason why their depositions should be subject to any special rules. If, during any of the Board Member depositions, the Board's counsel becomes concerned that the deposition has veered into harassing territory—which, to be clear, *there is absolutely no reason to think will happen*—the Board's counsel is welcome to seek court intervention then. But, unless and until that happens, the depositions should go forward under the normal rules just like any deposition of any critical witness in any other case.

## CONCLUSION

For the reasons set forth above, the Court should deny the Board's Motion for Restrictions on Any Board Member Depositions.

## RULE 7.1(F) CERTIFICATION

Plaintiffs hereby certify that this opposition contains 853 words.

| | |
|---|---|
| Date: August 16, 2024 | /s/ *Paul J. Safier* <br> Paul J. Safier (*pro hac vice*) <br> Facundo Bouzat* <br> **BALLARD SPAHR LLP** <br> 1735 Market Street, 51st Floor <br> Philadelphia, PA 19103 <br> Telephone: 215.864.8500 <br> Facsimile: 214.864.8999 <br><br> Lynn B. Oberlander (*pro hac vice*) <br> **BALLARD SPAHR LLP** <br> 1675 Broadway, 19th Floor <br> New York, NY 10019-5820 <br> Telephone: 212.223.0200 <br> Facsimile: 213.223.1942 <br><br> Kirsten Fehlan (*pro hac vice*) <br> **BALLARD SPAHR LLP** <br> 999 Peachtree Street, Suite 1600 <br> Atlanta, GA 30309 <br> Telephone: 678.420.3000 <br> Facsimile: 678.420.9401 <br><br> Goldie Fields (*pro hac vice*) <br> **BALLARD SPAHR LLP** <br> 2029 Century Park East, Suite 1400 <br> Los Angeles, CA 90067 <br> Telephone: 424.204.4338 <br> Facsimile: 424.204.4350 <br><br> Shalini Goel Agarwal (FBN 90843) <br> Ori Lev (*pro hac vice*) <br> **PROTECT DEMOCRACY PROJECT** <br> 2020 Pennsylvania Ave. NW, Suite 163 <br> Washington, DC 20006 <br> Telephone: 202.579.4582 <br> Facsimile: 939.777.8428 <br><br> **Pro hac vice* forthcoming <br> *Attorneys for Plaintiffs* |

5