# Exhibit 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, LINDSAY DURTSCHI, on behalf of herself and her minor children, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, ERICA ROY, on behalf of herself and her minor children, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

    Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

    Defendant.

CASE NO.: 3:23-CV-10385-TKW-ZCB

_____/

## DEFENDANT, ESCAMBIA COUNTY SCHOOL BOARD'S NOTICE OF TAKING REMOTE DEPOSITION OF CORPORATE REPRESENTATIVE OF **PLAINTIFF, PEN AMERICAN CENTER, INC.**

YOU WILL PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), the undersigned attorneys for Defendant, Escambia County School Board ("Defendant" or "Board"), will take the deposition of the corporate representative(s) of PEN American Center, Inc. ("PEN"), at the time and place indicated below, or such other date and time as the parties may mutually agree, upon oral examination and stenographic means before **Elaine Richbourg**, or any other Notary Public authorized by law to take depositions.

| NAME: | **Corporate Representative of Plaintiff, Pen American Center, Inc.** |
|---|---|
| DATE: | **Thursday, August 1, 2024, and Friday, August 2, 2024** |
| TIME: | **10:00 a.m. ET / 9:00 a.m. CT** |
| LOCATION: | **Remote connection information to be provided by court reporter** |

This deposition is being taken for the purpose of discovery, for use as evidence and for such other uses and purposes as are permitted under the Federal Rules of Civil Procedure and other applicable law. This deposition will continue from day to day until completed and may occur over several days if more than one person is necessary or designated to provide the information requested.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are requested to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf regarding the following topics:

1. The factual bases for the allegations asserted by PEN in the Amended Complaint.

2. The organizational and management structure of PEN.

3. Members of PEN from January 1, 2022 to the present.

4. The books for which PEN claims to have standing to sue in this lawsuit.

5. For each book identified in response to Topic No. 4, the asserted basis for standing, including (1) whether the basis for standing is organizational or associational and (a) if associational, the PEN member on whose behalf PEN asserts this right, or (b) if organizational, the "significant financial resources and time" PEN had to reallocate from other priorities to address the removal and restriction of books in *Escambia County* specifically.

6. For each book identified in response to Topic No. 4, for which PEN claims associational standing, all communications with the author of that book regarding book removals and/or restrictions in Escambia County and/or this lawsuit.

7. For each book identified in response to Topic No. 4, a listing of all public school libraries where that book is currently available.

8. For each book identified in response to Topic No. 4, a listing of all public libraries where that book is currently available.

9. For each book identified in response to Topic No. 4, a listing of the total number of copies of each of the books sold in the years 2021, 2022, 2023, and 2024.

10. For each book identified in response to Topic No. 4, the basis for the allegation that each book was removed and/or restricted based on viewpoint

3

discrimination, including the viewpoint that was purportedly discriminated against.

11. For each book identified in response to Topic No. 4, the basis for the allegation that each book was removed and/or restricted based on political or ideological disagreement with the ideas expressed in the book.

12. For each book identified in response to Topic No. 4, the basis for the allegation that "[n]one of the books at issue" qualify as harmful material under section 847.012, Florida Statutes. *See* Amended Complaint, ¶ 75.

13. For each book identified in response to Topic No. 4, the basis for the allegation that Defendant has been using section 847.012 "as a pretext to restrict access to books that address other topics it finds objectionable", *see* Amended Complaint, ¶ 76, including the topic(s) PEN contends the Defendant finds objectionable and which is the true basis for the removal and/or restriction of the book.

14. Communications between any member, employee, or agent of PEN with any member of the Board or employees of the Board related to any book removal and/or restriction.

15. Information on the "full-time staff" referenced in Paragraph 196 of the Amended Complaint, including (a) the name of the staff member, (b) the date each staff member as identified in subpart (a) first started working for PEN, (c) a description of the work performed by each staff member identified in subpart (a) as

4

it relates to the issues in this case specific to Escambia County, and (d) the monetary and non-monetary compensation provided to each staff member identified in subpart (a) for their work identified in Paragraph 196 of the Amended Complaint.

16. Information on the "personnel" referenced in Paragraph 196 of the Amended Complaint, including (a) the name of each personnel member that is no longer "dedicated to free speech education for youth or to free speech issues on college campuses" because of the "book removals" in Escambia County, (b) the date each personnel member as identified in subpart (a) first started working for PEN, (c) a description of the work performed by each personnel member identified in subpart (a) as it relates to the issues in this case specific to Escambia County, and (d) a description of the work each personnel member identified in subpart (a) used to perform for PEN before having to "focus on book removals" in Escambia County.

17. Any other information on the "other priorities" referenced in Paragraph 196 of the Amended Complaint not covered by Topic Nos. 15 and 16 that supports PEN's organizational standing, including (a) what those "other priorities" were, specific to Escambia County, (b) the specific amount of "significant financial resources" PEN has been forced to "reallocate" to address "efforts in Escambia County" to "remove books," (c) the specific amount of time PEN has been forced PEN has been forced to "reallocate" to address "efforts in Escambia County" to "remove books," (d) what geographic locations are included in the reference

5

"elsewhere" in Paragraph 196 of the Amended Complaint, and (e) how the amounts identified in subparts (b) and (c), specific to Escambia County, compare to the amounts as relates to PEN's reallocation of efforts "elsewhere to remove books."

18. PEN's responses to Defendant's First Request for Production

19. PEN's responses to Defendant's First Set of Interrogatories.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by e-mail to Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org, scott.welder@protectdemocracy.org; Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at john.langford@protectdemocracy.org; Lynn B. Oberlander at oberlanderl@ballardspahr.com; Paul J. Safier at safierp@ballardspahr.com, relyear@ballardspahr.com, tranp@ballardspahr.com; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com (Counsel for Plaintiffs); Rachel Elise Fugate at rfugate@shullmanfugate.com, aalbright@shullmanfugate.com, kbrown@shullmanfugate.com (Counsel for Defendant Calvert, et al.); Clarence William Phillips at cphillips@cov.com; Jayni Foley Hein at jhein@cov.com; Nicholas Eli Baer at nbaer@cov.com; and Robert C. Buschel at buschel@bglaw-pa.com, BG.J6R6@case.tinygnomes.com (Counsel for Defendants Florida State Conference NAACP and Equality Florida Action, Inc.); and Bridget K. O'Hickey at

6

bridget.ohickey@myfloridalegal.com; Henry C. Whitaker at henry.whitaker@myfloridalegal.com, jenna.hodges@myfloridalegal.com; Daniel W. Bell at daniel.bell@myfloridalegal.com and David M. Costello at david.costello@myfloridalegal.com (Counsel State of Florida, amicus curiae), this 14th day of June, 2024.

                                                s/ Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783

and

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Attorneys for Defendants

cc: Elaine Richbourg (850) 712-0984