UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

  Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

  Defendant.
_____/

CASE NO.: 3:23-CV-10385-TKW-ZCB

**PARTIES' JOINT MOTION
TO FILE UNDER SEAL DISPUTED DOCUMENT**

Plaintiffs and Defendant ("the Parties"), pursuant to Local Rule 5.5, hereby file this Joint Motion to File Under Seal Disputed Document, in relation to Defendant Escambia County School Board's ("Board") Motion for Order Permitting Defendant to Retain and Use Inadvertently Disclosed Information, [D.E. 110

("Motion to Retain")], and the hearing set by the Court on, inter alia, the Board's Motion to Retain, [D.E. 115], and in support states:

1. On August 8, 2024, the Board filed its Motion to Retain, asking the Court to permit the Board, pursuant to the Confidentiality Order previously entered in this case, [D.E. 79], to retain and use a document (the "Disputed Document") that was disclosed by Plaintiffs to the Board during the Federal Rule of Civil Procedure 30(b)(6) deposition of the corporate representative of Plaintiff PEN American Center, Inc. ("PEN"). [D.E. 110].

2. Namely, the Board argued that Plaintiffs had waived any privilege or protection of the Disputed Document because PEN's corporate representative relied on it in preparing for her deposition and brought it to her deposition, and that by voluntarily disclosing the Disputed Document, Plaintiffs had waived any privilege concerning the Disputed Document. *See generally id.*

3. Plaintiffs responded in opposition on August 21, 2024. [D.E. 116 ("Response")]. Plaintiffs' Response argued the Board's Motion to Retain should be denied because, inter alia, the Disputed Document contained attorney work product privileged information and the Board had failed to show substantial need or undue hardship, nor was the Board entitled to Plaintiffs' work product under the Confidentiality Order or the Federal Rules of Evidence, and that Plaintiffs had not waived any privilege in the Disputed Document. *See generally id.*

4.      The Court set a hearing on the Board's Motion to Retain for September 12, 2024.[1] [D.E. 115].

5.      Accordingly, and to aid the Court in its adjudication of the Board's Motion to Retain, the Parties file this joint motion to file the Disputed Document under seal, in advance of the hearing.

6.      Local Rule 5.5(C) generally requires a party seeking to file a document under seal to move in advance for leave to file the document under seal. N.D. Fla. Loc. R. 5.5(C).

7.      Good cause is required to seal any portion of a court record. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). This inquiry requires balancing "the asserted right of access against the other party's interest in keeping the information confidential." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). This requires looking at "the nature and character of the information in question." *Id.*

8.      Here, good cause exists to permit the filing of the Disputed Document under seal in advance of the hearing on the Board's Motion to Retain. Among other

---

[1] Although the hearing was initially only set for the Board's renewed motion for protective order, [D.E. 107], and motion for restrictions for depositions, [D.E. 108], the parties were informed by Judge Bolitho's courtroom deputy on August 23, 2024, that Judge Bolitho asked that the parties be prepared to discuss the Motion to Retain in addition to the other two motions filed by the Board.

issues, the importance of the Disputed Document is in dispute, as the Board contends it is highly probative and relevant to the issues of PEN's standing, *vel non*, whereas Plaintiffs argue the Disputed Document contains privileged attorney work product information and that such information is not relevant to the issue of standing. Given the threshold nature of standing and the other arguments as to the Disputed Document's import and content, good cause exists for the Disputed Document to be submitted to the Court.

9. However, given Plaintiffs' claims of privilege and inadvertent disclosure, and under the terms of the Confidentiality Order, [D.E. 79], the Disputed Document cannot be filed or otherwise used until the Court passes judgment on the Board's Motion to Retain. As such, the only means by which the Parties can submit the Disputed Document to the Court for its review in advance of the hearing is for it to be filed under seal.

10. As such, the Court should find good cause exists here and permit the Parties to file the Disputed Document under seal, in advance of the hearing.

11. The Parties' counsel have conferred as to the relief requested herein. The Parties jointly agree to the provision of the Disputed Document to the Court under seal.

**WHEREFORE**, Plaintiffs and Defendant, jointly, request an order from this Court permitting them to file the Disputed Document under seal in advance of the hearing on the Board's Motion to Retain, and for any other relief this Court deems just and equitable.

## CERTIFICATE IN ACCORDANCE WITH LOCAL RULE 7.1(B)

Undersigned counsel certifies that they have conferred with each other via email on August 27, 2024, and September 3 and 4, 2024, and that they jointly agree to the relief requested herein.

## CERTIFICATE OF WORD COUNT

This Motion complies with the word count limitation set forth in Local Rule 7.1(F) because it contains 821 words, excluding the parts exempted by said Local Rule.

Respectfully submitted,

| | |
|---|---|
| /s Lynn Oberlander | /s Jeffrey J. Grosholz |
| Lynn B. Oberlander (*pro hac vice*) | JEFFREY J. GROSHOLZ |
| **Ballard Spahr LLP** | Florida Bar No.: 1018568 |
| Email: oberlanderl@ballardspahr.com | E-mail: jgrosholz@rumberger.com |
| 1675 Broadway, 19th Floor | RUMBERGER, KIRK & CALDWELL |
| New York, NY 10019-5820 | 101 North Monroe Street, Suite 1050 |
| Telephone: 212.223.0200 | Tallahassee, Florida 32301 |
| Facsimile: 212.223.1942 | Tel: 850.222.6550 |
| | Fax: 850.222.8783 |
| Attorneys for Plaintiffs | Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at john.langford@protectdemocracy.org; Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com; Ori Lev at ori.lev@protectdemocracy.org; Goldie Fields at fieldsg@ballardspahr.com; and Facundo Bouzat at bouzatf@ballardspahr.com (Counsel for Plaintiffs).

/s Jeffrey J. Grosholz
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050

Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783
and

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Attorneys for Defendant

19664788.v1