UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| PEN AMERICAN CENTER, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ESCAMBIA COUNTY SCHOOL BOARD,<br><br>Defendant. | CASE NO.:<br>3:23-CV-10385-TKW-ZCB |

### DECLARATION OF SHALINI GOEL AGARWAL IN SUPPORT OF MOTIONS TO AMEND COMPLAINT AND DISMISS CLAIMS OF PLAINTIFFS BRANNEN AND LEVITHAN

I, Shalini Goel Agarwal, declare as follows:

1. I am over the age of 18 and have personal knowledge of the facts in this declaration.

2. Attached as Exhibit 1 is a true and correct copy of Plaintiffs' First Set of Interrogatories, served on Defendant on October 16, 2023.

3. Attached as Exhibit 2 is a true and correct copy of Plaintiffs' First Set of Requests for Production, served on Defendant on October 16, 2023.

4. Attached as Exhibit 3 is a true and correct copy of Defendant's Response to Plaintiffs' First Interrogatories, served on Plaintiffs on December 12, 2023.

5. Attached as Exhibit 4 is a true and correct copy of Defendant's Response to Plaintiffs' First Request for Production, served on Plaintiffs on December 12, 2023.

6. The parties met on January 25, 2024, after a hearing on Defendant's motion to dismiss earlier that month and this Court's order denying the motion. During the meeting, the parties discussed the impact of the order on discovery. The parties had a subsequent series of meet and confer discussions on February 7, 8, and 13, in which Defendant articulated its refusal to produce discovery relating to HB 1069 apart from information or documents relating to particular restricted books.

7. Attached as Exhibit 5 is a true and correct copy of Defendant's Supplemental Response to Plaintiffs' First Request for Production, served on Plaintiffs on March 15, 2024.

8. Attached as Exhibit 6 is a true and correct copy of Plaintiffs' Second Set of Requests for Production, served on Defendant on June 13, 2024.

9. Attached as Exhibit 7 is a true and correct copy of Defendant's Response to Plaintiffs' Second Request for Production, served on Plaintiffs on July 15, 2024.

10. Attached as Exhibit 8 is a true and correct copy of Defendant's First Request for Admissions to Plaintiff PEN American Center, Inc., served on Plaintiffs on September 6, 2024.

11. Attached as Exhibit 9 is a true and correct copy of Defendant's First Request for Admissions to Plaintiff Penguin Random House, LLC, served on Plaintiffs on September 6, 2024.

12. Attached as Exhibit 10 are true and correct copies of the deposition transcript of Bradley Vinson, testifying as the 30(b)(6) representative of the School Board on August 22-23, 2024. This is a draft version of the transcript, as the parties have not yet agreed on a finalized version of the errata sheet submitted by Defendant. HB 1069 is mentioned over 300 times throughout the transcript, and at the deposition, Defendant's counsel raised no objections as to scope in response to any questions regarding implementation of the law in the Escambia County School District.

13. Plaintiffs began work on a proposed Second Amended Complaint the next business day after Vinson's 30(b)(6) deposition, after understanding the extent of the Board's delay and the absence of a timeline or concrete plan to decide the status of books restricted based on the Board's interpretation of HB 1069.

14. Attached as Exhibit 11 is a true and correct copy of an email chain from Defendant's counsel Nicole Smith to Plaintiffs' counsel Ori Lev on May 24, 2024 that includes in multicolored text much of the back-and-forth between counsel for the parties regarding disputed discovery issues. The parties disagreed about whether Defendant's counsel needed to search the personal communications of School Board Members at all based on the representation they use only their county email addresses for School Board business. Once Plaintiffs' counsel identified several communications from School Board Members outside of these official channels, Defendant's counsel agreed to search for emails, texts, and social media messages from School Board Members, the Superintendent, and the Coordinator of Media Services, including those on their personal devices/accounts.

15. Attached as Exhibit 12 is a true and correct copy of an email from Defendant's counsel Nicole Smith to Plaintiffs' counsel Lynn Oberlander on August 12, 2024 identifying the two text message threads from School Board Members produced by Defendant in response to Plaintiffs' discovery requests.

16. Attached as Exhibit 13 is a true and correct copy of the text messages produced by third party witness Dr. Tim Smith on August 13, 2024, Bates-numbered T. Smith 000004-000010, including three text message threads involving School Board Members that are responsive to Plaintiffs' discovery requests but were not produced by Defendant.

