UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| PEN AMERICAN CENTER, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ESCAMBIA COUNTY SCHOOL BOARD,<br><br>Defendant. | CASE NO.:<br>3:23-CV-10385-TKW-ZCB |

MOTION FOR DISMISSAL
BY SARAH BRANNEN AND DAVID LEVITHAN

Pursuant to Rule 41(a)(2), Plaintiffs Sarah Brannen and David Levithan hereby move to voluntarily dismiss their claims in this matter without prejudice. Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The district court has broad discretion in this determination, and "[i]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256-59 (11th Cir. 2001) (finding no abuse of discretion in dismissal without prejudice even after motion for summary judgment

had been filed by the defendant and where the plaintiff's counsel had not acted in bad faith).

Here, Plaintiffs Brannen and Levithan seek to dismiss their claims in this case because their books, *Uncle Bobby's Wedding* and *Two Boys Kissing*, which had previously been restricted by the School Board from Escambia County Public School libraries have now been returned to the shelves.[1] While these two books were returned to the shelves in April, it was not until the corporate deposition of the School Board in late August that Plaintiffs learned the books were un-restricted as part of a review of challenged books, and that the School Board is currently only restricting those challenged books it believes may contain depictions or descriptions of sexual conduct under HB 1069. Vinson Depo. Tr. at 37:4-14, 110:1-111:5 (Declaration of Shalini Agarwal ("Agarwal Decl."), Exh. 10). Until the Board conducted this review of challenged books under HB 1069, the Board's process for restricting and un-restricting books had no clear rhyme or reason, *see id.* at 272:13-273:5, and it was not clear whether the books might be re-restricted

---

[1] Rule 41(a) applies to dismissal of "actions." However, "all of a plaintiff's claims in a multiplaintiff suit against a defendant can … be considered 'an action' under Rule 41(a)." *Dorn v. Vivint, Inc.*, __ F. Supp. 3d __, 2024 WL 709207, at *2 (M.D. Ala. Feb. 21, 2024) (discussing Eleventh Circuit caselaw). Alternatively, Plaintiffs Brannen and Levithan seek unopposed dismissal under Rule 21. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

pending completion of the review of the challenge.[2] At this time, in light of this new information, Brannen and Levithan are comfortable dismissing their claims pending the continuation of the challenge review process.

However, because both books are still subject to a pending challenge that the Board has yet to resolve, there is a chance that these books will again be taken off the shelves whenever that process concludes (or if the Board again changes its practices). Consequently, Plaintiffs Brannen and Levithan are seeking a dismissal without prejudice to re-filing a claim in the event that their books are again restricted or even removed.

The School Board has refused to stipulate to a dismissal without prejudice unless costs are imposed. *See* Oct. 3, 2024 Email from N. Smith to S. Agarwal (Agarwal Decl., Exh. 20); Oct. 4, 2024 Email from N. Smith to S. Agarwal (Agarwal Decl., Exh. 22). Plaintiffs vigorously oppose any suggestion they should pay Defendant's costs; Plaintiffs Brannen and Levithan are prevailing parties who achieved the relief they sought by filing this litigation: having their books returned to the shelves. Plaintiffs are nonetheless willing to dismiss claims as to *past*

---

[2] The School Board's practice of restricting challenged books has changed over time, from no challenged books being restricted, to all challenged books being restricted, to some challenged books being restricted if they expressed certain viewpoints (including if they were deemed subject to HB 1557), to only those challenged books that "may" contain depictions or descriptions of sexual conduct as defined by Florida law being restricted.  *See* Deposition of Michelle White at 66:17-67:9, 68:16-71:10, 72:5-73:11 (Agarwal Decl., Exh. 24).

restrictions of their books by the Board and even stipulate not to bring further claims as to these past restrictions; they merely wish to preserve their ability to bring claims as to any *future* restrictions or removals of these books by the Board (whether or not they arise from existing challenges) in order to streamline this case. *See* Oct. 4, 2024 Emails from S. Agarwal to N. Smith (Agarwal Decl., Exhs. 21, 23). Accordingly, Plaintiffs Brannen and Levithan move the Court to enter an Order dismissing their claims in this matter without prejudice.

## **RULE 7.1(B) CERTIFICATION**

Plaintiffs hereby certify that their counsel attempted in good faith to resolve the issues underlying this Motion with counsel for Defendant before filing this Motion. The undersigned met with Defendant's counsel (Nicole Smith and Samantha Duke) by teleconference on October 1, 2024, and corresponded subsequently by email about the dismissal on October 3 and 4, 2024.

## **RULE 7.1(F) CERTIFICATION**

Plaintiffs hereby certify that this Motion contains 838 words, excluding those portions that do not count toward the word limit.

Dated: October 4, 2024　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/* Shalini Goel Agarwal
　　　　　　　　　　　　　　　　　　Shalini Goel Agarwal (FBN 90843)
　　　　　　　　　　　　　　　　　　Ori Lev*
　　　　　　　　　　　　　　　　　　**Protect Democracy Project**
　　　　　　　　　　　　　　　　　　2020 Pennsylvania Ave. NW, Suite 163
　　　　　　　　　　　　　　　　　　Washington, DC 20006

Telephone: 202.579.4582
Facsimile: 929.777.8428

Lynn B. Oberlander*
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Mike Kilgarriff**
**BALLARD SPAHR LLP**
1225 17th Street, Suite 2300
Denver, CO 80202
Telephone: 303.292.2400
Facsimile: 303.296.3956

Matthew G. Kussmaul**
Facundo Bouzat*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan*
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone:678.420.3000
Facsimile: 678.420.9401

Goldie Fields*
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: 424.204.4338
Facsimile: 424.204.4350

*Pro hac vice
**Pro hac vice* forthcoming

*Attorneys for Plaintiffs*

5