UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC., SARAH BRANNEN, BENJAMIN GLASS, on behalf of himself and his minor child, GEORGE M. JOHNSON, DAVID LEVITHAN, KYLE LUKOFF, ANN NOVAKOWSKI, on behalf of herself and her minor child, PENGUIN RANDOM HOUSE LLC, SEAN PARKER, on behalf of himself and his minor child, ASHLEY HOPE PÉREZ, and CHRISTOPHER SCOTT SATTERWHITE, on behalf of himself and his minor child,

    Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL BOARD,

    Defendant.
_____ /

CASE NO.: 3:23-CV-10385-TKW-ZCB

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO <u>AMEND FIRST AMENDED COMPLAINT</u>

Defendant, Escambia County School Board ("Board"), hereby responds in opposition to Plaintiffs' Motion to Amend First Amended Complaint, [D.E. 127 ("Motion")], and states:

## I. INTRODUCTION

This case arises from the Board's alleged decisions to either remove or restrict access to certain books from the libraries in the Escambia County School District ("District"), and Plaintiffs' subsequent challenge to these alleged actions. [D.E. 27]. Specifically, Plaintiffs allege violations of their First Amendment rights based on purported viewpoint discrimination and violation of an alleged right to receive information in public schools based on the Board's alleged actions.[1] *Id.* at ¶¶ 215–30.

Now, at the proverbial eleventh hour, with less than one month until the close of fact discovery and nearly nine months after the deadline to amend the pleadings, Plaintiffs seek to amend their complaint and add a third count. Plaintiffs' request is untimely, would unduly prejudice the Board, and would require reopening discovery and be an imprudent use of judicial resources and economy. Moreover, Plaintiffs cannot show good cause for amendment because the facts they claim underlie their need to amend have been known to them since the virtual inception of this case. Plaintiffs' Motion fails, and should be denied.

## II. BACKGROUND

Plaintiffs first filed this matter on May 17, 2023. [D.E. 1]. On July 1, 2023, House Bill 1069 (2023) ("HB 1069") went into effect, amending section 1006.28,

---

[1] The Court has dismissed Plaintiffs' remaining count. [D.E. 65].

2

Florida Statutes. One effect of HB 1069 was that under section 1006.28(2)(a)2.b.(II), Florida Statutes, any book which depicts or describes sexual conduct as defined in section 847.001(19), Florida Statutes, shall be discontinued for any grade level or age group for which such use is inappropriate or unsuitable. The year prior, House Bill 1467 (2022) ("HB 1467") was passed, requiring that every book made available in a school district library "must be selected by a school district employee who holds a valid educational media specialist certificate." § 1006.28(2)(d)1., Fla. Stat.[2]

Notwithstanding the clear existence of HB 1069—which Plaintiffs openly recognized in the operative pleading—Plaintiffs' Amended Complaint explicitly chose not to challenge HB 1069 or the Board's revised policy enacted to comply with HB 1069. [D.E. 27 at ¶ 69 n.4 ("For now, Plaintiffs are only challenging actions undertaken by the School Board prior to implementation of the new rules/procedures, though they reserve the right to further amend their complaint in response to new developments."), ¶¶ 211–14 & ¶ 214 n.11 ("Depending on how enforcement of the revised School Board Rule 4.06 unfolds, Plaintiffs may seek to further amend the complaint, or otherwise file a challenge to the statute that the rule

---

[2] This factual background was detailed in the Board's Response in Opposition to Plaintiffs' Motion for Preliminary Injunction, filed on July 31, 2024. [D.E. 105 ("PI Response")]. Plaintiffs were therefore on notice before they claim to have been in their Motion. Despite this, and the fact that Plaintiffs' Motion cites the Vinson Declaration that was attached to the Board's PI Response, *see, e.g.*, Motion at 5, 6 (citing [D.E. 105-1]), Plaintiffs claim to only have become aware of the facts underlying their Motion in late August 2024. *Id.* at 8. Even accepting this, it does not explain the subsequent six-week delay in filing their Motion.

