UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,
SARAH BRANNEN, BENJAMIN
GLASS, on behalf of himself and his
minor child, GEORGE M.
JOHNSON, DAVID LEVITHAN,
KYLE LUKOFF, ANN
NOVAKOWSKI, on behalf of herself
and her minor child, PENGUIN
RANDOM HOUSE LLC, SEAN
PARKER, on behalf of himself and
his minor child, ASHLEY HOPE
PÉREZ, and CHRISTOPHER
SCOTT SATTERWHITE, on behalf
of himself and his minor child,

    CASE NO.:  3:23-CV-10385-TKW-ZCB

    Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL
BOARD,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO MOTION
FOR DISMISSAL BY SARAH BRANNEN AND DANIEL LEVITHAN**

Defendant, Escambia County School Board ("Board"), hereby responds to Plaintiffs' Motion for Dismissal by Sarah Brannen and David Levithan, [D.E. 128 ("Motion")].

I. **INTRODUCTION**

Plaintiffs ask this Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), to dismiss Plaintiffs Sarah Brannen and David Levithan from this matter without prejudice. The Board does not oppose the dismissal of these Plaintiffs from this suit; however, any dismissal should either be with prejudice or be conditioned on the imposition of costs, pursuant to Rule 41(a)(2)'s mandate that states an action may be voluntarily dismissed "on terms that the court considers proper." Plaintiffs Brannen and Levithan, contrary to Plaintiffs' inexplicable and unsupported claim to the contrary, *see* Motion at 3, are not prevailing parties. They have achieved no decision as to the merits of their claims, and therefore they are entitled to no fees or costs in this matter. The Board, on the other hand, has expended significant litigation costs defending against the claims of Plaintiffs Brannen and Levithan, claims they are apparently willing to abandon at the eleventh hour. Weighing the equities in this matter counsels in favor of imposing litigation costs on any dismissal of these Plaintiffs.

II. **BACKGROUND**

Plaintiffs first filed suit against the Board on May 17, 2023. [D.E. 1]. They filed an amended complaint, the operative pleading, in July 2023. [D.E. 27]. In both iterations of pleadings, Plaintiffs Brannen and Levithan were named parties. *See* [D.E. 1]; [D.E. 27]. The Board first filed a motion to dismiss which sought, inter

2

alia, to dismiss the equal protection claim by Plaintiffs Brannen and Levithan (among others), [D.E. 28], which the Court partially granted—namely by dismissing the equal protection claim. [D.E. 65]. The Board thereafter filed its answer and affirmative defenses. [D.E. 68]. Since the Court's September 2023 order lifting discovery, [D.E. 41], the Board has been engaged in discovery in this matter with Plaintiffs, including discovery on behalf of the claims by Plaintiffs Brannen and Levithan. Thus, since the inception of this case, the Board has been forced to incur costs related to claims by these two Plaintiffs.

Plaintiffs have thus far served 17 interrogatories (many with subparts), 67 requests for production (which has resulted in the production of tens of thousands of documents), 31 requests for admission, and taken 6 fact witness depositions and 2 depositions pursuant to a Rule 30(b)(6) notice (resulting in more than 30 hours of time defending these depositions). In turn, the Board was forced to depose Plaintiffs Brannen and Levithan, and serve discovery on them as well to defend against their claims. Fact discovery in this case closes in less than a month, and all discovery closes shortly after. [D.E. 119, 103]. Now, Plaintiffs Brannen and Levithan state they are "comfortable" dismissing their claims "pending the continuation of the challenge review process." Motion at 3. Importantly, however, because of the "chance that [their] books will again be taken off the shelves," they argue the dismissal should be without prejudice—and without any imposition of litigation costs—so that they may

potentially "re-fil[e] a claim in the event that their books are again restricted or even removed." *Id.*

In light of the late hour at which Plaintiffs Brannen and Levithan seek dismissal, and that they refuse to dismiss their claims with prejudice, the Court should find the proper terms of dismissal include imposition of costs against these Plaintiffs, including an award of reasonable attorney's fees. Based on the conduct in this litigation and the amount of resources and money spent by the Board (and thus the taxpayers of Escambia County) to litigate this case, the equities and justice warrant the imposition of such conditions in this case if Plaintiffs Brannen and Levithan are allowed to walk away and obtain a dismissal without prejudice.

## III.   ARGUMENT

Rule 41(a)(2) allows a plaintiff, with the approval of the Court, to dismiss an action voluntarily without prejudice to future litigation. The rule provides in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2) (emphasis added).

"The purpose of the rule 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986) (quoting *Alamance Industs., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir 1961)). "Thus a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id.*

"[T]he district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 857. In line with this, the Eleventh Circuit has held that "[a] plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *Id.* at 860. "Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorney's fees." *Id.*; *see, e.g.*, *Pohl v. MH Sub I, LLC*, 407 F. Supp. 3d 1253, 1257 (N.D. Fla. 2019) (conditioning dismissal on paying litigation costs, including attorney's fees); *Farmaceutisk Laboratorium Ferring A/S v. Reid Rowell, Inc.*, 142

5

F.R.D. 179, 181 (N.D. Ga. 1991) (finding dismissal conditioned upon the plaintiff making the defendant whole for expense that turns out to be unnecessary).

Indeed, in the context of a Rule 41 motion, the Eleventh Circuit has held that the denial of a request for attorney's fees unaccompanied by a list of the factors considered in making that determination amounts to an abuse of discretion. *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 861–62 (11th Cir. 2000); *McCants*, 781 F.2d at 861. The relevant equities in this case warrant the imposition of costs as a condition to dismissal in order to do justice between the parties. Plaintiffs have presented no argument as to why the default rule outlined in *McCants* should not apply.

