UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,
et al.,

    **Plaintiffs**,

v.                              Case No. 3:23cv10385-TKW-ZCB

ESCAMBIA COUNTY SCHOOL
BOARD,

    **Defendant**.
_____/

## ORDER OF PARTIAL DISMISSAL

This case is before the Court based on Plaintiffs Sarah Brannen and David Levithan's motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). (Doc. 128). Upon due consideration of the motion, the supporting affidavit (Doc. 126) and its attachments, Defendant's response in opposition (Doc. 135), and the entire case file, the Court finds that the motion is due to granted.

### Background

Brannen and Levithan are authors of two books that were removed from Defendant's school libraries based on objections to the books' content. Brannen and Levithan joined with other authors whose books were removed and/or restricted (as well as other plaintiffs) in filing this action, which alleges First Amendment

violations and seeks only injunctive relief requiring Defendant to return the books to the school libraries.

The books authored by Brannen and Levithan were returned to the school libraries in April,[1] and as a result, they moved to dismiss their claims without prejudice under Rule 41(a)(2). Defendant opposes dismissal without prejudice unless costs (including attorney's fees) are imposed on Brannen and Levithan.

## Analysis

Under Rule 41(a)(2), the Court may dismiss an action[2] at the plaintiff's request "on terms that the court considers proper." The rule is principally intended to protect the interests of the defendant, but dismissal "should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original). Thus, when ruling on a Rule 41(a)(2) motion, the Court must "weigh[] the relevant equities and do justice between the parties …,

---

[1] The books are apparently still under review by Defendant, but they were returned to the school libraries pending completion of the review process.

[2] The Eleventh Circuit has interpreted the word "action" in Rule 41(a) to mean the entire case, not individual claims within the case, *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023), but it has also held that the rule can be used to dismiss all of the plaintiff's claims against an individual defendant in a multi-defendant action, *id.* at 1144 n.2 (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004), and *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023)). The Eleventh Circuit has not specifically addressed whether an individual plaintiff in a multi-plaintiff action can dismiss all of his or her claims against the defendant under Rule 41(a), but other district courts have held (and this Court agrees) that a plaintiff may do so. *See, e.g., Balint v. Osceola County*, 2024 WL 4433441, at *1 (M.D. Fla. Oct. 7, 2024); *Dorn v. Vivint, Inc.*, 2024 WL 709207, at *2 (M.D. Ala. Feb. 21, 2024).

imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 857.

Here, Defendant does not identify any prejudice other than the prospect of a subsequent suit that it will suffer if Brannen and Levithan are allowed to dismiss their claims without prejudice. Moreover, because Brannen and Levithan agreed as a condition of dismissal that they would not file a subsequent action based on the past removal/restriction of their books, *see* Doc. 128 at 3-4, the Court sees no reason not to dismiss their claims on that condition—particularly since the claims effectively became moot in April when the books were returned to the school libraries.

The dismissal will not be conditioned on payment of costs as Defendant requested because even though Brannen and Levithan are not "prevailing parties" in this action for purposes of Fed. R. Civ. P. 54(d) and/or 42 U.S.C. §1988, since they voluntarily dismissed their claims before judgment, they effectively prevailed as a practical matter when their books were returned to the school libraries.[3] Moreover,

---

[3] The Court did not overlook Defendant's argument that the books authored by Brannen and Levithan were returned to the school libraries based on a separate process that had nothing to do with this suit—i.e., Defendant's post-HB 1069 review of all school library books. However, even if that is true, the fact remains that the books were not in the school libraries when this action was filed, and they are now. Moreover, it appears that the books authored by Brannen and Levithan would have been returned to the school libraries sooner were it not for the HB 1069 review process because the books were not challenged based on content described in §1006.28(2)(a)2.b.(I) or (II), *see* Doc. 27 at 136-38, 210, and Defendant's policies have provided since September 2023 that books challenged based on other reasons "will remain in circulation during the pendency of the review process," Escambia Cnty. Sch. Bd. Policy 4.06.10.A.4.b. *See also* Doc. 65 at 10 n.14

3

the prohibition on Brannen and Levithan filing a subsequent action based on the past removal/restriction of their books ensures that Defendant will not have to incur costs relitigating those claims in another suit. Thus, the equities do not support the imposition of costs as a condition of dismissal.

The Court did not overlook Defendant's argument that it has incurred significant expense defending this action and *McCants* held that "[a] plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." 781 F.2d at 860. However, the Court finds that argument unpersuasive because there are multiple other plaintiffs and numerous other books at issue in the case, and Defendant did not explain how the litigation expenses related to the claims asserted by Brennan and Levithan are distinct from those related to the claims asserted by other plaintiffs. *See Nationwide Affinity Ins. Co. of Am. v. Ohio Sec. Ins. Co.*, 2024 WL 1619878, at *2 (M.D. Fla. Jan. 23, 2024) (declining to impose costs as a condition of a dismissal without prejudice under Rule 41(a)(2) because the defendant "fail[ed] to direct the Court to fees and costs incurred as a result of [the dismissing plaintiff's] claims, specifically, as opposed to the claims

---

(suggesting that books that had been removed or restricted for reasons other than objections under §1006.28(2)(a)2.b.(I) or (II) "should be immediately put back into circulation pending completion of the review process" in accordance with School Board Policy §4.09.10.A.4.b.).

4

asserted by [the remaining plaintiff]"). Moreover, if Brennan and Levithan file a subsequent action based on any future removal/restriction of their books, the litigation costs attributable to their claims in this case will presumably not need to be re-incurred in that case because the discovery related to their claims in this case can be used in that case.

## Conclusion

In sum, for the reasons stated above, it is **ORDERED** that:

1. Brannen and Levithan's motion for voluntary dismissal (Doc. 128) is **GRANTED**, and all of their claims in the amended complaint are **DISMISSED without prejudice** under Fed. R. Civ. P. 41(a)(2) on the condition that they will not file a subsequent action based on the past removal/restriction of their books.

2. The Clerk shall terminate Brannen and Levithan as parties in CM/ECF.

**DONE and ORDERED** this 18th day of October, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**