UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER INC,
et al.,
    Plaintiffs,

vs.                                                   Case No.:  3:23cv10385/TKW/ZCB

ESCAMBIA COUNTY SCHOOL
BOARD,
    Defendant.
                                            /

## **ORDER**

Currently before the Court is Defendant Escambia County School Board's Motion for Order Permitting Defendant to Retain and Use Inadvertently Disclosed Information. (Doc. 110). Plaintiffs have responded in opposition, and the Court held an oral argument hearing. (Docs. 116, 133). For the reasons below, the Court will deny the School Board's motion.

### **I. Background**

Plaintiffs have sued the School Board, arguing that its decision to remove or restrict access to certain books in school libraries violated the First Amendment. During discovery, the School Board noticed the Rule 30(b)(6) deposition of Plaintiff PEN American Center ("PEN"). PEN

selected Summer Lopez as its Rule 30(b)(6) deponent.

At the beginning of the deposition on August 1, 2024, the School Board's counsel asked Ms. Lopez what documents she had with her at the deposition. (Doc. 110-1 at 5). Ms. Lopez responded by stating that, among other things, she had a spreadsheet that contained information about each of the books involved in the case. (*Id.*). Plaintiffs' counsel stated that the spreadsheet had been created to assist Ms. Lopez during the deposition. (*Id.* at 5-6). The School Board's counsel requested a copy of the spreadsheet, and Plaintiffs' counsel promptly sent it via email. (*Id.* at 6-7). The spreadsheet was not discussed again during Ms. Lopez's deposition on August 1, 2024.

It did, however, come up on the second day of the deposition, August 2, 2024. At that time, the School Board's counsel attempted to question Ms. Lopez about the spreadsheet. (*Id.* at 8). Plaintiffs' counsel objected, stating that the document contained errors and had not been relied on by Ms. Lopez. (*Id.* at 8-9). Plaintiffs' counsel, therefore, asked the School Board's counsel to discard the spreadsheet. (*Id.* at 10). After a brief recess in the deposition, Plaintiffs' counsel sought to claw back the spreadsheet because it inadvertently contained "attorney/client work

product information." (*Id.* at 12). The School Board's counsel refused to return the spreadsheet. (*Id.* at 12-14).

The School Board subsequently filed the current motion, which asks the Court to permit the School Board to retain and use the spreadsheet. (Doc. 110). A copy of the 170-page spreadsheet was filed along with the motion.[1] (Doc. 122). In the motion, the School Board argues Plaintiffs waived any work product protection. Plaintiffs disagree.

As explained below, the Court believes this matter is resolved by the stipulated confidentiality order (Doc. 79) that was entered earlier in this litigation. Consistent with the terms of that order, the School Board should return the spreadsheet to Plaintiffs' counsel.

## II. Discussion

Under the work product doctrine, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or representative . . . ." Fed. R. Civ. P. 26(b)(3)(A). To overcome the protection afforded by the work product doctrine for "fact work product," a party "must show both a

---

[1] Based on the claim that the spreadsheet contains privileged information, the Court permitted it to be filed under seal. (Doc. 121).

3

substantial need for the information and that seeking the information through other means would cause undue hardship." *United Kingdom v. United States*, 238 F.3d 1312, 1322 (11th Cir. 2001); *see also* Fed. R. Civ. P. 26(b)(3)(A)(ii). But if the work product is "opinion work product" that "reflects an attorney's mental impressions, conclusions, opinions, or legal theories," then it "enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Cox v. Admin. U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994). The party invoking the work product doctrine bears the burden of showing that it applies. *Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1227 (S.D. Fla. 2018).

In this case, the Court finds (and the School Board does not appear to seriously contest) that the spreadsheet contains attorney work product. Because the spreadsheet includes legal analysis/opinion from the PEN attorney who prepared the document, it contains opinion work product that enjoys "nearly absolute immunity" from discovery. *Cox*, 17 F.3d at 1422.

Like other privileges, the work product protection is subject to waiver. *Doe No. 1 v. U.S.*, 749 F.3d 999, 1008 (11th Cir. 2014). And the

4

School Board argues waiver occurred here when Plaintiffs' counsel emailed the spreadsheet to the School Board's counsel on the first day of Ms. Lopez's deposition. Plaintiffs disagree, claiming that the disclosure of the work product does not constitute waiver because it was inadvertent. Because the disclosure was inadvertent, Plaintiffs say the issue is resolved by the stipulated confidentiality order. Plaintiffs are correct.

