# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| **PEN AMERICAN CENTER, INC., et al.,**<br><br>       **Plaintiffs,**<br><br>**vs.**<br><br>**ESCAMBIA COUNTY SCHOOL BOARD,**<br><br>       **Defendant.** | **CASE NO.:**<br>**3:23-CV-10385-TKW-ZCB** |

**DECLARATION OF SHALINI GOEL AGARWAL**
**IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

I, Shalini Goel Agarwal, declare as follows:

1. I am over the age of 18 and have personal knowledge of the facts in this declaration.

"School Board Members' Communications on Personal Devices"

2. Plaintiffs served discovery requests in October 2023 that clearly encompassed communications from School Board Members' personal devices and accounts related to the issues in the lawsuit. During a meet and confer discussion on May 10, 2024, Plaintiffs noted that Defendant had produced no text messages from School Board Members, even though Plaintiffs had heard that School Board Members do use text messages to communicate with community members about issues that come before the Board. Defendant responded that Board Members do not use personal devices for School Board communications and that it had already produced all responsive communications from School Board Members.

3.  As explained in my earlier declaration, ECF 126, Defendant eventually agreed to search for emails, texts, and social media messages from School Board Members, the Superintendent, and the Coordinator of Media Services, including those on their personal devices/accounts. The resulting production from this search amounted to *two* text message threads.

4.  When Plaintiffs identified additional text messages involving School Board Members produced by a third party, Plaintiffs flagged the inconsistency to Defendant and questioned the thoroughness of its search in a deficiency letter. Defendant never responded to this letter.

5.  A month later, after a meet and confer discussion resulting in Plaintiffs proposing search terms for personal texts, emails, and social media messages of School Board Members, Defendant proffered that it would produce the personal communications of Board Members that it was planning to collect for purposes of a separate lawsuit challenging the removal of a single book, *Parnell v. Sch. Bd. of Lake County*, No. 4:23-cv-00414-AW-MAF (N.D. Fla.), using different terms relating to the narrower claims there. Plaintiffs rejected this as an insufficient substitute for Defendant's obligations and prepared a motion to compel discovery accordingly.

6.  Only after that did Defendant agree it would conduct a search of the School Board Members' personal devices/accounts using most of the terms proffered by Plaintiffs. Based on continuing discovery disputes between the parties detailed in my previous declaration, ECF 126, as to discovery requests relating to HB 1069 and communications from the School Board Members' personal devices, Defendant agreed as a compromise to produce: (i) emails it had already collected relating to HB 1069 and (ii) personal communications from School Board Members using agreed search terms and, for any responsive message, producing sufficient messages from the text chain to constitute a fair presentation of the discussion and for the reader to understand the context in which the message arose. While the parties agreed that Defendant would make this production on October 14, 2024, Defendant actually made the production two days later on October 16. In total, this production consisted of 127 documents, each showing a screenshot of Board Members' messages.

7.  Attached as Exhibit 1 is a true and correct copy of an email from the undersigned to Nicole Smith on October 2, 2024 proposing the parameters for a search of Board Member communications upon Defendant's agreement that it would search these communications. The email stated "For any responsive message, the Board will produce sufficient messages in the text chain preceding

and following the responsive message to (a) constitute a fair presentation of the discussion in which the communication arose and (b) allow the reader to understand the context in which the message arose."

8. Attached as Exhibit 2 is a true and correct copy of an email from Nicole Smith on October 3, 2024, confirming Defendant's agreement to Plaintiffs' proposed terms, with no objections as to Plaintiffs' request for a fair presentation of the discussion and the context of any text messages produced.

9. Attached as Exhibit 3 is a true and correct copy of a communication with Board Chair Kevin Adams produced by Defendant and Bates-stamped ADAMS 038-40.

10. Attached as Exhibit 4 is a true and correct copy of a communication with Board Member Patty Hightower produced by Defendant and Bates-stamped HIGHP 009.

Meet and Confer Correspondence and Exchange of Privilege Logs

11. Attached as Exhibit 5 is a true and correct copy of an email from the undersigned to Nicole Smith on October 17, 2024, noting various deficiencies in Defendant's discovery responses, including Defendant's incomplete response to Interrogatory No. 15 seeking information regarding the dates certain books were restricted or unrestricted. Plaintiffs also requested that Defendant produce a privilege log by October 21, 2024 to the extent it is withholding any documents and asked for a meet and confer on October 22, 2024.[1]

12. Attached as Exhibit 6 is a true and correct copy of an email from Nicole Smith to the undersigned on October 19, 2024, noting that Defendant would produce the privilege log on the requested date but was unavailable for a telephonic meet and confer for the entirety of the week of October 21 and requesting that the parties instead confer by email.

13. Attached as Exhibit 7 is a true and correct copy of Defendant's privilege log transmitted to Plaintiffs by email on October 21, 2024.

_____

[1] Plaintiffs also offered that in lieu of providing the dates requested, Defendant could provide Plaintiffs with access to a spreadsheet that would allow Plaintiffs to readily determine this information. The parties have since determined that this is not technically feasible in the manner proposed by Plaintiffs.

14. Attached as Exhibit 8 is a true and correct copy of an email from the undersigned to Nicole Smith on October 21, 2024, transmitting Plaintiffs' privilege log and seeking substantive responses to the discovery deficiencies previously identified by Plaintiffs. Defendant did not respond to this email.

15. Attached as Exhibit 9 is a true and correct copy of a letter from Lynn Oberlander to Nicole Smith on October 22, 2024, detailing the outstanding discovery deficiencies Plaintiffs had identified the week before and adding additional deficiencies from Defendant's privilege log and Defendant's document production on October 16, 2024 (described in paragraph 6 above). The problems with the document production included (i) the failure to produce responsive documents as to HB 1069 linked in emails that were produced and (ii) as to the Board Members' personal communications, incomplete context, cut-off messages, missing date and time stamps and names of correspondents, and the failure to produce text messages from School Board Chair Kevin Adams that the parties know exist due to other productions in the case. Plaintiffs requested a response by October 23, 2024, given the deadline to file motions to compel discovery. Defendant did not respond to this letter until the afternoon of October 24.

16. Attached as Exhibit 10 is a true and correct copy of an email from the undersigned to Nicole Smith on October 24, 2024, noting Defendant's failure to respond to Plaintiffs' deficiency communications and Plaintiffs' inference that the parties were at impasse as to the unanswered deficiencies. Defendant did not respond to this email.

17. Attached as Exhibit 11 is a true and correct copy of an email from Samantha Duke to Catherine Warren sent on October 24 after Plaintiffs' impasse email described in the prior paragraph, partially responding to some of the deficiencies that Plaintiffs had raised and asking to address the remaining deficiencies at a meet and confer discussion on October 28, 2024.

18. October 28, 2024 is the deadline for the parties to file motions to compel discovery in this case (*see* Dkt 11 at 2, ¶ 1(d) (setting deadline of 30 days prior to close of discovery). Discovery closes November 26; 30 days prior to that is Saturday, October 27; October 28 is the next business day.

19. Attached as Exhibit 12 is a true and correct copy of an email from the undersigned to Samantha Duke on October 24, 2024, listing several outstanding discovery deficiencies (and proposing compromises for a couple), proposing

times to meet and confer about these deficiencies on October 28, 2024, and underscoring that Plaintiffs would be moving to compel as to any deficiencies that remain unresolved at the conclusion of that meet and confer call.

20. On October 28, 2024, the parties had a meet-and-confer discussion about deficiencies in Defendant's discovery production:

a. Plaintiffs noted the parties' agreement that Defendant produce all existing copies of the Reconsiderations Spreadsheet and asked Defendant to agree to continue producing unique versions of the spreadsheet on a monthly basis going forward through the time of trial. Defendant's counsel suggested that this sounded reasonable but said she needed to consult with her client. Defendant has yet to provide this response.

b. Plaintiffs noted that Defendant should provide the dates on which each of the books at issue in the lawsuit was placed on restricted or unrestricted status as requested by Interrogatory No. 15, as, by Plaintiffs' estimate, this would take no more than a few hours for someone with editor access to the spreadsheet. By contrast, if Plaintiffs were to do this manually using the dozens of versions of the spreadsheet that Defendant has produced and will produce, it would take over ten times as long. Defendant disputed these time estimates and refused to produce the information as disproportionately burdensome in light of Plaintiffs' claims for injunctive relief.

c. As to the School Board Members' communications from their personal devices, Plaintiffs noted that the date and time of each message and the identity of those communicating on each message thread were missing, notwithstanding the ESI protocol requiring such information. Defendant disputed that they had agreed to provide metadata. Plaintiffs further noted that many of the messages were missing context and were cut off so that the message was incomplete. Defendant argued that it had provided all the context that might be apparent from messaging threads. And Plaintiffs noted that text messages had not been produced for Board Chair Kevin Adams, whose production included mostly Facebook messages. Defendant, for the first time, explained that Adams had dropped his cellphone into water, that the phone was allegedly dead, and that Defendant was trying to find out who had the phone and if the data could be retrieved by someone with more technological savvy than Mr. Adams. Plaintiffs noted that the production was still insufficient and that

Defendant should have searched for these messages earlier so that any such production issues could be sorted out. Plaintiffs also asked whether and when a litigation hold was sent to Mr. Adams. Defendant's counsel noted that any hold would have been issued by Board counsel and that she would possibly try to let Plaintiffs know when such a hold was issued.

d.  When Plaintiffs pointed out the twelve documents listed in email communications relating to HB 1069 that were not produced, Defendant said it would look into this and do its best to get back to Plaintiffs later that day.

e.  Finally, Plaintiffs noted a number of deficiencies in Defendant's privilege log, including that the entries did not clearly identify the basis for the privilege, each entry asserted both work product and attorney client privilege without explanation, that attachments to emails did not include a file name, that there was no description of the nature of the documents that would enable Plaintiffs to assess the assertion of the privilege, and that for all of the entries dated before May 17, 2023, when this litigation was filed, there was no evidence that the documents were prepared in anticipation of litigation rather than in the normal course of business. Defendant agreed that it would amend the log to provide filenames and additional information about the nature of the documents and stated that this was not something to go to the court about. Plaintiffs explained that because they could not determine whether the assertions of privilege were valid based on the information provided, and it was unclear when they would get the information to enable them to make that assessment, they would likely need to move to compel in order to preserve their rights.

21. Attached as Exhibit 13 is a true and correct copy of an email from Nicole Smith to the undersigned on October 28, 2024, following up on some of the issues discussed at the meet and confer.

22. Attached as Exhibit 14 is a true and correct copy of an email from the undersigned to Nicole Smith on October 28, 2024, responding to her email of the same date and noting the continuing areas of disagreement between the parties and issues on which Plaintiffs would need to move to compel, including in some cases where Defendant had agreed it would produce documents or

information in the future, in order for Plaintiffs to preserve their rights, given the deadline to file a motion to compel.

23. Defendant has not yet responded on whether or not it will agree to produce new versions of the Reconsiderations Spreadsheet on a monthly basis moving forward. And Defendant has not confirmed if and when a litigation hold was sent to Board Chair Adams and the other Board Members.

Plaintiffs' Additional Discovery Requests

24. Attached as Exhibit 15 is a true and correct copy of Plaintiffs' Fourth Set of Requests for Production to Defendant served on September 11, 2024. These requests include RFP No. 52, seeking all unique versions of the Reconsiderations Spreadsheet within defined date ranges.

25. Attached as Exhibit 16 is a true and correct copy of Defendant's Response to Plaintiffs' Fourth Request for Production served on October 11, 2024.

26. Attached as Exhibit 17 is a true and correct copy of Plaintiffs' Second Set of Interrogatories to Defendant served on September 11, 2024.

27. Attached as Exhibit 18 is a true and correct copy of Defendant's Response to Plaintiffs' Second Set of Interrogatories served on October 15, 2024.

28. Attached as Exhibit 19 is a time-stamped copy of an excerpt of the deposition transcript of Bradley Vinson, testifying as the 30(b)(6) representative of the School Board on August 22-23, 2024.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: October 28, 2024.

*/s/ Shalini Goel Agarwal*
Shalini Goel Agarwal

7

# Exhibit 1



Shalini Agarwal <shalini.agarwal@protectdemocracy.org>

---

## RE: PEN America, et al. v. Escambia County School Board - Service of Notices and Subpoenas [RKC-ACTIVE.FID3715510]

**Shalini Agarwal** <shalini.agarwal@protectdemocracy.org>                    Wed, Oct 2, 2024 at 3:41 PM
To: "Smith, Nicole" <nsmith@rumberger.com>
Cc: Ori Lev <ori.lev@protectdemocracy.org>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Grosholz, Jeffrey" <jgrosholz@rumberger.com>, "Duke, Samantha" <Sduke@rumberger.com>, "Marsey, David" <dmarsey@rumberger.com>, "Oberlander, Lynn" <oberlanderl@ballardspahr.com>, "Fehlan, Kirsten" <fehlank@ballardspahr.com>, "Bouzat, Facundo" <bouzatf@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Kussmaul, Matthew" <KussmaulM@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Warren, Catherine J." <warrenc@ballardspahr.com>, "Petagna, Kristen" <petagnak@ballardspahr.com>

Nicole,

Thanks for your offer yesterday to produce discovery relating to HB 1069 and for filling us in on some of the steps you are now taking to obtain personal communications from the School Board Members, as well as your agreement not to object on timing should we need to file a motion to compel by October 26.

So that we will not need to file a motion to compel, please confirm the following in writing by Friday, October 4:

(1) Defendant will search the emails of the agreed custodians for the following terms and produce any responsive documents to Plaintiffs by October 14: "1069," "1557," "HB 7"

(2) Defense counsel (or a paralegal working under the direct supervision of defense counsel) will meet with each of the School Board Members to collect responsive communications from personal cell phones, tablets, or computers, or other personal devices that will include text messages, messages on any social media platforms used by Board Members (including, for example, Facebook, Instagram, Twitter, Truth Social, WhatsApp, Signal, Discord, Parler, and Gab), and email messages. While these need not be forensic searches of the devices, an attorney will oversee the collection and review of whatever is turned over by the School Board Members to ensure that responsive communications are not omitted and follow up with each School Board Member to confirm that all the places where responsive communications may exist have been searched. *See EEOC v. M1 5100 Corp.*, 2020 WL 3581372, at *2-3 (S.D. Fla. 2020) ("Attorneys have a duty to oversee their clients' collection of information and documents, especially when ESI is involved, during the discovery process."). For any responsive message, the Board will produce sufficient messages in the text chain preceding and following the responsive message to (a) constitute a fair presentation of the discussion in which the communication arose and (b) allow the reader to understand the context in which the message arose.

Defense counsel will use the following search terms to conduct these searches:
<u>books</u>: "perks," "all boys," "aidan," "aiden," "bluest eye," "nowhere girl," "lucky," "push," "tango," "penguin," "new kid," "drama," "parnell"
<u>challengers</u>: "baggett," "bagget," "vicki," "vicky," "moms for liberty," "m4l," "booklook," "book look," "bible," "gender queer," "genderqueer"
<u>statutes</u>: "1467," "1069," "1557," "HB 7," "don't say gay"
<u>challenge terms</u>: "trans," "LGBT," "gay," "porn," "indoctrinat," "groom," "CRT," "critical race theory," "race-bait," "anti-white," "woke"
<u>process terms</u>: "book," "media," "librar," "restrict," "remov," "challenge," "review committee"

Responsive documents from these searches will be produced to Plaintiffs by October 14.

Please let us know.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)
Special Counsel, Protect Democracy
protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

[Quoted text hidden]

# Exhibit 2



Shalini Agarwal <shalini.agarwal@protectdemocracy.org>

---

## RE: PEN America, et al. v. Escambia County School Board - Service of Notices and Subpoenas [RKC-ACTIVE.FID3715510]

**Smith, Nicole** <nsmith@rumberger.com>                                      Thu, Oct 3, 2024 at 3:59 PM
To: Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
Cc: Ori Lev <ori.lev@protectdemocracy.org>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Grosholz, Jeffrey"
<jgrosholz@rumberger.com>, "Duke, Samantha" <Sduke@rumberger.com>, "Marsey, David" <dmarsey@rumberger.com>,
"Oberlander, Lynn" <oberlanderl@ballardspahr.com>, "Fehlan, Kirsten" <fehlank@ballardspahr.com>, "Bouzat, Facundo"
<bouzatf@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Kussmaul, Matthew"
<KussmaulM@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Warren, Catherine J."
<warrenc@ballardspahr.com>, "Petagna, Kristen" <petagnak@ballardspahr.com>

Shalini –

Yes, we agree to the below with the following caveats:

· Neither party will object on the basis of timeliness should a party file a motion to compel by 10/26/24;

· Defendant can meet the 10/14/24 deadline for the below, except that Mr. Adams is out of the country until next week so any retrieved messages from his personal devices will be provided as soon as possible but may be after the 10/14/24 deadline by the time we process and produce them;

· Earlier this week our team member ran the following search terms on the Board members' personal devices, many of which overlap with Plaintiffs' search terms:

1.    "Parnell"

2.    "Richardson"

3.    "Tango"

4.    "Penguin"

5.    "roy"

6.    "silo"

7.    "Chick"

8.    "porn"

9.    "obscene"

10.    "Gay"

11.    "book"

12.    "Challeng"

13.    "Restrict"

14.    "Remov"

15.    "LGB"

16.    "LBG"

17.    "GLB"

18.    "Queer"

19.    "homo"

20.    "lesb"

21.    "sex"

22.    "orient"

23.    "gender"

24.    "groom"

25.    "indoctrin"

26.    "Amend"

27.    "transgender"

28.    "Bagg"

29.    "Bagett"

30.    "Pico"

31.    "government speech"

We do not agree to run the remaining terms you propose. Please confirm. Thanks.

**Nicole Sieb Smith**
Attorney at Law
nsmith@rumberger.com | View my online bio

# Rumberger|Kirk

101 North Monroe Street     MAIN  850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

**From:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Sent:** Wednesday, October 2, 2024 3:41 PM
**To:** Smith, Nicole <nsmith@rumberger.com>
**Cc:** Ori Lev <ori.lev@protectdemocracy.org>; Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Fehlan, Kirsten <fehlank@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Warren, Catherine J. <warrenc@ballardspahr.com>; Petagna, Kristen <petagnak@ballardspahr.com>

**Subject:** Re: PEN America, et al. v. Escambia County School Board - Service of Notices and Subpoenas [RKC-ACTIVE.FID3715510]

Nicole,

Thanks for your offer yesterday to produce discovery relating to HB 1069 and for filling us in on some of the steps you are now taking to obtain personal communications from the School Board Members, as well as your agreement not to object on timing should we need to file a motion to compel by October 26.

So that we will not need to file a motion to compel, please confirm the following in writing by Friday, October 4:

(1) Defendant will search the emails of the agreed custodians for the following terms and produce any responsive documents to Plaintiffs by October 14: "1069," "1557," "HB 7"

(2) Defense counsel (or a paralegal working under the direct supervision of defense counsel) will meet with each of the School Board Members to collect responsive communications from personal cell phones, tablets, or computers, or other personal devices that will include text messages, messages on any social media platforms used by Board Members (including, for example, Facebook, Instagram, Twitter, Truth Social, WhatsApp, Signal, Discord, Parler, and Gab), and email messages. While these need not be forensic searches of the devices, an attorney will oversee the collection and review of whatever is turned over by the School Board Members to ensure that responsive communications are not omitted and follow up with each School Board Member to confirm that all the places where responsive communications may exist have been searched. *See EEOC v. M1 5100 Corp.*, 2020 WL 3581372, at *2-3 (S.D. Fla. 2020) ("Attorneys have a duty to oversee their clients' collection of information and documents, especially when ESI is involved, during the discovery process."). For any responsive message, the Board will produce sufficient messages in the text chain preceding and following the responsive message to (a) constitute a fair presentation of the discussion in which the communication arose and (b) allow the reader to understand the context in which the message arose.

Defense counsel will use the following search terms to conduct these searches:
<u>books</u>: "perks," "all boys," "aidan," "aiden," "bluest eye," "nowhere girl," "lucky," "push," "tango," "penguin," "new kid," "drama," "parnell"
<u>challengers</u>: "baggett," "bagget," "vicki," "vicky," "moms for liberty," "m4l," "booklook," "book look," "bible," "gender queer," "genderqueer"
<u>statutes</u>: "1467," "1069," "1557," "HB 7," "don't say gay"
<u>challenge terms</u>: "trans," "LGBT," "gay," "porn," "indoctrinat," "groom," "CRT," "critical race theory," "race-bait," "anti-white," "woke"

<u>process terms</u>: "book," "media," "librar," "restrict," "remov," "challenge," "review committee"

Responsive documents from these searches will be produced to Plaintiffs by October 14.

Please let us know.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Tue, Oct 1, 2024 at 5:59 PM Smith, Nicole <nsmith@rumberger.com> wrote:

Ori,

Just to clarify, we are maintaining our objections as to the 1069 issue but made the offer today to try to reach a compromise. We are prepared to defend against any motion to compel should Plaintiffs proceed with filing.

We had read the order as requiring motions to compel to be filed by today; however, we would not object to the parties having until 10/26/24 (or 30 days before the expert discovery deadline) to file such motions.

**Nicole Sieb Smith**

Attorney at Law

nsmith@rumberger.com  |  View my online bio

**Rumberger|Kirk**

101 North Monroe Street    MAIN   850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

---

**From:** Ori Lev <ori.lev@protectdemocracy.org>
**Sent:** Tuesday, October 1, 2024 4:08 PM
**To:** Smith, Nicole <nsmith@rumberger.com>; Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Cc:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Fehlan, Kirsten <fehlank@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Ori Lev <ori.lev@protectdemocracy.org>; Warren, Catherine J. <warrenc@ballardspahr.com>
**Subject:** Re: PEN America, et al. v. Escambia County School Board - Service of Notices and Subpoenas [RKC-ACTIVE.FID3715510]

Nicole,

Thank you for making time to meet and confer today.  We are happy to hear that you are now willing to (a) produce communications regarding the implementation of HB 1069 and (b) take further steps to identify responsive communications from the Board members' individual accounts and devices.

As you know, we are prepared to move to compel with regard to these issues.  The case management order states that the last day for moving to compel is 30 days before the "end of discovery."  We interpret that to mean 30 days before the end of <u>all</u> discovery (*i.e.*, October 26), not 30 days before the end of fact discovery (*i.e.* today).  We would like to take a few days to see if we can jointly agree on the scope of your proposed steps to comply with these discovery requests, and not move to compel today.  Therefore, **please confirm your agreement by EOD today** that, if we find it necessary to move to compel after continuing our discussions this week or after any subsequent production by the Board, you will not raise any argument that our motion is untimely.  Absent that agreement, we may move now to preserve our right to do so.

Many thanks,

Ori

---

**From:** Smith, Nicole <nsmith@rumberger.com>
**Date:** Monday, September 30, 2024 at 9:40 AM
**To:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Cc:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, Grosholz, Jeffrey <jgrosholz@rumberger.com>, Duke, Samantha <Sduke@rumberger.com>, Marsey, David <dmarsey@rumberger.com>, Ori Lev <ori.lev@protectdemocracy.org>, Oberlander, Lynn <oberlanderl@ballardspahr.com>, Fehlan, Kirsten <fehlank@ballardspahr.com>, Bouzat, Facundo <bouzatf@ballardspahr.com>, Fields, Goldie <fieldsg@ballardspahr.com>, Kussmaul, Matthew <KussmaulM@ballardspahr.com>, Kilgarriff, Mike <kilgarriffm@ballardspahr.com>
**Subject:** RE: PEN America, et al. v. Escambia County School Board - Service of Notices and Subpoenas [RKC-ACTIVE.FID3715510]

Hi Shalini, thanks, we are all safe here. I evacuated once the storm became a CAT 4. We lost power/internet and a few folks lost trees, but all in all Tally was spared. The only available time we have is tomorrow at 11:30 ET. Can your team please circulate the invite? Speak with you then.

**Nicole Sieb Smith**

Attorney at Law

nsmith@rumberger.com | View my online bio

**Rumberger|Kirk**

101 North Monroe Street    MAIN   850.222.6550
Suite 1050

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

**From:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Sent:** Monday, September 30, 2024 8:18 AM
**To:** Smith, Nicole <nsmith@rumberger.com>
**Cc:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>; Ori Lev <ori.lev@protectdemocracy.org>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Fehlan, Kirsten <fehlank@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>
**Subject:** Re: PEN America, et al. v. Escambia County School Board - Service of Notices and Subpoenas

Hi Nicole,

I hope you all are doing okay after the storm. So many close calls for Tallahassee, it feels like.

Just bumping this to the top of your inbox, as we'd like to get the meet and confer on the calendar today or tomorrow.

Thanks,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Wed, Sep 25, 2024 at 5:09 PM Shalini Agarwal <shalini.agarwal@protectdemocracy.org> wrote:

> Dear Nicole,
>
> Understood, and good luck to all of you in getting through the storm.
>
> For our meeting next week, in addition to discussing (1) Mr. Leonard's deposition, we would also like to confer about a couple other items: (2) our unanswered discovery deficiency letter from August 29; and (3) Plaintiffs' proposed motion to amend the complaint.

Our proposed amended complaint would add a claim regarding the Board's indefinite delay in resolving the status of books (within the list of at-issue books Plaintiffs previously provided) restricted pursuant to HB 1069 as a distinct First Amendment injury, based upon new facts we learned from the Board's 30(b)(6) deposition.

We are available to meet Monday 1:00-3:30 and Tuesday 9:00-10:30 and 11:00-12:00. Please let us know when you are available.

In addition to that, we are planning to notice the deposition of Brian Alaback. Will use a placeholder date for now in the deposition notice, but please let us know when he is available.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Wed, Sep 25, 2024 at 11:38 AM Smith, Nicole <nsmith@rumberger.com> wrote:

> Hi Shalini – I can confirm the dates and we look forward to receiving the depo notices. Of course this is subject to our MPO arguments for Leonard that we hopefully can resolve. We are preparing to possibly evacuate Tallahassee because of the hurricane. Our office will be closed tomorrow and likely Friday. Please send available dates for a meet and confer next week. Thanks.

