# Exhibit A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| **PEN AMERICAN CENTER, INC., et al.,**<br><br>        **Plaintiffs,**<br><br>**vs.**<br><br>**ESCAMBIA COUNTY SCHOOL BOARD,**<br><br>        **Defendant.** | **CASE NO.:**<br>**3:23-CV-10385-TKW-ZCB** |

## DECLARATION OF SHALINI GOEL AGARWAL
## IN SUPPORT OF PLAINTIFFS' RULE 72(a) OBJECTIONS TO
## MAGISTRATE JUDGE BOLITHO'S ORDER GRANTING ESCAMBIA
## COUNTY SCHOOL BOARD'S RENEWED MOTION FOR PROTECTIVE
## ORDER ASSERTING LEGISLATIVE PRIVILEGE

I, Shalini Goel Agarwal, declare as follows:

1. I am over the age of 18 and have personal knowledge of the facts in this declaration.

2. Attached as Exhibit 1 is a true and correct copy of Plaintiffs' First Set of Requests for Production to Defendant served on October 16, 2023.

3. Attached as Exhibit 2 is a true and correct copy of an email chain between Defendant's counsel Nicole Smith and the undersigned regarding whether or not the School Board needed to file a motion to quash Plaintiffs' subpoenas for the five School Board Members' testimony.

4. Attached as Exhibit 3 is a true and correct copy of an email from Board Chair Kevin Adams produced by Defendant and Bates-stamped E-ECSD_0000242.

5. Attached as Exhibit 4 is a true and correct copy of an email from Board Chair Kevin Adams produced by Defendant and Bates-stamped E-ECSD_0020598.

6. Attached as Exhibit 5 are true and correct copies of communications with Board Chair Kevin Adams produced by Defendant and Bates-stamped ADAMS 010-12.

7. Attached as Exhibit 6 are true and correct copies of communications with Board Chair Kevin Adams produced by Defendant and Bates-stamped ADAMS 017-18

8. Attached as Exhibit 7 are true and correct copies of communications with Board Chair Kevin Adams produced by Defendant and Bates-stamped ADAMS 028-30.

9. Attached as Exhibit 8 is a true and correct copy of a communication with Board Chair Kevin Adams produced by Defendant and Bates-stamped ADAMS 040.

10. Attached as Exhibit 9 is a true and correct copy of a communication with Board Chair Kevin Adams produced by Defendant and Bates-stamped ADAMS 043.

11. Attached as Exhibit 10 is a true and correct copy of a communication with Board Chair Kevin Adams produced by Defendant and Bates-stamped ADAMS 047.

12. Attached as Exhibit 11 is a true and correct copy of a communication with Board Chair Kevin Adams produced by Defendant and Bates-stamped ADAMS 052.

13. Attached as Exhibit 12 is a true and correct copy of a communication with Board member Patty Hightower produced by Defendant and Bates-stamped HIGHP 002.

14. Attached as Exhibit 13 is a true and correct copy of a communication with Board member David Williams produced by Defendant and Bates-stamped WILLD 001.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: November 1, 2024

_/s/ Shalini Goel Agarwal_
Shalini Goel Agarwal

2

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| PEN AMERICAN CENTER, INC., | : | |
| SARAH BRANNEN, LINDSAY | : | |
| DURTSCHI, on behalf of herself and her | : | Case No. 3:23-CV-10385-TKW- |
| minor children, BENJAMIN GLASS, on | : | ZCB |
| behalf of himself and his minor child, | : | |
| GEORGE M. JOHNSON, DAVID | : | JURY TRIAL DEMANDED |
| LEVITHAN, KYLE LUKOFF, ANN | : | |
| NOVAKOWSKI, on behalf of herself and | : | |
| her minor child, PENGUIN RANDOM | : | |
| HOUSE LLC, SEAN PARKER, on behalf | : | |
| of himself and his minor child, ASHLEY | : | |
| HOPE PÉREZ, ERICA ROY, on behalf of | : | |
| herself and her minor children, | : | |
| CHRISTOPHER SCOTT | : | |
| SATTERWHITE, on behalf of himself and | : | |
| his minor child, and CARIN SMITH, on | : | |
| behalf of herself and her minor children, | : | |
| | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| ESCAMBIA COUNTY SCHOOL | : | |
| BOARD, | : | |
| | : | |
| *Defendant*. | : | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ESCAMBIA COUNTY SCHOOL BOARD

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs

PEN American Center, Inc., Sarah Brannen, Lindsay Durtschi, Benjamin Glass,

George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski, Penguin

Random House LLC, Sean Parker, Ashley Hope Pérez, Erica Roy, Christopher Scott

Satterwhite, and Carin Smith, by and through their attorneys, hereby request that Defendant produce documents and things in response to the following Requests, in accordance with the following Definitions and Instructions. Written responses under oath are due within thirty (30) days of service of these Requests.

Unless otherwise agreed, production is to be made electronically or, for hard copy documents, at the law office of Ballard Spahr LLP, 1675 Broadway, 19th Floor, New York, NY 10019, within thirty (30) days of service.

## **DEFINITIONS**

The following definitions shall apply to each of the Requests set forth below.

1.    "You" or "Your" means the party responding to this Request; any of the party's officers, agents, assigns, employees, insurers, subsidiaries, successors, and predecessors; and anyone acting or purporting to act on the party's behalf, except for legal counsel.

2.    "Defendant" means the Escambia County School Board.

3.    "School Board" means and refers to the five-member governing body of the School District, elected from geographic districts within Escambia County, including both current and former members during the Relevant Time Period.

4.    "School District" means the Escambia County School District.

5.    Unless specifically and individually identified, "Plaintiff" or "Plaintiffs" refers to all of the Plaintiffs in this action.

6.     "Amended Complaint" means the Amended Complaint Plaintiffs filed in this action.

7.     "Communicate" or "Communication" means any transmission of Documents or information between Persons or agencies, whether oral, written or otherwise, active or automated, including but not limited to memoranda, letters, telecopies, facsimiles, e-mails, text messages, voicemails, electronic transmissions, meetings, discussions, conversations, or telephone calls.

