## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,
SARAH BRANNEN, BENJAMIN
GLASS, on behalf of himself and his
minor child, GEORGE M.
JOHNSON, DAVID LEVITHAN,
KYLE LUKOFF, ANN
NOVAKOWSKI, on behalf of herself
and her minor child, PENGUIN
RANDOM HOUSE LLC, SEAN
PARKER, on behalf of himself and
his minor child, ASHLEY HOPE            CASE NO.  3:23-CV-10385-TKW-ZCB
PÉREZ, and CHRISTOPHER
SCOTT SATTERWHITE, on behalf
of himself and his minor child,

     Plaintiffs,

vs.

ESCAMBIA COUNTY SCHOOL
BOARD,

     Defendant.

_____ /

## DEFENDANT'S PARTIALLY OPPOSED
## <u>MOTION TO STAY PROCEEDINGS</u>

    Defendant, Escambia County School Board ("Board"), hereby files its

Partially Opposed Motion to Stay Proceedings and states the following:

## I.    INTRODUCTION AND BACKGROUND

On November 20, 2024, the Court entered an Amended Order on Motion to Amend and Rule 72(a) Objection, [D.E. 155 ("Amended Order")], which sustained Plaintiffs' objections to Judge Bolitho's order on the Board's renewed motion for protective order seeking to prevent depositions of its members, quashed the magistrate judge's order insofar as it was contrary to the Amended Order, and denied the Board's motion for protective order.[1] *Id.* at 7–8. At the hearing on Plaintiffs' objections, the Board's counsel indicated it would be pursuing an appeal of the Court's decision with the Eleventh Circuit. [D.E. 156, 138:07–138:08]. The undersigned also informed the Court they would be seeking to stay the case pending any ruling by the Eleventh Circuit. *Id.* at 138:12–138:21. The Board has since filed its Notice of Appeal with this Court, [D.E. 157], met and conferred with Plaintiffs' counsel regarding the stay, and now respectfully asks this Court to stay proceedings fully during the pendency of its appeal to the Eleventh Circuit.

At the hearing, the Court agreed that "it certainly makes sense that the order allowing the [Board member] depositions to go forward would reasonably be stayed so the appellate court can sort out whether they should happen at all." [D.E. 156,

---

[1] The Court's initial order on the matter was entered on November 18, 2024. [D.E. 153 ("Initial Order")]. The Amended Order clarified that it amended the Initial Order "[o]nly to add a new footnote 1." Amended Order at 1 *. To the extent the Court's Amended Order does not supersede the Court's Initial Order, the Board and its members have appealed both the Amended Order and the Initial Order. [D.E. 157].

139:04–139:07]. The Court asked the parties to then confer as to "whether there are other components of the case that can proceed to the conclusion of the discovery period, separate and apart from [the issue of whether the Board members depositions should proceed]." *Id.* at 139:08–139:11. The Court acknowledged its "inclination would be . . . [to] stay . . . the effect of th[e] [Amended] [O]rder," and would wait for the parties to confer before deciding whether a stay of the entire case was appropriate. *Id.* at 139:13–139:15. However, as the Court noted, "[b]y the time this all gets sorted out, the discovery period may have run so it may be kind of a moot point." *Id.* at 139:15–139:17.

Per the Court's order, the parties have since conferred. The Board seeks a full stay of these proceedings. Plaintiffs, however, partially oppose this relief. Plaintiffs do not oppose a stay of the Amended Order pending resolution of the Board's appeal, nor do they oppose a stay of the case relating to the "Removed Books," i.e., the books which have been removed based on actual votes by the Board. *See* [D.E. 27 at ¶¶ 104–05]. However, Plaintiffs oppose staying the entirety of the case pending appeal and believe the claims relating to the "Restricted Books" could proceed,[2] as well as any discovery relating to these claims and other discovery motions in the

---

[2] The Board understands—and Plaintiffs have confirmed—that the Restricted Books consist of the list of 119 books attached as Exhibit 29 to Plaintiffs' proposed Second Amended Complaint. *See* [D.E. 127-1 at 214–17].

case, as Plaintiffs believe that claims related to the Restricted Books can move to summary judgment while the Board's appeal is pending.

