UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PEN AMERICAN CENTER, INC.**,
et al.,

    **Plaintiffs**,

v.                                            Case No. 3:23cv10385-TKW-ZCB

**ESCAMBIA COUNTY SCHOOL BOARD**,

    **Defendant**.

_____/

## **ORDER GRANTING PARTIAL STAY**

This case is before the Court based on Defendant's partially opposed motion to stay (Doc. 158). The motion seeks a stay of this case pending disposition of Defendant's appeal of the amended order denying its motion for protective order asserting legislative privilege on behalf of the school board members. The motion represents that Plaintiffs do not oppose staying the board members' depositions and the claims related to the Removed Books, but they do oppose staying the claims related to the Restricted Books.

Discovery closed yesterday, so other than the magistrate judge's ruling on Defendant's re-referred motion for restrictions on the board members' depositions (Doc. 108) and Plaintiffs' just-filed motion for sanctions (Doc. 159), this case is ripe for mediation and summary judgment briefing. The motion for restrictions will be

moot if the Eleventh Circuit reverses the amended order, so there is no reason for the magistrate judge to rule on that motion until the appeal is decided. And, until the Court decides whether the entire case should be stayed, there is no urgency in getting the motion for sanctions briefed.

    The Court is inclined to stay the entire case pending disposition of the appeal to avoid piecemeal litigation and multiple rounds of summary judgment filings, but the Court will keep an open mind on that issue until Plaintiffs respond to the motion to stay. However, because the time for responding to the motion for sanctions and filing motions for summary judgment and *Daubert* motions is currently running, the Court will administratively stay those deadlines until the motion to stay is decided.

    This administrative stay does not apply to the mediation deadline because mediation is scheduled for next Monday, *see* Doc. 139, and there is no reason that the mediation cannot be successful at this point.[1] All discovery except the board members' depositions is complete, and even with the pending appeal and motion for

---

[1] Indeed, there are multiple reasons that this case should settle at mediation. First, settlement would allow both parties to avoid further time, expense, and uncertainty associated with the appeal and summary judgment proceedings—which should be particularly important to Defendant because it is spending taxpayer money to defend this suit and it could end up having to pay all or part of Plaintiffs' attorney's fees on top of its own attorneys' fees if Plaintiffs prevail in this case. Second, unless the Court reconsiders its views on the government speech issue (which the Court is open to doing), it is unlikely that either party is going to fully prevail in this case because although some of the 120+ challenged books may very well be inappropriate for some or all grade levels, there is a good chance that at least some of those books should be back in the libraries. Third, the Court has suggested the framework of a potential resolution for the parties to consider. *See* Doc. 65 at 10-11 n.14. Fourth, it is the Court's understanding that the parties in a similar case arising out of Nassau County were recently able to reach an amicable resolution.

sanctions, the parties should have a good understanding of the relative strengths and weaknesses of their respective cases at this point.

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. Defendant's motion to stay (Doc. 158) is:

    a. **GRANTED** insofar as the Amended Order on Motion to Amend and Rule 72(a) Objection (Doc. 155) is stayed pending disposition of Defendant's appeal of that order; and

    b. **DEFERRED** insofar as it seeks a stay of the entire case.

2. Plaintiffs have until December 10, 2024, to respond to the deferred portion of the motion to stay.[2] *See* N.D. Fla. Loc. R. 7.1(E).

3. The deadline for responding to the motion for sanctions and all deadlines tied to the discovery deadline, except the mediation deadline, are administratively stayed pending disposition of Defendant's motion to stay. This administrative stay will expire (and new deadlines will be established) if the deferred portion of the motion to stay is denied.

---

[2] The Court considered shortening the response period but decided against doing so because of the intervening Thanksgiving holiday and the Court's desire that the parties focus their efforts on resolving this case at mediation rather than briefing motions. Plaintiffs are, of course, free to file their response before this deadline.

**DONE and ORDERED** this 27th day of November, 2024.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**