UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER, INC.,
et al.,

    Plaintiffs,

v.                                              Case No. 3:23cv10385-TKW-ZCB

ESCAMBIA COUNTY SCHOOL
BOARD,

    Defendant.
_____/

## ORDER

The Court stayed this case pending appeal and required Defendant to file monthly status reports on its review of the Restricted Books. *See* Doc. 170. Defendant has filed four status reports thus far, and all but one of those reports has been followed by a notice from Plaintiffs identifying "deficiencies" in the report. The most recent "notice of deficiencies" requested a status conference to discuss Defendant's "sluggish pace" in reviewing the Restricted Books. *See* Doc. 185 at 2-3.

The Court shares Plaintiffs' frustration with the far-slower-than-represented pace of Defendant's book review. However, the Court sees no reason to hold a status conference simply to tell Defendant to "do better" because the Court remains unconvinced that it has the authority to mandate a specific timeframe for resolving

the book challenges. *See* Doc. 170 at 4 ("[B]ased on the procedural posture and pleadings in this case, the Court is not convinced that it has the authority to mandate a specific timeframe for resolving the challenges as a condition of the stay pending appeal."). Moreover, it is hard to take seriously Plaintiffs' complaints about the harm resulting from the pace of the review if (as it appears) they have not even attempted to utilize the state administrative process to ameliorate that harm. *See id.* at 5-6.

That said, Defendant does need to "do better" and resolve the challenges to the Restricted Books more expeditiously than it has done thus far, even if that means dispensing with the cumbersome district review committee process that is not mandated by state law or Defendant's book-challenge policy. *See id.* at 4 n.5. Otherwise, Defendant may end up having to defend its "de facto removal" of the unreviewed Restricted Books based on the grounds asserted in the challenge forms—which might be a difficult task for some of those books. *See id.* at 2 n.2.

Accordingly, it is **ORDERED** that Plaintiffs' request for a status conference is **DENIED**.

**DONE and ORDERED** this 30th day of May, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**