UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER INC, et al.,
    Plaintiffs,

vs.                              Case No.:  3:23cv10385/TKW/ZCB

ESCAMBIA COUNTY SCHOOL
BOARD,
    Defendant.
_____/

## ORDER

This matter is before the Court on Defendant Escambia County School Board's Motion for Restrictions of any Board Member Depositions (Doc. 108). Plaintiffs have responded in opposition. (Doc. 114).

During discovery in this case, Plaintiffs noticed the depositions of the school board members regarding the School Board's decision to remove or restrict access to certain library books. The School Board sought a protective order to prevent the depositions based on legislative privilege.[1] (Doc. 107). Alternatively, the School Board sought to limit

---

[1] The undersigned granted the School Board's motion. (Doc. 138). Plaintiffs appealed to the district judge. (Doc. 143). The district judge reversed the undersigned. (Doc. 155). The School Board appealed to the U.S. Court of Appeals for the Eleventh Circuit. (Doc. 157). The Eleventh Circuit dismissed the appeal on a jurisdictional basis. (Doc. 192).

1

any depositions of the members to ninety minutes in length and to restrict the topics that can be discussed in the depositions. (Doc. 108).

The Federal Rules of Civil Procedure allow for robust discovery and reflect the "basic presumption that the public is entitled to every person's evidence." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1546 (11th Cir. 1985). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Depositions are an important discovery tool, and the "right to take depositions is a broad one." *Odom v. Roberts*, 337 F.R.D. 359, 362 (N.D. Fla. 2020) (cleaned up). Unless otherwise agreed or ordered by the court, depositions are limited "to one day of 7 hours." Fed. R. Civ. P. 30(d)(1).

Upon a showing of good cause, the court may issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of showing good cause. *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). District courts have "broad discretion . . . to decide when a protective

order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

To the extent that the School Board is arguing that the apex doctrine entitles the members to a protective order limiting the length of their depositions, the Court has already found the apex doctrine to be inapplicable. (*See* Doc. 98 at 5-6). The School Board has provided no basis for the Court to change its mind on that point.

The School Board is correct that the Court previously limited the length of another deposition in this case to ninety minutes. (*See* Doc. 100). But that deposition involved a young child, and the Court's decision was based on the unique circumstances presented by deposing a young child. Here, Plaintiffs seek to depose adults. So, none of the considerations that led the Court to limit the prior deposition apply to the current situation.

The School Board has also failed to meet its burden of showing good cause to limit the topics that may be discussed during the members' depositions. More specifically, the School Board has not shown that limiting the topics is necessary to avoid "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The

3

Court anticipates and expects that counsel for Plaintiffs will conduct the depositions in good faith and in compliance with the applicable rules. If that turns out not to be the case, then the School Board may seek the Court's assistance at the appropriate time.

Accordingly, the School Board's Motion for Restrictions of any Board Member Depositions (Doc. 108) is **DENIED**.

**SO ORDERED** this the 5th day of August 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge