# EXHIBIT A

| | |
|---|---|
| **From:** | ori.lev@protectdemocracy.org |
| **Sent:** | Monday, July 28, 2025 2:02 PM |
| **To:** | Smith, Nicole; Duke, Samantha; Grosholz, Jeffrey; Duquette, Carlie; Moseley, Cayla; Stolba, Pam; Scott, Aundrea |
| **Cc:** | 'Kussmaul, Matthew' via PEN-legal-team; ori.lev@protectdemocracy.org; Amy Bowles |
| **Subject:** | PEN v Escambia - Scheduling Order Follow Up |

Nicole,

We are writing to follow up on our discussion on Friday.

1) We intend to file a motion to supplement our complaint by next Friday, August 8. The supplemental complaint will address the events that have transpired since the Amended Complaint was filed, including the Board's vote in July to remove all books on the state list, and will add a First Amendment claim regarding that action. Our claims will still be limited to the books that have been part of this case all along. To be clear, we continue to believe that our extant claims apply to the July actions as well; we will simply be adding an additional claim in that regard.

2) You asked for specifics about which discovery the plaintiffs believe the Board needs to supplement. While your obligation to supplement discovery applies to all outstanding discovery requests, plaintiffs are willing to limit supplementation to the following requests:

    a. Requests For Production (RFPs): 1-3, 6, 8-10, 13, 15, 17, 23, 26, 30, 33, 37-43, 52-54, 60, 66-67
    b. Interrogatories: 9, 2, 16-17
    c. Requests For Admission (RFAs): All RFAs for which the Board invoked legislative privilege
    d. Custodians: For RFPs, we agree to limit custodians to the following: Keith Leonard, Kevin Adams, Paul Fetsko, David Williams, Patty Hightower, Bill Slayton, Victoria Baggett, Bradley Vinson, Linda Sweeting, Brian Alabeck, Carissa Bergosh, Tom Harrell. This is a substantially shortened list of custodians, and adds the two new school board members who have been involved in actions regarding the restricted books at issue in the case.
    e. Search terms: We propose to use the same previously-agreed search terms for each of the ESI collection and the separate collection of Board member communications from personal devices, with the following changes to the ESI search terms: delete the names of any parents who are no longer plaintiffs, and add "Judge", "Wetherell", "Whetherell" "Wetherall" & "Whetherall" to capture references to Judge Wetherell.

3) As we discussed, we propose the following schedule for proceeding:
    a. Discovery supplemented by both parties by August 31.
    b. Depositions completed by September 30. This includes depositions of the 5 Board members previously noticed, as well as the renewed depositions of Keith Leonard, Bradley Vinson, and Summer Lopez. We assume the Magistrate will have decided the motion regarding the Board members' depositions by that time, and we can discuss the scope of the continued Leonard, Vinson and Lopez depositions.
    c. Summary judgment and Daubert motion due October 31; oppositions to SJ due November 25; SJ replies due Dec 8

4) Please let us know what defendant's proposed case management schedule is.

5) We do not believe a case management conference is necessary but do not object to your request to have one.

6) Since it looks like we'll be filing a joint document with separate sections for the plaintiffs' and defendant's proposal for how to proceed, we suggest that we exchange those sections by 6pm tomorrow, so that we can each then adjust our sections as needed in time for a joint filing on Wed.

Best,

Ori