IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| PEN AMERICAN CENTER, INC., ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> ESCAMBIA COUNTY SCHOOL BOARD, <br><br> Defendant. | CASE NO.: 3:23-CV-10385-TKW-ZCB |

**PLAINTIFFS' OPPOSITION TO NEW BOARD MEMBERS' MOTIONS TO QUASH AND FOR PROTECTIVE ORDERS
AND TO
DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND/OR FOR RESTRICTIONS AS TO DEPOSITIONS OF NEW BOARD MEMBERS**

# INTRODUCTION

Plaintiffs file this consolidated opposition to: (1) Non-Party Tom Harrell's Motion to Quash Subpoena and Motion for Protective Order (Dkt. 234); (2) Non-Party Carissa Bergosh's Motion to Quash Subpoena and Motion for Protective Order (Dkt. 235); and (3) Defendant's Motion for Protective Order and/or for Restrictions as to Depositions of Board Members Carissa Bergosh and Tom Harrell (Dkt. 237) (collectively, "the Motions"). In each case, the motion should be denied for the same reasons that the Court previously denied motions to quash, for protective order and for restrictions of Board member depositions.

# RECENT PROCEDURAL HISTORY

Given the Court's familiarity with the procedural history of this case, Plaintiffs highlight only the recent events most directly relevant to these motions.

On May 31, 2024, Plaintiffs served on the Board notices of deposition for each of the then-serving individual Board members (the "original Board members"). Dkt. 82-1. On June 21, 2024, the Board moved for a protective order, arguing, inter alia, the original Board members are protected from being deposed by both legislative privilege and the "apex doctrine." Dkt. 82. The Magistrate Judge held that the apex doctrine does not apply to depositions of the original Board members, Dkt. 98 at 5-6, and denied the Board's motion regarding legislative privilege without prejudice, *id.* at 6-7. The Board did not file a Rule 72(a) Objection regarding the Magistrate's

ruling that the apex doctrine does not apply to the original Board members' depositions.

On August 2, 2024, the Board filed a renewed motion for a protective order, now accompanied by a declaration from each of the original Board members confirming his or her intent to assert the legislative privilege. Dkt. 107. That same day, the Board also filed a separate motion for restrictions on any original Board member depositions, seeking restrictions as to the length and scope of any new Board member depositions. Dkt. 108.[1]

In October 2024, the Magistrate Judge granted the Board's renewed motion for protective order based on legislative privilege. Dkt. 138. The Magistrate Judge also denied the motion for restrictions on Board member depositions as moot. *Id.* at 14. Plaintiffs lodged an objection to the Magistrate Judge's legislative privilege ruling with this Court. Dkt. 143. This Court vacated the Magistrate Judge's order, holding legislative privilege does not bar the original Board members' depositions because "the removal/restriction decision involves the case-by-case *application* of the standards in state law and school board policy to a specific book, not the *formulation* of general standards that apply to all books," making this decision

---

[1] On August 15, 2024, Plaintiffs served renewed deposition notices, along with deposition subpoenas, for each of original Board members out of an abundance of caution. Dkt. 197-1 ¶ 8 & Ex. 4.

administrative—not legislative—in nature. Dkt. 155 at 3–7. The Board and the original Board members appealed to the Eleventh Circuit. Dkt. 157.

After the Eleventh Circuit dismissed the Board and the original Board members' interlocutory appeal for lack of jurisdiction, Dkt. 192, the parties each filed proposed case management plans with the Court. Dkts. 195, 197. In Plaintiffs' proposed case management plant, Plaintiffs explained why they believed the original Board members should not be permitted to file renewed motions for protective order. Dkt. 197 at 5-10. Plaintiffs also proposed a case management schedule—one that did not entail a renewed appeal to the Eleventh Circuit by the original Board members, as Plaintiffs believed those Board members would not be permitted to renew their objections to their deposition.

Recognizing that issuing deposition notices for the two Board members who had been elected since the original depositions were served (the "new Board members") and who participated in the Board's votes to remove hundreds of books from school libraries in June and July of this year, *see* Second Am. Compl., Dkt. 219, ¶¶ 172-77, would almost certainly result in a motion for protective order and interlocutory appeal—and the attendant delay in the resolution of the case—Plaintiffs made a strategic decision at that time to forego proposing the deposition of the two new Board members and instead seeking a quicker resolution of the case. This was based on the expectation that the original Board members would not be

allowed to renew their objections to the depositions and themselves file a second interlocutory appeal. It is in this context that Plaintiffs made the statements that the new Board members reference in their motions to quash and for protective order. *See* Dkts. 234, 235 at 3-5 (describing statements by Plaintiffs' counsel).[2]

The Court, however, disagreed with Plaintiffs' position and allowed the original Board members to file new motions to quash and for protective order so that they could again appeal this Court's denial of the motions to the Eleventh Circuit. *See* Dkt. 200 at 2; Dkt. 226 at 1. After this Court denied those motions on the merits, Dkt. 226 at 2, the original Board members again appealed to the Eleventh Circuit. Dkt. 227.

