UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PEN AMERICAN CENTER INC, et al.,
    Plaintiffs,

vs.                                    Case No.:  3:23cv10385/TKW/ZCB

ESCAMBIA COUNTY SCHOOL
BOARD,
    Defendant.
_____/

## ORDER

This matter is before the Court on Defendant Escambia County School Board's "Motion for Protective Order and/or for Restrictions as to Depositions of Board Members Carissa Bergosh and Tom Harrell."  (Doc. 237).  Plaintiffs have responded in opposition.  (Doc. 244 at 9-12).

Defendant argues that Ms. Bergosh and Mr. Harrell should be precluded from compelled deposition testimony under the apex doctrine and, alternatively, that their depositions should be limited in length and scope.[1]  (Doc. 237 at 7-9).  Defendant's motion raises the same arguments

---

[1] Ms. Bergosh and Mr. Harrell were elected to the Board in November of 2024 and, therefore, were not included in Defendant's prior motions seeking similar relief.  (Doc. 237 at 2 n.1).

1

that other Board members have previously made.[2] ((Doc. 82 at 22-29, 32-33 (apex doctrine); Doc. 108 (deposition restrictions))).

The Court previously rejected those arguments. (Docs. 98, 201). The Court sees no need to stray from its prior rulings on these issues simply because they are being raised by new members of the School Board.[3] Accordingly, Defendant's motion (Doc. 237) is **DENIED** for the reasons explained in the Court's prior orders declining to apply the apex doctrine (Doc. 98) and declining to impose restrictions on Board member depositions (Doc. 201).

**SO ORDERED** this the 20th day of October 2025.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[2] Defendant expressly incorporates the arguments raised in its prior motions. (Doc. 237 at 7).

[3] Indeed, Defendant recognizes the Court's prior denials of Defendant's motions and concedes that it "is filing the instant Motion merely to preserve these arguments on behalf of Ms. Bergosh and Mr. Harrell for appellate purposes." (Doc. 237 at 2 n.1).