17. Attached as Exhibit 14 is a true and correct copy of a deficiency letter sent by Plaintiffs to Defendant on January 29, 2024, detailing deficiencies in Defendant's discovery responses, including the failure to produce documents and information in response to discovery requests relating to HB 1069.

18. Attached as Exhibit 15 is a true and correct copy of a deficiency letter sent by Plaintiffs to Defendant on August 29, 2024, detailing deficiencies in Defendant's discovery responses, include both the failure to produce documents and information in response to discovery requests relating to HB 1069 and the failure to produce responsive personal communications of School Board Members.

19. Attached as Exhibit 16 is a true and correct copy of Plaintiffs' Revised Notice of Rule 30(b)(6) deposition of the Escambia County School Board, which was served on defense counsel on July 3, 2024.

20. Attached as Exhibit 17 is a true and correct copy of Defendant's responses and objections to Plaintiffs' notice of Rule 30(b)(6) deposition, which was served on Plaintiffs on July 16, 2024.

21. After Plaintiffs' counsel reached out to Defendants' counsel about meeting and conferring as to a number of outstanding issues on September 25, 2024, Defendants' counsel responded that they would not be able to meet until the following week due to an impending hurricane. Counsel for the parties met on October 1, 2024 and discussed outstanding discovery disputes relating to Defendant's failure to produce discovery relating to HB 1069 and the personal communications of School Board Members, as well as Plaintiffs' proposed amended complaint, among other issues.

22. At that meeting, for the first time, Defendant's counsel proffered that, while Defendant maintained its asserted objections to Plaintiffs' discovery requests, as a compromise, they would search the emails already collected from agreed custodians for the terms "1069," "1557," and "HB 7."

23. After considering the proposal of Defendants' counsel on how they would address discovery deficiencies, later that day, Plaintiffs' counsel Ori Lev sent an email to Defendant's counsel Nicole Smith noting that Plaintiffs' counsel wanted to take a few days to see if the parties could agree on a reasonable discovery proposal. To protect their rights, Plaintiffs sought confirmation that Defendant would not object if Plaintiffs filed a motion to compel discovery before October 26 (which is 30 days from the close of all discovery). Attached as Exhibit 18 is a true and correct copy of this October 1, 2024 email.

24. Attached as Exhibit 19 is a true and correct copy of an email from Defendant's counsel Nicole Smith to Plaintiffs' counsel Ori Lev on October 1, 2024, agreeing not to object to the timing of a motion to compel discovery filed by October 26.

25. Attached as Exhibit 20 is a true and correct copy of an email from Defendant's counsel Nicole Smith to the undersigned on October 3, 2024, stating that they oppose the proposal from Plaintiffs' counsel to amend the complaint both because they do not believe this is a separate cause of action and because they are entitled to additional discovery. Defendant's counsel also expressed their opposition to a dismissal without prejudice of the claims of author Plaintiffs whose books have been un-restricted unless litigation costs are imposed on Plaintiffs.

26. Attached as Exhibit 21 is a true and correct copy of an email from the undersigned to Defendant's counsel Nicole Smith on October 4, 2024, asking again about whether Defendant would search for HB 1069-related documents and disagreeing with any suggestion that Plaintiffs Brannen and Levithan be asked to pay Defendants' costs, given that they prevailed in having the Board return their books to school library shelves but recognizing that their books are still under challenge.  In light of this, Plaintiffs counsel asked Defendant's counsel to reconsider their position on opposing dismissal without prejudice without costs.  Plaintiffs sought a response on both questions that morning.

27. Attached as Exhibit 22 is a true and correct copy of an email from Defendant's counsel Nicole Smith to the undersigned on October 4, 2024, confirming that Defendant would search for communications relating to HB 1069 and the other relevant statutes and disputing that Brannen and Levithan prevailed or and opposing their dismissal without prejudice.

28. Attached as Exhibit 23 is a true and correct copy of an email from the undersigned to Defendant's counsel Nicole Smith offering to stipulate that Plaintiffs Brannen and Levithan would not file new claims regarding past restrictions on their books imposed by the Board, but making clear that they reserved their rights to bring claims as to any future restriction or removal of their books from school library shelves resulting from the Board's resolution of the current challenges to their books.

29. Attached as Exhibit 24 is a true and correct copy of the deposition transcript of Michelle White on July 22, 2024.  This is a draft version of the transcript, as Ms. White's counsel is still reviewing the transcript for potential errata.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 4, 2024.

                                      */s/ Shalini Goel Agarwal*
                                      Shalini Goel Agarwal