3

seeks to codify. In the meantime, their challenge to the removals and restrictions encompassed in the amended complaint remains ripe for review.")]. Despite knowing of HB 1069 and purposely cabining their claims to pre-HB 1069 enforcement—in spite of claims of reservation of rights to amend—Plaintiffs did not amend within the time allowed by the Court's scheduling order.

In addition to openly acknowledging HB 1069's existence and impact in their Amended Complaint, Plaintiffs also recognized at the January 2023 hearing on the Board's Motion to Dismiss that the Board "has now released documents that in addition to the hundred and – they have basically restricted an additional 1600 titles which are not part of our Complaint, *based on [HB] 1069*, since the summer. *None of which we understand have gone through review*." [D.E. 66 at 58:15–58:19 (emphases added)]. And this Court also put Plaintiffs on notice of the alleged ripeness of a claim regarding the purported "restriction purgatory" that Plaintiffs now seek leave to amend over. [D.E. 65 at 8 n.12]. Yet, again, Plaintiffs did not seek leave following the Court's order.

Now, more than fourteen months after expressly conceding to HB 1069's existence and its impact in their Amended Complaint, Plaintiffs now seek to belatedly amend their claims to add a count challenging the Board's processes, procedures, and timeline by which it implements its HB 1069 review. Plaintiffs cannot demonstrate good cause in this respect. Further, amendment would unduly

4

prejudice the Board by delaying this case even further, and be an improper use of judicial resources. Plaintiffs' Motion should be denied.

### III. MEMORANDUM OF LAW

#### A. Plaintiffs Cannot Satisfy Rule 16

Plaintiffs are correct that Federal Rule of Civil Procedure 16 is the first step in any analysis of whether amendment is proper at this stage of litigation. Motion at 12 (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). And as the party seeking amendment, it is Plaintiffs' burden to demonstrate "good cause" to allow modification of the scheduling order and permit a belated amendment. *Sosa*, 133 F.3d at 1418; *Wilson v. Harrell*, 521 F. Supp. 3d 1165, 1168 (N.D. Fla. 2021). Plaintiffs cannot satisfy this burden under Rule 16.

Plaintiffs argue good cause exists to allow belated amendment because it was not "[u]ntil Bradley Vinson's deposition in late August," that they became aware that the Board had purportedly failed to begin processing the status of books restricted under HB 1069. Motion at 13. Setting aside that this does not explain why it took Plaintiffs an additional six weeks to file their Motion, Plaintiffs cannot reasonably claim to have been unaware of the impact HB 1069 had on the Board's policies and review process. Plaintiffs' own pleading demonstrated awareness of HB 1069. Plaintiffs admitted as much during the hearing on the Board's motion to dismiss. And the Court squarely placed them on notice that if Plaintiffs believed

5

books were being placed in "restriction purgatory," that such actions "would be ripe for the Court to determine whether that action violates the First Amendment."[3] [D.E. 65 at 8 n.11].

Plaintiffs' inability to demonstrate good cause can also be seen in their failure to follow up on discovery that they claim would have revealed evidence for their new claim. *See* Motion at 15. Plaintiffs' Motion concedes their discovery was served and responded to well before the amendment deadline. *See id.* Yet, for whatever reason, Plaintiffs declined to move to compel any additional discovery related to HB 1069 after the Board (rightly) refused to produce any discovery on this law.[4]

The Board's refusal was properly grounded in the fact that, by their own choice, Plaintiffs cut off their challenge to the Board's actions prior to the implementation of HB 1069. *See* [D.E. 27 at ¶¶ 69 n.4, 214 & n.11]. Plaintiffs' strategic choice cannot be overlooked, as they now seek to reverse course and expand the scope of this lawsuit far beyond the parameters Plaintiffs themselves set, as the master of their own complaint and allegations. *Caterpillar Inc. v. Williams*,

---

[3] The Board denies any books are in "restriction purgatory," and merely point to the Court's characterization as evidence of why Plaintiffs' request is untimely. That is, Plaintiffs were fully aware that should such circumstances exist, the Court was at least open to considering such a claim. Plaintiffs could have, and should have, sought amendment within the deadline to do so, or at the very least, more than four weeks before the end of fact discovery.