First, this is not a typical First Amendment case. As this Court has recognized, the state of the law with respect to book removals in school libraries is "not entirely clear." [D.E. 65 at 7]. In keeping with that theme, Plaintiffs are represented by both a national law firm, Ballard Spahr, and an advocacy group, Protect Democracy, who have vigorously litigated this case. Throughout this litigation twelve different attorneys have appeared on behalf of Plaintiffs. As a result of this representation and the breadth of the claims alleged, the Board was forced to respond to an excessive amount of discovery that is not typical to a First Amendment challenge.

Second, Plaintiffs' notion that Plaintiffs Brannen and Levithan are somehow prevailing parties lacks any basis in fact or law. No judgment has been entered in

this case. No adverse finding or one of fault has been made against the Board. Neither Plaintiff has received any judgment from this Court on the merits of their claims. That Plaintiffs' Brannen and Levithan's books have made their way back onto the shelves of the libraries in the Escambia County School District—entirely separate and independent of this litigation—in no way makes them prevailing parties. *See Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (finding a party is a not a prevailing party until they have prevailed on the merits of at least one of their claims); *see also Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003) (noting that under 42 U.S.C. § 1988, to be considered a prevailing party requires a court-ordered material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees). No such material alteration in the legal relationship of the parties has occurred here. Plaintiffs Brannen and Levithan have not, in any legal sense, prevailed on the merits of their claims. That they seek dismissal of their claims without prejudice to "re-filing a claim in the even that their books are again restricted or even removed," Motion at 3, shows the fault in their argument.

Moreover, it is entirely because Plaintiffs Brannen and Levithan threaten to re-file a claim against the Board that either dismissal with prejudice or the imposition of costs is proper here. A dismissal without prejudice offers no protection to the Board should it subsequently determine, under Board policy and under Florida law,

7

to restrict or remove Plaintiffs Brannen and/or Levithan's books, and these Plaintiffs decide to refile their lawsuit or assert the same claims in the future. The Board should not be forced to foot the hundreds of thousands of dollars in litigation costs simply because Plaintiffs have changed their mind, want to change their strategy, or take umbrage at some future Board action.

In opposition to Plaintiffs' unsupported claim, the Board does not seek its costs as the prevailing party. Rather, it is as a result of Plaintiffs Brannen and Levithan's requested voluntary dismissal without prejudice and under the standard as outlined in *McCants*, which plainly holds: "a plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expense of litigation," which may include "all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." 781 F.2d at 857. In fact, this Court in *Pohl* found the condition of paying litigation costs, including attorneys' fees, on a voluntary dismissal without prejudice was appropriate when:

> Defendant's [sic] have incurred considerable cost in litigating this case for over two years. Defendant conducted discovery, filed various motions including motion for summary judgment, defended an appeal by Plaintiff, and prepared for trial. Fairness dictates that Plaintiff's motion for voluntary dismissal without prejudice should be conditioned on payment of litigation costs, including attorneys' fees.

8

407 F. Supp. 3d at 1257. The same can be said here. The Board has been litigating this case for nearly 17 months. Extensive discovery has been conducted. The Board has filed a motion to dismiss, and been forced to respond to a motion for preliminary injunction. The parties are on the eve of filing motions for summary judgment. In light of this, Plaintiffs Brannen and Levithan's decision to dismiss their claims at the eleventh hour should be conditioned on their payment of the Board's litigation costs, including reasonable attorney's fees.

## IV.   **CONCLUSION**

Allowing Plaintiffs Brannen and Levithan to dismiss their claims without prejudice and without the imposition of costs would not be "proper" terms. Fed. R. Civ. P. 41(a)(2). Permitting these Plaintiffs to dismiss their claims without prejudice means there is nothing to stop them from bringing identical claims in the future against the Board and requiring the Board to re-litigate the very same issues that were at issue in this case. Indeed, Plaintiffs' Motion threatens this exact course of action. Motion at 3. As a result, the Board requests that if this Court were to grant Plaintiffs' Motion, that such dismissal be conditioned on the payment of the Board's taxable costs and a portion of the Board's attorney's fees incurred to defend this case. The Board requests the opportunity to submit its evidentiary support for its taxable costs and attorney's fees to be determined at a later date. Alternatively, any dismissal should be with prejudice.

9

**WHEREFORE**, Defendant, Escambia County School Board, requests the Court enter an order either dismissing Plaintiffs Brannen and Levithan with prejudice from this matter, or an order dismissing them without prejudice, conditioned on the payment of the Board's taxable costs and reasonable attorney's fees incurred to defend against their claims, and for any such other relief that this Court deems just and proper.

## CERTIFICATE OF WORD COUNT

I certify that this Memorandum complies with the word count limitation set forth in Local Rule 7.1(F) because this Memorandum contains 2,115 words, excluding the parts exempted by said Local Rule.

Respectfully submitted,

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.:  0010212
E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783

and

SAMANTHA DUKE
Florida Bar No. 0091403
Email: sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel: 407.872.7300
Fax: 407.841.2133

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at john.langford@protectdemocracy.org; Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com; Ori Lev at ori.lev@protectdemocracy.org; Goldie Fields at fieldsg@ballardspahr.com; Facundo Bouzat at bouzatf@ballardspahr.com; and Michael R. Kilgarriff at kilgarriffm@balladspahr.com (Counsel for Plaintiffs).

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.: 0010212

E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783
and

SAMANTHA DUKE
Florida Bar No. 0091403
Email:  sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel:  407.872.7300
Fax: 407.841.2133

Attorneys for Defendant

12

19780604.v1