On May 1, 2024, Judge Wetherell signed a stipulated confidentiality order that had been submitted by the parties. (Doc. 79). Paragraph 15 of that order contains what is commonly referred to as a "claw-back" provision. That provision states as follows:

> At no time do the Parties intend to disclose information subject to a claim of attorney-client privilege, *work-product protection*, or any other privilege or protection. If, nevertheless, a Party ("Disclosing Party") *inadvertently discloses* such privileged or protected information ("Inadvertently Disclosed Information" to another Party (Receiving Party), the following provisions will apply:
>> (a) Pursuant to Federal Rule of Evidence 502(d), the disclosure *shall not constitute or be deemed a waiver or forfeiture in this proceeding* or any other federal or state proceeding of any claim of attorney-client privilege, *work product protection*, or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject-matter.

5

> (b) If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall:
> (i) immediately cease using, copying, or distributing the Inadvertently Disclosed Information; and
> (ii) within five (5) days . . . , return or certify the destruction of all copies of the Inadvertently Disclosed Information, . . . .

(Doc. 79 at 11) (emphases added). The threshold question under the stipulated confidentiality order is whether the disclosure of the information covered by the work product doctrine was "inadvertent." Here, it was.

According to the information in the record, Plaintiffs' counsel asked a junior attorney for PEN to create a spreadsheet that could assist Ms. Lopez during her deposition. (Docs. 116-1, 116-5, 116-7). It appears undisputed that Plaintiffs' counsel instructed the junior attorney that the spreadsheet should contain only factual information that was publicly available or had been previously disclosed in discovery. (Doc. 116-5). The junior attorney sent the spreadsheet to Plaintiffs' counsel at 10:20 p.m. the night before Ms. Lopez's deposition. (*Id.*). By her own admission, Plaintiffs' counsel did not review the spreadsheet in detail before Ms. Lopez's deposition the following morning. (Doc. 116-1).

When the School Board's counsel requested that Plaintiffs' counsel email her any documents that Ms. Lopez had with her at the deposition, Plaintiffs' counsel agreed. She then promptly sent the spreadsheet to the School Board's counsel without reviewing it closely. At some point after sending the spreadsheet, Plaintiffs' counsel studied it and discovered that the PEN junior attorney had included more than just factual information in the spreadsheet—the junior attorney had added some of her own analysis and opinions. (Doc. 116-1). The junior attorney had not been asked to include that information in the spreadsheet. Nor was Plaintiffs' counsel aware such information was in the spreadsheet when she emailed it to the School Board's counsel. (*Id.*). Upon learning that such information was in the spreadsheet, Plaintiffs' attorney asked for it back. (Docs. 116-3 at 12, 116-4).

There is nothing before the Court that calls into question the sworn declarations of Plaintiffs' counsel and PEN's junior attorney. There is also nothing in the record to suggest that Plaintiffs' counsel made a knowing and voluntary decision to send a spreadsheet with work product information to the School Board's counsel. What happened here was clearly a mistake.

It was an inadvertent disclosure and, because of that, it falls within paragraph 15 of the stipulated confidentiality order. That paragraph expressly provides that an inadvertent disclosure of work product information "shall *not* constitute or be deemed a waiver . . . ." (Doc. 79 at 11) (emphasis added). The confidentiality order further provides that upon notice of an inadvertent disclosure, the disclosed document should be returned. (*Id.*).

The School Board attempts to avoid the result dictated by the terms of the stipulated confidentiality order by arguing that the Court should apply the standard found in Fed. R. Evid. 502(b). Under Rule 502(b), an inadvertent disclosure does not waive work product protection unless "the holder of the privilege or protection took reasonable steps to prevent disclosure." The School Board says Plaintiffs' counsel did not take "reasonable steps" to prevent disclosure. The School Board's argument misses the mark, however, because Fed. R. Evid. 502(b)'s "reasonable steps" requirement does not apply here. Thus, it is irrelevant whether Plaintiffs' counsel took reasonable steps to prevent the inadvertent disclosure.