> **Nicole Sieb Smith**

> Attorney at Law

> nsmith@rumberger.com | View my online bio

> **Rumberger|Kirk**

> 101 North Monroe Street    MAIN   850.222.6550
> Suite 1050
> Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

**From:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Sent:** Wednesday, September 25, 2024 10:57 AM
**To:** Smith, Nicole <nsmith@rumberger.com>
**Cc:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>; Ori Lev <ori.lev@protectdemocracy.org>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Fehlan, Kirsten <fehlank@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>
**Subject:** Re: PEN America, et al. v. Escambia County School Board - Service of Notices and Subpoenas [RKC-ACTIVE.FID3715510]

Bumping again my email from last week as to my questions relating to Mr. Leonard's deposition.

Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Mon, Sep 23, 2024 at 4:08 PM Shalini Agarwal <shalini.agarwal@protectdemocracy.org> wrote:

> Hi Nicole,
>
> I'm writing again to follow up on this.
>
> My one update is our potential conflict on October 11 was resolved, so we are able to conduct Ms. Payne's deposition that date. So the proposed schedule is as follows:
>
>     Marcanio: 10/8
>
>     Payne: 10/11
>
>     Leonard: 10/17
>
> Amended deposition notices are forthcoming.
>
> Please also get back to me on my questions relating to Mr. Leonard's deposition so that we can resolve those well in advance of 10/17.

Thanks,

Shalini


Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344


*Sign up for our weekly email briefing: ifyoucankeep.it*


On Wed, Sep 18, 2024 at 8:57 PM Shalini Agarwal <shalini.agarwal@protectdemocracy.org> wrote:

> Hi Nicole,
>
> Just getting back to you on the deposition dates:
>
> 1. We are fine with moving forward with the Marcanio deposition on 10/8 and will send an amended deposition notice accordingly.
> 2. For Shenna Payne, does she have any availability the week of 10/14 or 10/21? We have a conflict on 10/11 because of another matter.  It may get resolved but we won't know until next week.
> 3. For Keith Leonard, we are fine with moving forward on 10/17, although we'd plan to do so via zoom and will send an amended deposition notice accordingly. Is Defendant planning to argue the same apex and legislative privilege arguments it made for Tim Smith and the board members and to seek essentially the same length/scope restrictions that it sought for the board members? And can you all articulate why you think the outcome for Leonard will not just follow whatever the court rules on the pending motions? Please let us know when you're available to meet and confer about this.
>
> Best,
>
> Shalini
>
>
> Shalini Goel Agarwal (she/her - pronunciation)
>
> Special Counsel, Protect Democracy
>
> protectdemocracy.org | (850) 860-9344
>
>
> *Sign up for our weekly email briefing: ifyoucankeep.it*
>
>
> On Tue, Sep 17, 2024 at 4:09 PM Smith, Nicole <nsmith@rumberger.com> wrote:
>
>> As a follow up, Ms. Payne's assistant says 10/11 may be possible. Also, Jeff reminded me that Defendant had not pursued our MPO as to Mr. Leonard's deposition based upon

Plaintiffs' representation that they were not proceeding with his deposition. We agree to meet and confer to reach an agreement as to the length and scope of the deposition but we are not waiving our arguments as set forth in the motion. Thanks.


**Nicole Sieb Smith**

Attorney at Law

nsmith@rumberger.com | View my online bio

**Rumberger|Kirk**

101 North Monroe Street     MAIN   850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

---

**From:** Smith, Nicole
**Sent:** Tuesday, September 17, 2024 3:41 PM
**To:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>
**Cc:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>; Ori Lev <ori.lev@protectdemocracy.org>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Fehlan, Kirsten <fehlank@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>
**Subject:** RE: PEN America, et al. v. Escambia County School Board - Service of Notices and Subpoenas [RKC-ACTIVE.FID3715510]


Dear Shalini,


Our offices have worked well together in this case, so we're not sure why these depositions were unilaterally scheduled. We had held dates for Mr. Marcanio's deposition, previously agreed upon by the parties, which were never followed up on. Of the notices you served on Friday, Mr. Marcanio is available on 10/08. Mr. Leonard is available on 10/4 or 10/17. Ms. Payne is out of town, so we will let you know her availability.


**From:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>
**Sent:** Friday, September 13, 2024 5:11 PM
**To:** Smith, Nicole <nsmith@rumberger.com>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>
**Cc:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>; Ori Lev

<ori.lev@protectdemocracy.org>; Oberlander, Lynn <oberlanderl@ballardspahr.com>;
Fehlan, Kirsten <fehlank@ballardspahr.com>; Bouzat, Facundo
<bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kussmaul,
Matthew <KussmaulM@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>
**Subject:** PEN America, et al. v. Escambia County School Board - Service of Notices and
Subpoenas

Dear Counsel,

On behalf of Shalini Agarwal, please see the attached.

Sincerely,

Ellinor Heywood (hear my name)

*Impact Associate/Paralegal*

Protect Democracy

(771) 233-4580

*Sign up for our weekly email briefing: ifyoucankeep.it*

Exhibit 3

1:20

81°

5G+

← **Group info**                    Edit



**Christina Pushaw 🐊🇺🇸, Tiffany Justice, Corey A. DeAngelis, school choice evangelist**

# People



**Kevin Adams**
@KevinAdamsECSD1                    Admin

People
4

Add people

# Notifications

Snooze notifications                

Mute mentions                       
Disable notifications when people mention you in
this group.

Report conversation

Leave conversation

◄          ●          ■

1:19    81°    5G+

 **Christina Pushaw** 🐊 🇺🇸, Tiffa...
4 people

MEDIA CONTACT:

Derrick Scott
Chair, Escambia Democratic Party
Phone: 917-334-1590
Email: escambiadems@outlook.com

**Escambia Democratic Party Statement on the Escambia County School Board's Decision to Remove Books**

The Escambia Democratic Party is outraged with the decision on Monday, February 20, 2023, by the Escambia County School Board, to ban *All Boys Aren't Blue*, *And Tango Makes Three* and *When Aidan Became A Brother* from all Media Centers and Classrooms of the Escambia County School District.

It is evident that this decision was rooted either in ignorance, intolerance or some variation of both towards the LGBTQIA and Black Community. This decision, and any decision to ban books based upon one's personal and religious beliefs should be considered discriminatory in nature and a direct attack on both the LGBTQIA Community and Communities of Color. School officials are bound by constitutional considerations, including a duty not to give in to pressure to suppress unpopular ideas or controversial language. The Supreme Court has cautioned that school officials "may not remove books from library shelves simply because they dislike the ideas contained in those books and seek their removal to 'prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion'." *Board of Education v. Pico*, 457 U.S. 853, 872 (1982) (plurality opinion). Diversity, equity and inclusion, in conjunction with exposure to worlds and ideals outside of one's own are paramount to creating a society of acceptance and appreciation of all people: People who are Black, White, Hispanic, Lesbian, Gay, Bisexual, and Transgender.

School Board Member Kevin Adams stated, "We should be concentrated on the education of these students." Education is defined as both the process of receiving or giving systematic instruction, especially at a school or university, and an enlightening experience. Books that provide insight to everyday life and experiences of individuals definitely allow for an enlightened experience. Removal of literature that the far right has deemed to be Indoctrination or Woke Agenda is evidence of a society moving from its democratic principles to a society rooted in fascist ideology.

The Escambia Democratic Party will continue to champion values based on the acceptance and appreciation of all, irrespective of race, gender, sexual orientation or gender identity. We will not stand either for or with those who continue to spread hate or exclusionary ideology and practice, nor will we accept intolerance of any kind from those who were elected by the citizens of this great county.

Escambia Democratic Party
In Partnership With
**Emerald Coast Equality LGBTA Democratic Caucus**         **Escambia County Democratic Black Caucus**
**Escambia County Democratic Environmental Caucus**       **Escambia County Democratic Women's Club**

> I am on the democrats honorable mention again! We have a big battle shaping up in Escambia County over books.

3:58 PM

 **Kevin Adams**
Yesterday at 8:30 AM · 🌐                     ...

WEAR News has learned the Escambia County School District hasn't reviewed them to ensure they're in line with state law.

As part of that law, Florida school districts have until July 1 to have all that media reviewed and approved.

Kevin Adams, the most outspoken school board member on the topic Monday, had many questions on how the district will ensure no obscene or inappropriate materials remain on the shelves by that date.



  Start a message    

1:19    81°    5G+

 **Christina Pushaw** 🐊 🇺🇸, Tiffa...
4 people

9:18 AM

## February 23, 2023



Escambia County Democratic Executive Committee
Chair ~ Derrick Scott    Vice Chair ~ Lil Eubanks
Treasurer ~ Norm Krueger    Secretary ~ Alma Woods
State Committeepersons ~~~ Dianne Krumel & Bryan Selfstein
P.O. Box 13123, Pensacola, FL 32591

**FOR IMMEDIATE RELEASE**

MEDIA CONTACT:

Derrick Scott
Chair, Escambia Democratic Party
Phone: 917-334-1590
Email: escambiadems@outlook.com

**Escambia Democratic Party Statement on the Escambia County School Board's Decision to Remove Books**

The Escambia Democratic Party is outraged with the decision on Monday, February 20, 2023, by the Escambia County School Board, to ban *All Boys Aren't Blue*, *And Tango Makes Three* and *When Aidan Became A Brother* from all Media Centers and Classrooms of the Escambia County School District.

It is evident that this decision was rooted either in ignorance, intolerance or some variation of both towards the LGBTQIA and Black Community. This decision, and any decision to ban books based upon one's personal and religious beliefs should be considered discriminatory in nature and a direct attack on both the LGBTQIA Community and Communities of Color. School officials are bound by constitutional considerations, including a duty not to give in to pressure to suppress unpopular ideas or controversial language. The Supreme Court has cautioned that school officials "may not remove books from library shelves simply because they dislike the ideas contained in those books and seek their removal to 'prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion'." *Board of Education v. Pico*, 457 U.S. 853, 872 (1982) (plurality opinion). Diversity, equity and inclusion, in conjunction with exposure to worlds and ideals outside of one's own are paramount to creating a society of acceptance and appreciation of all people: People who are Black, White, Hispanic, Lesbian, Gay, Bisexual, and Transgender.

School Board Member Kevin Adams stated, "We should be concentrated on the education of these students." Education is defined as both the process of receiving or giving systematic instruction, especially at a school or university, and an enlightening experience. Books that provide insight to everyday life and experiences of individuals definitely allow for an enlightened experience. Removal of literature that the far right has deemed to be Indoctrination or Woke Agenda is evidence of a society moving from its democratic principles to a society rooted in fascist ideology.

The Escambia Democratic Party will continue to champion values based on the acceptance and appreciation of all, irrespective of race, gender, sexual orientation or gender identity. We will not stand either for or with those who continue to spread hate or exclusionary ideology and practice, nor will we accept intolerance of any kind from those who were elected by the citizens of this great county.

Escambia Democratic Party
In Partnership With

Emerald Coast Equality LGBTA Democratic Caucus    Escambia County Democratic Black Caucus
Escambia County Democratic Environmental Caucus    Escambia County Democratic Women's Club

I am on the democrats honorable mention again!  We have a big battle shaping up in Escambia County over books.

3:58 PM

 **Kevin Adams**
Yesterday at 8:30 AM · 🌐    ...

WEAR News has learned the Escambia County School District hasn't reviewed them to ensure they're in line with state law.

As part of that law, Florida school districts have until July 1 to have all that media reviewed and approved.

Kevin Adams, the most outspoken school board member on Monday, had many questions on how the district will ensure no obscene or inappropriate materials remain on the shelves by that date.

 GIF    Start a message

# Exhibit 4

10:38

‹ Search      **Search**

**Linda Fussell**     Tuesday

...Baltimore!! I am very concerned with the idea the superintendent floated at the workshop that challenged **books** that had not been checked out or "low circulation" would be deselected or weeded.

LF   ›

**Carolyn Appleyard**     10/13/23

She comes to our meetings to talk about mental health, banned **books**, etc.

›

Julie Patton was at my house for over 2 hrs!!!! Talking about everything from ECT to banned **books** to Ulyssess, to mediation! Thanks for sending her my way:)

CA   ›

**Jimmy, Andy & Lauren**     1/15/23

I know her birthday is Wednesday, but we wanted to get it to her. I thought Target gives lots of options- **books**, clothes, toys.

›

Exhibit 5

 **Protect Democracy**

Shalini Agarwal <shalini.agarwal@protectdemocracy.org>

---

## privilege log & other discovery deficiencies

**Shalini Agarwal** <shalini.agarwal@protectdemocracy.org>                    Thu, Oct 17, 2024 at 6:55 PM
To: "Smith, Nicole" <nsmith@rumberger.com>, "Duke, Samantha" <sduke@rumberger.com>, "Grosholz, Jeffrey"
<jgrosholz@rumberger.com>, "Duquette, Carlie" <cduquette@rumberger.com>
Cc: Ori Lev <ori.lev@protectdemocracy.org>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Oberlander, Lynn"
<oberlanderl@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Kussmaul, Matthew"
<KussmaulM@ballardspahr.com>, "Warren, Catherine J." <warrenc@ballardspahr.com>, "Petagna, Kristen"
<petagnak@ballardspahr.com>, "Bouzat, Facundo" <bouzatf@ballardspahr.com>, "Fehlan, Kirsten"
<FehlanK@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Relyea, Ryan R." <relyear@ballardspahr.com>

Dear Nicole,

I write because we have yet to receive a privilege log from Defendant in this case. Can you confirm that Defendant is not withholding any documents pursuant to any asserted privilege? Please let us know, and if not, **please produce a privilege log by 5 p.m. on Monday** so that we will have time to determine whether there are any assertions of privilege we need to dispute. Plaintiffs will also commit to producing a privilege log to Defendant by the same deadline.

Second, with respect to Plaintiffs' 4th RFPs, Defendant's response to RFP No. 53 is deficient. As you know, policies, procedures, and practices documents relating to the interlibrary loan process in the the school district's libraries are certainly relevant for our claims, given that the Board has argued that some of the individual students who are children of the Parent Plaintiffs never had access to the books they are seeking to check out at their specific school libraries. We believe a court will agree with us that it is not too burdensome for Defendant to reach out to the media specialists at its 65 schools to determine what the actual practices of ILL are on the ground, to the extent that there are any documents reflecting this. As you know, the formal policies adopted at School Board meetings are not the be-all, end-all for the Board's liability. *See Hatcher v. DeSoto Cnty. Sch. Dist. Bd.*, 989 F. Supp. 2d 1232, 1238 (M.D. Fla. 2013) (noting that plaintiff had satisfactorily alleged, based upon defendants' emails, an unwritten policy or practice of banning protest speech at schools); *Robinson v. Sailormen, Inc.*, 2016 WL 11528450, at *6 (N.D. Fla. Nov. 18, 2016) (recognizing defendant's informal policy because "a policy need not be written in a handbook for it to exist"). Please let us know if Defendant will search for and produce documents responsive to this request.

Third, as Ori has already flagged, Defendant's response to RFP No. 52 is also deficient, as you have not produced all versions of the spreadsheet from 9/15/22-7/24/23, and Defendant contends that Plaintiff have access to subsequent versions of the spreadsheet that are publicly available without any assurance that it will notify Plaintiffs whenever a change is made so that we can download a copy.  Please let us know if Defendant will remedy these deficiencies.

Fourth, the response to Interrogatory 15 is deficient. We do not agree that the simple process demonstrated by Ms. Vinson during the 30(b)(6) deposition for identifying the dates that specific books were restricted or un-restricted is unduly burdensome. The simple task should take no more than a few hours. Your reference to multiple changes in one day is also inapposite, as those multiple changes as described at Ms. Vinson's deposition typically involved changes in nomenclature and not substantive changes in the restricted status of the book. *See, e.g.*, Vinson Depo. at 460:3-461:2. The Interrogatory does not seek every entry ever made in the Restricted Access column of the Reconsideration Spreadsheet, but only the date(s) that a book was restricted or unrestricted – i.e., the dates that actual access to the book was changed. Moreover, the length of time a book has been restricted is clearly probative of the harm suffered by Plaintiffs.  If Defendant believes that identifying these dates is unduly burdensome, it can also create a copy of the spreadsheet and share that copy with Plaintiffs with Editor access. That would allow us to undertake this simple task. Please let us know if Defendant will agree to provide the requested information or provide a version of the spreadsheet that allows us to see the edit history of the document.

Finally, as to the production Defendant made yesterday, we are still digesting that (with significant concerns that none of these communications were searched for or produced earlier and that the production does not include text messages from Board Members' phones to or from Dr. Smith that Smith already produced), and expect we will need to discuss it with you all further.

**We propose setting a time to confer about any remaining discovery disputes on Tuesday, October 22**, given that the deadline for motions to compel is October 26. Please let us know when you are available.


Best,


Shalini


Shalini Goel Agarwal (she/her - pronunciation)
Special Counsel, Protect Democracy
protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

Exhibit 6



Shalini Agarwal <shalini.agarwal@protectdemocracy.org>

---

### RE: privilege log & other discovery deficiencies [RKC-ACTIVE.FID3715510]

**Smith, Nicole** <nsmith@rumberger.com>                                    Sat, Oct 19, 2024 at 10:19 AM
To: Shalini Agarwal <shalini.agarwal@protectdemocracy.org>, "Duke, Samantha" <Sduke@rumberger.com>, "Duquette, Carlie" <cduquette@rumberger.com>, "Grosholz, Jeffrey" <jgrosholz@rumberger.com>
Cc: "Bouzat, Facundo" <bouzatf@ballardspahr.com>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Fehlan, Kirsten" <FehlanK@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Kussmaul, Matthew" <KussmaulM@ballardspahr.com>, "Oberlander, Lynn" <oberlanderl@ballardspahr.com>, Ori Lev <ori.lev@protectdemocracy.org>, "Petagna, Kristen" <petagnak@ballardspahr.com>, "Relyea, Ryan R." <relyear@ballardspahr.com>, "Warren, Catherine J." <warrenc@ballardspahr.com>, "Moseley, Cayla" <cmoseley@rumberger.com>

Shalini – yes, we will provide a privilege log. We are working on it and hope to have it to you by close of business on Monday. We too are digesting your and Ori's requests regarding our latest responses to discovery and issues that arose during Thursday's deposition of Mr. Leonard. We do not have the documents Mr. Leonard testified about but have requested copies of same. We are conferring with our client and will respond to each of Plaintiffs' assertions of discovery deficiencies. I am traveling next week for business and a telephonic meet and confer will be challenging. Hopefully we can discuss issues by email so that the parties know which if any of them will need to be resolved by a motion to compel. Thanks.


**Nicole Sieb Smith**
Attorney at Law
nsmith@rumberger.com | View my online bio

## Rumberger | Kirk

101 North Monroe Street     MAIN  850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

**From:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Sent:** Thursday, October 17, 2024 7:10 PM
**To:** Duke, Samantha <Sduke@rumberger.com>; Duquette, Carlie <cduquette@rumberger.com>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Smith, Nicole <nsmith@rumberger.com>
**Cc:** Bouzat, Facundo <bouzatf@ballardspahr.com>; Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Fehlan, Kirsten <FehlanK@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Ori Lev <ori.lev@protectdemocracy.org>; Petagna, Kristen <petagnak@ballardspahr.com>; Relyea, Ryan R. <relyear@ballardspahr.com>; Warren, Catherine J. <warrenc@ballardspahr.com>
**Subject:** Re: privilege log & other discovery deficiencies


Apologies – sent too soon. One more discovery issue I forgot to flag in my earlier email:


We also ask that you produce the following documents that Mr. Leonard testified he created at his deposition today: copies of the challenge forms for the books at issue in this litigation with his handwritten notes that he made as part of his

review of the books for possible implementation of section 10.B.3.d of Policy 4.06. Mr. Leonard testified that he knows where those documents are located in his office. Those documents are responsive to RFPs 1 and 3, among others. **Please let us know if you agree to produce these documents by Friday, October 25.**


Best,


Shalini


Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344


*Sign up for our weekly email briefing: ifyoucankeep.it*



On Thu, Oct 17, 2024 at 6:55 PM Shalini Agarwal <shalini.agarwal@protectdemocracy.org> wrote:

> Dear Nicole,
>
> I write because we have yet to receive a privilege log from Defendant in this case. Can you confirm that Defendant is not withholding any documents pursuant to any asserted privilege? Please let us know, and if not, **please produce a privilege log by 5 p.m. on Monday** so that we will have time to determine whether there are any assertions of privilege we need to dispute. Plaintiffs will also commit to producing a privilege log to Defendant by the same deadline.
>
>
> Second, with respect to Plaintiffs' 4th RFPs, Defendant's response to RFP No. 53 is deficient. As you know, policies, procedures, and practices documents relating to the interlibrary loan process in the the school district's libraries are certainly relevant for our claims, given that the Board has argued that some of the individual students who are children of the Parent Plaintiffs never had access to the books they are seeking to check out at their specific school libraries. We believe a court will agree with us that it is not too burdensome for Defendant to reach out to the media specialists at its 65 schools to determine what the actual practices of ILL are on the ground, to the extent that there are any documents reflecting this. As you know, the formal policies adopted at School Board meetings are not the be-all, end-all for the Board's liability. *See Hatcher v. DeSoto Cnty. Sch. Dist. Bd.*, 989 F. Supp. 2d 1232, 1238 (M.D. Fla. 2013) (noting that plaintiff had satisfactorily alleged, based upon defendants' emails, an unwritten policy or practice of banning protest speech at schools); *Robinson v. Sailormen, Inc.*, 2016 WL 11528450, at *6 (N.D. Fla. Nov. 18, 2016) (recognizing defendant's informal policy because "a policy need not be written in a handbook for it to exist"). Please let us know if Defendant will search for and produce documents responsive to this request.
>
>
> Third, as Ori has already flagged, Defendant's response to RFP No. 52 is also deficient, as you have not produced all versions of the spreadsheet from 9/15/22-7/24/23, and Defendant contends that Plaintiff have access to subsequent versions of the spreadsheet that are publicly available without any assurance that it will notify Plaintiffs whenever a change is made so that we can download a copy.  Please let us know if Defendant will remedy these deficiencies.
>
>
> Fourth, the response to Interrogatory 15 is deficient. We do not agree that the simple process demonstrated by Ms. Vinson during the 30(b)(6) deposition for identifying the dates that specific books were restricted or un-restricted is unduly burdensome. The simple task should take no more than a few hours. Your reference to multiple changes in one day is also inapposite, as those multiple changes as described at Ms. Vinson's deposition typically involved changes in nomenclature and not substantive changes in the restricted status of the book. *See, e.g.*, Vinson Depo. at 460:3-461:2. The Interrogatory does not seek every entry ever made in the Restricted Access column of the Reconsideration Spreadsheet, but only the date(s) that a book was restricted or unrestricted – i.e., the dates that actual access to the book was changed. Moreover, the length of time a book has been restricted is clearly probative of the harm suffered by

Plaintiffs.  If Defendant believes that identifying these dates is unduly burdensome, it can also create a copy of the spreadsheet and share that copy with Plaintiffs with Editor access. That would allow us to undertake this simple task. Please let us know if Defendant will agree to provide the requested information or provide a version of the spreadsheet that allows us to see the edit history of the document.

Finally, as to the production Defendant made yesterday, we are still digesting that (with significant concerns that none of these communications were searched for or produced earlier and that the production does not include text messages from Board Members' phones to or from Dr. Smith that Smith already produced), and expect we will need to discuss it with you all further.

**We propose setting a time to confer about any remaining discovery disputes on Tuesday, October 22**, given that the deadline for motions to compel is October 26. Please let us know when you are available.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

# Exhibit 7

IDX Defendant's Privilege Log
23-CV-10385

| Custodian | All Custodians | Master Date | Time Sent (UTC) | Subject | Document Type | Email Sent To (Address) | Email From | Email CC (Address) | Privilege | Privilege Type |
|---|---|---|---|---|---|---|---|---|---|---|
| White, Michelle | White, Michelle | 2/1/22 | 5:48:54 PM | Media Specialist Training - Collection Development and HB 7011 | EMAIL | eodom@ecsdfl.us; SGoshorn@ecsdfl.us; | MWhite5@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/1/22 | 5:41:21 PM | Presentation shared with you: "ECSD Collection Development and House Bill 7011" | EMAIL | eodom@ecsdfl.us; | drive-shares-dm-noreply@google.com | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/1/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/1/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | 5:55:13 PM | Re: Media Specialist Training - Collection Development and HB 7011 | EMAIL | eodom@ecsdfl.us; SGoshorn@ecsdfl.us; | MWhite5@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | 8:44:22 PM | Re: Media Specialist Training - Collection Development and HB 7011 | EMAIL | SGoshorn@ecsdfl.us; | MWhite5@ecsdfl.us | eodom@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | 7:53:59 PM | Re: Media Specialist Training - Collection Development and HB 7011 | EMAIL | SGoshorn@ecsdfl.us; | MWhite5@ecsdfl.us | eodom@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | 8:39:31 PM | Re: Media Specialist Training - Collection Development and HB 7011 | EMAIL | MWhite5@ecsdfl.us; | SGoshorn@ecsdfl.us | eodom@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | 7:43:49 PM | Re: Media Specialist Training - Collection Development and HB 7011 | EMAIL | MWhite5@ecsdfl.us; | SGoshorn@ecsdfl.us | eodom@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 2/9/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 2/17/22 | 7:48:44 PM | Re: Policy on non approved materials | EMAIL | eodom@ecsdfl.us | KAdams2@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 2/17/22 | 7:12:32 PM | Re: Policy on non approved materials | EMAIL | KAdams2@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 2/17/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 2/17/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 5/20/22 | 9:37:49 PM | Fwd: Help with content material | EMAIL | eodom@ecsdfl.us | KAdams2@ecsdfl.us | EBuswell@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 5/20/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 6/2/22 | 6:53:36 PM | Re: Challenge to class novel | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 6/2/22 | 6:44:39 PM | Re: Challenge to class novel | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 6/3/22 | 7:02:07 PM | Re: Challenge to class novel | EMAIL | eodom@ecsdfl.us; | MWhite5@ecsdfl.us | | Privileged | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| White, Michelle | White, Michelle | 6/3/22 | 6:56:53 PM | Re: Challenge to class novel | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
|---|---|---|---|---|---|---|---|---|---|---|
| Alaback, Brian | Alaback, Brian;Marcanio, Steve;White, Michelle | 6/7/22 | 5:37:33 PM | board policy updates | EMAIL | eodom@ecsdfl.us; smarcanio@ecsdfl.us; balaback@ecsdfl.us; | MWhite5@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Alaback, Brian | Alaback, Brian;Marcanio, Steve;White, Michelle | 6/7/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Alaback, Brian | Alaback, Brian;Marcanio, Steve;White, Michelle | 6/7/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Fetsko, Paul H;Hightower, Patty;Payne, Shenna;Slayton, Bill;Smith, Tim | 7/5/22 | 7:57:08 PM | Statutory Changes requiring Rule Revision | EMAIL | tsmith@ecsdfl.us; SPayne2@ecsdfl.us; | eodom@ecsdfl.us | kadams2@ecsdfl.us; pfetsko@ecsdfl.us; ledler@ecsdfl.us; phightower@ecsdfl.us; bslayton@ecsdfl.us; DHarris@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 7/7/22 | 5:21:40 PM | Fwd: Chapter 4 | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;White, Michelle | 7/8/22 | 7:19:16 PM | Re: Chapter 4 | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | JBell@ecsdfl.us; SMarcanio@ecsdfl.us; sgoshorn@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;White, Michelle | 7/8/22 | 9:19:14 PM | Re: Chapter 4 | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | JBell@ecsdfl.us; SMarcanio@ecsdfl.us; sgoshorn@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 7/8/22 | 7:21:49 PM | 4.06 Educational Media.docx | EMAIL | MWhite5@ecsdfl.us; | cEllen Odom/omments-noreply@docs.google.com | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 7/8/22 | 7:07:32 PM | 4.06 Educational Media.docx | EMAIL | MWhite5@ecsdfl.us; | Ellen Odom/comments-noreply@docs.google.com | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;White, Michelle | 7/8/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;White, Michelle | 7/8/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| White, Michelle | White, Michelle | 7/8/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 7/8/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/6/22 | 8:30:27 PM | Document shared with you: "4.06 Educational Media Materials_district committees.docx" | EMAIL | eodom@ecsdfl.us; | drive-shares-dm-noreply@google.com | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/6/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/8/22 | 7:53:42 PM | 4.06 Educational ... - Replace: â€œresidentâ€  with â€œresidentsâ€ | EMAIL | MWhite5@ecsdfl.us; | Ellen Oldom/comments-noreply@docs.google.com | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/8/22 | 8:33:46 PM | 4.06 Educational ... - I think we should include an alternat... | EMAIL | MWhite5@ecsdfl.us; | Ellen Odom/comments-noreply@docs.google.com | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/8/22 | 9:05:52 PM | 4.06 Educational ... - I think this can be deleted.  They we... | EMAIL | MWhite5@ecsdfl.us; | Ellen Odom comments-noreply@docs.google.com | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/8/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/8/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/8/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;Payne, Shenna;Smith, Tim;White, Michelle | 9/12/22 | 8:47:41 PM | Policy Recommendations | EMAIL | tsmith@ecsdfl.us; SPayne2@ecsdfl.us; | eodom@ecsdfl.us | sdennis@ecsdfl.us; SMarcanio@ecsdfl.us; sfina@ecsdfl.us; ljoyner@ecsdfl.us; mwhite5@ecsdfl.us; dharris@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/12/22 | 10:21:20 PM | Re: Miami Dade's policy | EMAIL | eodom@ecsdfl.us; | MWhite5@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/12/22 | 5:30:33 PM | Miami Dade's policy | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;Payne, Shenna;Smith, Tim;White, Michelle | 9/12/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| Marcanio, Steve | Marcanio, Steve;Payne, Shenna;Smith, Tim;White, Michelle | 9/12/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
|---|---|---|---|---|---|---|---|---|---|---|
| White, Michelle | White, Michelle | 9/12/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 9/13/22 | 12:46:35 PM | Re: Policy Recommendations | EMAIL | eodom@ecsdfl.us; | tsmith@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/15/22 | 9:11:54 PM | Re: Miami Dade's policy | EMAIL | eodom@ecsdfl.us; | MWhite5@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/15/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 9/26/22 | 5:34:06 PM | HB 1467 Compliance | EMAIL | eodom@ecsdfl.us; | KAdams2@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/26/22 | 7:17:42 PM | Document shared with you: "4.03 Instructional Materials combined v 3.docx" | EMAIL | eodom@ecsdfl.us; | drive-shares-dm-noreply@google.com | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 9/26/22 | | | ATTACHMENT | | | | Privileged | Attorney Client |
| Adams, Kevin | Adams, Kevin | 9/27/22 | 10:39:23 PM | Re: HB 1467 Compliance | EMAIL | KAdams2@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/3/22 | 5:23:07 PM | Fwd: Another one that I will fill the form out for as well. | EMAIL | PHightower@ecsdfl.us; | eodom@ecsdfl.us | | Privileged-Partial Redacted | Attorney Client/Work Product ECSD000010 |
| Hightower, Patty | Hightower, Patty | 10/3/22 | | | ATTACHMENT | | | | | ESCD000013 |
| Marcanio, Steve | Marcanio, Steve;White, Michelle | 10/4/22 | 12:47:57 PM | Re: Document shared with you: "4.03 Instructional Materials combined v 3.docx" | EMAIL | MWhite5@ecsdfl.us; SGoshorn@ecsdfl.us; eodom@ecsdfl.us; JBell@ecsdfl.us; | SMarcanio@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;White, Michelle | 10/4/22 | 6:43:00 PM | Re: Document shared with you: "4.03 Instructional Materials combined v 3.docx" | EMAIL | eodom@ecsdfl.us; | SMarcanio@ecsdfl.us | JBell@ecsdfl.us; MWhite5@ecsdfl.us; SGoshorn@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;White, Michelle | 10/4/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;White, Michelle | 10/4/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/5/22 | 12:03:00 PM | Fwd: Appeal to Oct. 4 District Review Materials Committee Decision | EMAIL | eodom@ecsdfl.us; | PHightower@ecsdfl.us | | Privileged | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Marcanio, Steve | Marcanio, Steve;Payne, Shenna;White, Michelle | 10/5/22 | 8:01:01 PM | Fwd: Appeal to Oct. 4 District Review Materials Committee Decision | EMAIL | eodom@ecsdfl.us; MWhite5@ecsdfl.us; | SMarcanio@ecsdfl.us | SGoshorn@ecsdfl.us; SPayne2@ecsdfl.us; JDwelle@ecsdfl.us; JBell@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/5/22 | 10:08:09 PM | Re: Appeal to Oct. 4 District Review Materials Committee Decision | EMAIL | PHightower@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/5/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/5/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/5/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;Payne, Shenna;White, Michelle | 10/5/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;Payne, Shenna;White, Michelle | 10/5/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve;Payne, Shenna;White, Michelle | 10/5/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Alaback, Brian | Alaback, Brian;Marcanio, Steve;White, Michelle | 10/7/22 | 10:00:17 PM | Re: Next set of questionable books | EMAIL | eodom@ecsdfl.us; | MWhite5@ecsdfl.us | smarcanio@ecsdfl.us; balaback@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Alaback, Brian | Alaback, Brian;Marcanio, Steve;White, Michelle | 10/7/22 | 9:34:47 PM | Re: Next set of questionable books | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | smarcanio@ecsdfl.us; balaback@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 10/10/22 | 6:05:14 PM | Re: Challenged material | EMAIL | PHightower@ecsdfl.us; | MWhite5@ecsdfl.us | eodom@ecsdfl.us; tsmith@ecsdfl.us; | | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/11/22 | 8:27:26 PM | Fwd: 11 new challenged titles to be moved to restricted access area | EMAIL | votekevinadams@gmail.com; | KAdams2@ecsdfl.us | | Privileged | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Hightower, Patty | Hightower, Patty | 10/11/22 | 8:39:37 PM | Fwd: 11 new challenged titles to be moved to restricted access area | EMAIL | KAdams2@ecsdfl.us; PFetsko@ecsdfl.us; LEdler@ecsdfl.us; PHightower@ecsdfl.us; BSlayton@ecsdfl.us; | eodom@ecsdfl.us | tsmith@ecsdfl.us; SPayne2@ecsdfl.us; SMarcanio@ecsdfl.us; MWhite5@ecsdfl.us; LMorgan@ecsdfl.us; mroberts@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Slayton, Bill | Fetsko, Paul H;Marcanio, Steve;Slayton, Bill | 10/11/22 | 8:39:37 PM | Fwd: 11 new challenged titles to be moved to restricted access area | EMAIL | KAdams2@ecsdfl.us; PFetsko@ecsdfl.us; LEdler@ecsdfl.us; PHightower@ecsdfl.us; BSlayton@ecsdfl.us; | eodom@ecsdfl.us | tsmith@ecsdfl.us; SPayne2@ecsdfl.us; SMarcanio@ecsdfl.us; MWhite5@ecsdfl.us; LMorgan@ecsdfl.us; mroberts@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 10/11/22 | 8:39:37 PM | Fwd: 11 new challenged titles to be moved to restricted access area | EMAIL | KAdams2@ecsdfl.us; PFetsko@ecsdfl.us; LEdler@ecsdfl.us; PHightower@ecsdfl.us; BSlayton@ecsdfl.us; | eodom@ecsdfl.us | tsmith@ecsdfl.us; SPayne2@ecsdfl.us; SMarcanio@ecsdfl.us; MWhite5@ecsdfl.us; LMorgan@ecsdfl.us; mroberts@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/11/22 | 8:39:37 PM | Fwd: 11 new challenged titles to be moved to restricted access area | EMAIL | KAdams2@ecsdfl.us; PFetsko@ecsdfl.us; LEdler@ecsdfl.us; PHightower@ecsdfl.us; BSlayton@ecsdfl.us; | eodom@ecsdfl.us | tsmith@ecsdfl.us; SPayne2@ecsdfl.us; SMarcanio@ecsdfl.us; MWhite5@ecsdfl.us; LMorgan@ecsdfl.us; mroberts@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Smith, Tim | Payne, Shenna;Smith, Tim | 10/11/22 | 5:50:31 PM | Challenge to the Bible | EMAIL | tsmith@ecsdfl.us; SPayne2@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/11/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/11/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/11/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/11/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/11/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/11/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/11/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/11/22 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Hightower, Patty | Hightower, Patty | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Slayton, Bill | Fetsko, Paul H;Marcanio, Steve;Slayton, Bill | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Slayton, Bill | Fetsko, Paul H;Marcanio, Steve;Slayton, Bill | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Slayton, Bill | Fetsko, Paul H;Marcanio, Steve;Slayton, Bill | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Slayton, Bill | Fetsko, Paul H;Marcanio, Steve;Slayton, Bill | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Slayton, Bill | Fetsko, Paul H;Marcanio, Steve;Slayton, Bill | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Slayton, Bill | Fetsko, Paul H;Marcanio, Steve;Slayton, Bill | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Slayton, Bill | Fetsko, Paul H;Marcanio, Steve;Slayton, Bill | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 10/11/22 | | | ATTACHMENT | | | Privileged | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Smith, Tim | Smith, Tim | 10/11/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/11/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/11/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/11/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/11/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/11/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/11/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/11/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| Hightow er, Patty | Hightowe r, Patty | 10/12/22 | 8:52:51 PM | Re: 11 new challenged titles to be moved to restricted access area | EMAIL | eodom@ecsdfl.us ; | PHightower@ec sdfl.us | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/12/22 | 3:28:14 PM | Re: book challenge - board appeal | EMAIL | eodom@ecsdfl.us ; | MWhite5@ecsdf l.us | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/12/22 | 3:14:27 PM | Re: book challenge - board appeal | EMAIL | MWhite5@ecsdfl. us; | eodom@ecsdfl.u s | | Privilege d | Attorney Client/Work Product |
| Hightow er, Patty | Hightowe r, Patty | 10/12/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| Hightow er, Patty | Hightowe r, Patty | 10/12/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| Hightow er, Patty | Hightowe r, Patty | 10/12/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| Hightow er, Patty | Hightowe r, Patty | 10/12/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| Hightow er, Patty | Hightowe r, Patty | 10/12/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| Hightow er, Patty | Hightowe r, Patty | 10/12/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Smi th, Tim | 10/13/22 | 7:10:16 PM | Re: Frivolous Book Challenges | EMAIL | KAdams2@ecsdfl. us; | eodom@ecsdfl.u s; | tsmith@ecsd fl.us; | Privilege d | Attorney Client/Work Product |
| Hightow er, Patty | Hightowe r, Patty | 10/13/22 | 5:44:40 PM | Re: Books, books and more books | EMAIL | PHightower@ecs dfl.us; | eodom@ecsdfl.u s | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/13/22 | 3:51:39 PM | Fwd: Support for District Employee | EMAIL | MWhite5@ecsdfl. us; | eodom@ecsdfl.u s | | Privilege d | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Smi th, Tim | 10/13/22 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim;Whit e, Michelle | 10/14/22 | 5:31:11 PM | Proposed language | EMAIL | tsmith@ecsdfl.us; | eodom@ecsdfl.u s | MWhite5@e csdfl.us; | Privilege d | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| Smith, Tim | Smith, Tim;White, Michelle | 10/14/22 | | | ATTACHMENT | | | | | Privileged | Attorney Client/Work Product |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Adams, Kevin | Adams, Kevin | 10/16/22 | 7:15:20 PM | Fwd: Proposed language | EMAIL | KAdams2@ecsdfl.us; | eodom@ecsdfl.us | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/16/22 | 6:04:43 PM | Mr. Adams' and Ms. Hightower's proposal for consideration 4.06 | EMAIL | eodom@ecsdfl.us; | KAdams2@ecsdfl.us | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/16/22 | | | ATTACHMENT | | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/16/22 | | | ATTACHMENT | | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 10/17/22 | 2:29:25 PM | Re: Mr. Adams' proposal for consideration 4.06 | EMAIL | eodom@ecsdfl.us; | KAdams2@ecsdfl.us | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Fetsko, Paul H;Hightower, Patty;Marcanio, Steve;Payne, Shenna;Slayton, Bill;Smith, | 10/17/22 | 2:17:11 PM | Re: Mr. Adams' proposal for consideration 4.06 | EMAIL | KAdams2@ecsdfl.us; PFetsko@ecsdfl.us; LEdler@ecsdfl.us; PHightower@ecsdfl.us; BSlayton@ecsdfl.us; tsmith@ecsdfl.us; | eodom@ecsdfl.us | SPayne2@ecsdfl.us; smarcanio@ecsdfl.us; MWhite5@ecsdfl.us; EBuswell@ecsdfl.us; DHarris@ecsdfl.us; JDwelle@ecsdfl.us; | | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 10/17/22 | 11:37:06 PM | Re: Mr. Adams' proposal for consideration 4.06 | EMAIL | eodom@ecsdfl.us; DHarris@ecsdfl.us; | tsmith@ecsdfl.us | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/17/22 | 7:33:47 PM | Re: Mr. Adams' proposal for consideration 4.06 | EMAIL | eodom@ecsdfl.us; | MWhite5@ecsdfl.us | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Fetsko, Paul H;Hightower, Patty;Marcanio, Steve;Payne, Shenna;Slayton, Bill;Smith, | 10/17/22 | | | ATTACHMENT | | | | | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 10/18/22 | 1:20:38 PM | Re: Mr. Adams' proposal for consideration 4.06 | EMAIL | tsmith@ecsdfl.us; | DHarris@ecsdfl.us | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/20/22 | 8:41:15 PM | updated reconsideration request form | EMAIL | eodom@ecsdfl.us; | MWhite5@ecsdfl.us | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/20/22 | | | ATTACHMENT | | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 10/24/22 | 4:26:10 PM | OPPAGA request | EMAIL | eodom@ecsdfl.us; | MWhite5@ecsdfl.us | | | Privileged | Attorney Client/Work Product |
| Smith, Tim | Marcanio, Steve;Payne, Shenna;Smith, Tim;White, Michelle | 11/1/22 | 1:45:30 PM | Re: Policy Recommendations | EMAIL | tsmith@ecsdfl.us; SPayne2@ecsdfl.us; | eodom@ecsdfl.us | sdennis@ecsdfl.us; SMarcanio@ecsdfl.us; sfina@ecsdfl.us; ljoyner@ecsdfl.us; mwhite5@ecsdfl.us; dharris@ecsdfl.us; | | Privileged | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| Smith, Tim | Smith, Tim | 12/12/22 | 3:59:20 AM | Fwd: Media Specialist Training | EMAIL | eodom@ecsdfl.us | tsmith@ecsdfl.u s | | Privilege d | Attorney Client/Work Product |
|---|---|---|---|---|---|---|---|---|---|---|
| Smith, Tim | Smith, Tim | 12/13/22 | 1:40:25 PM | Re: Media Specialist Training | EMAIL | tsmith@ecsdfl.us; | eodom@ecsdfl.u s | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 12/14/22 | 7:52:17 PM | Re: Question on process and additional books | EMAIL | eodom@ecsdfl.us ; | MWhite5@ecsdf l.us | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 12/14/22 | 7:51:55 PM | Re: Question on process and additional books | EMAIL | eodom@ecsdfl.us ; | MWhite5@ecsdf l.us | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 12/14/22 | 7:43:30 PM | Re: Question on process and additional books | EMAIL | MWhite5@ecsdfl. us; | eodom@ecsdfl.u s | | Privilege d | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Fets ko, Paul H;Highto wer, Patty;Pay ne, Shenna;Sl ayton, Bill;Smith, Tim;Willia ms, David | 2/15/23 | 7:01:25 PM | Speaking opportunities at the upcoming book challenge | EMAIL | PFetsko@ecsdfl.u s; phightower@ecs dfl.us; kadams2@ecsdfl. us; dwilliams3@ecsd fl.us; bslayton@ecsdfl. us; tsmith@ecsdfl.us; spayne2@ecsdfl. | eodom@ecsdfl.u s | ebuswell@ec sdfl.us; sgoshorn@ec sdfl.us; | Privilege d | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 2/23/23 | 9:48:45 PM | Minor students reviewing books | EMAIL | eodom@ecsdfl.us | KAdams2@ecsd l.us | | Privilege d | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 2/23/23 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 2/24/23 | 5:04:26 PM | Re: Minor students reviewing books | EMAIL | KAdams2@ecsdfl. us | eodom@ecsdfl.u s | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 3/2/23 | 7:46:19 PM | Re: Reaching out from HBO TV show | EMAIL | CStrother@ecsdfl. us | MWhite5@ecsdf l.us | | | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 3/3/23 | 4:01:21 PM | Fwd: community forms | EMAIL | eodom@ecsdfl.us ; | MWhite5@ecsdf l.us | | Privilege d | Attorney Client/Work Product |
| Marcani o, Steve | Marcanio, Steve;Smi th, Tim;Whit e, Michelle | 3/6/23 | 4:59:53 PM | Re: community forms | EMAIL | MWhite5@ecsdfl. us; | SMarcanio@ecs dfl.us | tsmith@ecsd fl.us; | Privilege d | Attorney Client/Work Product |
| Smith, Tim | Marcanio, Steve;Smi th, Tim;Whit e, Michelle | 3/6/23 | 2:00:00 PM | Re: community forms | EMAIL | SMarcanio@ecsdf l.us; | tsmith@ecsdfl.u s | MWhite5@e csdfl.us; | Privilege d | Attorney Client/Work Product |
| Alaback, Brian | Alaback, Brian;Mar canio, Steve;Whi te, Michelle | 3/7/23 | 6:50:49 PM | Fwd: And Tango Makes Three | EMAIL | smarcanio@ecsdf l.us; eodom@ecsdfl.us ; balaback@ecsdfl. us; | MWhite5@ecsdf l.us | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 3/7/23 | 11:07:44 PM | book appeals to the board | EMAIL | eodom@ecsdfl.us | MWhite5@ecsdf l.us | | Privilege d | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 3/7/23 | 9:58:42 PM | Fwd: community forms | EMAIL | eodom@ecsdfl.us | KAdams2@ecsdf l.us | | Privilege d | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim;Whit e, Michelle | 3/7/23 | 3:43:00 AM | Re: community forms | EMAIL | MWhite5@ecsdfl. us; | tsmith@ecsdfl.u s | | Privilege d | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 3/7/23 | | | ATTACHMENT | | | | Privilege d | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| White, Michelle | White, Michelle | 3/7/23 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 3/8/23 | 5:21:28 PM | Re: Clarification for Appeal for New Kid and Drama | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 3/8/23 | 10:42:36 PM | public comments | EMAIL | eodom@ecsdfl.us; | MWhite5@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 3/14/23 | 8:26:10 PM | Library training and relevant legislation | EMAIL | eodom@ecsdfl.us; | MWhite5@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 3/14/23 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Fetsko, Paul H | Fetsko, Paul H | 3/15/23 | 6:56:34 PM | The Bluest Eye | EMAIL | PFetsko@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 3/15/23 | 7:29:44 PM | Re: And Tango Makes Three | EMAIL | PHightower@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Fetsko, Paul H;Hightower, Patty;Slayton, Bill;Williams, David | 3/15/23 | 5:56:09 PM | Fwd: community forms | EMAIL | PFetsko@ecsdfl.us; PHightower@ecsdfl.us; KAdams2@ecsdfl.us; DWilliams3@ecsdfl.us; BSlayton@ecsdfl.us; | eodom@ecsdfl.us | EBuswell@ecsdfl.us; lkidd@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 3/15/23 | 10:01:53 PM | Re: community forms | EMAIL | eodom@ecsdfl.us | tsmith@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 3/19/23 | 11:07:33 PM | Minutes of February 20 Challenged materials | EMAIL | eodom@ecsdfl.us; | PHightower@ecsdfl.us | ebuswell@ecsdfl.us | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Fetsko, Paul H;Hightower, Patty;Payne, Shenna;Slayton, Bill;Smith, Tim;Williams, David | 3/20/23 | 1:37:46 AM | Florida DOE Media Center and Instructional Materials Training | EMAIL | PFetsko@ecsdfl.us; PHightower@ecsdfl.us; KAdams2@ecsdfl.us; DWilliams3@ecsdfl.us; BSlayton@ecsdfl.us; tsmith@ecsdfl.us; SPayne2@ecsdfl.us; | eodom@ecsdfl.us | EBuswell@ecsdfl.us; DHarris@ecsdfl.us; JDwelle@ecsdfl.us; lkidd@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Alaback, Brian;Marcanio, Steve;White, Michelle | 3/20/23 | 2:22:47 PM | Fwd: community forms | EMAIL | BAlaback@ecsdfl.us; MWhite5@ecsdfl.us; | SMarcanio@ecsdfl.us | JBell@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Fetsko, Paul H;Hightower, Patty;Payne, Shenna;Slayton, Bill;Smith, Tim;Williams, David | 3/20/23 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Hightower, Patty | Hightower, Patty | 3/21/23 | 12:35:51 PM | Re: Florida DOE Media Center and Instructional Materials Training | EMAIL | eodom@ecsdfl.us; | PHightower@ecsdfl.us | | Privileged | Attorney Client/Work Product |

IDX Defendant's Privilege Log
23-CV-10385

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Fetsko, Paul H | Fetsko, Paul H | 3/24/23 | 3:24:59 PM | Re: Follow up to request that certain challenged books remain in circulation | EMAIL | PFetsko@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Smith, Tim | Smith, Tim | 3/30/23 | 12:43:00 PM | Re: Alternate Preliminary Procedure for Challenged Books | EMAIL | eodom@ecsdfl.us; | tsmith@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Williams, David | Williams, David | 3/30/23 | 12:07:25 PM | Re: Alternate Preliminary Procedure for Challenged Books | EMAIL | DWilliams3@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Alaback, Brian | Alaback, Brian;White, Michelle | 3/31/23 | 8:23:38 PM | Fwd: Alternate Preliminary Procedure for Challenged Books | EMAIL | BAlaback@ecsdfl.us; | MWhite5@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Williams, David | Williams, David | 3/31/23 | 6:03:14 PM | Re: Alternate Preliminary Procedure for Challenged Books | EMAIL | DWilliams3@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Alaback, Brian | Alaback, Brian;White, Michelle | 3/31/23 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| White, Michelle | White, Michelle | 4/3/23 | 12:05:13 PM | Re: Alternate Preliminary Procedure for Challenged Books | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve | 4/12/23 | 6:00:11 PM | Fwd: Material Reconsideration Form | EMAIL | eodom@ecsdfl.us | SMarcanio@ecsdfl.us | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve | 4/12/23 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve | 4/12/23 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Marcanio, Steve | Marcanio, Steve | 4/12/23 | | | ATTACHMENT | | | | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin;Fetsko, Paul H;Hightower, Patty;Slayton, Bill;Williams, David | 4/14/23 | 2:15:16 PM | Legislative Update-Library Book Content | EMAIL | PFetsko@ecsdfl.us; PHightower@ecsdfl.us; KAdams2@ecsdfl.us; DWilliams3@ecsdfl.us; BSlayton@ecsdfl.us; | eodom@ecsdfl.us | EBuswell@ecsdfl.us; lkidd@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Alaback, Brian | Alaback, Brian;Marcanio, Steve;Smith, Tim;White, Michelle | 4/17/23 | 7:41:57 PM | Re: Please advise | EMAIL | MWhite5@ecsdfl.us; | eodom@ecsdfl.us | smarcanio@ecsdfl.us; tsmith@ecsdfl.us; balaback@ecsdfl.us; | Privileged | Attorney Client/Work Product |
| Adams, Kevin | Adams, Kevin | 4/26/23 | 1:52:34 PM | Re: Restricted Book Policy | EMAIL | eodom@ecsdfl.us | KAdams2@ecsdfl.us | | Privileged | Attorney Client/Work Product |

# Exhibit 8

 **Protect Democracy**

**Shalini Agarwal <shalini.agarwal@protectdemocracy.org>**

---

## RE: privilege log & other discovery deficiencies [RKC-ACTIVE.FID3715517]

---

**Shalini Agarwal** <shalini.agarwal@protectdemocracy.org>                    Mon, Oct 21, 2024 at 10:57 PM
To: "Duquette, Carlie" <cduquette@rumberger.com>
Cc: "Smith, Nicole" <nsmith@rumberger.com>, "Duke, Samantha" <Sduke@rumberger.com>, "Grosholz, Jeffrey" <jgrosholz@rumberger.com>, "Bouzat, Facundo" <bouzatf@ballardspahr.com>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Fehlan, Kirsten" <FehlanK@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Kussmaul, Matthew" <KussmaulM@ballardspahr.com>, "Oberlander, Lynn" <oberlanderl@ballardspahr.com>, Ori Lev <ori.lev@protectdemocracy.org>, "Petagna, Kristen" <petagnak@ballardspahr.com>, "Relyea, Ryan R." <relyear@ballardspahr.com>, "Warren, Catherine J." <warrenc@ballardspahr.com>, "Moseley, Cayla" <cmoseley@rumberger.com>

Thanks for this.  I'm also attaching Plaintiffs' privilege log.

And we look forward to seeing your substantive responses to my emails from last Thursday regarding Defendant's discovery deficiencies.  Please provide us those responses as soon as you can tomorrow so that we'll have time to meaningfully confer by email.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)
Special Counsel, Protect Democracy
protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Mon, Oct 21, 2024 at 5:10 PM Duquette, Carlie <cduquette@rumberger.com> wrote:
[Quoted text hidden]

---

 **2024.10.21 - Plaintiffs Privilege Log.xlsx**
13K

Exhibit 9

# Ballard Spahr
LLP

– – – – – – – – – – – – – – – – – – –
1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Lynn Oberlander
Tel: 646.346.8011
Fax: 212.223.1942
oberlanderl@ballardspahr.com

October 22, 2024

**_By E-Mail_**

Nicole Sieb Smith, Esq.
J. David Marsey, Esq.
Rumberger, Kirk & Caldwell, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, FL 32301

Re:     *PEN American Center, Inc., et al. v. Escambia County School Board*, Case No. 3:23-cv-10385-TKW-ZCB (N.D. Fla.) – Deficiencies in Defendant's Discovery Responses

Dear Nicole:

We write to identify deficiencies in Defendant Escambia County School Board's Responses to Plaintiffs' Requests for Production and Interrogatories. As detailed below, Plaintiffs request that Defendant promptly supplement its responses to Plaintiffs' discovery requests to remediate these deficiencies. Given the amount of time already spent attempting to resolve these disputes, and the impending deadline to file motions to compel, **please respond by 5pm ET on Wednesday, October 23, 2024**, whether Defendant will supplement its responses and production as outlined below. If the issues are not **resolved by 12pm ET on Thursday, October 24, 2024**, Plaintiffs intend to file a motion to compel by Monday, October 28, 2024.[1]

Plaintiffs have been diligently seeking discovery relevant to their claims for nearly a year. During that time, Defendant has consistently prevented Plaintiffs from obtaining that discovery, limiting Plaintiffs' ability to learn of all relevant facts to the dispute.

Despite Plaintiffs' best efforts, Defendant's responses to Requests for Production, Interrogatories, production of documents, and privilege log remain deficient.

## I.     Defendant's Responses to Requests for Production and Interrogatories

Request Nos. 1, 2, 3, 17, 18, 19, 20 – These requests ask for communications involving School Board members. Defendant has only produced messaging communications from School Board members' personal devices, but has produced no communications from School Board members' personal email accounts. Please produce the personal emails of School Board

---

[1] The parties previously agreed not to object to the timeliness of any motion to compel filed by October 26, 2024. In reviewing the Court's orders, we realize that the deadline to file a motion is actually Sunday, October 27, 2024 (30 days prior to the close of discovery on November 26, 2024). As that date falls on a weekend, we understand the deadline to file a motion to compel to be Monday, October 28, 2024.

October 22, 2024
Page 2

members responsive to these requests, or certify in writing that (1) a diligence search was conducted and (2) no documents exist.

RFP Nos. 1, 3 – As noted in Shalini Agarwal's October 17, 2024 email to which we have received no response, and attached as Exhibit A, the following documents that Mr. Leonard testified he created at his deposition are responsive to these requests: copies of the challenge forms for the books at issue in this litigation with his handwritten notes that he made as part of his review of the books for possible implementation of section 10.B.3.d of Policy 4.06. Please produce these documents.

As noted in Shalini Agarwal's October 11, 2024 email to which we have not received a substantive response, and attached as Exhibit B, the document that Ms. Payne was unable to describe in her deposition but was attached to an email introduced in the deposition as Exhibit 2 and titled "Book Challenges" is responsive to these requests but has not been produced by Defendant. Please produce this document.

RFP No. 50 – This request asks for communications/documents between Michelle White and the superintendent, superintendent's staff, or School Board relating to the Bible challenge. Defendant responded it could not locate any documents responsive to this request. Please confirm, in writing, where Defendant searched for such documents and confirm that such documents are not being withheld on the basis of privilege.

RFP No. 52 – As noted in Shalini Agarwal's October 17, 2024 email to which we have received no response, and attached as Exhibit A, Defendant's response to this request is deficient, as Defendant has not produced all versions of the spreadsheet from 9/15/22-7/24/23, and Defendant contends that Plaintiffs have access to subsequent versions of the spreadsheet that are publicly available without any assurance that it will notify Plaintiffs whenever a change is made so that we can download a copy.  Please produce the documents responsive to these requests. Alternatively, with respect to the versions of the Reconsiderations Spreadsheet from 9/15/22-7/24/23, as discussed below with respect to Interrogatory No. 15, Defendant can create a copy of the Reconsiderations Spreadsheet and share it with us with Editor access; this would allow us to see the changes made in the spreadsheet and obviate the need for production of prior versions of the spreadsheet (but not the requirement to produce subsequent versions or notify us of changes made to the spreadsheet).

RFP No. 53 – As noted in Shalini Agarwal's October 17, 2024 email to which we have received no response, and attached as Exhibit A, Defendant's response to this request is deficient. As Defendant knows, documents showing policies, procedures, and practices relating to the inter-library loan process in the school district's libraries are certainly relevant to Plaintiffs' claims, given that the Board has argued that some of the individual students who are children of the Parent Plaintiffs never had access to the books they are seeking to check out at their specific school libraries. We believe a court will agree that it is not too burdensome for Defendant to reach out to the media specialists at its 65 schools to determine what the actual practices of inter-library loan are on the ground, to the extent that there are any documents reflecting this. As Defendant knows, the formal policies adopted at School Board meetings are not the be-all, end-all for the Board's liability. *See Hatcher v. DeSoto Cnty. Sch. Dist. Bd.*, 989 F. Supp. 2d 1232, 1238 (M.D. Fla. 2013) (noting that plaintiff had satisfactorily alleged, based upon defendants' emails, an unwritten policy or practice of banning protest

October 22, 2024
Page 3

speech at schools); *Robinson v. Sailormen, Inc*., 2016 WL 11528450, at *6 (N.D. Fla. Nov. 18, 2016) (recognizing defendant's informal policy because "a policy need not be written in a handbook for it to exist"). Please produce the documents responsive to these requests.

Interrogatory No. 15 – As noted in Shalini Agarwal's October 17, 2024 email to which we have received no response, and attached as Exhibit A, Defendant's response to this interrogatory is deficient. We do not agree that the simple process demonstrated by Ms. Vinson during the 30(b)(6) deposition for identifying the dates that specific books were restricted or unrestricted is unduly burdensome. The simple task should take no more than a few hours. The reference in your response to multiple changes in one day is also inapposite, as those multiple changes as described at Ms. Vinson's deposition typically involved changes in nomenclature and not substantive changes in the restricted status of the book. *See, e.g.*, Vinson Depo. at 460:3-461:2. The Interrogatory does not seek every entry ever made in the Restricted Access column of the Reconsideration Spreadsheet, but only the date(s) that a book was restricted or unrestricted – i.e., the dates that actual access to the book was changed. Moreover, the length of time a book has been restricted is clearly probative of the harm suffered by Plaintiffs. If Defendant believes that identifying these dates is unduly burdensome, it can also create a copy of the spreadsheet and share that copy with Plaintiffs with Editor access. That would allow us to undertake this simple task. If Defendant provides such a copy of the spreadsheet with Editor access, we would also deem it responsive to request 52 insofar as it seeks all versions of the spreadsheet from 9/15/22-7/24/23. Please let us know if Defendant will agree to provide the requested information – either by way of interrogatory response or by sharing a copy of the spreadsheet with Editor access.

## II.    Deficiencies in October 16, 2024 Production

Deficiencies in October 16, 2024 Production of School Board Members Personal Device Documents

On October 16, 2024, Defendant produced certain communications from the personal devices of the School Board members. The produced documents are largely deficient. First, many of the messages do not have date or time stamps, and do not clearly identify the parties involved in the messages (i.e., many are only identified by initials). Per the ESI Protocol, metadata reflecting the date, time, author, sender, and recipient(s) should be provided for native files and images. [Dkt. No. 78-1, p. 7].

In addition, the messages that were provided appear to be incomplete. Defendant had agreed to "produce sufficient messages in the text chain preceding and following the responsive message to (a) constitute a fair presentation of the discussion in which the communication arose and (b) allow the reader to understand the context in which the message arose." [N. Smith Email, 10/3/24 (confirming S. Agarwal's proposal following meet and confer)]. The production fails to meet this standard. In addition, one communication, [HIGHP 009], appears to be an iMessage search for "books" producing individual messages with that word rather than text chains. Finally, it appears that Defendant failed to provide all responsive communications from the School Board members' personal devices. For example, the communications provided for Kevin Adams are limited to Facebook messages. No text messages for Mr. Adams were provided despite the parties knowing that such text messages exist with, at least, Tim Smith. [T.SMITH 000007 - 000010].

October 22, 2024
Page 4

Attached as <u>Exhibit C</u> is a list of deficiencies in Defendant's production, specific to certain produced documents.

As a result, Plaintiffs request that Defendant (1) replace the previously produced communications with versions that identify the date and time of the messages and identify the parties involved in all messages per the ESI Protocol; (2) produce sufficient messages in the text chains to provide context as agreed in [N. Smith Email, 10/3/24]; (3) produce the text chains identified in [HIGHP 009], (4) produce all additional communications, from all communication apps and platforms, for all School Board members, including text messages from Kevin Adams, and (5) address all additional issues identified in <u>Exhibit C</u>.

<u>Deficiencies in October 16, 2024 Production of Communications Regarding HB 1069</u>

As to the HB 1069-related communications produced by Defendant on October 16, 2024, a number of these documents identify or make reference to other documents from Google Classroom, Google Drive, or other platforms that were not produced but appear from their titles to be clearly responsive to Plaintiffs' discovery requests.

These include the following:

- E-ECSD_0068847 (linking to Google Classroom titled "Media Specialists: HB 1069 Resources")
- E-ECSD_0069548 (linking to "B.E.S.T. Full List K-12" within Google Classroom titled "Media Specialists: HB 1069 Resources")
- E-ECSD_0069555 (linking to "Elementary YA Books for Reconsideration" as to YA books possibly having been mislabeled within Google Classroom titled "Media Specialists: HB 1069 Resources")
- E-ECSD_0070693 (linking to "HB 1069 Condensed Staff Training Video" within Google Classroom titled "Media Specialists: HB 1069 Resources")
- E-ECSD_0071110 (linking to slideshow presentation of training for media specialists starting to review collections for titles containing sexual conduct pursuant to HB 1069)
- E-ECSD_0071421 (linking to folder titled "HB 1069")
- E-ECSD_0072638 (linking to "HB 1069 July Training 2023" within Google Classroom titled "Media Specialists: HB 1069 Resources")
- E-ECSD_0072642 (linking to "Elementary Book Lists- BEST and District" within Google Classroom titled "Media Specialists: HB 1069 Resources")
- E-ECSD_0072644 (linking to "Media Center Reviewed and Cleared Sections" within Google Classroom titled "Media Specialists: HB 1069 Resources")
- E-ECSD_0072650 (linking to "Elementary YA Books for Reconsideration" within Google Classroom titled "Media Specialists: HB 1069 Resources")
- E-ECSD_0072652 (linking to "Media Specialist HB 1069 Training- How-to Document & Resources/Forms" within Google Classroom titled "Media Specialists: HB 1069 Resources")
- E-ECSD_0072660 (linking to "HB 1069 Review Process One-Pager" on Canvas)

October 22, 2024
Page 5

The parties agreed pursuant to the ESI Protocol that "[i]f any member of a document family is deemed responsive, all members of the family are deemed responsive to that request." [Dkt. No. 78-1, p. 9]. Please produce all family documents responsive to these requests.

### III.     Deficiencies in October 21, 2024 Privilege Log

Defendant provided a privilege log on October 21, 2024, and based on their review to date, Plaintiffs identify the following deficiencies. Plaintiffs reserve the right to assert further deficiencies in the future as they continue to review.

The entries on Defendant's privilege log do not clearly identify the reason for the asserted privilege, appear to improperly assert both work product and attorney-client privilege for all documents on the log, even where the minimal information available suggests that one or both of those privileges does not apply, and fail to contain a file name for the withheld attachments to emails.

Federal Rule of Civil Procedure 26(b)(5)(A)(ii) requires that Defendant "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Defendant has failed to do so. Please provide a revised privilege log that includes a clear and detailed description of the privilege asserted.

In addition, all of the privilege log entries are dated before the Complaint was filed on May 17, 2023. Please explain why the work product doctrine would apply and confirm whether any document attachment was prepared in anticipation of litigation.

In addition, please address the specific entry concerns identified in Exhibit D.

* * *

**Please respond by 5pm ET October 23, 2024** that Defendant will provide the requested documents, supplemental responses and revised privilege log.

Best regards,

*Lynn Oberlander*

Lynn Oberlander

cc:    Mike Kilgarriff
        Catherine Warren
        Matthew G. Kussmaul
        Facundo Bouzat
        Kirsten Fehlan
        Goldie Fields
        Shalini Goel Agarwal
        Ori Lev

**EXHIBIT A**

| | |
|---|---|
| **From:** | Shalini Agarwal <shalini.agarwal@protectdemocracy.org> |
| **Sent:** | Thursday, October 17, 2024 5:10 PM |
| **To:** | Duke, Samantha; Duquette, Carlie; Grosholz, Jeffrey; Smith, Nicole |
| **Cc:** | Bouzat, Facundo; Ellinor Heywood; Fehlan, Kirsten; Fields, Goldie; Kilgarriff, Mike; Kussmaul, Matthew; Oberlander, Lynn; Ori Lev; Petagna, Kristen; Relyea, Ryan R.; Warren, Catherine J. |
| **Subject:** | Re: privilege log & other discovery deficiencies |

⚠ **EXTERNAL**

Apologies – sent too soon. One more discovery issue I forgot to flag in my earlier email:

We also ask that you produce the following documents that Mr. Leonard testified he created at his deposition today: copies of the challenge forms for the books at issue in this litigation with his handwritten notes that he made as part of his review of the books for possible implementation of section 10.B.3.d of Policy 4.06. Mr. Leonard testified that he knows where those documents are located in his office. Those documents are responsive to RFPs 1 and 3, among others. **Please let us know if you agree to produce these documents by Friday, October 25.**

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)
Special Counsel, Protect Democracy
protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Thu, Oct 17, 2024 at 6:55 PM Shalini Agarwal <shalini.agarwal@protectdemocracy.org> wrote:
 Dear Nicole,

I write because we have yet to receive a privilege log from Defendant in this case. Can you confirm that Defendant is not withholding any documents pursuant to any asserted privilege? Please let us know, and if not, **please produce a privilege log by 5 p.m. on Monday** so that we will have time to determine whether there are any assertions of privilege we need to dispute. Plaintiffs will also commit to producing a privilege log to Defendant by the same deadline.

Second, with respect to Plaintiffs' 4th RFPs, Defendant's response to RFP No. 53 is deficient. As you know, policies, procedures, and practices documents relating to the interlibrary loan process in the the school district's libraries are certainly relevant for our claims, given that the Board has argued that some of the individual students who are children of the Parent Plaintiffs never had access to the books they are seeking to check out at their specific school libraries. We believe a court will agree with us that it is not too burdensome for Defendant to reach out to the media specialists at its 65 schools to determine what the actual practices of ILL are on the ground, to the extent that there are any documents reflecting this. As you know, the formal policies adopted at School Board meetings are not the be-all, end-all for the Board's liability. *See Hatcher v. DeSoto Cnty. Sch. Dist. Bd.*, 989 F. Supp. 2d 1232, 1238 (M.D. Fla. 2013) (noting that plaintiff had satisfactorily alleged, based

upon defendants' emails, an unwritten policy or practice of banning protest speech at schools); *Robinson v. Sailormen, Inc.*, 2016 WL 11528450, at *6 (N.D. Fla. Nov. 18, 2016) (recognizing defendant's informal policy because "a policy need not be written in a handbook for it to exist"). Please let us know if Defendant will search for and produce documents responsive to this request.

Third, as Ori has already flagged, Defendant's response to RFP No. 52 is also deficient, as you have not produced all versions of the spreadsheet from 9/15/22-7/24/23, and Defendant contends that Plaintiff have access to subsequent versions of the spreadsheet that are publicly available without any assurance that it will notify Plaintiffs whenever a change is made so that we can download a copy.  Please let us know if Defendant will remedy these deficiencies.

Fourth, the response to Interrogatory 15 is deficient. We do not agree that the simple process demonstrated by Ms. Vinson during the 30(b)(6) deposition for identifying the dates that specific books were restricted or un-restricted is unduly burdensome. The simple task should take no more than a few hours. Your reference to multiple changes in one day is also inapposite, as those multiple changes as described at Ms. Vinson's deposition typically involved changes in nomenclature and not substantive changes in the restricted status of the book. *See, e.g.*, Vinson Depo. at 460:3-461:2. The Interrogatory does not seek every entry ever made in the Restricted Access column of the Reconsideration Spreadsheet, but only the date(s) that a book was restricted or unrestricted – i.e., the dates that actual access to the book was changed. Moreover, the length of time a book has been restricted is clearly probative of the harm suffered by Plaintiffs.  If Defendant believes that identifying these dates is unduly burdensome, it can also create a copy of the spreadsheet and share that copy with Plaintiffs with Editor access. That would allow us to undertake this simple task. Please let us know if Defendant will agree to provide the requested information or provide a version of the spreadsheet that allows us to see the edit history of the document.

Finally, as to the production Defendant made yesterday, we are still digesting that (with significant concerns that none of these communications were searched for or produced earlier and that the production does not include text messages from Board Members' phones to or from Dr. Smith that Smith already produced), and expect we will need to discuss it with you all further.

**We propose setting a time to confer about any remaining discovery disputes on Tuesday, October 22**, given that the deadline for motions to compel is October 26. Please let us know when you are available.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)
Special Counsel, Protect Democracy

2

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

**EXHIBIT B**

 **Protect Democracy**

**Shalini Agarwal <shalini.agarwal@protectdemocracy.org>**

---

## follow-up on Shenna Payne deposition
1 message

**Shalini Agarwal** <shalini.agarwal@protectdemocracy.org>                    Fri, Oct 11, 2024 at 4:30 PM
To: "Smith, Nicole" <nsmith@rumberger.com>, "Duke, Samantha" <sduke@rumberger.com>, "Grosholz, Jeffrey" <jgrosholz@rumberger.com>, "Duquette, Carlie" <cduquette@rumberger.com>
Cc: Ori Lev <ori.lev@protectdemocracy.org>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Oberlander, Lynn" <oberlanderl@ballardspahr.com>, "Kussmaul, Matthew" <KussmaulM@ballardspahr.com>, "Fehlan, Kirsten" <FehlanK@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Warren, Catherine J." <warrenc@ballardspahr.com>, "Bouzat, Facundo" <bouzatf@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>

Dear Nicole,

Please produce the document titled "Book Challenges" shared in the attached email (Exhibit 2 to Payne deposition) and which Ms. Payne was unable to identify or describe at her deposition today. We believe Defendant should have produced it as a responsive document based on our original requests for production.

Thanks,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)
Special Counsel, Protect Democracy
protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

---

📄 **Exhibit 2 - E-ECSD_0067202.pdf**
43K

**EXHIBIT C**

| Doc Bates # | Deficiency |
|---|---|
| ADAMS 001 | Document does not identify who "Kelly" is.<br><br>Entire message is not provided; message is cut off at end of document. |
| ADAMS 002<br><br>ADAMS 004 | Document does not identify who "Tammy" is. |
| ADAMS 003 | Document does not identify who "Aaron" is.<br><br>Entire message is not provided; message is cut off at end of document. |
| ADAMS 005<br><br>ADAMS 006<br><br>ADAMS 007 | Document does not identify who "Pueschel" is.<br><br>Entire message at ADAMS 007 is not provided; message is cut off at end of document. |
| ADAMS 008<br><br>ADAMS 009 | Document does not identify who "Jeffrey" is.<br><br>Entire message is not provided; message is cut off at end of document. |
| ADAMS 010 – 12 | Document does not identify who "Dreama" is. |
| ADAMS 013 | Document does not identify who "Aaron" is.<br><br>Entire message is not provided; message is cut off at end of document. |
| ADAMS 014-18 | Document does not identify who "Doris" is.<br><br>Entire message at ADAMS 017 and 018 are not provided; message is cut off at end of document. |
| ADAMS 019-021 | Document does not identify who "Andrew" is.<br><br>Entire message at ADAMS 021 is not provided; message is cut off at end of document. |
| ADAMS 022 | Document does not identify who "Jeffrey" is.<br><br>Entire message is not provided; message is cut off at end of document. |

October 22, 2024
Page 10

| ADAMS 023 | Document does not identify who "Doris" is.<br><br>Entire message is not provided; message is cut off at end of document. |
|---|---|
| ADAMS 024-027 | Document does not identify who "Vicki" is. |
| ADAMS 028 – 030 | Document does not identify who "Aaron" is.<br><br>Entire message at ADAMS 030 is not provided; message is cut off at end of document. |
| ADAMS 031 | Document does not identify participants to message. |
| ADAMS 032 - 034 | Document does not identify who "Vicki" is. |
| ADAMS 035 – 037 | Document does not identify who "Aaron" is.<br><br>Entire message at ADAMS 037 is not provided; message is cut off at end of document. |
| ADAMS 039 - 040 | Documents do not identify participants to message.<br><br>Entire messages is not provided; message is cut off at end of documents. |
| ADAMS 041 - 053 | Document does not identify who "Vicki" is.<br><br>Entire message at ADAMS 041, 043, 049, 053 is not provided; message is cut off at end of document. |
| ADAMS 054 | Document does not identify who "William" is.<br><br>Entire message is not provided; message is cut off at end of document. |
| ADAMS 055 | Document does not identify who "Dream" is.<br><br>Entire message is not provided; message is cut off at end of document. |
| ADAMS 056 - 060 | Document does not identify who "Aaron" is.<br><br>Entire message at ADAMS 060 is not provided; message is cut off at end of document. |
| ADAMS 061 | Document does not identify who "Jeffrey" is.<br><br>Document displays "Couldn't load message" for three messages. |
| ADAMS 064 | Document does not identify participants to message. |

October 22, 2024
Page 11

| | Entire message is not provided; message is cut off at end of document. |
|---|---|
| ADAMS 065 | Document does not identify who "Aarons" is. |
| ADAMS 068 | Document does not identify who "Kelly" is. |
| FETSKO 001 | Entire message is not provided; message is cut off at end of document. |
| FETSKO 002 | Document does not identify participants to message.<br><br>Entire message is not provided; message is cut off at end of document. |
| FETSKO 003 | Document does not identify participants to message.<br><br>Entire message is not provided; message is cut off at end of document. |
| FETSKO 004 | Document does not identify participants to message. |
| FETSKO 005 - 007 | Document does not identify who "Nettie" is. |
| FETSKO 008 | Document does not identify participants to message.<br><br>Entire message is not provided; message is cut off at end of document. |
| FETSKO 009 - 010 | Document does not identify participants to message. |
| FETSKO 011 | Document does not identify participants to message.<br><br>Entire message is not provided; message is cut off at end of document. |
| FETSKO 012-013 | Document does not identify participants to message. |
| FETSKO 014 | Document does not identify participants to message.<br><br>Entire message is not provided; message is cut off at end of document. |
| FETSKO 019 | Document does not identify who "Keith" is. |
| HIGHP 001 – 004 | Document does not identify participants to message. |
| HIGHP 007 | Document does not identify who "Carolyn" is.<br><br>Entire message is not provided; message is cut off at end of document. |

| | |
|---|---|
| HIGHP 008 | Document does not identify who "Linda" is. |
| HIGHP 009 | Messages are from different text chains. Need to provide individual text chains where messages with the searched word "book" appear. |
| HIGHP 010 | Document does not identify participants to message. |
| HIGHP 011 | Document does not identify participants to message.<br><br>Entire message is not provided; message is cut off at end of document. |
| HIGHP 014 - 016 | Documents do not identify participants to message. |
| HIGHP 017 | Document does not identify who "Jenny" is. |
| HIGHP 018 | Document does not identify participants to message. |
| SLAYB 001 - 002 | Document does not identify participants to message. |
| SLAYB 003 | Document does not identify participants to message. |
| SLAYB 004 | Document does not identify participants to message.<br><br>Entire message is not provided; message is cut off at end of document. |
| WILLD 001 | Document does not identify participants to message. |
| WILLD 002 - 008 | Document does not identify participants to message.<br><br>Entire message at WILLD 004 is not provided; message is cut off at end of document. |
| WILLD 009 | Not clear who "Barbara" is |
| WILLD 012 | Document does not identify participants to message. |
| WILLD 013 | Document does not identify participants to message.<br><br>Entire message is not provided; message is cut off at end of document. |
| WILLD 014 – 015 | Document does not identify who "Ellen" is. |
| WILLD 016 | Document does not identify participants to message.<br><br>Entire message is not provided; message is cut off at end of document. |

| WILLD 017 – 018 | Document does not identify who "Marcel" is. |
| --- | --- |

**EXHIBIT D**

| Log Row # | Custodian | Date | Time Sent (UTC) | Subject | Doc Type | Email Sent To (Address) | Email From | Email CC (Address) | Privilege Type | Deficiency |
|---|---|---|---|---|---|---|---|---|---|---|
| 78 | Adams, Kevin | 10/11/2022 | 8:27:26 PM | Fwd: 11 new challenged titles to be moved to restricted access area | EMAIL | votekevinadams@gmail.com; | KAdams2@ecsdfl.us | | Attorney Client/Work Product | There is no lawyer on this email. Confirm and explain, in writing, why this is privileged. |
| 141 | Smith, Tim | 10/18/2022 | 1:20:38 PM | Re: Mr. Adams' proposal for consideration 4.06 | EMAIL | tsmith@ecsdfl.us; | DHarris@ecsdfl.us | | Attorney Client/Work Product | There is no lawyer on this email. Confirm and explain, in writing, why this is privileged. |
| 155 | White, Michelle | 3/2/2023 | 7:46:19 PM | Re: Reaching out from HBO TV show | EMAIL | CStrother@ecsdfl.us; | MWhite5@ecsdfl.us | | Attorney Client/Work Product | There is no lawyer on this email. Confirm and explain, in writing, why this is privileged. |
| 157 | Marcanio, Steve | 3/6/2023 | 4:59:53 PM | Re: community forms | EMAIL | MWhite5@ecsdfl.us; | SMarcanio@ecsdfl.us | tsmith@ecsdfl.us; | Attorney Client/Work Product | There is no lawyer on this email. Confirm and explain, in writing, why this is privileged. |
| 158 | Smith, Tim | 3/6/2023 | 2:00:00 PM | Re: community forms | EMAIL | SMarcanio@ecsdfl.us; | tsmith@ecsdfl.us | MWhite5@ecsdfl.us; | Attorney Client/Work Product | There is no lawyer on this email. Confirm and explain, in writing, why this is privileged. |

| Log Row # | Custodian | Date | Time Sent (UTC) | Subject | Doc Type | Email Sent To (Address) | Email From | Email CC (Address) | Privilege Type | Deficiency |
|---|---|---|---|---|---|---|---|---|---|---|
| 162 | Smith, Tim | 3/7/2023 | 3:43:00 AM | Re: community forms | EMAIL | MWhite5@ecsdfl.us; | tsmith@ecsdfl.us | | Attorney Client/Work Product | There is no lawyer on this email. Confirm and explain, in writing, why this is privileged. |
| 163 | White, Michelle | 3/7/2023 | | | ATTACHMENT | | | | Attorney Client/Work Product | This is an attachment to an email with no lawyer. Conform and explain, in writing, why this is privileged. |
| 164 | White, Michelle | 3/7/2023 | | | ATTACHMENT | | | | Attorney Client/Work Product | This is an attachment to an email with no lawyer. Conform and explain, in writing, why this is privileged. |
| 175 | Marcanio, Steve | 3/20/2023 | 2:22:47 PM | Fwd: community forms | EMAIL | BAlaback@ecsdfl.us; MWhite5@ecsdfl.us; | SMarcanio@ecsdfl.us | JBell@ecsdfl.us; | Attorney Client/Work Product | There is no lawyer on this email. Confirm and explain, in writing, why this is privileged. |
| 176 | Adams, Kevin | 3/20/2023 | | | ATTACHMENT | | | | Attorney Client/Work Product | This is an attachment to an email with no lawyer. Conform and explain, in writing, why this is privileged. |
| 181 | Alaback, Brian | 3/31/2023 | 8:23:38 PM | Fwd: Alternate Preliminary Procedure for Challenged Books | EMAIL | BAlaback@ecsdfl.us; | MWhite5@ecsdfl.us | | Attorney Client/Work Product | There is no lawyer on this email. Confirm and explain, in writing, why this is privileged. |

# Exhibit 10

 **Protect Democracy**

**Shalini Agarwal <shalini.agarwal@protectdemocracy.org>**

---

## RE: privilege log & other discovery deficiencies [RKC-ACTIVE.FID3715510]

**Shalini Agarwal** <shalini.agarwal@protectdemocracy.org>                    Thu, Oct 24, 2024 at 1:29 PM
To: "Smith, Nicole" <nsmith@rumberger.com>
Cc: "Duke, Samantha" <Sduke@rumberger.com>, "Duquette, Carlie" <cduquette@rumberger.com>, "Grosholz, Jeffrey" <jgrosholz@rumberger.com>, "Bouzat, Facundo" <bouzatf@ballardspahr.com>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Fehlan, Kirsten" <FehlanK@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Kussmaul, Matthew" <KussmaulM@ballardspahr.com>, "Oberlander, Lynn" <oberlanderl@ballardspahr.com>, Ori Lev <ori.lev@protectdemocracy.org>, "Petagna, Kristen" <petagnak@ballardspahr.com>, "Relyea, Ryan R." <relyear@ballardspahr.com>, "Warren, Catherine J." <warrenc@ballardspahr.com>, "Moseley, Cayla" <cmoseley@rumberger.com>

Hi Nicole,

We have been trying to meet and confer with you all for some time.  But we haven't heard anything from you despite our multiple communications.

We had reached out to you on 10/17 noting a number of deficiencies in Defendant's discovery responses and trying to schedule a meet and confer for this week on 10/22. You responded on 10/19 that you were unavailable by phone all week and advising that we should confer by email.

Although you wrote on 10/19 that you are conferring with your client about the deficiencies we identified, you have yet to respond to any of them substantively.

When you did not respond by 10/22, we sent a follow-up letter cataloging the deficiencies more formally and further identifying deficiencies in the production made by Defendant on 10/16 and the privilege log Defendant produced on 10/21. Our letter requested a response from Defendant by 5:00 p.m. yesterday, 10/23, and an opportunity to sort through any outstanding issues by noon today, 10/24.

Having heard nothing from you, we consider the parties to be at an impasse as to the issues identified in our deficiency communications on 10/17 and 10/22, given that the deadline to file motions to compel is 10/28 (30 days before the close of all discovery falls on a weekend, so we interpret the deadline to be the next business day).

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)
Special Counsel, Protect Democracy
protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*
[Quoted text hidden]

Exhibit 11

 **Protect Democracy**

**Shalini Agarwal <shalini.agarwal@protectdemocracy.org>**

---

## RE: PEN American Center, Inc., et al. v. Escambia County School Board - Deficiencies in Defendant's Discovery Responses [RKC-ACTIVE.FID3715510]

---

**Duke, Samantha** <Sduke@rumberger.com>                                    Thu, Oct 24, 2024 at 1:52 PM
To: "Warren, Catherine J." <warrenc@ballardspahr.com>, "Smith, Nicole" <nsmith@rumberger.com>, "Marsey, David" <dmarsey@rumberger.com>
Cc: Shalini Agarwal <shalini.agarwal@protectdemocracy.org>, "Bouzat, Facundo" <bouzatf@ballardspahr.com>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Fehlan, Kirsten" <FehlanK@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Kussmaul, Matthew" <KussmaulM@ballardspahr.com>, "Oberlander, Lynn" <oberlanderl@ballardspahr.com>, Ori Lev <ori.lev@protectdemocracy.org>, "Petagna, Kristen" <petagnak@ballardspahr.com>, "Relyea, Ryan R." <RelyeaR@ballardspahr.com>, "Moseley, Cayla" <cmoseley@rumberger.com>, "Duquette, Carlie" <cduquette@rumberger.com>


Hi Catherine –


Nicole is out of the office this week and is the person best able to respond to some of the items mentioned in your letter.  However, we do have a response to the below items:


Request Nos. 1, 2, 3, 17, 18, 19, 20: Board Members' personal emails were searched and no responsive documents existed.


Exhibit B – Payne Exhibit 2 titled "Book Challenges" will be produced by Friday.


RFP 50   "bible" was not an agreed upon search term.  However, to the extent it was part of an email containing one of the ("Book" OR Material or Title ) "Other" search terms if would have already been produced.


RFP 52   We will produce all versions of the reconsideration spreadsheet by Monday, October 27.


ROG 15   We will produce all versions of the reconsideration spreadsheet.


Production of 1069 Communications We are looking into the issues raised.


For the remainder of the items in your letter, we are available Monday before 2pm to discuss.


Samantha

**Samantha C. Duke**
Attorney at Law
Sduke@rumberger.com  | View my online bio

# Rumberger|Kirk

300 South Orange Avenue      DIRECT  407.839.2102
Suite 1400                   MAIN    407.872.7300
Orlando, FL 32801

The information in this e-mail message is legally privileged and confidential information. If you have
received this e-mail in error, please delete from any device/media where the message is stored.

---

**From:** Warren, Catherine J. <warrenc@ballardspahr.com>
**Sent:** Tuesday, October 22, 2024 10:17 PM
**To:** Smith, Nicole <nsmith@rumberger.com>; Marsey, David <dmarsey@rumberger.com>
**Cc:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Ellinor
Heywood <ellinor.heywood@protectdemocracy.org>; Fehlan, Kirsten <FehlanK@ballardspahr.com>; Fields, Goldie
<fieldsg@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Kussmaul, Matthew
<KussmaulM@ballardspahr.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Ori Lev
<ori.lev@protectdemocracy.org>; Petagna, Kristen <petagnak@ballardspahr.com>; Relyea, Ryan R.
<RelyeaR@ballardspahr.com>; Moseley, Cayla <cmoseley@rumberger.com>; Duke, Samantha
<Sduke@rumberger.com>; Duquette, Carlie <cduquette@rumberger.com>
**Subject:** PEN American Center, Inc., et al. v. Escambia County School Board - Deficiencies in Defendant's Discovery
Responses


Nicole,


Attached please find correspondence on behalf of Lynn Oberlander.


Thank you,
Catherine



**Catherine J. Warren**
**She/Her/Hers**

# Ballard Spahr
LLP



1225 17th Street, Suite 2300
Denver, CO 80202-5596

303.299.7387 DIRECT

508.523.2590 MOBILE | warrenc@ballardspahr.com
VCARD

----------------------------------

www.ballardspahr.com

# Exhibit 12



Shalini Agarwal <shalini.agarwal@protectdemocracy.org>

---

## RE: PEN American Center, Inc., et al. v. Escambia County School Board - Deficiencies in Defendant's Discovery Responses [RKC-ACTIVE.FID3715510]

**Shalini Agarwal** <shalini.agarwal@protectdemocracy.org>                    Thu, Oct 24, 2024 at 5:23 PM
To: "Duke, Samantha" <Sduke@rumberger.com>
Cc: "Warren, Catherine J." <warrenc@ballardspahr.com>, "Smith, Nicole" <nsmith@rumberger.com>, "Marsey, David" <dmarsey@rumberger.com>, "Bouzat, Facundo" <bouzatf@ballardspahr.com>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Fehlan, Kirsten" <FehlanK@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Kussmaul, Matthew" <KussmaulM@ballardspahr.com>, "Oberlander, Lynn" <oberlanderl@ballardspahr.com>, Ori Lev <ori.lev@protectdemocracy.org>, "Petagna, Kristen" <petagnak@ballardspahr.com>, "Relyea, Ryan R." <RelyeaR@ballardspahr.com>, "Moseley, Cayla" <cmoseley@rumberger.com>, "Duquette, Carlie" <cduquette@rumberger.com>

Dear Samantha,

Thank you for your partial response as to some of the deficiencies we identified, after we sent you our impasse communication. We understand that Nicole is on work travel until Monday and are seeking to confer with you all by email this week, as she proposed in her last email, given your team's unavailability for a call and the impending motion to compel deadline. Based on your email, below are the outstanding deficiencies:

**(1) RFP Nos. 1, 3**: Defendant has not made any commitment to produce the documents identified at Keith Leonard's deposition--namely the copies of the challenge forms with his handwritten notes for possible implementation of section 10.B.3.d of Policy 4.06.

**(2) RFP No. 50**: Defendant previously said it could not locate documents responsive to this request and now notes that the parties did not agree to the search term "bible" at the beginning of discovery in this case. As you know from Michelle White's deposition, she testified that the way Defendant handled the challenge to the Bible and whether or not to restrict the book during the pendency of the challenge was a turning point in the Board's handling of book challenges and restrictions. Communications relating to this decision are certainly probative of viewpoint discrimination by Defendant in how it handled book challenges in its libraries. We did not know these facts when we discussed search terms at the outset of discovery. Once we learned this information at her deposition, we served this discovery request nearly three months ago. We think the court will agree with us that parties are required to produce discovery responses based on new facts learned through the course of litigation.

**(3) RFP No. 53**: Defendant has made no commitment to produce documents showing policies, procedures, and practices relating to the inter-library loan process, which are clearly relevant to Plaintiffs' claims. If Defendant were to stipulate it would not contest the standing of the Parent Plaintiffs based on their children's access to books at their particular school libraries, then we would not need these documents. Absent such a stipulation, please produce the documents.

**(4) Interrogatory No. 15**: Plaintiffs are still seeking a copy of the spreadsheet with Editor access so that we can determine the dates on which each of the books at issue were restricted or unrestricted--information clearly relevant to Plaintiffs' claims. Alternatively, produce the information requested in the interrogatory. If Defendant refuses to take the few hours it would require to perform this task, Plaintiffs request Editor access to a copy of the spreadsheet.

**(5) School Board Members' Personal Device Documents**: Defendant has made no commitment to address these deficiencies.

**(6) Documents Regarding HB 1069**: Defendant said it would "look into the issues raised." Please provide Plaintiffs with an update on when and whether it will produce the listed documents by Friday, 10/25.

**(7) Privilege Log**: Defendant has made no commitment to address these deficiencies.

We are available to meet on Monday 11:00-1:00.  Please let us know what works for you.

We intend to move to compel on all of these issues on Monday if we are unable to resolve them by the time our meet and confer call is completed.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)
Special Counsel, Protect Democracy
protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

[Quoted text hidden]

# Exhibit 13



**Shalini Agarwal <shalini.agarwal@protectdemocracy.org>**

---

## RE: PEN American Center, Inc., et al. v. Escambia County School Board - Deficiencies in Defendant's Discovery Responses [RKC-ACTIVE.FID3715510]

---

**Smith, Nicole** <nsmith@rumberger.com>                    Mon, Oct 28, 2024 at 1:26 PM
To: Shalini Agarwal <shalini.agarwal@protectdemocracy.org>, "Duke, Samantha" <Sduke@rumberger.com>
Cc: "Warren, Catherine J." <warrenc@ballardspahr.com>, "Marsey, David" <dmarsey@rumberger.com>, "Bouzat, Facundo"
<bouzatf@ballardspahr.com>, Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Fehlan, Kirsten"
<FehlanK@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Kilgarriff, Mike"
<kilgarriffm@ballardspahr.com>, "Kussmaul, Matthew" <KussmaulM@ballardspahr.com>, "Oberlander, Lynn"
<oberlanderl@ballardspahr.com>, Ori Lev <ori.lev@protectdemocracy.org>, "Petagna, Kristen"
<petagnak@ballardspahr.com>, "Relyea, Ryan R." <RelyeaR@ballardspahr.com>, "Moseley, Cayla"
<cmoseley@rumberger.com>, "Duquette, Carlie" <cduquette@rumberger.com>


Hi Shalini –


Following up on a couple of the issues we discussed this morning.


As for the editor copy of the spreadsheet, we've confirmed we already tried the approach Ori suggested but
unfortunately it does not provide historical information regarding edits, i.e., edits made on earlier dates –
edits are only shown from the date the copy was made going forward. Defendant has agreed to produce all
versions of the spreadsheet which shows Plaintiffs the historical edits. As for Rog 15, we maintain our
position for the reasons discussed.


We are working on the amended privilege log to provide additional information regarding the basis for the
privilege and the file name. We hope to have it to you today but with the production we are doing today and
other scheduled obligations, it may be tomorrow.


Lastly, we have learned that the District no longer utilizes Google Classroom, which may be why the
attachments did not pull. It was a virtual classroom and included student educational records in addition to
teacher resources. We have requested the district pull the files you identified in your letter and, if they are
indeed 1069 training materials, they will be produced as soon as possible.


Please let us know your position on the interlibrary loan docs.


Thanks,

Nicole


**Nicole Sieb Smith**
Attorney at Law
nsmith@rumberger.com | View my online bio

# Rumberger|Kirk

101 North Monroe Street    MAIN  850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

**From:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Sent:** Friday, October 25, 2024 3:33 PM
**To:** Duke, Samantha <Sduke@rumberger.com>
**Cc:** Warren, Catherine J. <warrenc@ballardspahr.com>; Smith, Nicole <nsmith@rumberger.com>; Marsey, David <dmarsey@rumberger.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Fehlan, Kirsten <FehlanK@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Ori Lev <ori.lev@protectdemocracy.org>; Petagna, Kristen <petagnak@ballardspahr.com>; Relyea, Ryan R. <RelyeaR@ballardspahr.com>; Moseley, Cayla <cmoseley@rumberger.com>; Duquette, Carlie <cduquette@rumberger.com>
**Subject:** Re: PEN American Center, Inc., et al. v. Escambia County School Board - Deficiencies in Defendant's Discovery Responses [RKC-ACTIVE.FID3715510]


Counsel,


I'm bumping this email to ask if we can please settle on a time for our meet and confer discussion on Monday.  As we understand that to be the last day to file motions to compel, and Defendant has yet to address a number of deficiencies, we want to make sure our meeting goes forward.


Best,


Shalini


Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344


*Sign up for our weekly email briefing: ifyoucankeep.it*


On Thu, Oct 24, 2024 at 5:23 PM Shalini Agarwal <shalini.agarwal@protectdemocracy.org> wrote:

Dear Samantha,

Thank you for your partial response as to some of the deficiencies we identified, after we sent you our impasse communication. We understand that Nicole is on work travel until Monday and are seeking to confer with you all by email this week, as she proposed in her last email, given your team's unavailability for a call and the impending motion to compel deadline. Based on your email, below are the outstanding deficiencies:

**(1) RFP Nos. 1, 3**: Defendant has not made any commitment to produce the documents identified at Keith Leonard's deposition--namely the copies of the challenge forms with his handwritten notes for possible implementation of section 10.B.3.d of Policy 4.06.

**(2) RFP No. 50**: Defendant previously said it could not locate documents responsive to this request and now notes that the parties did not agree to the search term "bible" at the beginning of discovery in this case. As you know from Michelle White's deposition, she testified that the way Defendant handled the challenge to the Bible and whether or not to restrict the book during the pendency of the challenge was a turning point in the Board's handling of book challenges and restrictions. Communications relating to this decision are certainly probative of viewpoint discrimination by Defendant in how it handled book challenges in its libraries. We did not know these facts when we discussed search terms at the outset of discovery. Once we learned this information at her deposition, we served this discovery request nearly three months ago. We think the court will agree with us that parties are required to produce discovery responses based on new facts learned through the course of litigation.

**(3) RFP No. 53**: Defendant has made no commitment to produce documents showing policies, procedures, and practices relating to the inter-library loan process, which are clearly relevant to Plaintiffs' claims. If Defendant were to stipulate it would not contest the standing of the Parent Plaintiffs based on their children's access to books at their particular school libraries, then we would not need these documents. Absent such a stipulation, please produce the documents.

**(4) Interrogatory No. 15**: Plaintiffs are still seeking a copy of the spreadsheet with Editor access so that we can determine the dates on which each of the books at issue were restricted or unrestricted--information clearly relevant to Plaintiffs' claims. Alternatively, produce the information requested in the interrogatory. If Defendant refuses to take the few hours it would require to perform this task, Plaintiffs request Editor access to a copy of the spreadsheet.

**(5) School Board Members' Personal Device Documents**: Defendant has made no commitment to address these deficiencies.

**(6) Documents Regarding HB 1069**: Defendant said it would "look into the issues raised." Please provide Plaintiffs with an update on when and whether it will produce the listed documents by Friday, 10/25.

**(7) Privilege Log**: Defendant has made no commitment to address these deficiencies.

We are available to meet on Monday 11:00-1:00.  Please let us know what works for you.

We intend to move to compel on all of these issues on Monday if we are unable to resolve them by the time our meet and confer call is completed.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Thu, Oct 24, 2024 at 1:52 PM Duke, Samantha <Sduke@rumberger.com> wrote:

Hi Catherine –

Nicole is out of the office this week and is the person best able to respond to some of the items mentioned in your letter.  However, we do have a response to the below items:

Request Nos. 1, 2, 3, 17, 18, 19, 20: Board Members' personal emails were searched and no responsive documents existed.

Exhibit B – Payne Exhibit 2 titled "Book Challenges" will be produced by Friday.

RFP 50   "bible" was not an agreed upon search term.  However, to the extent it was part of an email containing one of the ("Book" OR Material or Title ) "Other" search terms if would have already been produced.

RFP 52   We will produce all versions of the reconsideration spreadsheet by Monday, October 27.

ROG 15   We will produce all versions of the reconsideration spreadsheet.

Production of 1069 Communications We are looking into the issues raised.

For the remainder of the items in your letter, we are available Monday before 2pm to discuss.

Samantha

**Samantha C. Duke**

Attorney at Law

Sduke@rumberger.com  |  View my online bio

**Rumberger|Kirk**

300 South Orange Avenue     DIRECT   407.839.2102
Suite 1400
Orlando, FL 32801
                              MAIN     407.872.7300

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any

device/media where the message is stored.

---

**From:** Warren, Catherine J. <warrenc@ballardspahr.com>
**Sent:** Tuesday, October 22, 2024 10:17 PM
**To:** Smith, Nicole <nsmith@rumberger.com>; Marsey, David <dmarsey@rumberger.com>
**Cc:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Fehlan, Kirsten <FehlanK@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Ori Lev <ori.lev@protectdemocracy.org>; Petagna, Kristen <petagnak@ballardspahr.com>; Relyea, Ryan R. <RelyeaR@ballardspahr.com>; Moseley, Cayla <cmoseley@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Duquette, Carlie <cduquette@rumberger.com>
**Subject:** PEN American Center, Inc., et al. v. Escambia County School Board - Deficiencies in Defendant's Discovery Responses

Nicole,

Attached please find correspondence on behalf of Lynn Oberlander.

Thank you,
Catherine

**Catherine J. Warren**
**She/Her/Hers**

**Ballard Spahr**
LLP

1225 17th Street, Suite 2300
Denver, CO 80202-5596

303.299.7387 DIRECT

508.523.2590 MOBILE | warrenc@ballardspahr.com
VCARD

--------------------------------

www.ballardspahr.com

Exhibit 14



Shalini Agarwal <shalini.agarwal@protectdemocracy.org>

---

## RE: PEN American Center, Inc., et al. v. Escambia County School Board - Deficiencies in Defendant's Discovery Responses [RKC-ACTIVE.FID3715510]

---

**Shalini Agarwal** <shalini.agarwal@protectdemocracy.org>                    Mon, Oct 28, 2024 at 3:10 PM
To: "Smith, Nicole" <nsmith@rumberger.com>
Cc: "Duke, Samantha" <Sduke@rumberger.com>, "Warren, Catherine J." <warrenc@ballardspahr.com>, "Marsey, David"
<dmarsey@rumberger.com>, "Bouzat, Facundo" <bouzatf@ballardspahr.com>, Ellinor Heywood
<ellinor.heywood@protectdemocracy.org>, "Fehlan, Kirsten" <FehlanK@ballardspahr.com>, "Fields, Goldie"
<fieldsg@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Kussmaul, Matthew"
<KussmaulM@ballardspahr.com>, "Oberlander, Lynn" <oberlanderl@ballardspahr.com>, Ori Lev
<ori.lev@protectdemocracy.org>, "Petagna, Kristen" <petagnak@ballardspahr.com>, "Relyea, Ryan R."
<RelyeaR@ballardspahr.com>, "Moseley, Cayla" <cmoseley@rumberger.com>, "Duquette, Carlie"
<cduquette@rumberger.com>

Hi Nicole,

Thanks for meeting with us earlier today about Defendant's discovery deficiencies:

As we understand it from the meeting, Defendant will be producing the following to us today (ideally by 5:00):

- The Payne document titled "Book Challenges," which you had earlier agreed to produce by 10/25
- Leonard's challenge forms for the books at issue in this lawsuit with his handwritten notes
- All versions of the Reconsiderations Spreadsheet from September 15, 2022 through July 24, 2023

Defendant will also be getting back to Plaintiffs about the following issues today (ideally by 5:00):

- Whether the Board will agree to produce new versions of the reconsiderations spreadsheet on a monthly basis after discovery closes and through the time of trial
- Whether a litigation hold was issued to Adams and other Board members and when

As to RFP 52 seeking individual versions of the reconsiderations spreadsheet, we understand that Defendant has agreed to produce existing versions it has not yet produced. We also discussed whether Defendant would produce new versions of the spreadsheet as changes are made, with Plaintiffs suggesting they would be amenable to a monthly update of these spreadsheets. While Defendant is consulting with its client about this, Plaintiffs note that Defendant has a continuing obligation to supplement its discovery responses through the time of trial. *Bahr v. NCL (Bahamas) Ltd.*, 2022 WL 293255 (S.D. Fla. Feb. 1, 2022) (collecting cases). If Defendant refuses to provide updated information for this RFP through the time of trial, Plaintiffs will move to compel on this issue.

As to RFP 53 relating to policies, procedures, and practices relating to inter-library loan, Plaintiffs will agree to Defendant's proposal that it will seek responsive information from each school's media specialist as to the interlibrary loan process and practice. We understand this to include any documents discussing interlibrary loan policies or procedures, including blank interlibrary loan request forms. We are willing to forego the completed interlibrary loan forms we discussed on the call. As noted on the call, this agreement is based on our understanding that Defendants will follow up with the media specialists in good faith to identify documents relating to inter-library loan practices, and not just send a cursory email seeking this information.

As to Interrogatory 15, we understand that Defendant cannot provide editor access that will enable Plaintiffs to quickly check a book's history of being placed on restricted or unrestricted access. However, Plaintiffs still contend that Defendant must provide the information regarding when books were restricted or unrestricted, as even under the current version of the complaint, the length of time that a book is kept away from students in the library bears on the magnitude of the First Amendment injury. Further, we estimate it would take a person with editor access to the reconsiderations spreadsheet no more than 3-4 hours to review and record the history of all 160 books. As we explained, it would take us well over 80 hours to manually review each unique version of the spreadsheet to glean this same information. In our experience, it takes approximately 30 minutes to review each of the provided spreadsheets for a single title's status; that time estimate will only increase when the additional versions of the spreadsheet are produced. (I believe I pegged it at 60 hours on the call, but I mis-spoke). Because of the extreme imbalance of time to produce this information and the clear relevance to Plaintiffs' claims, Plaintiffs will be moving to compel on this issue.

As to documents from the Board Members' personal devices, as we explained on the call, these responses are deficient in large part because Defendant refused to search for these communications earlier. Plaintiffs served discovery requests seeking these documents over a year ago. Initially, Defendant told Plaintiffs that Board Members simply didn't use their personal devices for Board business even when Plaintiffs pointed to documents in their production suggesting otherwise and noted that their investigation suggested that Board members did use personal texts for Board business. After months of back-and-forth, Defendant agreed to ask Board Members about their personal device usage again and produced a grand total of two text threads. Only upon production by Tim Smith of texts with two separate Board Members, and Plaintiffs sending a deficiency letter noting that these personal communications had not been produced by the Board (to which Defendant made no answer), a month later, as Plaintiffs pressed the issue, did Defendant finally agree to actually search for responsive communications on Board Members' personal devices. Even then, Defendant agreed only to use search terms it had agreed to in another lawsuit. Only when Plaintiffs were on the verge of filing a motion to compel over the Board's intransigence did it finally agree to search for Board Member communications responsive to Plaintiffs' discovery requests. Defendant then produced the messages on October 16, 2024, two days after the date the parties had agreed to. Defendants did not disclose at that time that they had not retrieved an unknown number of text messages from Board Member Kevin Adams' device, including the messages with Tim Smith that Smith had produced. Only today, the last day to file a motion to compel, during the meet and confer that Defendant was only available to schedule on this date, did Defendant reveal that Mr. Adams' texts were largely not retrieved because his phone had allegedly been immersed in water, and Defendant now needs to find who has the phone and if any data from it can be retrieved. We don't think this history is indicative of good faith on Defendant's part in responding to clearly relevant discovery requests.  Please let us know whether and when you or the Board's counsel sent a litigation hold to Adams and the other Board Members. Further, we have given you Exhibit C to our deficiency letter outlining deficiencies as to particular messages. We will not be narrowing this further as you suggested we do on today's call. We will be moving on the failure to provide basic metadata including the time and date of the messages, the names of the parties involved, and the absence of context around the messages.

As to the documents from Google Classroom referenced in the HB 1069-related communications, please note that we are not seeking only HB 1069 training materials, but each of the documents listed in our deficiency letter, all of which have titles suggesting they are responsive to our discovery requests. Please let us know when we can expect these documents. Because the deadline for motions to compel is today, we expect to be moving as to these documents in order to preserve our rights.

Finally, as to the privilege log, we understand that you will be getting us a revised log today or tomorrow. Because the deadline for motions to compel is today, and we have no way of assessing the applicability of privilege based on your current log, we expect to move as to this issue in order to preserve our rights to a sufficient privilege log and, depending on the log, the applicability of asserted privileges to particular entries.

Best,


Shalini


Shalini Goel Agarwal (she/her - pronunciation)
Special Counsel, Protect Democracy
protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Mon, Oct 28, 2024 at 1:27 PM Smith, Nicole <nsmith@rumberger.com> wrote:
[Quoted text hidden]

Exhibit 15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| PEN AMERICAN CENTER, INC., et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br>ESCAMBIA COUNTY SCHOOL BOARD,<br><br>      Defendant. | CASE NO.:<br>3:23-CV-10385-TKW-ZCB |

## PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ESCAMBIA COUNTY SCHOOL BOARD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs PEN American Center, Inc., Sarah Brannen, Benjamin Glass, George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski, Penguin Random House LLC, Sean Parker, Ashley Hope Pérez, and Christopher Scott Satterwhite, by and through their attorneys, hereby request that Defendant produce documents and things in response to the following Requests, in accordance with the following Definitions and Instructions. Written responses under oath are due within thirty (30) days of service of these Requests.

Unless otherwise agreed, production is to be made electronically or, for hard copy documents, at the law office of Ballard Spahr LLP, 1675 Broadway, 19th Floor, New York, NY 10019, within thirty (30) days of service.

## DEFINITIONS

The following definitions shall apply to each of the Requests set forth below.

1.     "You" or "Your" means the party responding to this Request; any of the party's officers, agents, assigns, employees, insurers, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on the party's behalf, except for legal counsel.

2.     "Defendant" means the Escambia County School Board.

3.     "School Board" means and refers to the five-member governing body of the School District, elected from geographic districts within Escambia County, including both current and former members during the Relevant Time Period.

4.     "School District" means the Escambia County School District.

5.     Unless specifically and individually identified, "Plaintiff" or "Plaintiffs" refers to all of the Plaintiffs in this action.

6.     "Amended Complaint" means the Amended Complaint Plaintiffs filed in this action.

7.      "Communicate" or "Communication" means any transmission of Documents or information between Persons or agencies, whether oral, written or

otherwise, active or automated, including but not limited to memoranda, letters, telecopies, facsimiles, e-mails, text messages, voicemails, electronic transmissions, meetings, discussions, conversations, or telephone calls.

8.     "Document" includes but is not limited to the original, drafts and all non-identical versions or copies (whether different from originals by reason of notations made on such copies or otherwise) of all written, electronic or graphic material, however produced or reproduced, in Your possession, custody or control or the possession, custody, or control of Your attorney, including but not limited to writings, forms, memoranda, letters, notes, correspondence, studies, reports, drawings, graphs, charts, records, photographs, sound or mechanical recordings or tapes, telecopies, facsimiles, e-mail, text messages, voicemails, computer printouts, information stored on computer systems, database queries and responses, and other data compilations from which information can be obtained or translated, if necessary through the use of detection devices, into reasonably usable form, in the broadest understanding of the term "Documents" in the Federal Rules of Civil Procedure. Without limiting the term "control," a Document is deemed to be within Your control if You have ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Persons having physical control thereof.

9.     The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not to restrict, the scope of the Request.

10.     "Person" or "Persons" includes a natural person, individual, corporation, proprietorship, partnership, association, agency (including government agencies), or any other entity.

11.     "Baggett" means Vicki Baggett, the Northview High School language arts teacher identified in Plaintiffs' Amended Complaint.

12.     "Reading Material" means text-based or image-based content, including but not limited to books, published or produced in any printed, electronic, or digital format.

13.     "Book Challenge" means and refers to any challenge or petition submitted by any Person with the aim of removing or restricting access to any Reading Material in any School District library, including, but not limited to,

submitting the School District's "Request for Reconsideration of Educational Media" form.

14.    "Book Restriction" means and refers to any actions undertaken by the School District, including by You, to restrict access (short of complete removal) to any Reading Material in any School District library, permanently or temporarily, at any time during the Relevant Time Period, except that Book Restriction does not include the restriction of Young Adult books in middle school libraries to students whose parents have authorized access to such books (i.e., "YA-Opt In").

15.    "Book Removal" means and refers to any actions undertaken by the School District, including by You, to remove (or completely bar access to) any Reading Material from any School District library, permanently or temporarily, at any time during the Relevant Time Period.

16.    "Restricted or Removed Books" includes any individual book title or combination of book titles from the list of book titles located in the spreadsheet titled "PEN et al. v. Escambia County School Board – Restricted and Removed Books  DMFIRM_411297846(1).XLSX," provided as an attachment to an email dated February 16, 2024, and sent to counsel for Defendant via email.

17.    "HB 1069" means the act of the Florida legislature numbered House Bill 1069, as enacted on May 17, 2023 and collected at Florida Laws Ch. 2023-105.

18.    "HB 1557" means the act of the Florida legislature numbered House Bill 1557, as enacted on March 28, 2022 and collected at Florida Laws Ch. 2022-22.

19.    "HB 7" means the act of the Florida legislature numbered House Bill 7, as enacted on April 22, 2022 and collected at Florida Laws Ch. 2022-72.

20.    "Moms for Liberty" means the organization of that name identified and described in Plaintiffs' Amended Complaint, including any local chapter thereof, wherever located.

21.    "Policy or Practice" includes any official or unofficial policy, practice, procedure, protocol, or custom, whether mandatory or discretionary, formal or informal, written or unwritten.

22.    The "Relevant Time Period" for each Request is May 23, 2022, through the present unless otherwise stated in an individual Request.

23.    "Reconsideration Spreadsheet" means the Document accessible at the following hyperlink:

https://docs.google.com/spreadsheets/d/1hv6Wtu55zY3t5bmbksY2ie7Q-L3zAQdjr taFh4duLC4/edit#gid=0, including the initial Version of that Document, and all subsequent Versions. Requests related to the Reconsideration Spreadsheet do not encompass a request for all Documents hyperlinked to the Reconsideration

Spreadsheet; any such request for Documents hyperlinked to the Reconsideration Spreadsheet will be made separately.

24. "Version" means the iteration of the Reconsideration Spreadsheet made available after (1) any revisions, edits, additions, or deletions to the information available in columns C through P for each title listed in the Reconsideration Spreadsheet; (2) the addition of any title; (3) the deletion of any title; and (4) the addition of any tabs (e.g., the "Resolved challenges" tab available in the current Version) or columns.

## INSTRUCTIONS

1. These Requests are intended to elicit as much information as possible concerning the issues, and to the extent any Request could be interpreted in more than one way, You should employ the interpretation of the Request most likely to encompass and elicit the greatest amount of information possible.

2. You shall produce such documents as kept in the ordinary course, *see* Fed. R. Civ. P. 34, and without any rearrangement. In addition, You should provide the documents in such a way that they can be correlated to the request or requests to which the documents are responsive, and identify the Bates number for all such documents in Your response.

3. You shall produce all responsive documents and things that are in Your possession or control, or that of Your agents, employees, representatives,

7

attorneys, or their associated attorneys, investigators, or any other representatives. Each Request calls not only for all documents known to You and Your agents, employees, representatives, investigators, and attorneys, but also for all documents available by reasonable inquiry and due diligence, including inquiries to other persons.  If You are aware of documents responsive to any Request herein, but do not have possession of them, You should identify each such document, the present custodian's name, address, telephone number, title, and employer, and any other persons who have seen or had possession of such document.

4.     If, despite the exercise of due diligence, You are unable to produce any document requested herein, You should so state and respond to the Request to the extent possible, specifying the reasons for Your inability to answer the remainder, and stating whatever information You have concerning the unanswered portions.

5.     With respect to any document requested herein that You refuse to produce, You should provide the following information:

> (a)     Identify the document, including its title or heading, its date, its authors, its addressees or recipients, its subject matter, the individual or source from which You obtained it, and its present location and the identity of the custodian;

(b)     State whether Your objection or refusal is related to the entire document or a portion thereof;

(c)     If Your objection or refusal goes to part of the document, specify the part(s) of the document to which Your objection or refusal is directed;

(d)     Specify the factual basis for Your objection or refusal, if any; and

(e)     Specify the legal grounds for Your objection or refusal, if any.

6.      You are under a continuing obligation to respond to the requests set forth herein. If You subsequently discover additional documents that are responsive hereto, You shall promptly produce such documents to Plaintiffs within fifteen (15) days of such discovery.

## DOCUMENT REQUESTS

**Request No. 52:**   Each unique version of the Reconsideration Spreadsheet between September 15, 2022 and July 24, 2023, and between June 20, 2024 and the date of the complete response to this Request.

**Request No. 53:**   All documents relating to interlibrary loans in School District libraries, including any policies, procedures, or practices for interlibrary loans (whether formal or informal), including any drafts of such policies,

procedures, or practices, as well as documents relating to the frequency with which interlibrary loans were made in School District libraries.

**Request No. 54:**   Documents sufficient to show all School District libraries that used interlibrary loans at least once during the Relevant Period, the number of students who used interlibrary loans at least once during the Relevant Period, and how many books were loaned between School District libraries during each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, 2024-25 through the date of the complete response to this Request).

**Request No. 55:**   All documents or communications relating to the use of the MUSTIE or CREW weeding method in School District libraries, including any policies, procedures or practices regarding weeding of books from School District libraries.

**Request No. 56:**   Communications between the Coordinator of Media Services and any other School District employees relating to rescinding or removing the Book Restriction of any Restricted or Removed Book, including but not limited to any email(s) sent by Bradley Vinson in or about April 2024 regarding the removal of Book Restrictions for the twenty books identified in paragraph 34 of the Declaration of Bradley Vinson dated July 31, 2024 (Dkt. No. 105-1) or the removal of Book Restrictions for any of the books identified on Exhibit 29 to the 30(b)(6) Deposition of the School Board; to the extent such

documents have been previously produced, please identify the BATES number of those documents;

**Request No. 57:**  Communications between the Coordinator of Media Services and Baggett relating to rescinding or removing the Book Restriction of any Restricted or Removed Book, including but not limited to such communications in or about April 2024;

**Request No. 58:**  All agenda, minutes, or notes documents of the "Coffee Crew" not previously produced;

**Request No. 59:**  All agenda, minutes, or notes documents of the "Coffee Crew JR." not previously produced;

**Request No. 60:**  All community input forms received by the School Board or School District regarding any Restricted or Removed Book, including any emails received by the District Materials Review Committees or the Board regarding any Restricted or Removed Book.

**Request No. 61:**  Documents sufficient to show how many students, through their parent or guardian, have been given access to Young Adult books in Middle School libraries through the YA-Opt In process for each school year since the YA-Opt In was adopted (for 2024-25, through the date of the complete response to this Interrogatory).

**Request No. 62:**    Documents sufficient to show how many students have been given "No Access" to school library collections for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian selecting "No Access" on the K-12 Library Access Form (E-ECSD_0066367) or similar form or online interface.

**Request No. 63:**    Documents sufficient to show how many students have been given "Limited Access" to school library collections for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian selecting "Limited Access" on the K-12 Library Access Form (E-ECSD_0066367) or similar form.

**Request No. 64:**    Documents sufficient to show how many students have been given "Unlimited Access" to school library collections for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian affirmatively selecting "Unlimited Access" on the K-12 Library Access Form (E-ECSD_0066367) or similar form.

**Request No. 65:**    Documents sufficient to show how many students have been given "Unlimited Access" to school library collections for each school year in

the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian not selecting any Access option on the K-12 Library Access Form (E-ECSD_0066367) or similar form (i.e., Unlimited Access granted by default) .

**Request No. 66:**   Documents sufficient to show how many students have been given access to one or more specific (but not all) Restricted Books for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian completing the Parent/Guardian Permission for Student to Access a Restricted Title form (Exh. 38 to the 30(b)(6) Deposition of the School Board) or similar permission form granting permission for their student to access a specific title or titles.

**Request No. 67:**   Documents sufficient to show how many students have been given access to all Restricted Books for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian completing the Parent/Guardian Permission for Student to Access a Restricted Title form (Exh. 38 to the 30(b)(6) Deposition of the School Board) or similar permission form granting permission for their student to access all Restricted Books.

Respectfully submitted,

Dated: September 11, 2024

*/s/ Ori Lev*
Shalini Goel Agarwal (FBN 90843)
Ori Lev (*pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

Lynn B. Oberlander (*pro hac vice*)
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Facundo Bouzat
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan (*pro hac vice*)
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone:678.420.3000
Facsimile: 678.420.9401

Goldie Fields (*pro hac vice*)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: 424.204.4338
Facsimile: 424.204.4350

14

*Attorneys for Plaintiffs*

Exhibit 16

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,
SARAH BRANNEN, BENJAMIN
GLASS, on behalf of himself and his
minor child, GEORGE M.
JOHNSON, DAVID LEVITHAN,
KYLE LUKOFF, ANN
NOVAKOWSKI, on behalf of herself
and her minor child, PENGUIN
RANDOM HOUSE LLC, SEAN
PARKER, on behalf of himself and
his minor child, ASHLEY HOPE
PÉREZ, and CHRISTOPHER
SCOTT SATTERWHITE, on behalf
of himself and his minor child,

CASE NO.:  3:23-cv-10385-TKW-ZCB

        Plaintiffs,

vs.

  ESCAMBIA COUNTY SCHOOL
  BOARD,

        Defendant.

_____ /

## DEFENDANT ESCAMBIA COUNTY SCHOOL BOARD'S
## RESPONSE TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION

      Defendant, Escambia County School Board, hereby responds to Plaintiffs'

Fourth Request for Production, served September 11, 2024, as follows:

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

The Board incorporates these objections to Plaintiffs' "Instructions" and "Definitions" into each specific response to Plaintiffs' Requests for Production listed below:

1.    The Board objects to the "Instructions" to the extent they purport to modify or alter the Board's obligations to respond as more fully set forth by the Federal Rules of Civil Procedure and/or are more burdensome than the requirements of the Federal Rules of Civil Procedure.

2.    The Board objects to the definitions of "Communicate" and "Communication" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case and/or this stage of the proceedings given they purport to extend to any communications between "Persons"—itself an overly broad, vague, and ambiguous definition given it encompasses every employee of the Board as well as "any other entity"—and "agencies," itself an undefined term that is similarly vague and ambiguous. The Board also objects to the definition of "Communicate" and "Communication" because they purport to include oral communications regardless of whether such oral communications are documented or otherwise recorded in some manner. Rule 34 authorizes discovery of documents and things, and there is no requirement to produce oral communications as broadly defined by Plaintiffs.

3.    The Board objects to the definition of "Document" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case and/or this stage of the proceedings. Additionally, the Board objects to the inclusion of e-mails in the definition of "Document," and state that non-objectionable e-mails will be produced in response to those requests that seek "Communication[s]."

4.    The Board objects to Plaintiffs' definition of "[a]nd" and "or" to mean "and/or", as this is vague, ambiguous and confusing depending on the particular context of the request.

5.    The Board objects to the definition of the term "Reading Material" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case and/or this stage of the proceedings. Specifically, this term purports to include any form of "text-based or image-based content," including books in both physical and digital format. This lawsuit concerns decisions made concerning books contained in the Board's school libraries and media centers. It does not extend to decisions concerning curriculum, textbooks, third-party vendors the Board contracts with, or classroom libraries. Yet, Plaintiffs' definition of "Reading Material" would sweep in every book in every school within the Escambia County School District— including textbooks, books in classroom libraries, books students bring in from home, etc.—and more. Such a definition goes far beyond the parameters of this case.

Pursuant to the Parties' agreement, "Reading Material" is defined to only mean those materials contained within the District's school libraries.

6.    The Board objects to the definition of the terms "Book Challenge," "Book Restriction," and "Book Removal" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case and/or this stage of the proceedings. Specifically, these terms purport to include any challenges to any Reading Material which, as defined, includes textbooks, curriculum items, classroom libraries, etc. Challenges, restrictions, or removals by the Board of particular Reading Material that are not related to the allegations in the Amended Complaint, i.e., not purportedly motivated by the ideological grounds as identified in the Amended Complaint, are not proportional to the needs of this case. Reading Material may be challenged, restricted, or removed for a variety of reasons, e.g., § 1006.28(2)(a)2.b.(I)–(II), Fla. Stat., many of which are not proportional to the needs of this case.

7.    The Board objects to the definition of the terms "Policy or Practice" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case and/or this stage of the proceedings. As defined, these terms refer to any actions taken—whether official or unofficial, approved or unapproved, mandatory or discretionary—by any individual within the Escambia County School District. The Board formally promulgates policies in accordance with Florida law, and

generally delegates authority to the Superintendent or his/her designee for the creation of procedures. Plaintiffs' definition ignores the statutory framework within which the Board operates, is vague and ambiguous, and purports to sweep in activity that cannot be considered Board action or reasonably traced back to the Board nor can it be considered proportional to the needs of this case given the breadth and size of the Escambia County School District ("District"). Pursuant to the Parties' conferral, the Board construes "Policy" to mean formal policy as approved and promulgated by the Board. "Practice" shall mean actions taken by leadership of the District, including the Superintendent or his or her designee, pursuant to the direction of the Board for the purpose of implementing the Board's Policies.

8.      "Relevant Books" shall mean the list of books provided by Plaintiffs on February 16, 2024 which are removed, remain under restricted access, or are otherwise unavailable to students as of the date of the Board's response.  If a particular Relevant Book returns to circulation, the Board shall cease producing material relating to it.

9.      The "Relevant Time Period" shall be from January 1, 2022, until July 1, 2023. If the District considered the status of a Relevant Book after the Relevant Time Period, the Relevant Time Period shall be extended through present only for those discovery requests that pertain specifically to the Relevant Books. The Board otherwise objects to responding to requests that seek documents for the time period

before the Relevant Time Period, as such requests are not proportional or material to the claims and defenses in the lawsuit. The amendments to the State laws at issue in this case, and which form the basis for the Board's relevant policies and practices regarding library materials, took effect on July 1, 2022. Because the Relevant Time Period encompasses the period of time from January 1, 2022 through July 1, 2022, the Board is providing Plaintiffs with discovery responses pertaining to the six-months leading up to the passage of the subject legislation. The District further objects to providing discovery for the period of time after July 1, 2023, given the allegations in the Complaint, which make clear Plaintiffs are challenging actions by the Board that occurred prior to July 1, 2023, [D.E. 27 at ¶ 69 n.4].

10.     The Board objects to Plaintiffs' requirements that the Board supplement these responses within 15 days. Rule 26(e) merely requires a party supplement their responses "in a timely manner." The Board will comply with relevant Federal Rules of Civil Procedure.

11.     The Board objects to the extent Plaintiffs' Requests would include documents from charter schools. Plaintiffs have not identified any actions taken pursuant to any school libraries or media centers in any charter schools in the District, and the production of documents from charter schools would therefore be unduly burdensome and not proportional to the needs of this case.

12.    The Board objects to the term "Book Restriction" to the extent it includes materials outside of the parties agreed-upon list provided by Plaintiffs on February 16, 2024.

13.    The Board objects to the term "Book Removal" to the extent it includes materials outside of the parties agreed-upon list provided by Plaintiffs on February 16, 2024.

14.    The Board objects to the term "Restricted or Removed Books" to the extent it includes materials outside of the parties agreed-upon list provided by Plaintiffs on February 16, 2024. If a particular "Restricted or Removed Book" returns to circulation, the Board shall cease producing material relating to it.

15.    The ESI searches are limited to the parties' agreed-upon custodians and search terms.

**REQUEST FOR PRODUCTION NO. 52:**

Each unique version of the Reconsideration Spreadsheet between September 15, 2022 and July 24, 2023, and between June 20, 2024 and the date of the complete response to this Request.

**RESPONSE:**

See documents previously produced in response to Requests 35-37. Defendant shall produce responsive spreadsheets for the time period June 20, 2024 through the date of this Response. Following the discovery cut-off in this case, Plaintiffs have access to this publicly available information.

**REQUEST FOR PRODUCTION NO. 53:**

All documents relating to interlibrary loans in School District libraries, including any policies, procedures, or practices for interlibrary loans (whether formal or informal), including any drafts of such policies, procedures, or practices, as well as documents relating to the frequency with which interlibrary loans were made in School District libraries.

**RESPONSE:**

See E-ECSD_0065348 previously produced. There are no District-level policies or guidelines responsive to this Request. Otherwise, Defendant objects the request is overly broad, unduly burdensome and not proportional to the needs of this case as it would require Defendant to locate responsive documents on a school-by-school basis for its 65 schools and any media specialist who was employed by the District during the Relevant Time Period. Even if documents exist based upon the informal practices of individual school media specialists, the Board has not ratified, acquiesced and/or adopted such practices.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show all School District libraries that used interlibrary loans at least once during the Relevant Period, the number of students who used interlibrary loans at least once during the Relevant Period, and how many books were loaned between School District libraries during each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, 2024-25 through the date of the complete response to this Request).

**RESPONSE:**

There are no District-level documents responsive to this Request. Otherwise, Defendant objects the request is overly broad, unduly burdensome and not

proportional to the needs of this case as it would require Defendant to locate responsive documents on a school-by-school basis for its 65 schools and any media specialist who was employed by the District during the Relevant Time Period. Even if documents exist based upon the informal practices of individual school media specialists, the Board has not ratified, acquiesced and/or adopted such practices.

## REQUEST FOR PRODUCTION NO. 55:

All documents or communications relating to the use of the MUSTIE or CREW weeding method in School District libraries, including any policies, procedures or practices regarding weeding of books from School District libraries.

## RESPONSE:

See Exhibit 50 marked during Defendant's 30(b)(6) deposition. Defendant will produce any additional District-level responsive documents for the Relevant Time Period. To the extent any responsive communications exist for the Coordinator of Media Services, they likely would have been previously produced through the agreed-upon terms and custodians. Otherwise, Defendant objects to collecting, searching and producing emails for new search terms or new custodians as the request is not proportional to the needs of the case – particularly the ESI costs involved with collecting, searching and producing emails beyond this for new custodians. As phrased, the request would include communications to and from anyone.  The request would require Defendant to locate responsive documents and communications on a school-by-school basis for its 65 schools and any media

specialist who was employed by the District during the Relevant Time Period. Even if documents and communications exist based upon the informal practices of individual school media specialists, the Board has not ratified, acquiesced and/or adopted such practices.

## REQUEST FOR PRODUCTION NO. 56:

Communications between the Coordinator of Media Services and any other School District employees relating to rescinding or removing the Book Restriction of any Restricted or Removed Book, including but not limited to any email(s) sent by Bradley Vinson in or about April 2024 regarding the removal of Book Restrictions for the twenty books identified in paragraph 34 of the Declaration of Bradley Vinson dated July 31, 2024 (Dkt. No. 105-1) or the removal of Book Restrictions for any of the books identified on Exhibit 29 to the 30(b)(6) Deposition of the School Board; to the extent such documents have been previously produced, please identify the BATES number of those documents;

## RESPONSE:

Defendant shall supplement the communications for the Coordinator of Media Services related to the Relevant Books through the present. To the extent any responsive communications exist for the time period previous to such supplementation, they likely would have been previously produced through the agreed-upon terms and custodians. Otherwise, Defendant objects to collecting, searching and producing emails for new search terms or new custodians as the request is not proportional to the needs of the case – particularly the ESI costs involved with collecting, searching and producing emails beyond this for new custodians. Defendant also objects to this Request as being overly broad in scope,

10

unduly burdensome, and not proportional to the needs of this case. As phrased, the request would include all employees of the Escambia County School Board. Defendant additionally objects to the extent the Request requires Defendant to cull through thousands of emails to identify specific bates numbers as such is unduly burdensome and beyond the requirements of the rules. Plaintiffs' ESI platform presumably has search capabilities sufficient to perform such searches.

## REQUEST FOR PRODUCTION NO. 57:

Communications between the Coordinator of Media Services and Baggett relating to rescinding or removing the Book Restriction of any Restricted or Removed Book, including but not limited to such communications in or about April 2024;

## RESPONSE:

Defendant shall supplement the communications for the Coordinator of Media Services related to the Relevant Books through the present. To the extent any responsive communications exist for the time period previous to such supplementation, they likely would have been previously produced through the agreed-upon terms and custodians. Otherwise, Defendant objects to collecting, searching and producing emails beyond this as the request is not proportional to the needs of the case – particularly the ESI costs involved with collecting, searching and producing emails.

**REQUEST FOR PRODUCTION NO. 58:**

All agenda, minutes, or notes documents of the "Coffee Crew" not previously produced;

**RESPONSE:**

Defendant will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 59:**

All agenda, minutes, or notes documents of the "Coffee Crew JR." not previously produced;

**RESPONSE:**

Defendant will produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 60:**

All community input forms received by the School Board or School District regarding any Restricted or Removed Book, including any emails received by the District Materials Review Committees or the Board regarding any Restricted or Removed Book.

**RESPONSE:**

Any community input forms received by Defendant previous to such forms being discontinued have been previously produced. Any community input forms received for the Relevant Books since the process has recently been resumed are publicly                               available                               at https://docs.google.com/spreadsheets/d/1hv6Wtu55zY3t5bmbksY2ie7Q-L3zAQdjrtaFh4duLC4/edit?gid=0#gid=0.    Otherwise, Defendant objects to collecting, searching and producing emails for new search terms and new custodians

12

as the request is not proportional to the needs of the case – particularly the ESI costs involved with collecting, searching and producing emails beyond this for new custodians. Defendant also objects to this Request as being overly broad in scope, unduly burdensome, and not proportional to the needs of this case. As phrased, the request would include any person who served on a District Materials Review Committee.

## REQUEST FOR PRODUCTION NO. 61:

Documents sufficient to show how many students, through their parent or guardian, have been given access to Young Adult books in Middle School libraries through the YA-Opt In process for each school year since the YA-Opt In was adopted (for 2024-25, through the date of the complete response to this Interrogatory).

## RESPONSE:

Defendant objects to this Request as being overly broad in scope, unduly burdensome, and not proportional to the needs of this case as it seeks information unrelated to the Relevant Books for the Relevant Time Period and Plaintiffs' definition for "Book Restriction" expressly excludes "YA-Opt In" books. Otherwise, Defendant objects to this request on the basis that the Family Educational Rights and Privacy Act (FERPA) protects disclosure of such educational records. Here, the request is not proportional to the needs of the case, as it would require Defendant to provide individualized notice to each student. 20 U.S.C. § 1232g; 34 CFR 99.31(a)(9).  Additionally, the burden of the proposed discovery outweighs its

likely benefit. The request requires Defendant to identify each student and mail out notices to former and current students.

## REQUEST FOR PRODUCTION NO. 62:

Documents sufficient to show how many students have been given "No Access" to school library collections for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian selecting "No Access" on the K-12 Library Access Form (E-ECSD_0066367) or similar form or online interface.

## RESPONSE:

See spreadsheet produced in response to Request 45. Otherwise, Defendant objects to this Request as being overly broad in scope, unduly burdensome, and not proportional to the needs of this case as it seeks information unrelated to the Relevant Books for the Relevant Time Period. Defendant also objects to this request on the basis that the Family Educational Rights and Privacy Act (FERPA) protects disclosure of such educational records. Here, the request is not proportional to the needs of the case, as it would require Defendant to provide individualized notice to each student. 20 U.S.C. § 1232g; 34 CFR 99.31(a)(9). Additionally, the burden of the proposed discovery outweighs its likely benefit. The request requires Defendant to identify each student and mail out notices to former and current students.

## REQUEST FOR PRODUCTION NO. 63:

Documents sufficient to show how many students have been given "Limited Access" to school library collections for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the

complete response to this Interrogatory) as a result of their parent or guardian selecting "Limited Access" on the K-12 Library Access Form (E-ECSD_0066367) or similar form.

**RESPONSE:**

See spreadsheet produced in response to Request 45. Otherwise, Defendant objects to this Request as being overly broad in scope, unduly burdensome, and not proportional to the needs of this case as it seeks information unrelated to the Relevant Books for the Relevant Time Period. Defendant also objects to this request on the basis that the Family Educational Rights and Privacy Act (FERPA) protects disclosure of such educational records. Here, the request is not proportional to the needs of the case, as it would require Defendant to provide individualized notice to each student. 20 U.S.C. § 1232g; 34 CFR 99.31(a)(9).  Additionally, the burden of the proposed discovery outweighs its likely benefit. The request requires Defendant to identify each student and mail out notices to former and current students.

**REQUEST FOR PRODUCTION NO. 64:**

Documents sufficient to show how many students have been given "Unlimited Access" to school library collections for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian affirmatively selecting "Unlimited Access" on the K-12 Library Access Form(E-ECSD_0066367) or similar form.

**RESPONSE:**

See spreadsheet produced in response to Request 45. Otherwise, Defendant objects to this Request as being overly broad in scope, unduly burdensome, and not

proportional to the needs of this case as it seeks information unrelated to the Relevant

Books for the Relevant Time Period. Defendant also objects to this request on the

basis that the Family Educational Rights and Privacy Act (FERPA) protects

disclosure of such educational records. Here, the request is not proportional to the

needs of the case, as it would require Defendant to provide individualized notice to

each student. 20 U.S.C. § 1232g; 34 CFR 99.31(a)(9).  Additionally, the burden of

the proposed discovery outweighs its likely benefit. The request requires Defendant

to identify each student and mail out notices to former and current students.

## REQUEST FOR PRODUCTION NO. 65:

Documents sufficient to show how many students have been given "Unlimited Access" to school library collections for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian not selecting any Access option on the K-12 Library Access Form (E-ECSD_0066367) or similar form(i.e., Unlimited Access granted by default) .

## RESPONSE:

See spreadsheet produced in response to Request 45. Otherwise, Defendant

objects to this Request as being overly broad in scope, unduly burdensome, and not

proportional to the needs of this case as it seeks information unrelated to the Relevant

Books for the Relevant Time Period. Defendant also objects to this request on the

basis that the Family Educational Rights and Privacy Act (FERPA) protects

disclosure of such educational records. Here, the request is not proportional to the

needs of the case, as it would require Defendant to provide individualized notice to

16

each student. 20 U.S.C. § 1232g; 34 CFR 99.31(a)(9).  Additionally, the burden of the proposed discovery outweighs its likely benefit. The request requires Defendant to identify each student and mail out notices to former and current students.

## REQUEST FOR PRODUCTION NO. 66:

Documents sufficient to show how many students have been given access to one or more specific (but not all) Restricted Books for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian completing the Parent/Guardian Permission for Student to Access a Restricted Title form (Exh. 38 to the 30(b)(6) Deposition of the School Board) or similar permission form granting permission for their student to access a specific title or titles.

## RESPONSE:

See spreadsheet produced in response to Request 45. Otherwise, Defendant objects to this Request as being overly broad in scope, unduly burdensome, and not proportional to the needs of this case as it seeks information unrelated to the Relevant Books for the Relevant Time Period. Defendant also objects to this request on the basis that the Family Educational Rights and Privacy Act (FERPA) protects disclosure of such educational records. Here, the request is not proportional to the needs of the case, as it would require Defendant to provide individualized notice to each student. 20 U.S.C. § 1232g; 34 CFR 99.31(a)(9).  Additionally, the burden of the proposed discovery outweighs its likely benefit. The request requires Defendant to identify each student and mail out notices to former and current students.

## REQUEST FOR PRODUCTION NO. 67:

Documents sufficient to show how many students have been given access to all Restricted Books for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian completing the Parent/Guardian Permission for Student to Access a Restricted Title form (Exh. 38 to the 30(b)(6) Deposition of the School Board) or similar permission form granting permission for their student to access all Restricted Books.

## RESPONSE:

See spreadsheet produced in response to Request 45. Otherwise, Defendant objects to this Request as being overly broad in scope, unduly burdensome, and not proportional to the needs of this case as it seeks information unrelated to the Relevant Books for the Relevant Time Period. Defendant also objects to this request on the basis that the Family Educational Rights and Privacy Act (FERPA) protects disclosure of such educational records. Here, the request is not proportional to the needs of the case, as it would require Defendant to provide individualized notice to each student. 20 U.S.C. § 1232g; 34 CFR 99.31(a)(9).  Additionally, the burden of the proposed discovery outweighs its likely benefit. The request requires Defendant to identify each student and mail out notices to former and current students.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by e-mail to Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at john.langford@protectdemocracy.org; Shalini Goel Agarwal at

shalini.agarwal@protectdemocracy.org,        scott.welder@protectdemocracy.org;

Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at

oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com,

relyear@ballardspahr.com,        tranp@ballardspahr.com;        Ori        Lev        at

ori.lev@protectdemocracy.org; Goldie Fields at fieldsg@ballardspahr.com; and

Facundo Bouzat at bouzatf@ballardspahr.com (Counsel for Plaintiffs) this 11th day

of October, 2024.

s/ Nicole Sieb Smith

J. DAVID MARSEY
Florida Bar No.:  0010212
E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783
and
SAMANTHA DUKE
Florida Bar No. 0091403
Email:  sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel:  407.872.7300
Fax: 407.841.2133
Attorneys for Defendants

# Exhibit 17

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| PEN AMERICAN CENTER, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ESCAMBIA COUNTY SCHOOL BOARD, <br><br> Defendant. | CASE NO.: <br> 3:23-CV-10385-TKW-ZCB |

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO
DEFENDANT ESCAMBIA COUNTY SCHOOL BOARD**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs PEN American Center, Inc., Sarah Brannen, Benjamin Glass, George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski, Penguin Random House LLC, Sean Parker, Ashley Hope Pérez, and Christopher Scott Satterwhite, by and through their attorneys, hereby request that Defendant answer the following Interrogatories. Written responses under oath are due within thirty (30) days of service of these Interrogatories. Responses are to be served via email to the undersigned counsel.

Each Interrogatory is subject to the Instructions and Definitions preceding the specific requests.

## DEFINITIONS

The following definitions shall apply to each of the Requests set forth below.

1.    "You" or "Your" means the party responding to this Request; any of the party's officers, agents, assigns, employees, insurers, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on the party's behalf, except for legal counsel.

2.    "Defendant" means the Escambia County School Board.

3.    "School Board" means and refers to the five-member governing body of the School District, elected from geographic districts within Escambia County, including both current and former members during the Relevant Time Period.

4.    "School District" means the Escambia County School District.

5.    Unless specifically and individually identified, "Plaintiff" or "Plaintiffs" refers to all of the Plaintiffs in this action.

6.    "Amended Complaint" means the Amended Complaint Plaintiffs filed in this action.

7.    "Communicate" or "Communication" means any transmission of Documents or information between Persons or agencies, whether oral, written or otherwise, active or automated, including but not limited to memoranda, letters, telecopies, facsimiles, e-mails, text messages, voicemails, electronic transmissions, meetings, discussions, conversations, or telephone calls.

2

8.     "Describe" means to state all knowledge that You have regarding the subject matter of the Interrogatory in full detail including but not limited to:

(a)     the identity of the Person(s) originating the statement, correspondence, Document, or Communication;

(b)     the identity of the Person(s) to whom the statement, correspondence, Document, or Communication was given;

(c)     when and where the statement, correspondence, Document, or Communication was given;

(d)     the date the statement, correspondence, Document, or Communication was given;

(e)     whether the statement, correspondence, Document, or Communication was oral or in writing;

(f)      if the statement, correspondence, or Communication was oral, whether a recording was made, and if so, the nature of the recording and the identity of the Person who has custody of it;

(g)     if the statement, correspondence, Document, or Communication was written, whether it was signed by the Person making it;

(h)     if the statement, correspondence, or Communication was oral, a detailed summary of its contents; and

3

(i)     the identity of any Person who has custody of any such statement, correspondence, Document, or Communication that was reduced to writing or otherwise recorded.

9.     "Document" includes but is not limited to the original, drafts and all non-identical versions or copies (whether different from originals by reason of notations made on such copies or otherwise) of all written, electronic or graphic material, however produced or reproduced, in Your possession, custody or control or the possession, custody, or control of Your attorney, including but not limited to writings, forms, memoranda, letters, notes, correspondence, studies, reports, drawings, graphs, charts, records, photographs, sound or mechanical recordings or tapes, telecopies, facsimiles, e-mail, text messages, voicemails, computer printouts, information stored on computer systems, database queries and responses, and other data compilations from which information can be obtained or translated, if necessary through the use of detection devices, into reasonably usable form, in the broadest understanding of the term "Documents" in the Federal Rules of Civil Procedure. Without limiting the term "control," a Document is deemed to be within Your control if You have ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Persons having physical control thereof.

4

10.    "Identify," when used in connection with a natural Person, means to state his, her, or their:

      (a)    full name and any aliases;

      (b)    residence address and phone number;

      (c)    business address and phone number;

      (d)    employer, title, and job description at the time of the event in question; and

      (e)    present or last known employment and job description.

11.    "Identify," when used in connection with an entity other than a natural Person, means to state the following:

      (a)    the full name of the entity;

      (b)    the legal form of the entity (e.g., corporation, partnership, committee);

      (c)    a brief description of the nature and business purpose of the entity; and

      (d)    the present or last known address of the entity's principal office, principal place of business, and other places of business.

12.    "Identify," when used in connection with an event or occurrence, means to state the following:

      (a)    the date of the event or occurrence;

      (b)    the Person(s) involved in the event or occurrence; and

      (c)    the subject matter of the event or occurrence.

13.    "Identify," when used in connection with a Document, means to state the following:

      (a)    the date the Document was prepared;

      (b)    the author(s) of the Document;

      (c)    the identity of the addressees of the Document;

      (d)    the identities of the Persons or entities that received copies of the Document;

      (e)    the subject matter and substance of the Document;

      (f)    a description of the Document (e.g., memorandum, letter, etc.); and

      (g)    the name and address of the custodian of the Document.

14.    The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or

more" shall include each other whenever possible to expand, not to restrict, the scope of the Request.

15.    "Person" or "Persons" includes a natural person, individual, corporation, proprietorship, partnership, association, agency (including government agencies), or any other entity.

16.    "Baggett" means Vicki Baggett, the Northview High School language arts teacher identified in Plaintiffs' Amended Complaint.

17.    "Reading Material" means text-based or image-based content, including but not limited to books, published or produced in any printed, electronic, or digital format.

18.    "Book Challenge" means and refers to any challenge or petition submitted by any Person with the aim of removing or restricting access to any Reading Material in any School District library, including, but not limited to, submitting the School District's "Request for Reconsideration of Educational Media" form.

19.    "Book Restriction" means and refers to any actions undertaken by the School District, including by You, to restrict access (short of complete removal) to any Reading Material in any School District library, permanently or temporarily, at any time during the Relevant Time Period, except that Book Restriction does not

include the restriction of Young Adult books in middle school libraries to students whose parents have authorized access to such books (i.e., "YA-Opt In").

20.    "Book Removal" means and refers to any actions undertaken by the School District, including by You, to remove (or completely bar access to) any Reading Material from any School District library, permanently or temporarily, at any time during the Relevant Time Period.

21.    "Restricted or Removed Books" includes any individual book title or combination of book titles from the list of book titles located in the spreadsheet titled "PEN et al. v. Escambia County School Board – Restricted and Removed Books DMFIRM_411297846(1).XLSX," provided as an attachment to an email to counsel for Defendant dated February 16, 2024.

22.    "HB 1069" means the act of the Florida legislature numbered House Bill 1069, as enacted on May 17, 2023 and collected at Florida Laws Ch. 2023-105.

23.    "HB 1557" means the act of the Florida legislature numbered House Bill 1557, as enacted on March 28, 2022 and collected at Florida Laws Ch. 2022-22.

24.    "HB 7" means the act of the Florida legislature numbered House Bill 7, as enacted on April 22, 2022 and collected at Florida Laws Ch. 2022-72.

25.    "Moms for Liberty" means the organization of that name identified and described in Plaintiffs' Amended Complaint, including any local chapter thereof, wherever located.

26.    "Policy or Practice" includes any official or unofficial policy, practice, procedure, protocol, or custom, whether mandatory or discretionary, formal or informal, written or unwritten.

27.    The "Relevant Time Period" for each Request is May 23, 2022, through the present unless otherwise stated in an individual Request.

## INSTRUCTIONS

1.    These Interrogatories are directed to You pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court. You are directed to answer each of them separately, under oath and to serve a copy of your answers upon the attorneys for Plaintiff within thirty (30) days.

2.    The Interrogatories are deemed continuing in nature. If additional facts, Documents, information, or witnesses become known to you, supplementary answers must be served promptly on Plaintiffs' counsel.

3.    If in answering these Interrogatories you encounter any ambiguities construing a question, instruction or definition, set forth the matter deemed ambiguous and the construction used when answering.

9

4.    State whether the answer is within the personal knowledge of the Person(s) answering the Interrogatory and, if not, Identify each Person known to have personal knowledge of the answer.

5.    The use of a verb in any tense shall be construed to include the use of the verb in all other tenses whenever necessary to bring into the scope of the specification all responses, which might otherwise be construed as outside the scope.

6.    These Interrogatories require the provision of all responsive information in Defendant's possession, custody, or control, or known to be available to Defendant, regardless of whether such information is possessed directly by Defendant's agents, advisors, officials, employees, representatives, consultants, successors-in-interest, and other Persons or entities acting on their behalf, subject to their control, or in any other way related to them.

7.    If You object to any Interrogatory or any subpart thereof on the grounds that it calls for disclosure of information that You claim is privileged, or on any other grounds, then answer such Interrogatory or subpart as follows:

(a)    the type of Communication, Document, or information at issue (e.g., oral, written, or electronic) and the date thereof;

(b)    the name, current or last known home and business addresses and the telephone numbers thereto, the field or position,

10

occupation, and employer of each of the participants in such Communication, Document, or information or of those individuals who prepared, produced, or reproduced, or who were the recipients of, such Communication, Document, or information;

(c)    a description of the Communication, Document, or information sufficient to Identify it without revealing the information for which privilege is claimed;

(d)    a description of the subject matter of the Communication, Document, or information in sufficient detail to allow the Court to adjudicate the validity of the claim of privilege;

(e)    each and every fact and legal basis upon which Defendant claims any such privilege; and

(f)    the Interrogatory or part thereof to which the Communication, Document, or information relates.

8.    Each Interrogatory is to be answered separately and as completely as possible. The omission of any name, fact, or other item of information from the answers shall be deemed a representation that such name, fact, or item is not known to You or counsel at the time of the service of Your answer to the Interrogatory.

11

9.     Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence(s) mentioned or complained of in the Complaint.

10.    In responding to these Interrogatories, transcribe each Interrogatory or sub-part and, after each, provide its answer.

11.    If, in lieu of or in addition to answering an Interrogatory, You produce a database and other data or reports, that material should be produced in a native format (such as a Microsoft Excel file or tab-delineated text file) that can be processed and/or sorted using standard spreadsheet or database software including Microsoft Access and Microsoft Excel.

12.    Throughout these Interrogatories, including, but not limited to, the definition of terms, words used in the singular include the plural, and vice versa.

13.    In construing these Interrogatories, Defendant shall apply the broadest construction permitted under the Federal Rules of Civil Procedure, so as to produce the most comprehensive response.

## INTERROGATORIES

**Interrogatory No. 15:**   For each of the Restricted or Removed Books, provide the date when the book was first restricted, the date the book was unrestricted (if any), the date the book was returned to circulation (if any, and

specifying any continuing limitations on such circulation), and any other dates on which the book was restricted or unrestricted.

**Interrogatory No. 16:**   Provide the number of students who have been given access to one or more specific (but not all) Restricted Books for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian completing the Parent/Guardian Permission for Student to Access a Restricted Title form (Exh. 38 to the 30(b)(6) Deposition of the School Board) or similar permission form granting permission for their student to access a specific title or titles. To the extent permission granted in one school year extends into the following school year(s), please specify both the number of students newly granted access in each school year as well as the total number of students with such access in that school year (i.e., including those granted access in a prior school year).

**Interrogatory No. 17:**   Provide the number of students who have been given access to all Restricted Books for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian completing the Parent/Guardian Permission for Student to Access a Restricted Title form (Exh. 38 to the 30(b)(6) Deposition of the School Board) or similar

permission form granting permission for their student to access all Restricted Books. To the extent permission granted in one school year extends into the following school year(s), please specify both the number of students newly granted access in each school year as well as the total number of students with such access in that school year  (i.e., including those granted access in a prior school year).

Respectfully submitted,

Dated: September 11, 2024

*/s/ Ori Lev*

Shalini Goel Agarwal (FBN 90843)
Ori Lev (*pro hac vice*)
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

Lynn B. Oberlander (*pro hac vice*)
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Facundo Bouzat (*pro hac vice*)
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan (*pro hac vice*)
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone:678.420.3000

14

Facsimile: 678.420.9401

Goldie Fields (*pro hac vice*)
**Ballard Spahr LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: 424.204.4338
Facsimile: 424.204.4350

*Attorneys for Plaintiffs*

Exhibit 18

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

PEN AMERICAN CENTER, INC.,
SARAH BRANNEN, BENJAMIN
GLASS, on behalf of himself and his
minor child, GEORGE M.
JOHNSON, DAVID LEVITHAN,
KYLE LUKOFF, ANN
NOVAKOWSKI, on behalf of herself
and her minor child, PENGUIN
RANDOM HOUSE LLC, SEAN
PARKER, on behalf of himself and
his minor child, ASHLEY HOPE          CASE NO.:  3:23-CV-10385-TKW-ZCB
PÉREZ, and CHRISTOPHER
SCOTT SATTERWHITE, on behalf
of himself and his minor child,

     Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL
BOARD,

     Defendant.

_____ /

**DEFENDANT ESCAMBIA COUNTY SCHOOL BOARD'S**
**NOTICE OF SERVICE OF RESPONSES TO**
**PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Defendant, Escambia County School Board, by and through undersigned

counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby serves its Notice

of Serving Responses to Plaintiffs' Second Set of Interrogatories, served September

11, 2024.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by e-mail to Kristy L. Parker at kristy.parker@protectdemocracy.org; John Thomas Langford at john.langford@protectdemocracy.org; Shalini Goel Agarwal at shalini.agarwal@protectdemocracy.org,       scott.welder@protectdemocracy.org; Kirsten Elizabeth Fehlan at fehlank@ballardspahr.com; Lynn Beth Oberlander at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com, relyear@ballardspahr.com,       tranp@ballardspahr.com;       Ori       Lev       at ori.lev@protectdemocracy.org; Goldie Fields at fieldsg@ballardspahr.com; and Facundo Bouzat at bouzatf@ballardspahr.com (Counsel for Plaintiffs) this 15th day of October, 2024.

s/ Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.:  0010212
E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783
and

SAMANTHA DUKE

2

Florida Bar No. 0091403
Email:  sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel:  407.872.7300
Fax: 407.841.2133

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

PEN AMERICAN CENTER, INC.,
SARAH BRANNEN, BENJAMIN
GLASS, on behalf of himself and his
minor child, GEORGE M.
JOHNSON, DAVID LEVITHAN,
KYLE LUKOFF, ANN
NOVAKOWSKI, on behalf of herself
and her minor child, PENGUIN
RANDOM HOUSE LLC, SEAN
PARKER, on behalf of himself and
his minor child, ASHLEY HOPE
PÉREZ, and CHRISTOPHER
SCOTT SATTERWHITE, on behalf
of himself and his minor child,

                        CASE NO.:  3:23-CV-10385-TKW-ZCB

       Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL
BOARD,

       Defendant.

_____ /

**DEFENDANT ESCAMBIA COUNTY SCHOOL BOARD'S**
**RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

      Defendant, Escambia County School Board, hereby responds to the Plaintiffs'

Second Set of Interrogatories, served September 11, 2024, as follows:

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

The Board incorporates these objections to Plaintiffs' "Instructions" and "Definitions" into each specific response to Plaintiffs' Interrogatories listed below:

1.    The Board objects to the "Instructions" to the extent they purport to modify or alter the Board's obligations to respond as more fully set forth by the Federal Rules of Civil Procedure and/or are more burdensome than the requirements of the Federal Rules of Civil Procedure.

2.    The Board objects to the definitions of "Communicate" and "Communication" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case and/or this stage of the proceedings given they purport to extend to any communications between "Persons"—itself an overly broad, vague, and ambiguous definition given it encompasses every employee of the Board as well as "any other entity"—and "agencies," itself an undefined term that is similarly vague and ambiguous. The Board also objects to the definition of "Communicate" and "Communication" because they purport to include oral communications regardless of whether such oral communications are documented or otherwise recorded in some manner. Rule 33 does not require Defendant to provide information regarding oral communications as broadly defined by Plaintiffs.

3.    The Board objects to the definition of "Document" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case

2

and/or this stage of the proceedings. Additionally, the Board objects to the inclusion of e-mails in the definition of "Document," and state that non-objectionable e-mails will be produced in response to those requests that seek "Communication[s]."

4.     The Board objects to Plaintiffs' definition of "[a]nd" and "or" to mean "and/or", as this is vague, ambiguous and confusing depending on the particular context of the request.

5.     The Board objects to the definition of the term "Reading Material" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case and/or this stage of the proceedings. Specifically, this term purports to include any form of "text-based or image-based content," including books in both physical and digital format. This lawsuit concerns decisions made concerning books contained in the Board's school libraries and media centers. It does not extend to decisions concerning curriculum, textbooks, third-party vendors the Board contracts with, or classroom libraries. Yet, Plaintiffs' definition of "Reading Material" would sweep in every book in every school within the Escambia County School District— including textbooks, books in classroom libraries, books students bring in from home, etc.—and more. Such a definition goes far beyond the parameters of this case. Pursuant to the Parties' agreement, "Reading Material" is defined to only mean those materials contained within the District's school libraries.

6.     The Board objects to the definition of the terms "Book Challenge," "Book Restriction," and "Book Removal" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case and/or this stage of the proceedings. Specifically, these terms purport to include any challenges to any Reading Material which, as defined, includes textbooks, curriculum items, classroom libraries, etc. Challenges, restrictions, or removals by the Board of particular Reading Material that are not related to the allegations in the Amended Complaint, i.e., not purportedly motivated by the ideological grounds as identified in the Amended Complaint, are not proportional to the needs of this case. Reading Material may be challenged, restricted, or removed for a variety of reasons, e.g., § 1006.28(2)(a)2.b.(I)–(II), Fla. Stat., many of which are not proportional to the needs of this case.

7.     The Board objects to the definition of the terms "Policy or Practice" as being overly broad in scope, unduly burdensome, and not proportional to the needs of the case and/or this stage of the proceedings. As defined, these terms refer to any actions taken—whether official or unofficial, approved or unapproved, mandatory or discretionary—by any individual within the Escambia County School District. The Board formally promulgates policies in accordance with Florida law, and generally delegates authority to the Superintendent or his/her designee for the creation of procedures. Plaintiffs' definition ignores the statutory framework within

4

which the Board operates, is vague and ambiguous, and purports to sweep in activity that cannot be considered Board action or reasonably traced back to the Board nor can it be considered proportional to the needs of this case given the breadth and size of the Escambia County School District ("District"). Pursuant to the Parties' conferral, the Board construes "Policy" to mean formal policy as approved and promulgated by the Board. "Practice" shall mean actions taken by leadership of the District, including the Superintendent or his or her designee, pursuant to the direction of the Board for the purpose of implementing the Board's Policies.

8.    "Relevant Books" shall mean the list of books provided by Plaintiffs on February 16, 2024 which are removed, remain under restricted access, or are otherwise unavailable to students as of the date of the Board's response.  If a particular Relevant Book returns to circulation, the Board shall cease producing material relating to it.

9.    The "Relevant Time Period" shall be from January 1, 2022, until July 1, 2023. If the District considered the status of a Relevant Book after the Relevant Time Period, the Relevant Time Period shall be extended through present only for those discovery requests that pertain specifically to the Relevant Books. The Board otherwise objects to responding to requests that seek documents for the time period before the Relevant Time Period, as such requests are not proportional or material to the claims and defenses in the lawsuit. The amendments to the State laws at issue

5

in this case, and which form the basis for the Board's relevant policies and practices regarding library materials, took effect on July 1, 2022. Because the Relevant Time Period encompasses the period of time from January 1, 2022 through July 1, 2022, the Board is providing Plaintiffs with discovery responses pertaining to the six-months leading up to the passage of the subject legislation. The District further objects to providing discovery for the period of time after July 1, 2023, given the allegations in the Complaint, which make clear Plaintiffs are challenging actions by the Board that occurred prior to July 1, 2023, [D.E. 27 at ¶ 69 n.4].

10.    The Board objects to Plaintiffs' requirements that the Board supplement these responses within 15 days. Rule 26(e) merely requires a party supplement their responses "in a timely manner." The Board will comply with relevant Federal Rules of Civil Procedure.

11.    The Board objects to the extent Plaintiffs' Requests would include information and/or documents from charter schools. Plaintiffs have not identified any actions taken pursuant to any school libraries or media centers in any charter schools in the District, and the production of information and/or documents from charter schools would therefore be unduly burdensome and not proportional to the needs of this case.

12.    The Board objects to the term "Book Restriction" to the extent it includes materials outside of the parties agreed-upon list provided by Plaintiffs on February 16, 2024.

13.    The Board objects to the term "Book Removal" to the extent it includes materials outside of the parties agreed-upon list provided by Plaintiffs on February 16, 2024.

14.    The Board objects to the term "Restricted or Removed Books" to the extent it includes materials outside of the parties agreed-upon list provided by Plaintiffs on February 16, 2024. If a particular "Restricted or Removed Book" returns to circulation, the Board shall cease producing material relating to it.

15.    The ESI searches are limited to the parties' agreed-upon custodians and search terms.

**INTERROGATORY NO. 15:**

For each of the Restricted or Removed Books, provide the date when the book was first restricted, the date the book was unrestricted (if any), the date the book was returned to circulation (if any, and specifying any continuing limitations on such circulation), and any other dates on which the book was restricted or unrestricted.

**RESPONSE:**

Please see the Board's previous responses to Interrogatories 8 and 9. There has been no change to the status of Relevant Books that the Board voted to remove or to restrict to certain grades during the 2022-2023 school year. The present status

7

of        Relevant        Books        is        publicly        available        at

https://docs.google.com/spreadsheets/d/1hv6Wtu55zY3t5bmbksY2ie7Q-

L3zAQdjrtaFh4duLC4/edit?gid=0#gid=0. The publicly available spreadsheet will

be updated as the Board continues to move forward with the book review process.

Defendant also states that on or about April 1, 2024, the Coordinator of Media

Services instructed the following previously restricted titles to be changed to

unrestricted and returned to circulation during the pendency of the challenge

process:

A.  *Beetle and the Hollowbones*;
B.  *Better Nate than Ever*;
C.  *Born Ready: the Story of a Boy Named Penelope*;
D.  *Calvin*;
E.  *Hurricane Child*;
F.  *Julian at the Wedding*;
G.  *Maiden and Princess*;
H.  *Melissa (George)*;
I.  *Milo Imagines the World*;
J.  *My Rainbow*;
K.  *Same Sex Parents*;
L.  *That's Betty*;
M.  *The Mighty Heart of Sunny St James*;
N.  *The Whispers*;
O.  *The Witch Boy*;
P.  *This Would Make a Good Story Someday*;
Q.  *Too Bright to See*;
R.  *Uncle Bobby's Wedding*;
S.  *We Are Not Yet Equal*; and
T.  *GLBTQ*.

Otherwise, as for the part of the Interrogatory that seeks the date when the

book was first restricted, the date the book was unrestricted (if any), the date the

8

book was returned to circulation (if any, and specifying any continuing limitations on such circulation), and any other dates on which the book was restricted or unrestricted, Defendant objects to this Interrogatory as being overly broad in scope, unduly burdensome, and not proportional to the needs of this case. First, Plaintiffs seek injunctive and declaratory relief in this case and therefore only the current status of the Relevant Books is probative to the relief sought. Further, Plaintiffs had the opportunity during the 30(b)(6) deposition of Defendant to inquire as to the historical restrictions of the Relevant Books, which demonstrated the tedious and cumbersome review that the Board's Coordinator of Media Services must undertake, culling through the metadata on the Reconsiderations Spreadsheet for each book to identify the historical changes to the status of the Relevant Books, some of which include multiple revisions in one day. Specifically, for each Relevant Book, Defendant must review all edits to the cell on the spreadsheet to determine when its restricted access status was changed from an "N" to a "Y" or vice versa. Moreover, anything the District restricted from June of 2023 and after was restricted only because of the HB 1069 review, which review is not encompassed by the allegations in the lawsuit, which make clear Plaintiffs are challenging actions by the Board that occurred prior to July 1, 2023, [D.E. 27 at ¶ 69 n.4]. Additionally, Plaintiffs' definition for "Book Restriction" expressly excludes "YA-Opt In" books.

**INTERROGATORY NO. 16:**

Provide the number of students who have been given access to one or more specific (but not all) Restricted Books for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian completing the Parent/Guardian Permission for Student to Access a Restricted Title form (Exh. 38 to the 30(b)(6) Deposition of the School Board) or similar permission form granting permission for their student to access a specific title or titles. To the extent permission granted in one school year extends into the following school year(s), please specify both the number of students newly granted access in each school year as well as the total number of students with such access in that school year (i.e., including those granted access in a prior school year).

**RESPONSE:**

Please see the Board's response to Request for Production 46. The spreadsheet produced, redacted pursuant to the Family Educational Rights and Privacy Act (FERPA), contains de-identified data for students who had a note in their record in the Follett Destiny Library Manager ("Destiny") indicating permission had been granted to access any specific or all restricted titles. As of June or July 2023, with the implementation of House Bill 1069 (2023) ("HB 1069"), such permission forms were no longer available for books that had an HB 1069 storage circulation type and/or were subject to restriction based upon HB 1069. The Board is only able to provide an estimate of how many permissions were granted because not all schools followed through on entering this information in the same manner, and the District has no way of knowing that every media specialist who received a signed permission form followed through on entering such note in Destiny. The forms themselves are

paper copies housed at individual schools, and in some cases, there is a different media specialist now working at that school who may or may not know where to find those forms, which have not been widely-used since the 2022-2023 school year. Otherwise, Defendant objects to this Interrogatory as being overly broad in scope, unduly burdensome, and not proportional to the needs of this case as it would require Defendant to locate and compile information from responsive documents on a school-by-school basis for its 65 schools and/or interview any media specialist who was employed by the District during the Relevant Time Period to determine if they inputted such permission form information into Destiny. Additionally the Interrogatory seeks information unrelated to the Relevant Books for the Relevant Time Period and Plaintiffs' definition for "Book Restriction" expressly excludes "YA-Opt In" books.

## INTERROGATORY NO. 17:

Provide the number of students who have been given access to all Restricted Books for each school year in the Relevant Time Period (i.e., 2022-2023, 2023-2024, and for 2024-25, through the date of the complete response to this Interrogatory) as a result of their parent or guardian completing the Parent/Guardian Permission for Student to Access a Restricted Title form (Exh. 38 to the 30(b)(6) Deposition of the School Board) or similar permission form granting permission for their student to access all Restricted Books. To the extent permission granted in one school year extends into the following school year(s), please specify both the number of students newly granted access in each school year as well as the total number of students with such access in that school year (i.e., including those granted access in a prior school year).

**RESPONSE:**

Please see the Board's response to Request for Production 46. The spreadsheet produced, redacted pursuant to the Family Educational Rights and Privacy Act (FERPA), contains de-identified data pertaining to students who had a note in their record in the Follett Destiny Library Manager ("Destiny") indicating permission had been granted to access any specific or all restricted titles. As of June or July 2023, with the implementation of HB 1069, such permission forms were no longer available for books that had an "HB 1069" storage circulation type and/or were subject to restriction based upon HB 1069. The Board is only able to provide an estimate of how many permissions were granted because not all schools followed through on entering this information in the same manner, and the District has no way of knowing that every media specialist who received a signed permission form followed through on entering such note in Destiny. The forms themselves are paper copies housed at individual schools, and in some cases, there is a different media specialist now working at that school who may or may not know where to find those forms, which have not been widely-used since the 2022-2023 school year. Otherwise, Defendant objects to this Interrogatory as being overly broad in scope, unduly burdensome, and not proportional to the needs of this case as it would require Defendant to locate and compile information from responsive documents on a school-by-school basis for its 65 schools and/or interview any media specialist who

was employed by the District during the Relevant Time Period to determine if they inputted such permission form information into Destiny. Additionally the Interrogatory seeks information unrelated to the Relevant Books for the Relevant Time Period and Plaintiffs' definition for "Book Restriction" expressly excludes "YA-Opt In" books.

## **VERIFICATION**

ESCAMBIA COUNTY SCHOOL BOARD

By: _____

SHENNA PAYNE
Authorized Agent

STATE OF FLORIDA

COUNTY OF ESCAMBIA

Shenna Payne appeared and says that she is authorized by the Escambia County School Board under applicable law and rules to verify and does verify these Responses to Interrogatories on behalf of the Escambia County School Board.

SWORN TO AND SUBSCRIBED before me this ____15th____ day of *October* , 2024.

_____

Signature of Notary



LENAHA E. DAY
MY COMMISSION #HH491175
EXPIRES: APR 19, 2027
Bonded through 1st State Insurance

_____

PRINT, TYPE OR STAMP NAME OF NOTARY

Personally known ____✓____
OR Produced Identification _____

Type of Identification Produced _____

[ ✗ ]  Physical presence          [   ]  Online notarization

Exhibit 19

```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF FLORIDA
 2                    PENSACOLA DIVISION

 3            Case No. 3:23-CV-10385-TKS-ZCB

 4   PEN AMERICAN CENTER, INC.,
     SARAH BRANNEN, BENJAMIN GLASS,
 5   on behalf of himself and his
     minor child, GEORGE M. JOHNSON,
 6   DAVID LEVITHAN, KYLE LUKOFF,
     ANN NOVAKOWSKI, on behalf of
 7   herself and her minor child,
     PENGUIN RANDOM HOUSE LLC, SEAN
 8   PARKER, on behalf of himself
     and his minor child, ASHLEY
 9   HOPE PEREZ, and CHRISTOPHER
     SCOTT SATTERWHITE, on behalf of
10   himself and his minor child,

11        Plaintiffs,
     vs.
12
     ESCAMBIA COUNTY SCHOOL BOARD,
13
          Defendant.
14

15              DEPOSITION OF BRADLEY VINSON
     30(b)(6) Witness for Escambia County School Board
16              and in her Individual Capacity

17                        Volume 2

18          Taken on Behalf of the Plaintiffs

19   DATE TAKEN:      Friday, August 23, 2024

20   TIME:           9:04 a.m. - 5:34 p.m. CDT

21   PLACE:          Anchor Court Reporting
                     229 South Baylen Street
22                   Pensacola, Florida 32502

23

24   Examination of the witness stenographically taken by:
          SUSAN D. WASILEWSKI, RPR, CRR, CMRS, CRC, FPR
25            ~ Realtime Systems Administrator ~
```

02:39:51  1    and so, I mean, having it still say restricted here,

02:39:58  2    it -- we should change it to either HB 1069 Storage

02:40:02  3    or Challenge, yes; however, I'm wondering if we

02:40:05  4    missed it because we have no physical copies

02:40:08  5    present.

02:40:08  6        Q.   I see.  And if you look at "Finding

02:40:13  7    Cinderella" on your laptop on the Reconsiderations

02:40:16  8    Spreadsheet, can you see when it was first

02:40:18  9    restricted?

02:40:18  10       A.   I can.  The only edit to that one is

02:40:43  11   Michelle White added a Y on December 14th of 2022.

02:40:47  12       Q.   So that was a book that was restricted

02:40:50  13   because of the challenge, correct?

02:40:51  14       A.   Correct.

02:40:52  15       Q.   And you had testified earlier that all of

02:40:56  16   the books that are still restricted are subject to

02:40:59  17   1069, but you're not sure about this one?

02:41:02  18           MS. SMITH:  Form.

02:41:02  19       A.   Correct.

02:41:02  20       Q.   Okay.

02:41:07  21           MS. SMITH:  Did you say 12/14/22?

02:41:12  22           THE WITNESS:  Yes, 12/14/22.

02:41:37  23   BY MR. LEV:

02:41:42  24       Q.   Okay.  I just want to walk through a few of

02:41:50  25   these books.  Let's look at "Slaughterhouse Five."

Deposition of Bradley Vinson, Volume 2

02:41:54  1      A.   Okay.

02:41:54  2      Q.   Can you tell me when that was first

02:41:57  3   restricted?

02:41:57  4      A.   Yes.  Michelle White added the Y

02:42:11  5   October 27th, 2022.

02:42:12  6      Q.   And do you know why it was restricted?

02:42:15  7      A.   At that time, no, I do not.

02:42:17  8      Q.   Okay.  "The Freedom Writers Diary," same

02:42:22  9   questions, when and why?

02:42:23  10     A.   Michelle White added a Y October 27th, 2022.

02:42:34  11  I do not know why.

02:42:35  12     Q.   And both of those books, therefore, were

02:42:39  13  restricted based on the challenge to the book, as we

02:42:41  14  discussed earlier?

02:42:42  15     A.   Yes.

02:42:42  16     Q.   Okay.  And has a determination been made

02:42:47  17  that "Slaughterhouse Five" and "The Freedom Writers

02:42:52  18  Diary" contain sexual conduct or may contain sexual

02:42:54  19  conduct under Section 1069?

02:42:56  20     A.   Yes.

02:42:57  21     Q.   And so are they still -- okay.  And

02:43:00  22  "Concrete Rose," can you tell me when that was first

02:43:04  23  restricted?

02:43:04  24     A.   Michelle White added a Y January 19th, 2023.

02:43:22  25     Q.   So that was restricted due to the book

Deposition of Bradley Vinson, Volume 2

02:43:25  1    challenge, correct?

02:43:25  2        A.    Correct.

02:43:26  3        Q.    And do you know why it was restricted?

02:43:28  4        A.    On the basis of the challenge, but beyond --

02:43:30  5    I don't know why her -- why she chose to restrict

02:43:34  6    it.

02:43:34  7        Q.    Okay.  And has a determination been made

02:43:36  8    that "Concrete Rose" may contain sexual conduct

02:43:39  9    under 1069?

02:43:40  10       A.    Yes.

02:43:40  11       Q.    Okay.  "Out of Darkness"?

02:43:57  12       A.    Michelle White added a Y October 27th, 2022.

02:44:01  13       Q.    So that was restricted due to the challenge,

02:44:06  14   correct?

02:44:06  15       A.    Correct.

02:44:06  16       Q.    You don't know why?

02:44:07  17       A.    Correct.

02:44:08  18       Q.    And has a determination been made that "Out

02:44:10  19   of Darkness" may contain sexual conduct under 1069?

02:44:13  20       A.    I'm fairly certain that, yes, we have made

02:44:16  21   that determination.  I would want to refresh my

02:44:18  22   memory on reviews for more specifics.

02:44:20  23       Q.    If it's marked as currently restricted on

02:44:24  24   the Reconsiderations Spreadsheet, is that indicative

02:44:30  25   that "Out of Darkness" has had a determination made

02:44:33   1    that it may contain sexual conduct?

02:44:41   2        A.    May I refer to whichever exhibit number this

02:44:45   3    is?

02:44:46   4        Q.    17.

02:44:46   5        A.    17.   Just having found that "Ready or Not"

02:44:52   6    was in error, I just want to double-check with a

02:44:53   7    title I'm less familiar with.

02:44:54   8        Q.    Understood.

02:44:55   9        A.    Yes, "Out of Darkness" is in HB 1069

02:44:59  10    Storage.

02:44:59  11        Q.    And so that means it was Coffee Crew

02:45:01  12    reviewed and determined that it may contain sexual

02:45:04  13    conduct?

02:45:04  14        A.    It does not mean that it's been Coffee Crew

02:45:07  15    reviewed, but it means that a media specialist

02:45:09  16    marked it for HB 1069 finding evidence that there

02:45:12  17    may be sexual conduct.

02:45:14  18        Q.    Okay.   And then there's only one copy.   I

02:45:17  19    see.   Okay.

02:45:20  20            "The Handmaid's Tale," can you tell me when

02:45:24  21    that was restricted?

02:45:26  22        A.    Sure, yes.   Give me just a moment.   I'm

02:45:32  23    looking right now at the novel, the cell for -- Line

02:45:38  24    64 on the Reconsiderations Spreadsheet.   Michelle

02:45:43  25    White added a Y October 27th, 2022.

Deposition of Bradley Vinson, Volume 2

02:45:45  1      Q.   So that was restricted due to the challenge,

02:45:48  2   correct?

02:45:49  3      A.   Correct.

02:45:49  4      Q.   And what about the graphic novel?

02:45:51  5      A.   Let's go to that one.

02:45:56  6           Same date, October 27th, 2022, Michelle

02:45:59  7   White added a Y.

02:46:00  8      Q.   Okay.  So also restricted due to the

02:46:03  9   challenge, correct?

02:46:04  10     A.   Correct.

02:46:04  11     Q.   And you don't know the reason that she chose

02:46:06  12  to restrict those books, correct?

02:46:08  13     A.   Correct.

02:46:09  14     Q.   And has a determination been made with

02:46:10  15  respect to the novel and the graphic novel that it

02:46:15  16  may contain sexual conduct under 1069?

02:46:17  17     A.   Yes.

02:46:18  18     Q.   And the way I would know that, if I -- I --

02:46:24  19  there's two ways I could know that.  One is your

02:46:27  20  testimony that everything that's currently

02:46:28  21  restricted has that determination, but we've

02:46:31  22  identified a few errors in the Reconsiderations

02:46:34  23  Spreadsheet in that regard?

02:46:35  24     A.   Right.

02:46:35  25     Q.   The way you would confirm that is you would

Deposition of Bradley Vinson, Volume 2

02:46:37  1    look at Exhibit 17, and if it says HB 1069 Storage

02:46:41  2    under circ type for all of the copies of the book,

02:46:44  3    that would mean that that determination has been

02:46:46  4    made with respect to all the copies of the book?

02:46:50  5        A.   Yes, but an individual media specialist

02:46:54  6    might have marked it -- well, in this case, because

02:46:57  7    it's on the challenge sheet, we did mark all of

02:47:00  8    them.

02:47:01  9        Q.   Okay.  But that's how I know if the --

02:47:07  10   that's the sort of way to double-check whether the

02:47:10  11   Reconsiderations Spreadsheet Y is accurately

02:47:12  12   reflecting the possibility of sexual conduct, is if

02:47:16  13   it says HB 1069 Storage under circ type, then

02:47:20  14   there's --

02:47:21  15       A.   Yes.

02:47:21  16       Q.   -- been a determination that it may contain

02:47:24  17   sexual conduct?

02:47:25  18       A.   A media specialist has actively made that

02:47:26  19   change after determining that there may be sexual

02:47:29  20   conduct.

02:47:29  21       Q.   Okay.  Can you tell me when "The Kite

02:47:47  22   Runner" was restricted?

02:47:48  23       A.   Michelle White added a Y October 27th, 2022.

02:47:59  24       Q.   So that was restricted due to the challenge,

02:48:02  25   correct?

Deposition of Bradley Vinson, Volume 2

02:48:02  1        A.    Correct.

02:48:02  2        Q.    "Oryx and Crake"?

02:48:08  3        A.    October 27th, 2022, Michelle White made that

02:48:15  4   change.

02:48:16  5        Q.    So restricted due to the challenge, correct?

02:48:18  6        A.    Correct.

02:48:18  7        Q.    "The Year of the Flood"?

02:48:26  8        A.    December 14th, 2022, Michelle White added a

02:48:33  9   Y.

02:48:33  10       Q.    So that was restricted due to the challenge,

02:48:37  11  right?

02:48:37  12       A.    Due to the challenge, correct.

02:48:39  13       Q.    "Last Night at the Telegraph Club"?

02:48:42  14       A.    Now, that one I do remember was in an

02:48:45  15  elementary school when it should not have been

02:48:48  16  because it's against our policy to have young adult

02:48:50  17  or adult fiction of that nature in our elementary

02:48:53  18  collections, but the Y was added February 10th, 2023

02:48:58  19  by Michelle White.

02:48:59  20       Q.    So that would have been restricted due to

02:49:01  21  the challenge, correct?

02:49:02  22       A.    Correct.

02:49:03  23       Q.    "Almost Perfect"?

02:49:08  24       A.    Michelle White added a Y on October 27th,

02:49:17  25  2022.

Deposition of Bradley Vinson, Volume 2

02:56:48  1    challenge, correct?

02:56:49  2        A.   Correct.

02:56:50  3        Q.   "Milk and Honey"?

02:56:57  4        A.   October 27th, 2022, Michelle White added a

02:57:02  5    Y.

02:57:02  6        Q.   So that was restricted because of the

02:57:05  7    challenge, correct?

02:57:06  8        A.   Correct.

02:57:06  9        Q.   "Nineteen Minutes"?

02:57:08  10       A.   October 27th, 2022, Michelle White added a

02:57:12  11   Y.

02:57:12  12       Q.   So that was restricted because of the

02:57:14  13   challenge, correct?

02:57:15  14       A.   Correct.

02:57:15  15       Q.   "Speak"?

02:57:16  16       A.   So we do have multiple edits for "Speak."

02:57:24  17       Q.   Okay.

02:57:24  18       A.   Do you want us to go back to the way it was

02:57:28  19   first entered?

02:57:29  20       Q.   Yes, please.

02:57:30  21       A.   Okay.  Just a moment, because there are

02:57:32  22   multiple edits.  All right.  Initially, on

02:57:36  23   October 25th, 2022, it was TBD, Michelle White.

02:57:42  24       Q.   And so that means it was then restricted at

02:57:44  25   that time?

Deposition of Bradley Vinson, Volume 2

02:57:44    1    A.    Yes.

02:57:45    2    Q.    Okay.

02:57:45    3    A.    October 27th, 2022, Michelle White changed

02:57:51    4    it to N.

02:57:51    5    Q.    Okay.

02:57:56    6    A.    February 8th, 2023, Michelle White replaced

02:58:01    7    the N with MS YA opt-in, HS N.

02:58:08    8    Q.    And that means it's a young adult opt-in for

02:58:12    9    middle school, but there's no restriction in high

02:58:14    10   school, correct?

02:58:15    11   A.    That's correct.

02:58:15    12   Q.    Okay.

02:58:21    13   A.    Same day, she -- looks like she was trying

02:58:26    14   to determine exactly how to record that because she

02:58:29    15   replaced that statement with YA section, MS N HS.

02:58:35    16   Q.    Okay.

02:58:36    17   A.    Which means the same thing.

02:58:38    18   Q.    Okay.  Okay.

02:58:39    19   A.    Same day.  Now it says YA section opt-in, MS

02:58:44    20   N HS.

02:58:45    21   Q.    Okay.

02:58:48    22   A.    Do you want me to skip some of these that

02:58:50    23   are all the same?

02:58:50    24   Q.    If they're all the same iterations of the MS

02:58:53    25   YA opt-in and not restricted in high school.

Deposition of Bradley Vinson, Volume 2

02:58:56　1        A.    But then April 1st I made the edit.

02:58:58　2    April 1st, 2024, I changed it to a Y.

02:59:02　3        Q.    And what was the basis for that?

02:59:04　4        A.    That we found sexual conduct present and

02:59:09　5    questioned -- may I review the form?

02:59:13　6        Q.    Yes, please.  Thank you for letting me know

02:59:18　7    you were doing that.

02:59:19　8        A.    Sure.  The form -- the form indicates

02:59:26　9    antirape, but this was a form that was received

02:59:30　10   before HB 1069.  It also indicates graphic content,

02:59:34　11   but our media specialist found that sexual conduct,

02:59:39　12   a sexual assault is present in the work, and we

02:59:42　13   determined to restrict it based on that.

02:59:45　14       Q.    Was that a Coffee Crew determination?

02:59:47　15       A.    I would need to look back at my notes to be

02:59:49　16   sure.

02:59:49　17       Q.    And if we looked at that Coffee Crew agenda,

02:59:52　18   if that was there, that would indicate it was a

02:59:55　19   Coffee Crew decision, and if it's not referenced in

02:59:58　20   those agendas, then it would be the individual media

03:00:00　21   specialist's decisions?

03:00:01　22       A.    Yes.

03:00:01　23       Q.    And if we look at Exhibit 17 for "Speak,"

03:00:08　24   there are quite a number of copies of this book and

03:00:13　25   they all say HB 1069 Storage?