8.     "Document" includes but is not limited to the original, drafts and all non-identical versions or copies (whether different from originals by reason of notations made on such copies or otherwise) of all written, electronic or graphic material, however produced or reproduced, in Your possession, custody or control or the possession, custody, or control of Your attorney, including but not limited to writings, forms, memoranda, letters, notes, correspondence, studies, reports, drawings, graphs, charts, records, photographs, sound or mechanical recordings or tapes, telecopies, facsimiles, e-mail, text messages, voicemails, computer printouts, information stored on computer systems, database queries and responses, and other data compilations from which information can be obtained or translated, if necessary through the use of detection devices, into reasonably usable form, in the broadest understanding of the term "Documents" in the Federal Rules of Civil Procedure. Without limiting the term "control," a Document is deemed to be within Your

control if You have ownership, possession, or custody of the Document, or the right to secure the Document or a copy thereof from any Persons having physical control thereof.

9.    The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not to restrict, the scope of the Request.

10.    "Person" or "Persons" includes a natural person, individual, corporation, proprietorship, partnership, association, agency (including government agencies), School Board, School District, or any other entity.

11.    "Baggett" means Vicki Baggett, the Northview High School language arts teacher identified in Plaintiffs' Amended Complaint.

12.    "Reading Material" means text-based or image-based content, including but not limited to books, published or produced in any printed, electronic, or digital format.

13.    "Book Challenge" means and refers to any challenge or petition submitted by any Person with the aim of removing or restricting access to any

Reading Material in any School District library, including, but not limited to, submitting the School District's "Request for Reconsideration of Educational Media" form.

14.    "Book Restriction" means and refers to any actions undertaken by the School District, including by You, to restrict access (short of complete removal) to any Reading Material in any School District library, permanently or temporarily, at any time during the Relevant Time Period.  Similarly, "Restricted Access" means any limitation on access to Reading Material in any School District library short of complete removal.

15.    "Book Removal" means and refers to any actions undertaken by the School District, including by You, to remove (or completely bar access to) any Reading Material from any School District library, permanently or temporarily, at any time during the Relevant Time Period.

16.    "HB 1069" means the act of the Florida legislature numbered House Bill 1069, as enacted on May 17, 2023 and collected at Florida Laws Ch. 2023-105.

17.    "HB 1557" means the act of the Florida legislature numbered House Bill 1557, as enacted on March 28, 2022 and collected at Florida Laws Ch. 2022-22.

18.    "HB 7" means the act of the Florida legislature numbered House Bill 7, as enacted on April 22, 2022 and collected at Florida Laws Ch. 2022-72.

19.    "Moms for Liberty" means the organization of that name identified and described in Plaintiffs' Amended Complaint, including any local chapter thereof, wherever located.

20.     "Policy or Practice" includes any official or unofficial policy, practice, procedure, protocol, or custom, whether mandatory or discretionary, formal or informal, written or unwritten.

21.    The "Relevant Time Period" for each Request is May 23, 2022 through the present unless otherwise stated in an individual Request.

## <u>INSTRUCTIONS</u>

1.    These Requests are intended to elicit as much information as possible concerning the issues, and to the extent any Request could be interpreted in more than one way, You should employ the interpretation of the Request most likely to encompass and elicit the greatest amount of information possible.

2.    You shall produce such Documents as kept in the ordinary course, *see* Fed. R. Civ. P. 34, and without any rearrangement. In addition, You should provide the Documents in such a way that they can be correlated to the Request or Requests to which the Documents are responsive, and identify the Bates number for all such Documents in Your response.

3.    You shall produce all responsive Documents and things that are in Your possession or control, or that of Your agents, employees, representatives, attorneys,

or their associated attorneys, investigators, or any other representatives. Each Request calls not only for all Documents known to You and Your agents, employees, representatives, investigators, and attorneys, but also for all Documents available by reasonable inquiry and due diligence, including inquiries to other Persons.  If You are aware of Documents responsive to any Request herein, but do not have possession of them, You should identify each such Document, the present custodian's name, address, telephone number, title, and employer, and any other Persons who have seen or had possession of such Document.

4.    If, despite the exercise of due diligence, You are unable to produce any Document requested herein, You should so state and respond to the Request to the extent possible, specifying the reasons for Your inability to answer the remainder, and stating whatever information You have concerning the unanswered portions.

5.    With respect to any Document requested herein that You refuse to produce, You should provide the following information:

(a)    Identify the Document, including its title or heading, its date, its authors, its addressees or recipients, its subject matter, the individual or source from which You obtained it, and its present location and the identity of the custodian;

(b)    State whether Your objection or refusal is related to the entire Document or a portion thereof;

(c)     If Your objection or refusal goes to part of the Document, specify the part(s) of the Document to which Your objection or refusal is directed;

(d)     Specify the factual basis for Your objection or refusal, if any; and

(e)     Specify the legal grounds for Your objection or refusal, if any.

6.     You are under a continuing obligation to respond to the Requests set forth herein. If You subsequently discover additional Documents that are responsive hereto, You shall promptly produce such Documents to Plaintiffs within fifteen (15) days of such discovery.

## <u>DOCUMENT REQUESTS</u>

**Request No. 1:**     All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any actual or prospective Book Challenge. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 2:**     All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any actual or prospective Book

Restriction. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 3:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any actual or prospective Book Removal. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 4:**    All Documents and/or Communications concerning any procedures, including any Policies or Practices, in the School District for adjudicating Book Challenges, including, but not limited to, Documents and/or Communications concerning whether Reading Materials subject to a Book Challenge will be subjected to Restricted Access during the pendency of the review process, and, if so, what Reading Materials will be subjected to such Restricted Access.

**Request No. 5:**    All Documents and/or Communications concerning any procedures, including any Policies or Practices, as to (a) how Reading Materials subject to a Book Restriction must be handled in the School District and (b) the steps students and parents must take to access such Reading Materials.

**Request No. 6:**    All Documents and/or Communications describing the District Review Committee set up by the School District to evaluate Book

9

Challenges, including (a) how the committee is constituted, (b) who is eligible to join the committee, (c) the duties of the committee members, (d) the factors the committee must consider in adjudicating Book Challenges, and (e) any requirements for written explanation of the committee's decisions.

**Request No. 7:**    All Documents and/or Communications describing any school-level review committee formed in response to or to evaluate Book Challenges, including (a) how the committee is constituted, (b) who is eligible to join the committee, (c) the duties of the committee members, (d) the factors the committee must consider in adjudicating Book Challenges, and (e) any requirements for written explanation of the committee's decisions.

**Request No. 8:**    All Documents and/or Communications concerning any meeting of the School Board, or of any subset or committee thereof, relating to School District library Reading Materials, including meeting minutes, presentations, audio and video recordings, and any other Documents and/or Communications prepared, reviewed, sent, received, and/or distributed in or in preparations for any such meetings.

**Request No. 9:**    All Documents and/or Communications describing the School Board's process for evaluating Book Challenges, including (a) the duties of the School Board members, (b) the factors the School Board must consider in

adjudicating Book Challenges, and (c) any requirements for written explanation of the School Board's decisions.

**Request No. 10:**    All Documents and/or Communications from, to, or copying the State of Florida, including any official, employee, or agent thereof, concerning HB 1069, HB 7, or HB 1557, and their application to Book Challenges, Book Restrictions, and Book Removals, including those statutes' interpretation or implementation by You or the School District with respect to school libraries.

**Request No. 11:**    All Documents and/or Communications in the custody of the School Board relating to HB 1069, including but not limited to Documents and Communications relating to the implementation or interpretation thereof with respect to School District libraries, or any proposed changes or amendments thereto.

**Request No. 12:**    All Documents and/or Communications concerning objections received by the School District pursuant to section 6 of HB 1069 (amending section 1006.28(2)(a)(2), Florida Statutes) with respect to School District libraries.

**Request No. 13:**    All Documents and/or Communications concerning the removal or discontinuation of any Reading Material pursuant to section 6 of HB 1069 (amending section 1006.28(2)(a)(2), Florida Statutes) with respect to School District libraries.

**Request No. 14:**    All Documents and/or Communications concerning the School Board's reporting requirements pursuant to section 6 of HB 1069 (amending section 1006.28(2)(e)(3), Florida Statutes), including but not limited to a list identifying with respect to School District libraries (a) each Reading Material for which the School District received an objection pursuant to subparagraph (a)(2); (b) each Reading Material that was removed or discontinued; and (c) each Reading Material that was not removed or discontinued and the rationale for not removing or discontinuing the Reading Material.

**Request No. 15:**    All Documents and/or Communications to, from, or copying the State of Florida, including any official, employee, or agent thereof, concerning any Book Challenge, Book Restriction, or Book Removal.

**Request No. 16:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any training program developed and completed by any School District library personnel involved in the selection of Reading Materials.

**Request No. 17:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning School District library Reading Materials (including any Book Challenge, Book Restriction, or Book Removal)

from, to, including, and/or concerning Baggett. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 18:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning School District library Reading Materials (including any Book Challenge, Book Restriction, or Book Removal) from, to, including, and/or concerning Moms for Liberty and/or any member or agent of Moms for Liberty. This Request extends beyond the Relevant Time Period to the extent that any responsive Documents and/or Communications pre-date it.

**Request No. 19:**    All Documents and/or Communications to, from, or copying any member of the School Board, the School Superintendent, and/or the Coordinator of Media Services concerning any Plaintiff.

**Request No. 20:**    All non-privileged Documents and/or Communications concerning any advice provided to the School Board, or any individual School Board member, as to the legally permissible bases on which Reading Materials can be removed from School District libraries.

**Request No. 21:**    All Documents and/or Communications concerning School District library Reading Materials (including any Book Challenge, Book

Restriction, or Book Removal) from, to, including, and/or concerning former School District Superintendent Tim Smith.

**Request No. 22:**   All Documents and/or Communications describing the reasons for the termination of former School District Superintendent Tim Smith.

**Request No. 23:**   Documents and/or Communications showing the occupational and educational background for each current and former member who served on the School Board, including but not limited to each current and former School Board member's curriculum vitae.

**Request No. 24:**   All Documents and/or Communications concerning the original purchase/acquisition of all the Reading Materials for School District libraries subject to a Book Challenge, Book Restriction, or Book Removal, including Reading Materials by the Author Plaintiffs. This Request extends beyond the Relevant Time Period to the extent that the Reading Material purchases/acquisitions pre-date it.

**Request No. 25:**   All non-privileged Documents upon which You have relied or intend to rely, in whole or in part, directly or indirectly, in connection with any dispositive motion made by You in this action.

**Request No. 26:**   All non-privileged Documents upon which You have relied or intend to rely, in whole or in part, directly or indirectly, in connection with any Answer made by You in this action.

**Request No. 27:**   All reports of any expert retained by You to testify at trial in this action.

**Request No. 28:**   All Documents shown to, submitted to, received from, and/or reviewed by any expert retained to testify at trial in this action.

**Request No. 29:**   All Documents subject to disclosure pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), (B), and (C).

**Request No. 30:**   All Documents that You intend to introduce as exhibits at trial in this action.

**Request No. 31:**   All Documents identified in response to any Interrogatories served on You by Plaintiffs.

**Request No. 32:**   All Documents produced to the plaintiffs in *Parnell, et al., v. School Board of Lake County, Florida, et al.,* Case No. 4:23-cv-414-AW-MAF (N.D. Fla. filed Sept. 19, 2023) ("*Parnell*"), pursuant to Report of Planning Conf. for Prelim. Inj. Hr'g., *Parnell*, 4:23-cv-414-AW-MAF, ECF 105 (N.D. Fla. Oct. 4, 2023), and Order Regarding Disc. and Prelim. Inj. Hr'g. Procedures, *Parnell*, 4:23-cv-414-AW-MAF, ECF 107 (N.D. Fla. Oct. 5, 2023).

**Request No. 33:**   All other non-privileged Documents within Your custody, possession, or control and upon which You intend to rely in whole or in part, directly or indirectly, in connection with any claim or defense related to the above-captioned action.

Respectfully submitted,

Dated: October 16, 2023

/s/ *Shalini Goel Agarwal*

Lynn B. Oberlander*
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY  10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Paul J. Safier*
Shawn F. Summers*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan*
**BALLARD SPAHR LLP**
999 Peachtree Street NE, Suite 1600
Atlanta, GA 30309-4421
Telephone: 678.420.9300
Facsimile: 678.420.9301

Shalini Goel Agarwal (FBN 90843)
Kristy Parker*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

John Langford*
**PROTECT DEMOCRACY PROJECT**
82 Nassau Street, #601
New York, NY 10038
Telephone: 202.579.4582
Facsimile: 929.777.8428

16

*Admitted pro hac vice*

*Attorneys for Plaintiffs PEN American Center, Inc., Sarah Brannen, Lindsay Durtschi, on behalf of herself and her minor children, Benjamin Glass, on behalf of himself and his minor child, George M. Johnson, David Levithan, Kyle Lukoff, Ann Novakowski, on behalf of herself and her minor child, Penguin Random House LLC, Sean Parker, on behalf of himself and his minor child, Ashley Hope Pérez, Erica Roy, on behalf of herself and her minor children, Christopher Scott Satterwhite, on behalf of himself and his minor child, and Carin Smith, on behalf of herself and her minor children*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, I served a true and correct copy of the foregoing on counsel of record for Defendant via email.

Dated: October 16, 2023                    /s/ *Shalini Goel Agarwal*
                                           Shalini Goel Agarwal

Exhibit 2

 Protect Democracy

**Shalini Agarwal <shalini.agarwal@protectdemocracy.org>**

---

## RE: PEN America, et al. v. Escambia County School Board - Notices of Deposition and Subpoenas to Bill Slayton, David Williams, Patty Hightower, Kevin Adams, and Paul Fetsko [RKC-ACTIVE.FID3715510]

---

**Smith, Nicole** <nsmith@rumberger.com>                                    Thu, Aug 29, 2024 at 2:39 PM
To: Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
Cc: Ellinor Heywood <ellinor.heywood@protectdemocracy.org>, "Grosholz, Jeffrey" <jgrosholz@rumberger.com>, "Duke, Samantha" <Sduke@rumberger.com>, "Marsey, David" <dmarsey@rumberger.com>, "Oberlander, Lynn" <oberlanderl@ballardspahr.com>, Ori Lev <ori.lev@protectdemocracy.org>, "Fehlan, Kirsten" <FehlanK@ballardspahr.com>, "Bouzat, Facundo" <bouzatf@ballardspahr.com>, "Fields, Goldie" <fieldsg@ballardspahr.com>, "Kilgarriff, Mike" <kilgarriffm@ballardspahr.com>, "Kussmaul, Matthew" <KussmaulM@ballardspahr.com>

Appreciate the extension for the discovery, thank you. As for the extension to respond to the subpoena, since it is discovery, I believe the parties can agree to such an extension without court intervention. It is not our typical practice to file for such an extension with the court. As long as Plaintiffs are not opposing such an extension to respond to the subpoenas, I am fine with avoiding unnecessary motion practice at this point. Thanks.

**Nicole Sieb Smith**
Attorney at Law
nsmith@rumberger.com | View my online bio

## Rumberger|Kirk

101 North Monroe Street    MAIN  850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

**From:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Sent:** Thursday, August 29, 2024 2:34 PM
**To:** Smith, Nicole <nsmith@rumberger.com>
**Cc:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Ori Lev <ori.lev@protectdemocracy.org>; Fehlan, Kirsten <FehlanK@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>
**Subject:** Re: PEN America, et al. v. Escambia County School Board - Notices of Deposition and Subpoenas to Bill Slayton, David Williams, Patty Hightower, Kevin Adams, and Paul Fetsko [RKC-ACTIVE.FID3715510]

Hi Nicole,

Plaintiffs take no position on Defendant's request for an extension of time to file a motion to quash the subpoenas, as Plaintiffs believe the motion to quash is unnecessary in light of the motions already pending before the court.

If you move for an extension of time, please note our position in full.

As to responses to the 3rd RFPs, we are amenable to a 2-week extension, so that the Board's responses and production would be due by September 12.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Thu, Aug 29, 2024 at 12:09 PM Smith, Nicole <nsmith@rumberger.com> wrote:

> Thanks, Shalini. The only agreement we seek is an extension for Defendant to respond to the subpoenas until after the court rules on the pending motions. If the court denies the motions, the subpoenas likely will be moot because we'd produce the witnesses; however, in the event the Board decides to appeal the ruling, we'd want the opportunity to preserve the motion to quash issue. Hopefully I'm not overthinking this.
>
> On another note, our responses to the Third RP is due today. May we please have a 2-week extension? Ms. Vinson is the one who helps us to gather responsive documents and she has been consumed with the beginning of the school year and preparing for and attending the 30(b)(6) deposition.
>
> Thanks,
>
> Nicole
>
> **Nicole Sieb Smith**
>
> Attorney at Law
>
> nsmith@rumberger.com | View my online bio
>
> **Rumberger|Kirk**

101 North Monroe Street    MAIN  850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

**From:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Sent:** Wednesday, August 28, 2024 4:18 PM
**To:** Smith, Nicole <nsmith@rumberger.com>
**Cc:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Ori Lev <ori.lev@protectdemocracy.org>; Fehlan, Kirsten <FehlanK@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>
**Subject:** Re: PEN America, et al. v. Escambia County School Board - Notices of Deposition and Subpoenas to Bill Slayton, David Williams, Patty Hightower, Kevin Adams, and Paul Fetsko [RKC-ACTIVE.FID3715510]

Nicole,

As I have said previously and as we noted in footnote 2 of our opposition to your motion for a protective order, we do not believe that further motions practice is needed on the subpoenas at all, as Plaintiffs agree that whatever the court decides on the protective order motion will determine whether we can depose the board members. In the event that the court grants the motion, we will not be deposing the board members on these placeholder dates and would withdraw the subpoenas. We can enter into some agreement on this if that would help.

To the extent that Defendant plans to file a motion to quash in any event, please note that Plaintiffs oppose the motion as unnecessary in light of the pending motions before the court.

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Wed, Aug 28, 2024 at 1:31 PM Smith, Nicole <nsmith@rumberger.com> wrote:

  Hi Shalini, no. Thanks.

**Nicole Sieb Smith**

Attorney at Law

nsmith@rumberger.com | View my online bio

# Rumberger|Kirk

101 North Monroe Street    MAIN   850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

On Aug 27, 2024, at 4:13 PM, Shalini Agarwal <shalini.agarwal@protectdemocracy.org> wrote:

Hi Nicole,

Just so we understand, is the Board intending to oppose the subpoenas on any ground other than those already articulated in pending motions before the court?

Best,

Shalini

Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344

*Sign up for our weekly email briefing: ifyoucankeep.it*

On Tue, Aug 27, 2024 at 2:31 PM Smith, Nicole <nsmith@rumberger.com> wrote:

Hi Shalini – in order to avoid additional, duplicative motion practice, do Plaintiffs agree to an extension of time for Defendant to respond to the subpoenas, i.e., to file motions to quash, until after the court rules on the existing two motions on the board member depositions? After the court rules on the existing motions, the parties can determine how to paper the file to best reflect the court's ruling. Please let us know tomorrow if you agree to such an extension, as the Board's deadline to respond is Thursday. Thanks.

**Nicole Sieb Smith**

Attorney at Law

nsmith@rumberger.com | View my online bio

**Rumberger|Kirk**

101 North Monroe Street     MAIN   850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

**From:** Smith, Nicole
**Sent:** Thursday, August 15, 2024 2:53 PM
**To:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Cc:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Ori Lev <ori.lev@protectdemocracy.org>; Fehlan, Kirsten <fehlank@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>
**Subject:** RE: PEN America, et al. v. Escambia County School Board - Notices of Deposition and Subpoenas to Bill Slayton, David Williams, Patty Hightower, Kevin Adams, and Paul Fetsko [RKC-ACTIVE.FID3715510]

Thanks, Shalini. The reason we raised the issue of subpoenas not being served in the renewed motion was because Judge Winsor's order, with which the Magistrate Judge agreed, raised the issue of any party or non-party being able to file a motion to quash. We were trying to clarify that no subpoena had been served in the event it mattered to the court procedurally. Perhaps we could have done a better job of explaining that Defendant did not require them. I too would like to avoid unnecessary work but we are concerned now that Plaintiffs have served subpoenas that there could be a waiver issue or a failure to preserve the issue for appeal. We can let you know about dates for a meet and confer.

**From:** Shalini Agarwal <shalini.agarwal@protectdemocracy.org>
**Sent:** Thursday, August 15, 2024 2:39 PM
**To:** Smith, Nicole <nsmith@rumberger.com>
**Cc:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>; Oberlander, Lynn <oberlanderl@ballardspahr.com>; Ori Lev <ori.lev@protectdemocracy.org>; Fehlan, Kirsten <fehlank@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>
**Subject:** Re: PEN America, et al. v. Escambia County School Board - Notices of Deposition and Subpoenas to Bill Slayton, David Williams, Patty Hightower, Kevin Adams, and Paul Fetsko [RKC-ACTIVE.FID3715510]


Hi Nicole,

Yes, these dates are placeholders, as I believe we asked you for dates for the school board members a few months ago, and you informed us that you'd be seeking a protective order for them.


We served the subpoenas because your motion for a protective order made an issue of our having not served subpoenas for the deposition previously. As you know from our earlier meet and confer discussions, we had not served the subpoenas earlier because you agreed that such a formality was unnecessary while we engaged in motions practice on the Board's desire for a protective order.


We don't really think you need to file a motion to quash apart from your existing two motions on the board member depositions, which we understand will resolve whether these depositions move forward or not, and if so, in what form. If you are planning to file motions to quash in any case, I think a meet and confer makes sense for the Board to articulate why a separate motion to quash is needed.


Best,


Shalini


Shalini Goel Agarwal (she/her - pronunciation)

Special Counsel, Protect Democracy

protectdemocracy.org | (850) 860-9344


*Sign up for our weekly email briefing: ifyoucankeep.it*


On Thu, Aug 15, 2024 at 11:23 AM Smith, Nicole <nsmith@rumberger.com> wrote:

> Hi Shalini,

Since none of these dates were discussed, we are assuming they are placeholders subject to the Court's ruling on the motion for protective order. To preserve the issues, we will be filing a motion to quash, relying on the same arguments as set forth in our previous motions; but let us know if you need a meet and confer.

Thanks,

Nicole

**Nicole Sieb Smith**

Attorney at Law

nsmith@rumberger.com | View my online bio

**Rumberger|Kirk**

101 North Monroe Street    MAIN  850.222.6550
Suite 1050
Tallahassee, FL 32301

The information in this e-mail message is legally privileged and confidential information. If you have received this e-mail in error, please delete from any device/media where the message is stored.

**From:** Ellinor Heywood <ellinor.heywood@protectdemocracy.org>
**Sent:** Thursday, August 15, 2024 10:29 AM
**To:** Smith, Nicole <nsmith@rumberger.com>; Grosholz, Jeffrey <jgrosholz@rumberger.com>; Duke, Samantha <Sduke@rumberger.com>; Marsey, David <dmarsey@rumberger.com>
**Cc:** Oberlander, Lynn <oberlanderl@ballardspahr.com>; Ori Lev <ori.lev@protectdemocracy.org>; Shalini Agarwal <shalini.agarwal@protectdemocracy.org>; Fehlan, Kirsten <fehlank@ballardspahr.com>; Bouzat, Facundo <bouzatf@ballardspahr.com>; Fields, Goldie <fieldsg@ballardspahr.com>; Kilgarriff, Mike <kilgarriffm@ballardspahr.com>; Kussmaul, Matthew <KussmaulM@ballardspahr.com>
**Subject:** PEN America, et al. v. Escambia County School Board - Notices of Deposition and Subpoenas to Bill Slayton, David Williams, Patty Hightower, Kevin Adams, and Paul Fetsko

Dear Counsel,

On behalf of Shalini Agarwal, please see the attached notices of deposition and subpoenas to Bill Slayton, David Williams, Patty Hightower, Kevin Adams, and Paul Fetsko. We understand that you have agreed to accept service on behalf of these individuals.

Sincerely,


Ellinor Heywood (hear my name)

*Impact Associate/Paralegal*

Protect Democracy

(771) 233-4580

Exhibit 3

**Date:**  Mon, 13 Feb 2023 3:40:16 PM (UTC)
**Subject:**  and tango makes three
**From:**  Adams, Kevin <KAdams2@ecsdfl.us>
**To:**  Kevin Adams <KAdams2@ecsdfl.us>;

https://www.fox13news.com/news/florida-school-district-bans-book-about-real-life-gay-penguin-relationship-citing-parental-rights-in-education-law

https://en.wikipedia.org/wiki/And_Tango_Makes_Three

# Background

The story was inspired by two male penguins, Roy and Silo, at the Central Park Zoo. During mating season, each penguin began pairing with another, and Roy and Silo paired with each other. While reading an article in *The New York Times* about Roy and Silo's relationship, "Love That Dare Not Squeak Its Name," the couple of Peter Parnell, a playwright and children's book author, and Justin Richardson, a psychiatrist focused on the sexual development of children, decided they wanted to tell the story in the form of a children's picture book.[9] Prior to co-authoring *And Tango Makes Three*, Richardson co-authored *Everything You Never Wanted Your Kids to Know About Sex (but Were Afraid They'd Ask)* in 2003 with Mark Schuster. After publishing this resource for parents to discuss sexuality with their children, readers requested a resource on "gay stuff" from Richardson.[9]

Finding that many parents had trouble introducing the concept of homosexuality to their children, the couple thought a book such as *And Tango Makes Three* would make the conversation easier, and create a more inclusive environment for future generations. When actually working on the book itself, Richardson commented on how the subject material would be interesting to kids as stories about animals are seen as fun.[*citation needed*] Through writing the book, they wanted to be able to introduce the idea of same-sex relationships to children in a way that would be easy for children to understand.[ ]

# Exhibit 4

**From:**        Adams, Kevin [KAdams2@ecsdfl.us]
**Sent:**        2/14/2023 11:49:29 AM
**To:**          Pueschel Schneier [greatchange01@yahoo.com]
**Subject:**     Meeting information as requested
**Attachments:** ECPS 22-23 Reconsiderations .xlsx

Pueschel,

As per your request for info required to email REC Members.

Please see attached agenda for the Special School Board Meeting to vote on approving the School District Book Committee recommendations.

Monday, February 20, 2023, SPECIAL MEETING AGENDA (5:30 PM)

THE SCHOOL BOARD OF ESCAMBIA COUNTY, FLORIDA
J.E. HALL EDUCATIONAL SERVICES CENTER
30 EAST TEXAR DRIVE
ROOM 160
PENSACOLA, FLORIDA
5:30 PM

Primary Purpose: To consider citizens' challenge to educational materials pursuant to Section 1006.28(2), Fla. Stat.

To access all 168 book challenges  https://ecsd-fl.schoolloop.com/reconsideration  click on Current Challenges* - for titles, status, and opportunity for public input.

Below are the committee's findings and recommendations for the upcoming special board meeting.  The book committee approved all 3 books to remain in the school libraries.

1)  The committee voted  5-0 recommending that "All Boys Aren't Blue" by George M. Johnson be available in all Escambia Public High School Libraries. The book could be considered offensive in any way due to: Profanity, brutality, sexual behavior, drug/alcohol, violence, language, manner characters are presented, political positions, religion, or portrayal of religious/ideologies.

2)  The committee voted  5-0 recommending that "And Tango Makes Three" by Justin Richardson be available in all elementary, middle, and high school Escambia Public School Libraries.  The book could be considered offensive in any way due to: Manner characters are presented,

3)  The committee voted  4-1 recommending that "When Aidan Became a Brother" by Kyle Lukoff be available in all elementary, middle, and high school Escambia Public School Libraries. The book could be considered offensive in any way due to:Aberrant behavior, Manner characters are presented.

E-ECSD_0020598

# Exhibit 5

1:42

5G+

←  **Dreama**



ⓘ

OCT 9, 2022 AT 12:41 PM

 **Studio 850 News**



**ESCAMBIA SCHOOL BOARD TO HEAR PROPOSED RULES FOR SCHOOL BOOK CHALLENGES…**

Facebook

OCT 12, 2022 AT 1:38 PM

Thank you for the attachment. I have an injury to my hip at the moment. If books are moved to a library then they are not being censored. Parents that don't care what their kids read can go to the library. I remember taking sex education in high school but it was tastefully taught about changing bodies and hormones and heterosexual issues. This group of alphabet ppl and these ridiculous pronouns need to stay out of our schools. Thank you for following the law that the education department put in place.

OCT 12, 2022 AT 8:21 PM

These messages w                chat was secured with end-to-end e                s are unavailable.

🔵 Saved Video

**CONTINUE**

1:42

5G+

 **Dreama**

Thank you for the attachment. I have an injury to my hip at the moment. If books are moved to a library then they are not being censored. Parents that don't care what their kids read can go to the library. I remember taking sex education in high school but it was tastefully taught about changing bodies and hormones and heterosexual issues. This group of alphabet ppl and these ridiculous pronouns need to stay out of our schools. Thank you for following the law that the education department put in place.

OCT 12, 2022 AT 8:21 PM

Agree and thank you for your support.

OCT 13, 2022 AT 1:14 PM

As much as I hate the Bible being on the list the next thing you know muslims would want to allow the quran in school or heaven forbid satanic worship books. Anything the far left crazies can sue to get away with they will. I am not an alarmist its just craziness on the news every day.

Bible never should have been on the restricted list. We have an existing state law that allows bibles in schools.

These messages were sent before this chat was secured with end-to-end encryption. Some actions are unavailable.

**CONTINUE**

1:42

  **Dreama** 

As much as I hate the Bible being on the list the next thing you know muslims would want to allow the quran in school or heaven forbid satanic worship books. Anything the far left crazies can sue to get away with they will. I am not an alarmist its just craziness on the news every day.

> Bible never should have been on the restricted list.  We have an existing state law that allows bibles in schools.

 👍

JAN 19, 2023 AT 10:36 AM

Hi Kevin, I agree with your thoughts on the Bellview Elementary Principle hiring. Listening to the faculty and parents that felt the acting Principle promoted from within would be the better hire. I would take a Principle that loves the kids, loves her career and does their best for their education over credentials any day.  Kingsfield is my granddaughters school promotion from within should be first opportunity.   Keep up the good work for our kids. You are much appreciated by us parents and guardians.

JAN 19, 2023 AT 11:05 AM

These messages were sent before this chat was secured with end-to-end encryption. Some actions are unavailable.

**CONTINUE**

# Exhibit 6

1:40

**Doris**
Active Now

HUGE mountain to climb.

We're taking on our most ambitious slate of candidates EVER and we need you to help us hit our fundraising goals.)

I got this email through a Public School Alert today.

We definitely need more conservative school board members.

If Paul Fetsko loses to his leftist opponent it would swing our board to a majority left board.

And I would be a very lonely guy.

Paul Fetsko is a great guy, and he cares, just like you do. I thought Fetsko already won, same time you did. You can't have that guy Gay on your board, he is one who wouldn't mind having those books in schools, even though he has young kids. Is there anything I can do?

Just try to support him the best you can by spreading the word on how important of a race this is for our kids!

I will do that.

These messages were sent before this chat was secured with end-to-end encryption. Some actions are unavailable.

**CONTINUE**

 **Doris**
Active Now

hanging around the fence with book bags, surely students there, the walkers. When they are not in school, their grades cannot be good, where are the parents when the school calls that their children weren't in school or got there late. I get the calls now from high school. I am a stickler with the schools and they know me, and they know that I care. The grandkids don't live with me, so it's a bit tougher for me to keep track, but I have their portals so I see and immediately step in. I have to say their tardinesses and absences show it in their grades, and that is how I feel puts down grades for certain schools if kids don't show up in school. I do not agree with the sliding scale for this year, it doesn't really reflect on the students actual performances. I saw my one granddaughter barely did any work, but the few times she did she got okay grades, and only they were counted. That is what I see when I look at their work on Canvas and Focus. I know you will all come up with something that is good for all. We do have to tackle the book situation though. Glad one book is gone. Keep up the good work. 🙂 Fetsko needs to stay!



You are correct our superintendent is very weak causing a lot of damage to the district.

Yes, we  Paul to win!

These messages were sent before this chat was secured with end-to-end encryption. Some actions are unavailable.

**CONTINUE**

Exhibit 7

1:44

5G+

FEB 20, 2023 AT 11:24 AM

Hey Kevin I know today is a big day for you as well as tomorrow but from everything I'm talking to Vicki Baggett about regularly, the school and all their review committees that Mrs White oversees, and that Dr Timothy Smith the superintendent is over, not only continue to approve whatever perverted books they want, which makes these committees an enemy of the children, there are also more wicked books regularly coming into our school system. Per Vicki, our elementary schools have plenty of transgender and lesbian related books in them that clearly violate the law of God, and also violate hb1557 as well.

If these people are going to continue to pump as many books into our schools as they can and also have books that violate HP 1557 how can we continue to keep the superintendent employed so that he has two more years of doing this very same thing or worse? It's great to have a referendum to put the superintendent position back on the ballot but we need this man gone. We have to have a vote to remove him and replace him with someone else who is god-fearing. We cannot allow him to wreak havoc and do nothing about these things for two whole years while children continue to be perverted under his influence and godlessness

These messages were sent before this chat was secured with end-to-end encryption. Some actions are unavailable.

**CONTINUE**

  **Aaron**

If these people are going to continue to pump as many books into our schools as they can and also have books that violate HP 1557 how can we continue to keep the superintendent employed so that he has two more years of doing this very same thing or worse? It's great to have a referendum to put the superintendent position back on the ballot but we need this man gone. We have to have a vote to remove him and replace him with someone else who is god-fearing. We cannot allow him to wreak havoc and do nothing about these things for two whole years while children continue to be perverted under his influence and godlessness.

If we do not remove him, just to be forthright, his stain upon our children in this county and causing them to sin and be sexually perverted will actually be upon those who have the power to remove him, which is the school board. Then you all will be responsible before God for allowing him to remain.

I love you guys and I really appreciate you all really putting yourself in a place to be in the gauntlet and to stand strong, but this has to happen. We literally cannot allow this man to be employed here one more week.

These messages were sent before this chat was secured with end-to-end encryption. Some actions are unavailable.

**CONTINUE**

←  **Aaron** 

god-fearing. We cannot allow him to wreak havoc and do nothing about these things for two whole years while children continue to be perverted under his influence and godlessness.

If we do not remove him, just to be forthright, his stain upon our children in this county and causing them to sin and be sexually perverted will actually be upon those who have the power to remove him, which is the school board. Then you all will be responsible before God for allowing him to remain.

I love you guys and I really appreciate you all really putting yourself in a place to be in the gauntlet and to stand strong, but this has to happen. We literally cannot allow this man to be employed here one more week.



FEB 21, 2023 AT 3:30 PM

Is it true that the superintendent wanted to introduce alternate pronouns into our school system for students?

FEB 21, 2023 AT 4:16 PM

Yes, change the pronouns for the student handbook. I was able to convince him to pull the agenda item before the meeting.



These messages were sent before this chat was secured with end-to-end encryption. Some actions are unavailable.

**CONTINUE**



Exhibit 8

1:19    81°    5G+

 **Christina Pushaw** 🐊 🇺🇸, Tiffa...
4 people

9:18 AM

**February 23, 2023**



### Escambia County Democratic Executive Committee

Chair ~ Derrick Scott    Vice Chair ~ Lil Eubanks
Treasurer ~ Norm Krueger    Secretary ~ Alma Woods
State Committeepersons ~~~ Dianne Krumel & Bryan Selfstein
P.O. Box 13123, Pensacola, FL 32591

**FOR IMMEDIATE RELEASE**

MEDIA CONTACT:

Derrick Scott
Chair, Escambia Democratic Party
Phone: 917-334-1590
Email: escambiadems@outlook.com

**Escambia Democratic Party Statement on the Escambia County School Board's Decision to Remove Books**

The Escambia Democratic Party is outraged with the decision on Monday, February 20, 2023, by the Escambia County School Board, to ban *All Boys Aren't Blue, And Tango Makes Three* and *When Aidan Became A Brother* from all Media Centers and Classrooms of the Escambia County School District.

It is evident that this decision was rooted either in ignorance, intolerance or some variation of both towards the LGBTQIA and Black Community. This decision, and any decision to ban books based upon one's personal and religious beliefs should be considered discriminatory in nature and a direct attack on both the LGBTQIA Community and Communities of Color. School officials are bound by constitutional considerations, including a duty not to give in to pressure to suppress unpopular ideas or controversial language.  The Supreme Court has cautioned that school officials "may not remove books from library shelves simply because they dislike the ideas contained in those books and seek their removal to 'prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion'." *Board of Education v. Pico,* 457 U.S. 853, 872 (1982) (plurality opinion). Diversity, equity and inclusion, in conjunction with exposure to worlds and ideals outside of one's own are paramount to creating a society of acceptance and appreciation of all people: People who are Black, White, Hispanic, Lesbian, Gay, Bisexual, and Transgender.

School Board Member Kevin Adams stated, "We should be concentrated on the education of these students." Education is defined as both the process of receiving or giving systematic instruction, especially at a school or university, and an enlightening experience. Books that provide insight to everyday life and experiences of individuals definitely allow for an enlightened experience. Removal of literature that the far right has deemed to be Indoctrination or Woke Agenda is evidence of a society moving from its democratic principles to a society rooted in fascist ideology.

The Escambia Democratic Party will continue to champion values based on the acceptance and appreciation of all, irrespective of race, gender, sexual orientation or gender identity. We will not stand either for or with those who continue to spread hate or exclusionary ideology and practice, nor will we accept intolerance of any kind from those who were elected by the citizens of this great county.

Escambia Democratic Party
In Partnership With

Emerald Coast Equality LGBTA Democratic Caucus    Escambia County Democratic Black Caucus
Escambia County Democratic Environmental Caucus    Escambia County Democratic Women's Club

I am on the democrats honorable mention again!  We have a big battle shaping up in Escambia County over books.

3:58 PM

 **Kevin Adams**
Yesterday at 8:30 AM · 🌐                                        ...

WEAR News has learned the Escambia County School District hasn't reviewed them to ensure they're in line with state law.

As part of that law, Florida school districts have until July 1 to have all that media reviewed and approved.

Kevin Adams, the most outspoken school board member on Monday, had many questions on how the district will ensure no obscene or inappropriate materials remain on the shelves by that date.

Start a message

Exhibit 9

1:28

82°

5G+



**Vicki**
Active Now



📄 **Summer Book Reading List March Bd 2023(2).pdf**
261 KiB

MAR 19, 2023 AT 2:33 PM



I know some of these . They ate not appropriate. Who is vetting these books?

That's a good question?

You might give Steve a heads up for speakers in this agenda item.  I will pull it from the consent agenda for Tuesday night.

I will also discuss the item at our 1 pm agenda workshop tomorrow.



Let Steve know who is speaking Monday.night?





Ok. Yes I will. I will also send you some info on a few of these new.books on this list.

Someone might also let pueshall know.





These messages were sent before this chat was secured with end-to-end encryption. Some actions are unavailable.

**CONTINUE**

# Exhibit 10

1:30  82° •    5G+ ▲ ▮

 **Vicki**
Active Now

 

👍

MAR 20, 2023 AT 8:26 AM


She is not listed.
If she is saying this does not meet the
standards foe the three criteria, i think
one of our people should be able to
read an excerpt and ask if it meets?

👍

MAR 20, 2023 AT 2:12 PM


I need you to ask tonight if a student
has ever served on a district review
committee. On all her paperwork to me,
Michelle White has never revealed this.


Melanie is gonna ask it tonight

MAR 21, 2023 AT 4:56 AM

 LaVerna in the Library - Utah's Mary in

⬇

These messages were sent before this chat was secured
with end-to-end encryption. Some actions are unavailable.

**CONTINUE**

◀ ● ■

Exhibit 11

1:35

82°

5G

 **Vicki**

At the next board. Meeting on. May 16th , we are wanting to speak. We are actually. Planning on meeting Monday night to discuss.  Do you think that I'll be okay or will Warrington be all that any odd is talking about?

It will be okay.  Tomorrow is the big meeting on Warrington.

Ok.  We don't understand why the libraries aren't closed to check books.

I was told the process of accessing restricted books has not changed.  I plan to put this item on the agenda for our next workshop.

Which day and at what time? I can have someone from the group to be there to give input.

We will have a big group on May 16

The new process is a joke because you are assuming the library books are appropriate to being with

APR 28, 2023 AT 4:56 PM

Escambia County High School Libraries. Found To

These messages were sent before this chat was secured with end-to-end encryption. Some actions are unavailable.

**CONTINUE**

Exhibit 12

8:59

+1 (405) 245-8415 ›

This was a comment from the community included in the packet.

Thanks so much for sharing this. Will any decision to be made on the books tonight?

Or is there another meeting planned after tonight to continue the discussion?



The decision on these three books should be decided tonight.

Patty how many books are up for discussion? Is it two or three of these?

All Boys Aren't Blue

When Aidan Became a Brother

And Tango Makes Three

3. Those you name.

Monday 6:37 PM



I may not support all recommendations.

iMessage

# Exhibit 13

10:20



2 People >

**Text Message**
Feb 20, 2023 at 8:47 AM

**Book Review 2-20-23 @ 5:30 pm**
The book review tonight is not about African American study's but homosexuality, gender identity, and transgender books in our media centers. Tuesday night at 5:30 pm we will recognize some individuals for their Black history contributions.

Lumon May

Ok my bad will go back on

Subject

iMessage