As explained herein, when weighing the factors involved with staying proceedings pending an appeal, a full stay is the most just course. In the alternative, and should the Court decline to fully stay proceedings, the Board would ask for an administrative stay of this matter while it seeks a full stay pending appeal from the Eleventh Circuit.

## II.   <u>ARGUMENT</u>

### A.   **Legal Standard**

This Court has the inherent power to stay proceedings in the interest of judicial economy and fairness. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts generally examine four factors in determining whether to grant a stay pending appeal: "(1) whether the applicants have made a strong showing that they are likely to prevail; (2) whether the applicants will be irreparably injured if a stay is not granted; (3) whether granting the stay will substantially injure the other parties interested in the proceeding; and (4) 'where the public interest lies.'" *Florida ex rel. Bondi v. U.S. Dep't of Health & Human Sers.*, 780 F. Supp. 2d 1307, 1317 (N.D. Fla. 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also* 11th Cir. R. 27-1(b)(2) (providing same factors for such a motion).

Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), a party must ordinarily first request a stay in the district court before requesting a stay from the appellate court. The Board files this Motion in good faith and respectfully submits all four factors favor a full stay of this matter pending appeal.

**B.    The Board and Its Members Are Likely to Prevail on the Merits**

In its Amended Order, the Court determined Judge Bolitho's order was contrary to law, pursuant to Plaintiffs' objections under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). *See* [D.E. 143]. As the Court noted in the footnote added to its Amended Order, it interpreted "contrary to law" as "authoriz[ing] plenary review of legal conclusions in the magistrate judge's order." Amended Order at 4 n.1 However, this is not the applicable standard in the Eleventh Circuit: "[p]retrial orders of a magistrate under s 636(b)(1)(A) . . . are not subject to a de novo determination as are a magistrate's proposed findings and recommendations under s 636(b)(1)(B)." *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. June 2, 1981).[3] Respectfully, the Board contends that because the Court applied the wrong standard in reviewing Judge Bolitho's order, the Board is likely to prevail on the merits because the Eleventh Circuit will determine this Court abused its discretion. *In re Hubbard*, 803 F.3d

---

[3] Decisions of the Fifth Circuit decided prior to October 1, 1981, are binding precedent within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

1298, 1307 (11th Cir. 2015) ("A ruling based on an error of law or one that reflects a clear error of judgment is an abuse of discretion.").

As additional cause for why the Board is likely to prevail on the merits is that, even reviewing Judge Bolitho's order de novo, it cannot be said his determination was contrary to law. As the Court's Amended Order acknowledges, a magistrate judge's order is only contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Amended Order at 4 (quoting *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19md2885, 2022 WL 2436843, at *1 (N.D. Fla. Mar. 11, 2022)). Judge Bolitho's order could not be contrary to law given no binding statute or rule of procedure applies, and the only caselaw at issue is non-determinative. *See id.* at 6 n.3 (recognizing the Court's Amended Order "is hard to square" with Eleventh Circuit precedent, but that said precedent "is hard to square with earlier Eleventh Circuit precedent"). To that end, because Judge Bolitho faithfully—and to the best of his judgment—applied relevant caselaw—and in so doing reached the same conclusion as Judge Winsor in a similar case pending before this Court, *see Parnell v. Sch. Bd. of Lake Cnty., et al.*, No. 4:23-cv-414-AW-MAF, ECF No. 191 (N.D. Fla.)—it is likely the Eleventh Circuit will agree with the Board that Judge Bolitho's determinations were not contrary to law.

Finally, the Board is also likely to prevail on the merits because, even assuming plenary review was permitted of Judge Bolitho's order, the Eleventh

6

Circuit is likely to find that the actions of the Board—i.e., voting to remove or restrict library books—is legislative in nature, in line with Judge Bolitho and Judge Winsor's orders. *See* [D.E. 138]; *Parnell*, ECF No. 191. That is, given the nature of the acts in question, it is likely the Eleventh Circuit will determine the Board members were acting in their legislative capacity and are therefore shielded from forced testimony in this matter.

### C.    The Board and Its Members Will Suffer Irreparable Injury Without a Stay of Proceedings

The Board and its members will suffer irreparable harm absent a stay. Without a stay, the Board members will be forced to sit for compelled testimony, against their will, potentially for up to seven hours, in violation of their legislative privilege. The Eleventh Circuit permits an interlocutory appeal of discovery orders denying an asserted governmental privilege—a category into which the Amended Order falls— as a "final decision" for the purposes of 28 U.S.C. § 1291 and pursuant to the collateral order doctrine. *See In re Hubbard*, 803 F.3d at 1305. Given the Eleventh Circuit's recognition of such orders as immediately appealable, it is clear why irreparable harm will flow absent a stay.

Indeed, once the Board members' depositions are taken, it is the proverbial 'cat out of the bag' circumstance, one the Court implicitly recognized in indicating it was inclined to stay the Amended Order pending appeal. [D.E. 156, 138:10– 139:12]; *see also Sandalwood Estates Homeowner's Ass'n v. Empire Indem. Ins.*

*Co.*, No. 09-CV-80787-RYSKAMP/VITUNAC, 2010 WL 11505438, *2 (S.D. Fla. June 3, 2010) (granting stay where petitioner would likely suffer irreparable harm because once privileged documents were disclosed, "the cat is out of the bag"); *Nowak v. Lexington Ins.*, No. 05-21682CIV-MORENO, 2006 WL 3613760, *2 (S.D. Fla. June 22, 2006) (same).

This is so because the legislative privilege is designed to protect legislators "from 'deterrents to the uninhibited discharge of their legislative duty' for the purpose of the public good." *Pernell v. Fla. Bd. of Governors of State Univ.*, 84 F.4th 1339, 1343 (11th Cir. 2023) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951)). In other words, it is meant to shield legislators "from political wars of attrition in which their opponents try to defeat them through litigation rather than at the ballot box." *EEOC v. Wash. Suburban Sanitation Comm'n*, 631 F.3d 174, 181 (4th Cir. 2011). Allowing these depositions to proceed would defeat that goal the moment any inquiry into the Board members' privileged reasoning and motivation is allowed.

Additionally, a stay of the entire proceedings is needed to prevent irreparable harm. Permitting the case to proceed as to the Restricted Books and only partially staying it means certain deadlines will move forward. This includes the discovery period and the deadlines for summary judgment as relate to the Restricted Books. Moreover, Plaintiffs have already indicated they wish to complete the deposition of

the Board's Superintendent and its Federal Rule of Civil Procedure 30(b)(6) corporate representative. A partial stay will thus result in the case being needlessly bifurcated, with multiple rounds of summary judgment briefing, two trials—one for the Removed Books and one for the Restricted Books—and possibly two appeals. And if Plaintiffs prevail at the Eleventh Circuit, there is no guarantee Plaintiffs would not want to re-depose the Board's witnesses all over again following their depositions of the Board members.

In light of the Court's exhortations that the parties resolve "or narrow this case to avoid the time, expense, and uncertainty involved in the litigation process," [D.E. 65 at 10]; *see also* [D.E. 156, 141:08–141:09], a partial stay would only cut against such a goal by unnecessarily complicating and protracting matters. Thus, fully staying the case will not only prevent irreparable harm from befalling the Board and its members, but it will also conserve judicial resources and economy.

### D.    Plaintiffs Will Not Be Harmed by Any Stay of Proceedings

Conversely, Plaintiffs will not be harmed by any stay pending appeal. Even if the entire case is stayed, the Board does not anticipate the appellate proceedings will unduly delay proceedings and the requested temporary stay will not prejudice Plaintiffs. Indeed, given Plaintiffs' own arguments that the Board members' motives—which Plaintiffs seek to discern via compelled testimony—"are the central issue in this case," [D.E. 113 at 2], it makes sense to stay the entire case pending

9

appeal so as to conclusively determine this crucial issue now. Even more so given the Court's acknowledgment that failing to stay the case may mean the discovery period runs and may moot the issue. [D.E. 156, 139:15–139:17]. As such, it is actually to Plaintiffs' benefit to stay the entire case, so as to deprive neither party of the remaining discovery period pending the Eleventh Circuit's adjudication of the Board's appeal.

### E.    The Public Interest Favors a Stay

Finally, the public interest will be served by granting a stay. The legislative privilege "protects the legislative process itself" to the same extent that it protects individual officials. *In re Hubbard*, 803 F.3d at 1308. That is, the privilege exists "for the purpose of 'the public good.'" *Pernell*, 84 F.4th at 1343 (quoting *Tenney*, 341 U.S. at 377). Entering a stay will further "[o]ne of the privilege's principle purposes [which] is to ensure that lawmakers are allowed to 'focus on their public duties.'" *In re Hubbard*, 803 F.3d at 1310 (quoting *Wash. Suburban Sanitary Comm'n*, 631 F.3d at 181). Allowing this matter to proceed while the question of the Board members' entitlement, *vel non*, to legislative privilege as concerns their actions under scrutiny will detract from the Board members' discharge of their duties, and thus is adverse to the public interest. In addition, the appeal presents issues of significant public importance concerning separation of powers and the

ability of this Court to order the Board members sit for deposition. Accordingly, the public's interest is best served by a full stay of proceedings.

**WHEREFORE**, Defendant, Escambia County School Board, respectfully requests this Court enter an order staying this matter fully pending resolution of the Board's appeal of this Court's Amended Order on Motion to Amend and Rule 72(a) Objection, and for any and all further relief this Court deems just and proper. In the alternative, the Board asks the Court to administratively stay this matter while it seeks a stay pending appeal from the Eleventh Circuit.

## CERTIFICATE IN ACCORDANCE WITH LOCAL RULE 7.1(B)

Undersigned counsel certifies that they have conferred with counsel for Plaintiffs via phone on Thursday, November 21, 2024, and via email on Friday, November 22, 2024, Monday, November 25, 2024, and Tuesday, November 26, 2024, in an effort to resolve the discovery disputes referenced in the above motion. Plaintiffs' position is as follows:

> Plaintiffs do not oppose a stay of the Court's Amended Order on Motion to Amend and Rule 72(a) Objection pending Defendant's appeal. Plaintiffs also do not oppose a stay of the case relating to the Removed Books, pending resolution of the appeal. Plaintiffs do oppose a stay of case relating to the Restricted Books, the outstanding discovery relating to these claims, and other discovery motions in the case, as Plaintiffs believe that claims on these books can move to summary judgment while the appeal is pending as to the Removed Books.

## CERTIFICATE OF WORD COUNT

The undersigned certify that this Motion complies with the word count limitation set forth in Local Rule 7.1(F) because it contains 2,581 words, excluding the parts exempted by said Local Rule.

Respectfully submitted,

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.:  0010212
E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050
Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783

and

SAMANTHA DUKE
Florida Bar No. 0091403
Email:  sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel:  407.872.7300
Fax: 407.841.2133

Attorneys for Defendant, Escambia County School Board

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:    Kristy L. Parker at kristy.parker@protectdemocracy.org;    Shalini    Goel    Agarwal    at shalini.agarwal@protectdemocracy.org;    Kirsten    Elizabeth    Fehlan    at fehlank@ballardspahr.com;    Lynn    Beth    Oberlander    at oberlanderl@ballardspahr.com; Paul Joseph Safier at safierp@ballardspahr.com; Ori    Lev    at    ori.lev@protectdemocracy.org;    Goldie    Fields    at fieldsg@ballardspahr.com; Facundo Bouzat at bouzatf@ballardspahr.com; Michael R. Kilgarriff at kilgarriffm@balladspahr.com and Matthew Kussmaul at kussmaulm@ballardspahr.com (Counsel for Plaintiffs).

/s Nicole Sieb Smith
J. DAVID MARSEY
Florida Bar No.:  0010212
E-mail:  dmarsey@rumberger.com
NICOLE SIEB SMITH
Florida Bar No.:  0017056
E-mail:  nsmith@rumberger.com
JEFFREY J. GROSHOLZ
Florida Bar No.:  1018568
E-mail:  jgrosholz@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
101 North Monroe Street, Suite 1050

Tallahassee, Florida 32301
Tel:  850.222.6550
Fax:  850.222.8783
and

SAMANTHA DUKE
Florida Bar No. 0091403
Email:  sduke@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
300 S. Orange Ave., Suite 300
Orlando, Florida 32801
Tel:  407.872.7300
Fax: 407.841.2133

Attorneys for Defendant, Escambia County School Board

19921915.v1