In light of the Court's decision to allow the original Board members to file new motions to quash/for protective order so that they could again appeal to the Eleventh Circuit—meaning that resolution of the case would be delayed while that appeal played out, Plaintiffs served deposition notices (and, at defense counsel's insistence, subpoenas) for depositions of the new Board members.[3] It is for those

---

[2] The new Board members do not seek a protective order or to quash the subpoenas based on these statements. *See* Dkts. 234, 235 at 7-18 (only asserting legislative privilege as basis for motions).

[3] Defendant itself viewed the Court's scheduling order as an invitation to take expansive discovery regarding the Second Amended Complaint. Defendant served 1,935 Requests for Admission on Plaintiff PEN America Center, Inc., 357 Requests for Admission on Plaintiff Penguin Random House LLC, as well as contention interrogatories regarding each of the books at issue in the case. Dkts. 241-1, 241-2, 241-5, 241-6.

depositions that Harrell and Bergosh seek a protective order based on legislative privilege and the Board seeks a protective or limiting order based on the apex doctrine.

In the interim, on the same day this Court entered the Supplemental Scheduling Order in this case, the Magistrate Judge denied Defendant's motion for restrictions on the original Board members' depositions, rejecting both a time limit on the depositions and any limitations on their scope. In so ruling, the Magistrate Judge noted that its prior limitation of a 7-year old's deposition to ninety minutes was inapposite to the depositions of the original Board members and that the "School Board has also failed to meet its burden of showing good cause to limit the topics that may be discussed during the members' deposition." Dkt. 201 at 3. Defendant did not file any Rule 72(a) objections to this Order with this Court.

## ARGUMENT

The Motions should be denied for the same reasons they were denied previously: because legislative privilege does not apply to the new Board members' actions at issue and because Defendant has failed to meet its burden of establishing a reason for limiting the new Board members' depositions.

### I. The New Board Members' Motions to Quash Subpoena and for Protective Order Should Be Denied.

This Court has twice held that legislative privilege does not apply to Board members' decisions to remove books from Escambia County Public School libraries.

6

Dkt. 155 at 3–7; Dkt. 226 at 2. Those rulings were correct, and the new Board members offer no viable grounds for reconsideration. Indeed, the new Board members' motions make no reference to this Court's prior rulings in their arguments that the legislative privilege applies or provide any explanation why its reasoning was wrong, Dkts. 234, 235 at 7-18, although the Board members are requesting, in essence, that this Court reconsider those prior rulings.

Generally, reconsideration is only appropriate to correct manifest errors of law or fact or to present newly discovered evidence. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Courts grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice." *Sanzone v. Hartford Life & Acc. Ins. Co.*, 519 F. Supp. 2d 1250, 1255 (S.D. Fla. 2007). The new Board members' motions do not address or even mention any of these factors. Dkts. 234, 235 at 7-18.

Instead, they reiterate the exact argument the Board made in support of its renewed motion for a protective order before the Magistrate Judge. *Compare* Dkt. 107 at 5-19 with Dkts. 234, 235 at 7-18. *See* also Dkts. 234, 235 at 7 n.2 (noting the new Board members' motions adopt and reinstate those prior arguments). Other than changes to a few citations, there are very few differences between the Board's argument before the Magistrate and the current motions of the new Board members.

Most notably, while the Board previously argued that the original Board members' votes "were not discretionary," Dkt. 107 at 13, the new Board members now argue that "the votes of each Board member … were an act of individual discretionary policymaking because they implicated the priorities of the Board." Dkts. 234, 235 at 13. Relatedly, the new Board members now omit the paragraph that had previously asserted that the "[t]he mandatory, rather than discretionary, nature of these acts—ones that under Florida law only the Board could make—make them legislative." Dkt. 107 at 13 (footnote omitted). *Compare* Dkts. 234, 235 at 13-14 (omitting this language and related paragraph). But as this Court previously explained, "[t]he fact that school board members must exercise discretion, engage in 'line-drawing,' and make 'policy judgments' when deciding whether a particular book is educationally suitable, grade-level appropriate, etc., does not change the fact that they are applying policy, not formulating it, when doing so." Dkt. 155 at 6. *See also* Dkt. 143 at 8-9 (arguing that mere exercise of discretion does not establish policy of general applicability).

Similarly, the new Board members' assertions—not included in the Board's prior argument—that the votes to remove books are prospective because they apply in the future and are of general application because they apply across the District, Dkts. 234, 235 at 14, fail to grapple with this Court's prior ruling that "the fact that a book removal/restriction decision may have district-wide impact does not change

the fact-specific nature of the decision," Dkt. 155 at 6-7, or the fact that even unquestionably administrative decisions like employee terminations have prospective effect.

The new Board members have not identified any basis for this Court to reconsider its ruling on legislative privilege. For completeness, Plaintiffs incorporate their arguments in opposition to the Board's renewed motion for protective order, Dkt. 113, in support of their objections to the Magistrate Judge's order, Dkt. 143, and at oral argument on those objections, Dkt. 156 at 73-142. The Court should deny the new Board members' motions on precisely the same grounds that it vacated the Magistrate Judge's protective order in November 2024 and denied the original Board members' motions to quash and for protective order last month. *See* Dkts. 155, 226.

## II. The Board's Motion for Protective Order and/or For Restrictions as to Depositions of Board Members Bergosh and Harrell Should Be Denied.

The Board has separately moved for a protective order seeking to either entirely stop the depositions of the new Board members pursuant to the "apex doctrine" or to severely limit the depositions' scope for the same reason. Dkt. 237. Recognizing that the same relief was previously denied with respect to the original Board members, the Board makes clear that it is filing the motion "merely to preserve these arguments on behalf of Ms. Bergosh and Mr. Harrell for appellate purposes." *Id.* at 2 n.1. For that reason alone, the motion should be denied.

In addition, the motion should be denied for the same reason that the Board's motions regarding the original Board members were denied. *See* Dkts. 98 at 5-6, 201. With respect to the "apex doctrine," the Board has rested on its prior arguments, Dkt. 237 at 7, and Plaintiffs similarly incorporate their arguments from their opposition to the Board's prior motion. Dkt. 95 at 17-20 (arguing the apex doctrine does not apply "when the official is directly involved in the event at issue and has personal knowledge about it" (internal quotation omitted)). *See also* Dkt. 98 at 5-6 (Magistrate Judge concluding apex doctrine inapplicable to original Board members' depositions); Dkt. 201 at 3.

With respect to proposed limitations on the depositions, the Board argues that the depositions should be limited in time and scope solely because the deponents are Board members. Dkt. 237 at 6-9. The Board makes no argument, and provides no evidence in support of the notion, that a regular deposition would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). As the Board itself recognizes, "[t]he burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" Dkt. 237 at 4, quoting *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The Board has failed to meet this burden—the sole "fact"

the motion is based on is the statement that the new Board members are "high-ranking officials," Dkt. 237 at 8-9, which is precisely the type of "stereotyped and conclusory statement" that is insufficient to establish the need for a protective order.

Plaintiffs previously distinguished the main cases upon which the Board relies on the ground that the extent of the witness' first-hand knowledge was considerably more limited in those cases than is the case here. Dkt. 114 at 2-3 (distinguishing *Fla. v. United States*, 625 F. Supp. 3d 1242 (N.D. Fla. 2022); *Odom v. Roberts*, 337 F.R.D. 359 (N.D. Fla. 2020); *Apple Inc. v. Corellium, LLC*, 2020 WL 1849404 (S.D. Fla. Apr. 13, 2020)). *See* Dkt. 237 at 6, 8 (relying on these cases). The two additional cases cited by the Board are similarly unpersuasive here. *See* Dkt. 237 at 7-8. In one case, the Court rejected the movant's proposed subject-matter limitations and instead limited a deposition for use in a foreign court to the topics listed in the Application for Judicial Assistance under 28 U.S.C. § 1782, pursuant to which the deposition had been authorized in the first place, and denied any temporal limitation on the deposition. *In Re Municipality of Mariana*, 2024 WL 4949031, at *1, *6-*7 (S.D. Fla. Dec. 3, 2024). The second case contains no recitation of facts and no reasoning. *Kaleta v. City of Holmes Beach*, 2024 WL 493000 (M.D. Fla. Feb. 8, 2024).

In addition to the above, Plaintiffs incorporate their arguments in opposition to the Board's prior motion for restrictions on the original Board members' depositions. Dkt. 114. As the Magistrate found in denying that motion, the "School

11

Board has … failed to meet its burden of showing good cause to limit the topics that may be discussed during the members' depositions." Dkt. 201 at 3.

## CONCLUSION

The Motions should be denied for the reasons set forth above and in Plaintiffs' prior arguments incorporated herein.

## RULE 7.1 CERTIFICATION

Plaintiffs certify that this Opposition contains 2,547 words, excluding those portions that do not count toward the word limit.

Respectfully submitted,

Dated: October 16, 2025

/s/ *Ori Lev*
Lynn B. Oberlander*
**BALLARD SPAHR LLP**
1675 Broadway, 19th Floor
New York, NY  10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

Matthew G. Kussmaul*
Facundo Bouzat*
**BALLARD SPAHR LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone: 215.864.8500
Facsimile: 215.864.8999

Kirsten Fehlan*
**BALLARD SPAHR LLP**
999 Peachtree Street, Suite 1600
Atlanta, GA 30309

Telephone:678.420.3000
Facsimile: 678.420.9401

Goldie Fields*
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone: 424.204.4338
Facsimile: 424.204.4350

Shalini Goel Agarwal (FBN 90843)
Ori Lev*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
Telephone: 202.579.4582
Facsimile: 929.777.8428

**Admitted pro hac vice*

*Attorneys for Plaintiffs*