[4] Plaintiffs characterize the Board's objections to discovery as "stonewalling." Motion at 16. Aside from being an incorrect description, if Plaintiffs truly believed the Board's objections were inappropriate or not well-founded, they could, and should, have moved to compel. They did not. Plaintiffs' failure to diligently pursue discovery should not be used to prejudice the Board.

482 U.S. 386, 392 (1987); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913).

At bottom, Plaintiffs could have raised this claim months ago, and did not. Plaintiffs argued to the Court that "1069 clearly does call for a process, a process of evaluation and a process of resolution." [D.E. 66 at 57:05–57:06]. Plaintiffs thus expressed a need for resolution as part of the HB 1069 process. Plaintiffs also recognized that the Board had pulled "an additional 1600 titles" for HB 1069 review, yet allegedly had not completed that review. *Id.* at 58:14–58:21. Plaintiffs therefore also showed they were aware that these books were still awaiting review. If Plaintiffs were dissatisfied with the speed of that review, they could, and should, have sought to amend their claim then. They did not. In the face of this knowledge, Plaintiffs cannot now claim that it was only in late August 2023 that they learned for the first time these books were purportedly not being reviewed quickly enough for Plaintiffs' liking. Plaintiffs' dilatory behavior does not create good cause, and their Motion should be denied.

### B. Plaintiffs Cannot Satisfy Rule 15

Even assuming Plaintiffs can establish good cause—which they cannot—their Motion should still be denied because allowing amendment at this juncture would unduly prejudice the Board and cause an undue burden on judicial resources. As Plaintiffs recognize, fact discovery in this matter ends in less than a month; all

discovery closes on November 26, 2024. Motion at 23. Following this, motions for summary judgment will be prepared which the Court will have to adjudicate, as well as set this case for trial if necessary. [D.E. 54]. Yet, with the finish line in sight, Plaintiffs inexplicably claim that adding an entirely new claim would not slow the progression of this case, would not require reopening discovery, and would not prejudice the Board. This is incorrect.

From a threshold perspective, allowing amendment would create prejudice to the Board by expanding the parameters of this lawsuit from actions taken pre-HB 1069 to include actions taken post-HB 1069. *See* [D.E. 27 at ¶ 69 n.4]. This, on its own, would require additional discovery as the Board's discovery to date has been focused on Plaintiffs' claims as they currently stand, i.e., challenges to actions prior to the implementation of HB 1069.[5] But Plaintiffs' new claim seeks to challenge the processes and procedures by which the Board completes its HB 1069 review for each book, namely the length of time to complete this process. That Plaintiffs themselves "anticipate no additional discovery will be needed to investigate Plaintiffs' delay

---

[5] That the Board has sent requests for admission ("RAs") related to HB 1069 does not obviate this fact: these RAs were instead sent in line with the Court's note that it was "skeptical about the relief that can be granted with respect to the restricted books that were objected to under § 1006.28(2)(a)2.b.(I) or (II)." [D.E. 64 at 8 n.12]. Pursuant to this, the Board's RAs ask the associational Plaintiffs to admit whether or not the restricted books depict or describe sexual conduct, as defined by section 847.001(19), Florida Statutes, because such an admission would mean the books would fall into HB 1069's prohibition on such material, making them unfit for relief based on Plaintiffs' current claims.

8

claim," Motion at 11; *id.* at 24, thus misses the mark. The Board is equally entitled to discovery on this new claim and the new allegations within that claim.

At minimum, for example, the Board would be entitled to discovery on the standing of Plaintiffs to challenge the Board's HB 1069 process and the alleged injuries claimed by Plaintiffs with respect to the Board's HB 1069 process. This would, in turn, require additional Federal Rule of Procedure 30(b)(6) depositions of the associational Plaintiffs' corporate representatives, and additional depositions of the author Plaintiffs and parent Plaintiffs. It would also require coordinating time away from school for the student Plaintiffs to be deposed. Beyond paper discovery and depositions, the specter of motion practice looms, given that both parties have sought protective orders thus far to prevent certain depositions from going forward.[6] Not to mention potential motions to compel based on the additional discovery that would be needed. In short, Plaintiffs' claim that no additional discovery will be required rings hollow given the dramatic widening amendment would cause to the scope of this case.

---

[6] There is no guarantee, for example, that if the Court grants the Board's outstanding Motion for Protective Order to preclude depositions of the Board's members based on legislative privilege, Plaintiffs may nonetheless seek once more to depose the Board's members regarding this new claim. This would almost certainly draw another motion for protective order by the Board, requiring further briefing. Plaintiffs' best representation in their Motion is that they "anticipate" no further discovery will be required. This is insufficient to demonstrate that the Board will not be prejudiced by such an amendment at this late hour.

9

Simply put, it is too late in the game for Plaintiffs to attempt to, in essence, entirely reopen discovery and expand the scope far beyond the parameters they imposed upon themselves. *See CM Ent., Inc. v. Diaz World Trade Grp., Inc.*, No. 22-23189-CV-Gayles/Torres, 2024 WL 3360450, at *20 (S.D. Fla. May 22, 2024) (finding it "too late in the game" to permit proposed amended pleadings and inject new factual allegations); *cf. Martin v. Atl. Coast Line R.R. Co.*, 289 F.2d 414, 416 (5th Cir. 1961) ("It is too late in the game for the appellant to seek new relief and a change in the rules."). The time for seeking leave to amend has passed. The Court should deny Plaintiffs' Motion, so that this lawsuit may come to an end.[7]

### C. Response to Plaintiffs' Request for Oral Argument

The Board does not believe oral argument is necessary and that the Court may adjudicate Plaintiffs' Motion based on the Parties' written submissions. However, if the Court believes oral argument is warranted, the Board will of course make itself available for any such hearing.

**WHEREFORE**, Defendant, Escambia County School Board, requests the Court deny Plaintiffs' Motion to Amend First Amended Complaint, and for any such other relief that this Court deems just and proper.

---

[7] Should the Court permit amendment, the Board will address the lack of merits to Plaintiffs' new claim in either a motion to dismiss or motion for summary judgment. The effect of the recent Supreme Court decision in *Food & Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), likewise does not create good cause to allow amendment as this case and its impact can be adequately addressed via summary judgment.

## CERTIFICATE OF WORD COUNT

I certify that this Memorandum complies with the word count limitation set forth in Local Rule 7.1(F) because this Memorandum contains 2,511 words, excluding the parts exempted by said Local Rule.

Respectfully submitted,

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.:  0010212
E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783

and

SAMANTHA DUKE
Florida Bar No. 0091403
Email:  sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel:  407.872.7300
Fax: 407.841.2133

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at john.langford@protectdemocracy.org; Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com; Ori Lev at ori.lev@protectdemocracy.org; Goldie Fields at fieldsg@ballardspahr.com; Facundo Bouzat at bouzatf@ballardspahr.com; and Michael R. Kilgarriff at kilgarriffm@balladspahr.com (Counsel for Plaintiffs).

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212
E-mail: dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.: 0017056
E-mail: nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.: 1018568
E-mail: jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel: 850.222.6550
Fax: 850.222.8783

and

SAMANTHA DUKE
Florida Bar No. 0091403
Email:  sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel:  407.872.7300
Fax: 407.841.2133

Attorneys for Defendant