Although Rule 502(b) provides the default rule regarding when inadvertent disclosures constitute waiver, Rule 502(d)[2] permits alteration of the default rule. This is commonly done through the entry of a stipulated confidentiality order that has claw-back and non-waiver provisions. *See In re: Testosterone Replacement Therapy Litig.*, 301 F. Supp. 3d 917, 924 (N.D. Ill. 2018); *see also Frassetti v. BP Exploration & Prod., Inc.*, No. 3:21cv551, 2023 WL 4099900, at *1 n.2 (N.D. Fla. June 20, 2023) (explaining that "Federal Rule of Evidence 502(d) specifically provides that the court may enter a claw-back order" that governs inadvertent disclosures instead of the standard in Rule 502(b)).

When the parties agree to a stipulated confidentiality order that has claw-back and non-waiver provisions, the terms of that order control over the requirements of Rule 502(b). *See Ala. Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11cv03577, 2015 WL 13622155, at *7 (N.D. Ala. Oct. 5, 2015) (stating that the "Clawback Agreement does away with the [Rule] 502(b) portion of the default analysis entirely"). Indeed, the Advisory

---

[2] Rule 502(d) states: "A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d).

9

Committee Notes to Rule 502(d) make clear that a claw-back order "may provide for return of documents without waiver *irrespective of the care taken by the disclosing party.*" Fed. R. Evid. 502(d), advisory committee's note (2007) (emphases added).

The parties here stipulated to the entry of a confidentiality order with a claw-back and non-waiver provision that altered Rule 502(b)'s default rule. The claw-back and non-waiver provision of the stipulated confidentiality order specifically references Rule 502(d). And the order does not require, as a condition precedent to return, that there be a finding that reasonable steps were taken to prevent the inadvertent disclosure of work product information. *See generally* Hon. Paul W. Grimm, et al., *Fed. R. of Evid. 502: Has It Lived Up To Its Potential?*, 17 Rich. J.L. & Tech. 8, 102 (Spring 2011) (explaining that "under Rule 502(d) orders. . .that provide otherwise, the parties need not take reasonable precautions to avoid disclosure of privileged or protected information, because the reasonableness requirements of Rule 502(b)(2) and (3) do not apply to disclosures made pursuant to a Rule 502(d) order . . . ."). The claw-back provision in the stipulated confidentiality order states that inadvertently disclosed work product should be returned upon

timely notice. Because the disclosed spreadsheet inadvertently contained work product information and timely notice was provided, the spreadsheet should be returned to Plaintiffs' counsel as contemplated by the claw-back provision of the stipulated confidentiality order.

In reaching this conclusion, the Court did not overlook the School Board's argument that Fed. R. Evid. 612 required Plaintiffs to disclose the spreadsheet. Rule 612 requires the disclosure of a writing if it was used by a witness "to refresh memory for the purpose of testifying either—(1) while testifying, or (2) before testifying, if the court in its discretion determines [that disclosure] is necessary in the interests of justice . . . ." Fed. R. Evid. 612. Here, there is no dispute that Ms. Lopez did not use the spreadsheet to refresh her recollection while she was testifying. Instead, the issue is whether Ms. Lopez used it to refresh her memory before testifying. And if she did, do the interests of justice require the spreadsheet's disclosure?

Assuming *arguendo* that Ms. Lopez "used" the spreadsheet to refresh her memory before testifying, the School Board has not shown that the interests of justice require the spreadsheet's disclosure. The "'interests of justice' language in Rule 612[(a)(2)] is synonymous with the

work product protection that privileged documents are only discoverable when a party shows substantial need and that the equivalent of the materials cannot be obtained without undue hardship." *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, No. 304CV400J32MCR, 2006 WL 786425, at *5 (M.D. Fla. Mar. 27, 2006). That standard has not been met here. The Court would note that Plaintiffs have offered to provide the School Board with a copy of the spreadsheet with the attorney work product redacted. The School Board, however, refused that offer. Because the School Board has not shown that disclosure of the spreadsheet is necessary to further the interests of justice, its Rule 612 argument is unpersuasive.

### III. Conclusion

For the reasons above, the Motion for Order Permitting Defendant to Retain and Use Inadvertently Disclosed Information (Doc. 110) is **DENIED**. The School Board's counsel shall return the spreadsheet in question to Plaintiffs' counsel and make no further use of it.

It is so **ORDERED**. This the 28th day of October 2024.

*Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge